UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-cv-24190-FAM

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

        Plaintiffs,

vs.

JOE CAROLLO, THE CITY OF
MIAMI, MARIA LUGO, and
JOHN DOES 1-10,

        Defendants.
_____/

## CITY OF MIAMI'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant City of Miami hereby files its reply to Plaintiffs' response in opposition to the City's motion to dismiss the amended complaint.

In drafting their amended complaint, Plaintiffs ignored the plain language of Rule 8 which directs that a pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The amended complaint is neither short nor plain. Instead, Plaintiffs included multiple factual allegations pertaining to other persons who purportedly suffered First Amendment retaliation claims but are not named as parties to this action. For the reasons stated in its motion, the City contends Plaintiffs lack standing to bring claims on behalf of those other persons. Moreover, Plaintiffs have cited no Eleventh Circuit precedent which holds that members of limited liability companies and shareholders of corporations have standing to assert section 1983 First Amendment retaliation claims on behalf of corporations.

In addition, Plaintiffs attached as an exhibit the investigative report of the Miami-Dade Commission on Ethics. Purportedly, the investigation arose from Plaintiff Fuller's ethics complaint against Defendant Carollo. In an apparent effort to retract this exhibit, Plaintiffs claim they "…did not incorporate into their allegations the Investigative Report…" [D.E. 66, pp. 10-11]. That is not the law. Rule 10 provides: "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Rule has been broadly interpreted to include documents such as administrative reports attached to complaints. "[S]uch attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (district court properly considered INS report attached to complaint as part of the pleadings). Plaintiffs cannot now divorce themselves from the exhibit attached to their amended complaint when it contradicts their conclusory allegations. The City maintains that the amended complaint and its exhibit do not state a plausible claim for First Amendment retaliation under section 1983.

Finally, in response to footnote 5 of Plaintiffs' response, the City submits that the amended complaint has failed to state a plausible claim for relief against the City for conduct allegedly performed by the Miami Parking Authority, a separate government entity. By City Charter, the Miami Parking Authority is *sui juris* and the amended complaint has not identified a policymaker from the agency which condoned alleged retaliatory conduct. Section 23 of the City of Miami Charter created the Department of Off-Street Parking which is commonly referred to as the Miami Parking Authority. The Charter provides: "[t]here is hereby created and established as an agency and instrumentality of the City of Miami, a new department to be named and known as the "Department of Off-Street Parking of the City of Miami" (hereinafter

sometimes called the "department of off-street parking" or the "department"), and by that name it **may sue and be sued**, plead and be impleaded, contract and be contracted with and have an official seal…" City of Miami Charter § 23(a). The Charter further provides that the Miami Parking Authority is governed by its own board of directors which "…shall have the powers, duties and responsibilities customarily invested in the board of directors of a private corporation, and shall exercise supervisory control over the operation of the off-street parking facilities of the city, and all acts of the department and of the director with respect to such facilities shall be subject to the approval of the board." City of Miami Charter § 23(c). The City of Miami Commission is responsible for appointing board members and approving the department's annual budget. City of Miami Charter § 23(b) and (h). Based on the foregoing, the City submits there is no factual issue regarding the Parking Authority's legal status. More importantly, the second amended complaint fails to state a claim for relief against the City for the alleged retaliatory actions of the Miami Parking Authority

WHEREFORE, the City of Miami requests the Court grant its motion to dismiss the amended complaint with prejudice.

                                                           VICTORIA MÉNDEZ, City Attorney
CHRISTOPHER A. GREEN,
Senior Assistant City Attorney
Attorneys for **City of Miami**
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Email:  cagreen@miamigov.com
Secondary Email:  dbailey@miamigov.com

By: **/s/ *Christopher A. Green***
Christopher A. Green, Senior Assistant City Attorney
Florida Bar No. 957917

1108805_2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Christopher A. Green*
Christopher A. Green

**Jeffrey W. Gutchess, Esq.**
**Brandon P. Rose, Esq.**
AXS Law Group, PLLC
2121 NW 2nd Avenue
Miami, Florida 33127
Jeff@axslawgroup.com
Brandon@axslawgroup.com

**Benedict P. Kuehne, Esq.**
Kuehne Davis Law, P.A.
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131
Ben.kuehne@kuehnelaw.com

**Thomas E. Scott, Esq.**
Cole, Scott & Kissane P.A.
Cole, Scott & Kissane Building, Suite 1400
9150 South Dadeland Blvd.
Miami, Florida 33156
Thomas.scott@csklegal.com

**Robert Zarco, Esq.**
**Alejandro Brito, Esq.**
Zarco Einhorn Salkowski & Brito, P.A.
One South Biscayne Tower
2 South Biscayne Blvd., 34th Floor
Miami, Florida 33131
rzarco@zarcolaw.com
abrito@zarcolaw.com
apiriou@zarcolaw.com

1108805_2