UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-24190-CIV-MORENO

WILLIAM O. FULLER and
MARTIN PINILLA II,
    *Plaintiffs*,

versus

JOE CAROLLO, THE CITY OF MIAMI,
MARIA LUGO, and JOHN DOES 1-10,
    *Defendants*.
_____/

**DEFENDANT COMMISSIONER CAROLLO'S RENEWED MOTION TO ADOPT AND JOIN IN MOTIONS TO DISMISS FILED BY DEFENDANTS CITY OF MIAMI AND MARIA LUGO**

    Defendant Commissioner Joe Carollo, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, renews his previously filed Motion to Adopt the dismissal motion filed by the City of Miami (DE54), and additionally seeks adoption of the Motion to Dismiss filed by Lugo (DE64). As directed by this Court in its Order denying without prejudice Commissioner Carollo's earlier Motion to Adopt (DE63), this motion identifies with specificity the arguments for which Commissioner Carollo requests joinder and adoption. The positions advanced by the City of Miami and Maria Lugo are equally applicable to Commissioner Carollo and should be considered on behalf of Commissioner Carollo. The interests of justice and considerations of judicial economy favor allowing Commissioner Carollo to join with the City and Lugo in the dismissal motions.

1. This Court scheduled a hearing on the motions to dismiss on April 18, 2019 (DE80).

2. This lawsuit arises from an alleged effort by codefendants Joe Carollo, Maria Lugo, and the City of Miami to retaliate, and/or conspiracy to retaliate, against plaintiffs William Fuller and Martin Pinilla's First Amendment Rights for their purported support of a political candidate. [DE43] ("Amended Complaint"). All defendants filed Motions to Dismiss [DE53, 54, & 64] setting forth (i) the lack of standing, (ii) failure to state a claim for First Amendment retaliation or conspiracy to retaliate, (iii) the intracorporate conspiracy doctrine, and (iv) qualified immunity, among other grounds. The defense motions individually and collectively raise dismissal grounds that pertain to each and all the defendants.

3. Commissioner Carollo specifically seeks to adopt and join in the following arguments presented in the City's Motion to Dismiss (DE54):

a. **Section II. Plaintiffs do not state a plausible claim for section 1983 relief.** Commissioner Carollo is in the identical position as the City in advancing this pleading deficiency. The allegations in the Amended Complaint pertain to alleged conduct by Commissioner Carollo, who stands in the same position as the City in challenging the sufficiency of the Amended Complaint to state a federal civil rights cause of action. The interests of judicial economy warrant adoption of the City's argument, as augmenting the

similar argument presented in Commissioner Carollo's Motion to Dismiss (DE53).

 b. **Section III. Section 1983 does not provide a remedy for alleged violations of the City Charter.** Commissioner Carollo is in the identical position as the City, since the Amended Complaint purports to utilize § 1983 to challenge what is alleged to be violations of the City of Miami Charter. The interests of judicial economy warrant adoption of the City's argument by Commissioner Carollo.

 c. **Section IV. Plaintiffs lack standing to assert claims on behalf of Viernes Culturales or other individual business owners referenced in the amended complaint.** The City's standing defense is equally applicable to Commissioner Carollo, who also raised a standing argument in his Motion to Dismiss (DE53-4-8). The interests of judicial economy warrant adoption of the City's argument.

4. Commissioner Carollo specifically seeks to adopt and join in the following arguments presented in Maria Lugo's Motion to Dismiss (DE64):

 a. **Section I. THE FIRST AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING.** Commissioner Carollo is in the identical position as Maria Lugo in advancing this pleading deficiency that undermines the entirety of the complaint and applies to all defendants. The allegations in the Amended Complaint pertain to alleged conduct by

Commissioner Carollo and Maria Lugo, who stand in the same position when challenging the sufficiency of the Amended Complaint to state a federal civil rights cause of action. The interests of judicial economy warrant adoption of Maria Lugo's argument.

  b. **Section II. PLAINTIFFS LACK STANDING TO ASSERT THE UNDERLYING CONSTITUTIONAL VIOLATIONS.** Maria Lugo's standing defense is equally applicable to Commissioner Carollo, who also raised a standing argument in his Motion to Dismiss (DE53-4-8). The interests of judicial economy warrant adoption of Maria Lugo's argument.

  c. **Section III. PLAINTIFF'S CONSPIRACY CLAIM IS BARRED FOR LACK OF UNDERLYING CONSTITUTIONAL VIOLATION AND BY THE INTRACORPORATE CONSPIRACY DOCTRINE.** Maria Lugo's challenge to the conspiracy alleged in Count III is equally applicable to Commissioner Carollo, who is also named as a defendant in Count III. The interests of judicial economy warrant adoption of Maria Lugo's argument.

5. Pursuant to Local Rule 7.1(a)(3), counsel for Commissioner Carollo contacted plaintiffs' counsel to confer, and was informed the plaintiffs oppose this motion.

               Respectfully submitted,

| | |
|---|---|
| *S/ Thomas E. Scott* | *S/ Benedict P. Kuehne* |
| **Thomas E. Scott** | **Benedict P. Kuehne** |
| Florida Bar No. 149100 | Florida Bar No. 233293 |
| Thomas.scott@csklegal.com | ben.kuehne@kuehnelaw.comn |
| **COLE, SCOTT & KISSANE P.A.** | efiling@kuehnelaw.com |
| Cole, Scott & Kissane Bldg, Ste 1400 | **Michael T. Davis** |
| 9150 South Dadeland Blvd. | Florida Bar No. 63374 |
| Miami, FL 33156 | mdavis@kuehnelaw.com |
| Tel: 305-350-5381 | **KUEHNE DAVIS LAW, PA.** |
| Fax: 305-373-2294 | Miami Tower, Suite 3550 |
| | 100 SE 2 Street |
| | Miami, FL 33131-2154 |
| | Tel: 305-789-5987 |
| | Fax: 305-789-5987 |
| | *Counsel for Defendant Commissioner Carollo* |

## CERTIFICATE OF SERVICE

I certify that on March 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**

## SERVICE LIST

**Attorneys for Plaintiffs**
**Jeffrey W. Gutchess**
jeff@axslawgroup.com
**Brandon Rose**
Brandon@axslawgroup.com
AXS Law Group PLLC
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127

**Attorneys for Defendant City of Miami**
**Christopher Green**
cagreen@miamigov.com
Miami City Attorney's Office
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
(305)416-1800 (305) 416-1801 (fax)

**Attorneys for Defendant Lugo**
**Oscar Marrero**
oem@marrerolegal.com
**Lourdes Espino Wydler**
lew@marrerolegal.com
**Alexandra Hayes**
ach@marreroleegal.com
Marrero & Wydler
2600 Douglas Road, PH-4
Coral Gables, FL 33134

**Attorneys for Defendant Carollo**
**Benedict P. Kuehne**
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com
**Michael T. Davis**
mdavis@kuehnelaw.com
Kuehne Davis Law, P.A.
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
(305) 789-5989
(305) 789-5987 (fax)

**Thomas E. Scott, Jr.**
Thomas.scott@csklegal.com
Cole Scott & Kissane
Dadeland Centre II, Suite 1400
9150 S Dadeland Blvd.
Miami, FL 33156
(305) 350-5381
(305) 373-2294 (fax)

**Attorneys for Intervenor**
**Alejandro Brito**
abrito@zarcolaw.com
Zarco Einhorn Salkowski & Brito PA
One Biscayne Tower, 34th Floor
2 S Biscayne Blvd.
Miami, FL 33131
Tel: (305) 647-2984
Fax: (305) 374-5428