UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-24190-FAM

WILLIAM O. FULLER and
MARTIN PINILLA, II.,

      Plaintiffs,

vs.

JOE CAROLLO,
THE CITY OF MIAMI,
MARIA LUGO, and
JOHN DOES 1-10,

      Defendants.
_____/

**DEFENDANT JOE CAROLLO'S OBJECTIONS TO MAGISTRATE LOUIS'
REPORT AND RECOMMENDATION**

      Defendant, Commissioner Joe Carollo ("Commissioner Carollo"), by and through his undersigned counsel, pursuant to Southern District of Florida Local Magistrate Rule 4(b), hereby files his Objections to Magistrate Louis' Report and Recommendation, [D.E. #99] and states:

      1.     Magistrate Louis' Report and Recommendation was issued on April 30, 2019, following a hearing on the various Motions to Dismiss filed by Defendants Commissioner Carollo, the City of Miami (the "City"), and Maria Lugo ("Lugo"). Magistrate Louis recommends that this Court grants Commissioner Carollo's Motion to Dismiss Count I and III of the Amended Complaint as to Commissioner Carollo, while affording Plaintiffs leave to amend.

      2.     Commissioner Carollo does not object to Magistrate Louis' recommendation that Commissioner Carollo be dismissed from the case because Plaintiffs failed to allege a distinct injury or redressability to confer standing for the individual Plaintiffs. *See* [D.E. #99], at pg. 7-8.

3. However, Commissioner Carollo objects to Magistrate Louis' recommendations that Plaintiffs have sufficiently stated a plausible First Amendment Retaliation claim for Plaintiffs' purported political support of Alfie Leon despite the Ethics Investigation Report attached to Plaintiff's Amended Complaint.

4. Commissioner Carollo also objects to Magistrate Louis' recommendation that Carollo is not entitled to qualified immunity at this stage of the proceedings.

5. Commissioner Carollo further objects to Magistrate Louis' recommendation that Plaintiffs be afforded leave to amend their Amended Complaint because Plaintiffs have already amended their Complaint once and filed a separate motion for permanent injunction.

**Plaintiffs' Claims Are Implausible Pursuant to the Ethics Investigation Report**

Magistrate Louis failed to consider the Ethics Investigation Report in its entirety when erroneously finding that Plaintiffs stated a plausible claim for First Amendment Retaliation. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs assert a laundry list of grievances for noise complaints, notices of building violations, and various warnings received for hosting special events without permits. While Plaintiffs claim these issues are all due to political retribution from Commissioner Carollo, Maria Lugo, and the City of Miami, Plaintiffs have failed to provide plausible allegations as to why these actors were motivated by Plaintiffs' First Amendment Speech. Plaintiffs' allegations of retaliation and conspiracy to retaliate are merely possible, but claiming that Commissioner Carollo commandeered City officials in retaliation against Plaintiffs is simply not plausible under *Iqbal*. 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief'").

Accordingly, in an effort to state a plausible claim against Commissioner Carollo, Plaintiffs attach and rely on isolated statements made in an Ethics Investigation Report, which is predicated on a formal complaint filed by Plaintiff William Fuller on March 12, 2018.  *See* [D.E. #43-1]. "Under the Federal Rules of Civil Procedure, these exhibits are part of the pleading 'for all purposes.'" *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).  Furthermore, the Court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-1206 (11th Cir. 2007).  Magistrate Louis, however, erred by relying on isolated statements in the Report instead of considering the Report in its entirety.  *See, e.g.,* [D.E. #99] at pg. 18; 16.

The Ethics Investigation Report, when read in its entirety, vindicates Commissioner Carollo, as the Report shows that Plaintiffs' businesses and their tenants were dealing with on-going code violations well before Commissioner Carollo was sworn into office.  For example, the Ethics Investigation Report reveals that Sanguich was dealing with preexisting building and code issues independent of any alleged acts of Commissioner Carollo.  In fact, Rosa Romero & Daniel Figueredo, the owners of Sanguich, admit in the Ethics Investigation Report "that after Hurricane Irma, **they 'hit a snag' as the State required additional documentation from the City that they were in compliance with local building codes**, even though they were considered a mobile vendor. They said City officials required them to attach axels to their trailer" in order to remedy their violations. [D.E. #43-1], at pg. 11 (Emphasis added).  These comments in the Report show

that Sanguich had pre-existing property and code violations, in which the State of Florida was required to intervened, well before the Alfie Leon rallies occurred. Commissioner Carollo had nothing to do with Sanguich's citations for violating City and State laws. Plaintiffs' conclusory allegations suggesting otherwise should not be considered by this Court. *See Berry v. Coleman*, 172 Fed. App'x 929 (11th Cir. 2006) ("On a motion to dismiss, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true,' particularly "when the conclusory allegations contradict the other facts alleged in the complaint").

However, Magistrate Louis, instead of considering these pre-existing violations in her Report and Recommendation, accepted Plaintiffs' conclusions of retaliation and ignored the pre-existing code violations on their properties. [D.E. #99], at pg. 16. Magistrate Louis even directly quotes a conclusory statement proffered by the Plaintiffs that Commissioner Carollo allegedly told the Sanguich Owners, Rosa Romero & Daniel Figueredo, "my problem is not as much with you as it is with your landlord." *Id.* (quoting [D.E. #43] at ¶113). However, Plaintiff's assertion, which Magistrate Louis relies upon, is actually misquoted from the Ethics Investigation Report. The actual statement that Rosa Romero & Daniel Figueredo provided is marketably different especially read in the appropriate context:

> Subsequently, they met with Carollo on December 6th, 2017, per Romero, "We wanted to work with him. He was pleasant, he said he wanted to help." Carollo told them, 'I want you to know I had nothing to do with it," (referring to the raid). Carollo told Romero he was walking along 8th Street with Alfonso when Alfonso, not him, pointed to the container as an example of a code violation. **Carollo told them he "loved" their business, but felt that the location was problematic and suggested they re-locate to City-owned property**: "I love it," he reportedly said. "Maybe not where you are, I think there's a little park that's near there and maybe the City can accommodate you."

[D.E. #43-1], at pg. 11 (emphasis added). This statement not only demonstrates Commissioner Carollo was not responsible for the November 26, 2017, Sanguich "raid" that occurred before he

was sworn in as the Commissioner. It also demonstrates that Commissioner Carollo was not targeting Sanguich because of their landlords and was actually attempting to resolve their preexisting violations that occurred before he was elected Commissioner.

The Ethics Investigation Report is replete with cases where Plaintiffs' tenants and business interests received legitimate government scrutiny for acts independent and unrelated to their political support of Alfie Leon. For another example, the Report shows that Commissioner Carollo's concerns with illegal parking in certain areas were valid and S.H. Valet was using an unauthorized lot to park cars. [D.E. 43-1, p. 17]. Further, the former Assistant City Manager Alberto Parjus testified that he received calls from City Manager Daniel Alfonso regarding noise violations at Ball & Chain and he contacted the former director of Code Compliance to dispatch a code enforcement officer. [D.E. 43-1, p. 19]. The report also reflects that James Bernat, then Acting Code Enforcement Director, told investigators he did not feel Commissioner Carollo was giving direct orders to him or other code enforcement officers, nor had he observed any pattern of selective enforcement by Commissioner Carollo, nor did he receive any specific complaints from staff regarding undue influence by Commissioner Carollo. [D.E. 43-1, p. 23].

As stated above, the Court is not required to accept Plaintiffs' contradictory and implausible conclusions when more obvious explanations are evident. *See Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) ("[C]ourts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer"). Here, the obvious explanation, which also suggests lawful conduct on behalf of the Commissioner, is that some of the Plaintiffs' many property interests were failing to properly operate under the City's code. Plaintiffs' allegation that Commissioner Carollo is retaliating against them because of the Alfie Leon rally is not only

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

conclusory, but an excuse for the repeated building and code violations on their properties. Accordingly, Plaintiffs have failed to state a claim for First Amendment Retaliation.

### **Commissioner Carollo is Entitled to Legislative Immunity for Abolishing Special Masters**

While Magistrate Louis correctly recommended that Commissioner Carollo is protected by legislative immunity for the enactment of an ordinance banning temporary use permits in District 3, Commissioner Carollo is also entitled to legislative immunity for introducing legislation to abolish the use of special masters. *See* [D.E. #43] at ¶ 235. Legislative immunity protects lawmakers from suit for their legislative acts. *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005); *Hogan v. Twp. of Haddon*, 278 F. App'x 98, 103 (3d Cir. 2008) ("Municipal legislators enjoy absolute immunity from suit and liability under 42 U.S.C. § 1983 for their legislative activities") (citing *Bogan v. Scott-Harris*, 523 U.S. 44 (1998)). Accordingly, "when a statute is facially constitutional, a plaintiff cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." *Ala. Educ. Ass'n v. Bentley (In re Hubbard)*, 803 F.3d 1298, 1310-1312 (11th Cir. 2015). The same reasoning that Magistrate Louis applied in dismissing Plaintiffs retaliation claims for the temporary use permit legislation should also apply to the abolishment of special masters legislation under the legislative immunity doctrine. As a matter of law, Commissioner Carollo is protected from all First Amendment retaliation claims based on his legislative activities, which includes the abolishment of special masters within his District.

**Commissioner Carollo is Entitled to Qualified Immunity at the Motion to Dismiss Stage**

Magistrate Louis incorrectly found that Commissioner Carollo was on notice that his actions violated a clearly established constitutional right. "[T]o survive a defense of qualified immunity, it 'must be obvious to every reasonable person in [the defendant's] place that [the defendant's conduct] would violate federal law.'" *Building Empowerment by Stopping Trafficking, Inc. v. Jacobo*, No. 12-23925-CIV, 2013 U.S. Dist. LEXIS 139336, at *10-11 (S.D. Fla. Sep. 27, 2013) (citing *Beauregard v. Olson*, 84 F.3d 1402, 1404 (11th Cir. 1996)). For First Amendment retaliation claims, a defendant "will only rarely be on notice that his actions are unlawful" because it requires balancing "legal determinations that are intensely fact-specific and do not lend themselves to clear, bright-line rules." *Maggio v. Sipple*, 211 F.3d 1346, 1354 (11th Cir. 2000). "Likewise, in determining contested issues of causation, the defendant is entitled to qualified immunity [w]here the facts assumed . . . show mixed motives (lawful and unlawful motivations)." *Brannon v. Finkelstein*, 754 F.3d 1269, 1278-79 (11th Cir. 2014) (internal quotations omitted).

In Magistrate Louis' Report, she determined Plaintiffs had established that Commissioner Carollo violated a clearly established right because "[i]t is well-settled that the government may not retaliate against its citizens for the expression of their First Amendment rights." [D.E. #99] at pg. 22. While this is of course true, Plaintiffs nevertheless failed to establish that Commissioner Carollo would know that his specific alleged actions constituted a violation of Plaintiffs' rights. Similarly, in *Jacabo*, Your Honor found that the plaintiff failed to allege that the defendants, who sent out emails challenging the plaintiff's point of view, would be on notice of violating a federal right. 2013 U.S. Dist. LEXIS 139336, at *11. Here, Plaintiffs cannot show that Commissioner Carollo would know that enforcing the City's zoning codes, permits, and parking and noise ordinances, would chill a person of ordinary firmness in the Plaintiffs' shoes. Based on the

allegations in the Complaint and exhibits, Commissioner Carollo would not have notice that his actions would be construed as retaliation for the exercise of free speech. This is especially true when there are alternative, lawful explanations behind the scrutiny Plaintiffs are allegedly receiving from government and government officials. *See Brannon v. Finkelstein*, 754 F.3d 1269, 1278-79 (11th Cir. 2014) ("Likewise, in determining contested issues of causation, the defendant is entitled to qualified immunity [w]here the facts assumed . . . show mixed motives (lawful and unlawful motivations)"). Any doubts that this Court has of Commissioner Carollo's motivation in inquiring into potential violations within his district should be resolved in his favor. Accordingly, the Commissioner is entitled to qualified immunity.

### Plaintiffs Should Not Be Afforded Leave to Amend Their Already-Amended Complaint

Plaintiffs should not be afforded leave to amend because any such amendments would amount in bad faith and give Plaintiffs' a third bite of the apple. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "As a general rule, '[a] plaintiff ... may not plead facts in their amended complaint that contradict those in their original complaint.'" *Rubinstein v. Keshet Inter Vivos Tr.*, 2017 WL 7796306, at *3 (S.D. Fla. 2017) (quoting *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013)). "While reconcilable 'small variations' between the complaints are acceptable, '[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['s] motion to dismiss ... [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true.'" *Id.* (quoting *Price v. Socialist People's Libyan Arab Jamahiriya,* 389 F.3d 192 (D.C. Cir. 2004)).

Plaintiffs' Amended Complaint was dismissed because it failed to allege a distinct injury or redressability to confer standing for the individual Plaintiffs. Indeed, as Magistrate Louis notes in her Report and Recommendation, Plaintiffs admitted "that they do not seek economic injuries

suffered by any business entity as a result of the retaliatory actions against those entities, but rather allege direct injuries suffered by Plaintiffs in their individual capacity. Though Plaintiffs seek no monetary damages arising from these acts[.]" *See* [D.E. #99] at pg. 6-7.  This is a fatal admission, as Plaintiffs will be required to contradict themselves in a newly amended complaint in order to show a distinct injury. Nor can Plaintiffs seek an injunction that would prevent Commissioner Carollo from exercising his duties and obligations as a City of Miami Commissioner. Therefore, Plaintiffs will be required to contradict these allegations to attempt to have standing to sue Commissioner Carollo.  All this, coupled with the fact that Plaintiffs have already had the opportunity to amend their original Complaint, [D.E. #1], [D.E. #43], along with filing a separate motion for a preliminary injunction, [D.E. #5], and a separate motion for a temporary restraining order, [D.E. #20], Plaintiffs have exhausted their attempts to allege a First Amendment Retaliation claim against Commissioner Carollo.  Accordingly, Magistrate Louis erred in recommending that Plaintiffs receive yet another opportunity to amend.

## CONCLUSION

WHEREFORE, Commissioner Carollo respectfully requests this Court to overrule the portion of Magistrate Louis' Report and Recommendation and instead find that (1) Plaintiffs have failed to state a plausible claim for First Amendment Retaliation; (2) Commissioner Carollo is entitled to legislative immunity for abolishing special masters; (3) Commissioner Carollo is entitled to qualified immunity; and (4) Plaintiffs should not be afforded leave to amend.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Respectfully submitted,

By: *s/Thomas E. Scott*
**THOMAS E. SCOTT**
Florida Bar No. 149100
Counsel for Joe Carollo
**COLE, SCOTT & KISSANE**
Cole, Scott & Kissane Building
9150 South Dadeland Blvd., Suite 1400
Miami, Florida 33156
P: 305-350-5381
F: 305-373-2294
Thomas.scott@csklegal.com

and

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**KUEHNE DAVIS LAW, P.A.**
100 SE 2 Street, Suite 3550
Miami, FL 33131-154
Tel: (305) 789-5989
Fax: (305) 789-5987
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

## CERTIFICATE OF SERVICE

I certify that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/Thomas Scott*
Thomas E. Scott

## SERVICE LIST

| | |
|---|---|
| *Attorneys for Plaintiffs*<br>Brandon Perry Rose, Esq.<br>Brandon@axslawgroup.com<br>AXS Law Group PLLC<br>2121 NW 2nd Avenue, Suite 201<br>Wynwood, FL 33127<br>and<br>Jeffrey W. Gutchess, Esq.<br>jeff@axslawgroup.com<br>18150 Purdy Avenue<br>Miami Beach, FL 33139 | *Attorneys for Defendant City of Miami*<br>Christopher Allan Green, Esq.<br>cagreen@miamigov.com<br>Miami City Attorney's Office<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130-1910<br>(305)416-1800 (305) 416-1801 (fax) |
| *Attorneys for Defendant Lugo*<br>Oscar Marrero, Esq.<br>oem@marrerolegal.com<br>Lourdes Espino Wydler, Esq<br>lew@marrerolegal.com<br>Alexandra Hayes, Esq<br>ach@marreroleegal.com<br>Marrero & Wydler<br>2600 Douglas Road, PH-4<br>Coral Gables, FL 33134 | |