Case 1:18-cv-24190-RS   Document 140   Entered on FLSD Docket 10/26/2020   Page 1 of 6
USCA11 Case: 19-12439   Date Filed: 10/26/2020   (1 of 2)

FILED BY HH D.C.
Oct 26, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 26, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-12439-CC
Case Style: William Fuller, et al v. Joe Carollo
District Court Docket No: 1:18-cv-24190-RS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jenifer L. Tubbs
Phone #: 404-335-6166

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-12439

_____

District Court Docket No.
1:18-cv-24190-RS

WILLIAM O. FULLER,
MARTIN A. PINILLA, II,

                    Plaintiffs - Appellees,

versus

JOE CAROLLO,

                    Defendant - Appellant,

JOHN DOES 1-10,
et al.,

                    Defendants.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 25, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

ISSUED AS MANDATE: October 26, 2020

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12439

_____

D.C. Docket No. 1:18-cv-24190-RS

WILLIAM O. FULLER,
MARTIN PINILLA,

                                                       Plaintiffs-Appellees,

versus

JOE CAROLLO,

                                                       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 25, 2020)

Before WILLIAM PRYOR, Chief Judge, TJOFLAT and HULL, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

      Joe Carollo, a Miami City Commissioner, appeals from an order that Carollo says denied him qualified immunity. But the district court granted Carollo's motion to dismiss and granted the plaintiffs, Miami businessmen William Fuller

and Martin Pinilla, leave to amend their complaint. That order is not appealable. We dismiss Carollo's appeal for lack of jurisdiction.

Fuller and Pinilla allege that Carollo violated their rights to freedom of speech and association under the First Amendment by retaliating against them for their support of one of Carollo's political opponents. They sued Carollo and others, *see* 42 U.S.C. § 1983, and the case was referred to a magistrate judge for pretrial proceedings. Carollo and other defendants not party to this appeal moved to dismiss the complaint for failing to state a claim. Carollo's motion sought dismissal of the complaint based, in part, on qualified immunity.

The magistrate judge recommended dismissing Fuller and Pinilla's complaint with leave to amend based on problems with the scope of the requested relief. Because the magistrate judge recommended dismissing with leave to amend, she also reviewed the other arguments presented in the motions to dismiss, including Carollo's argument for qualified immunity. The magistrate judge concluded that Carollo was not entitled to qualified immunity because his alleged conduct violated clearly established law.

The district court adopted the magistrate judge's report and granted the motions to dismiss, with leave for Fuller and Pinilla to amend. The district court also ordered that "Defendant Carollo's Motion to Dismiss [be] DENIED as to

qualified immunity for the reasons detailed in the Report and Recommendation." But given the dismissal of the complaint, that language had no effect.

We have no choice but to *sua sponte* dismiss this appeal for lack of jurisdiction. "[T]he existence of appellate jurisdiction in a specific federal court over a given type of case is dependent upon authority expressly conferred by statute." *Carroll v. United States*, 354 U.S. 394, 399 (1957). Carollo argues that we have jurisdiction because "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But the district court did not enter an appealable order denying Carollo qualified immunity. The district court instead dismissed Fuller and Pinilla's complaint and granted them leave to amend it.

So a different finality rule applies: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires . . . ." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020). The district court gave Fuller and Pinilla until June 28, 2019, to file an amended complaint. But Carollo filed his notice of appeal on June 26, two days before the order granting Fuller and Pinilla leave would have become final. And there is no later judgment that could have cured Carollo's premature notice of appeal. Fuller and Pinilla did

3

in fact amend their complaint within the time allowed by the district court; on June 28 they filed a new pleading entitled "Second Amended Complaint." And on August 19, 2019, the district court stayed the proceedings on the Second Amended Complaint pending this appeal. Because Carollo did not appeal from a final order of the district court, we lack jurisdiction under section 1291. And no other statute provides us with jurisdiction over the appeal.

    We **DISMISS** the appeal.