AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Any" means any and all.

2. The term "action" or "matter" refers to the case styled *Fuller et al v. Carollo et al.*, Case No. 18-cv-24190, currently pending in the United States District Court for the Southern District of Florida.

3. The terms "you" or "your" refer to the party or parties to whom this Subpoena is directed, including each and every name by which the party is known or has been known, and each and every person acting on behalf of said party, including but not limited to, each and every agent, member, manager, officer, representative, contractor, employee, attorney, and accountant of said party.

4. "Communications" shall mean any and all direct and/or indirect transmissions or exchanges of information between two or more individuals and/or entities, or their respective agents or representatives, whether or not reduced to writing, including, without limitation, any meeting, conversation or discussion, whether face-to-face, by means of mail, telephone, telegraph, telex, facsimiles, electronic mail, text message, WhatsApp message, or any other medium.

5. "Document" or "documents" as used in this Subpoena shall mean any writing, recording, electronically-stored information, or photograph which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this matter, or which is itself listed below as a specific document. This includes, but is not limited to, the following: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

6.   The term document shall also include any and all communications, including correspondence via electronic mail, electronic message, text message, instant message, handwritten notes, facsimile, or other similar medium. The terms document or documents shall include a printout or other replication that is perceptible by and comprehensible to human beings without the aid of a machine. Document or documents shall include drafts of documents defined above and all non-identical copies of said documents. Handwritten or other markings or notations of any kind on any copy of a document render it non-identical.

7.   A document that "refers to," "pertains to," "relates to," "supports," or "evidences" a given subject matter means a document that discusses, identifies, comments on, analyzes, states, deal with, responds to, describes, or is any way pertinent to that subject.

8.   "Person" and "persons" mean a natural person, firm, association, organization, partnership, trust, limited liability company, corporation, or any other public or private entity.

9.   "Relating to" means referring, constituting, embodying, concerning, describing, identifying, supporting, discussing, reflecting, studying, commenting or reporting on, analyzing, pertaining to, or mentioning the requested subject matter, in whole or in part, whether directly or indirectly.

10.  "Plaintiffs" collectively refers to William O. Fuller and Martin Pinilla, II, the Plaintiffs in the above-captioned lawsuit.

11.  "Joe Carollo" refers to Joe Carollo, the Defendant in the above-captioned lawsuit.

## **INSTRUCTIONS**

1. All non-privileged documents that are in your possession, custody and/or control are to be produced. If, after exercising due diligence to secure the documents requested, you cannot produce all responsive documents, so state, produce to the extent possible, specify the reasons why you are unable to provide a full and complete response, and state what information and knowledge you have concerning the portion not produced.

2. If you object to any items or category demanded, in whole or in part, your objection must identify with particularity the specific document or evidence demanded as to which the objection is made and must set forth the specific ground for objection.

3. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, provide with respect to each withheld document: (i) the identity of the person(s) who prepared the document, signed it, or by whose name the document was sent or issued; (ii) the identity of all person(s) to whom the document was directed; (iii) the identity of all person(s) who received the document; (iv) a description of the nature and substance of the document, with sufficient particularity to enable the court and parties to identify the document and judge the merits of your asserted bases for non-production; (v) the date on which the document was prepared, and any dates and time indicated on the document; (vi) the number of pages in the document; (vii) the basis upon which the privilege or other protection is claimed; and (viii) copies of all non-privileged or non-protected matter or information included in the document.

## DOCUMENTS REQUESTED

1. Any and all documents from November 17, 2017 up until the present relating to William Fuller, Martin Pinilla.

2. Any and all documents from November 17, 2017 up until the present relating to Ball & Chain, The Tower Hotel, the Barlington Group, LLC, Sanguich de Miami, the Union Beer Store, S.H. Valet, the Gay 8 Festival, Calle Ocho Marketplace, and Viernes Culturales, or any of the properties owned by Fuller and/or Pinilla.

3. Any and all communications from November 17, 2017 up until the present sent or received by you relating to William Fuller, Martin Pinilla.

4. Any and all communications from November 17, 2017 up until the present pertaining to Ball & Chain, The Tower Hotel, the Barlington Group, LLC, Sanguich de Miami, the Union Beer Store, S.H. Valet, the Gay 8 Festival, Calle Ocho Marketplace, and Viernes Culturales, or any of the properties owned by Fuller and/or Pinilla.

5. Any and all documents and communications relating to any violations of the law or City Charter by Joe Carollo.

6. Any and all documents and communications relating to the action filed by Fuller and Pinilla against Joe Carollo.