UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-24190-CIV-SMITH

———————————————

WILLIAM O. FULLER AND
MARTIN PINILLA, II,
PLAINTIFFS,

v.

COMMISSIONER JOE CAROLLO,
DEFENDANT.

———————————————

**DEFENDANT COMMISSIONER CAROLLO'S ANSWER AND AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT**

———————————————

THOMAS E. SCOTT
FLORIDA BAR NO. 149100
COLE, SCOTT & KISSANE
9150 S. DADELAND BLVD., STE 1400
MIAMI, FL 33156
TEL: 305-350-5381
FAX: 305-373-2294
THOMAS.SCOTT@CSKLEGAL.COM
*COUNSEL FOR COMMISSIONER
CAROLLO*

BENEDICT P. KUEHNE
FLORIDA BAR NO. 233293
MICHAEL T. DAVIS
FLORIDA BAR NO. 63374
KUEHNE DAVIS LAW, P.A.
100 S.E. 2 ST., SUITE 3105
MIAMI, FL 33131-2154
TEL: 305.789.5989
FAX: 305.789.5987
EFILING@KUEHNELAW.COM
*COUNSEL FOR COMMISSIONER
CAROLLO*

## DEFENDANT COMMISSIONER CAROLLO'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

City of Miami Commissioner Joe Carollo, sued in his official capacity as an elected representative of the citizens of the City of Miami, Florida, responds to the materially false, fictitious, and perjured Second Amended Complaint (SAC) (DE125). The entire lawsuit is frivolous and fabricated, presenting false allegations the plaintiffs know are untrue, all in the process of committing a fraud on the court to obtain a political, strategic, and economic advantage in plaintiffs' pursuit of illegal and harmful activity in the City and District 3 where Commissioner Carollo has been entrusted by the citizens to protect their quality of life and community.

## **INTRODUCTION**

Commissioner Carollo denies the false narrative presented in the first unnumbered paragraph of the SAC, at page 1. This paragraph should be stricken from the SAC. Countermanding the plaintiffs' unsworn statements, the plaintiffs and their businesses are engaged in repeated, persistent violations of the City of Miami Code. They have hidden their violations through subterfuge and deception. Their reprehensible tactics include intimidation, payback, and impermissible payments. Their conduct in transacting their business

operations has been accompanied by rampant illegality that should result in the revocation of their licenses to do business in the City.

Commissioner Carollo denies the false narrative presented in the second unnumbered paragraph of the SAC, at pages 1-2. This paragraph should be stricken from the SAC. Undercutting the plaintiffs' unsworn statements is their involvement in obtaining funding from Venezuelan sources that raise questions of national security and the legality of their financial transactions. Commissioner Carollo's actions in pursuit of his legislative responsibility to the citizens who elected him have been compliant with the City of Miami Charter and all applicable law. The City of Miami's current regulatory enforcement of its Code applied to the plaintiffs and their business interests are consistent with City authorization, overseen by the City administration, and enhanced by Commissioner Carollo's responsible inquiries designed to protect and enhance the quality of life and business for the District 3 community. Plaintiffs, who have unfairly skirted enforcement for years to the detriment of the City, the residents, and competing businesses, must now play by the same rules applicable to all.

Commissioner Carollo denies the false narrative presented in

the third unnumbered paragraph of the SAC, at pages 2-3. This paragraph should be stricken from the SAC Commissioner Carollo has taken no action to "drive plaintiffs out of business." Regulatory enforcement of the City Code has been evenhandedly applied by the City Administration. Commissioner Carollo does not enforce the Code. He is empowered, however, to conduct inquiries as to the situation existing in his District as a legislative and policy-making member of the Commission. The deliberative actions of the City of Miami Commission, of which Commissioner Carollo is one of five members, are and have been consistent with the constitutional, statutory, and Charter authority to conduct municipal business in the best interests of the City and its residents.

Commissioner Carollo denies the false narrative presented in the fourth unnumbered paragraph of the SAC, at page 3. This paragraph should be stricken from the SAC. The assertions in this paragraph are false and known by the plaintiffs to be false. Commissioner Carollo's conduct in the course and furtherance of his official responsibilities as an elected City Commissioner have been entirely consistent with the Constitution and the laws of the United States and the State of Florida. Plaintiff's' efforts to mislead the Court

by preventing Commissioner Carollo from fulfilling his sworn responsibilities to the public must be rejected in their entirety and this case dismissed.

Commissioner Carollo denies the false narrative presented in the fifth unnumbered paragraph of the SAC, at page 3. This paragraph should be stricken from the SAC. Commissioner Carollo's own free speech right protected by the First Amendment, coupled with his constitutional duties as an elected official, requires that he protect and preserve the quality of life and business environment for the City of Miami residents in District 3 and throughout the City. Plaintiffs' litigation attempts to create a special privilege for themselves and their business illegalities have no legal foundation. Nor does the plaintiffs' claim for speculative and fanciful "emotional distress and mental anguish" have any factual or legal foundation. The claim for punitive damages must be stricken from the SAC.

## PARTIES, JURISDICTION, AND VENUE

1.     As to paragraph 1, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

2.     As to paragraph 2, Commissioner Carollo has no personal

knowledge and accordingly denies the allegations and demands strict proof thereof.

3.      As to paragraph 3, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

4.      As to Paragraph 4, Commissioner Carollo admits the allegations.

5.      As to paragraph 5, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

6.      As to paragraph 6, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

7.      As to paragraph 7, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required. Further, Commissioner Carollo denies plaintiffs have any right or ability to proceed with this false and fraudulent lawsuit.

## **ALLEGATIONS**

8.    As to paragraph 8, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

9.    As to paragraph 9, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

10.   As to paragraph 10, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

11.   As to paragraph 11, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

12.   As to paragraph 12, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

13.   As to paragraph 13, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

14.   As to paragraph 14, including the footnote, Commissioner

Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

15.  As to paragraph 15, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

16.  As to paragraph 16, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

17.  As to paragraph 17, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

18.  As to paragraph 18, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation of no complaints and citations, asserting plaintiffs and their properties and business are the subjects of numerous complaints and enforcement actions.

19.  As to paragraph 19, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

20.   As to paragraph 20, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

21.   As to paragraph 21, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

22.   As to paragraph 22, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

23.   As to paragraph 23, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

24.   As to paragraph 24, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

25.   As to paragraph 25, Commissioner Carollo admits the allegation, and further states the plaintiffs were not involved in obtaining the historic designation.

26.   As to paragraph 26, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the

allegations and demands strict proof thereof.  Commissioner Carollo further denies the plaintiffs had "great relationships" with all City officials.

## THE RACE FOR CITY COMMISSSION

27.   As to paragraph 27, Commissioner Carollo admits he opened his campaign for City of Miami Commission District 3 but denies the remainder of the allegations.

28.   As to paragraph 28, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation of "other prominent Miami Mayors ..."

29.   As to paragraph 29, Commissioner Carollo admits to plaintiff fuller meeting with him, but denies the remainder of the allegations.

30.   As to paragraph 30, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation that Miro was "a top campaign staffer for Carollo" since he was not.

31.   As to paragraph 31, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies he had "main opponents" in the race for Commission District 3 in that all qualified candidates are equally entitled to seek the vote of the citizens for the position.

32.   As to paragraph 32, Commissioner Carollo admits the allegations.

33.   As to paragraph 33, including the footnote, Commissioner Carollo denies the allegations.

34.   As to paragraph 34, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

## CAROLLO SHUTS DOWN ALFIE LEON RALLIES ON PLAINTIFFS' PROPERTIES

35.   As to paragraph 35, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

36.   As to paragraph 36, Commissioner Carollo admits the allegations as to the "two locations" but denies one location was "directly across from one of Plaintiffs' properties."

37.   As to paragraph 37, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

38.   As to paragraph 38, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

39.   As to paragraph 39, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

40.   As to paragraph 40, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

41.   As to paragraph 41, Commissioner Carollo has no personal knowledge of what constitutes a "comparable event" and accordingly denies the allegations and demands strict proof thereof.

42.   As to paragraph 42, including the footnote, Commissioner Carollo denies the allegations and demands strict proof thereof.

43.   As to paragraph 43, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

44.   As to paragraph 44, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

45. As to paragraph 45, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

46. As to paragraph 46, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

47. As to paragraph 47, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations as to a "threat to Carollo's chance of winning …"

48. As to paragraph 48, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

49. As to paragraph 39, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations as to "exploited any City contact …"

50. As to paragraph 50, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations as to "based on Carollo's efforts ..."

51.  As to paragraph 51, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations as to "that Carollo camp was responsible ..."

52.  As to paragraph 52, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

53.  As to paragraph 53, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations as to "indeed may have lost the run-off election ..."

54.  As to paragraph 54, Commissioner Carollo admits the allegations as to being sworn in, but the remainder of the allegations constitute a statement of law to which neither an admission nor a denial is required.

## RELEVANT CITY OF MIAMI CHARTER PROVISIONS

55.  As to paragraph 55, Commissioner Carollo asserts the

14

allegation constitutes a statement of law to which neither an admission nor denial is required.

56.   As to paragraph 56, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

57.   As to paragraph 57, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

58.   As to paragraph 58, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

## CAROLLO'S RETALIATION AGAINST PLAINTIFFS

59.   As to paragraph 59, Commissioner Carollo denies the allegations and demands strict proof thereof.

60.   As to paragraph 60, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

61.   As to paragraph 61, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

62.   As to paragraph 62, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

63.   As to paragraph 63, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

64.   As to paragraph 64, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

65.   As to paragraph 65, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

66.   As to paragraph 66, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

**CAROLLO ATTACKS PLAINTIFFS' CHRISTMAS PARTY**

67.   As to paragraph 67, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

68.   As to paragraph 68, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

69. As to paragraph 69, Commissioner Carollo denies the allegations and demands strict proof thereof.

70. As to paragraph 70, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

71. As to paragraph 71, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

72. As to paragraph 72, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

73. As to paragraph 73, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

74. As to paragraph 74, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

75. As to paragraph 75, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

76. As to paragraph 76, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

77. As to paragraph 77, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

78. As to paragraph 78, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

79. As to paragraph 79, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

80. As to paragraph 80, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

81. As to paragraph 81, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

82.  As to paragraph 82, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

83.  As to paragraph 83, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

84.  As to paragraph 84, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

85.  As to paragraph 85, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

86.  As to paragraph 86, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

87.  As to paragraph 87, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

88.  As to paragraph 88, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the

allegations and demands strict proof thereof.

89.   As to paragraph 89, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

90.   As to paragraph 90, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

**RETALIATION AGAINST BARLINGTON GROUP AND ITS TENANT "SANGUICH DE MIAMI"**

91.   As to paragraph 91, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

92.   As to paragraph 92, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

93.   As to paragraph 93, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

94.   As to paragraph 94, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

95.   As to paragraph 95, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

96.   As to paragraph 96, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

97.   As to paragraph 97, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

98.   As to paragraph 98, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

99.   As to paragraph 99, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

100. As to paragraph 100, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

101. As to paragraph 101, including the footnote, Commissioner Carollo admits to the meeting and his position

favoring legitimate businesses operating within the law, but denies the remainder of the allegations and demands strict proof thereof.

102. As to paragraph 102, Commissioner Carollo admits to the City of Miami Commission meeting, states that the events at that meeting are matters of public record and denies the remainder of the allegations and demands strict proof thereof.

103. As to paragraph 103, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation "could no longer be used ..."

104. As to paragraph 104, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

105. As to paragraph 105, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

106. As to paragraph 106, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

107. As to paragraph 107, Commissioner Carollo denies the

allegations and demands strict proof thereof.

108. As to paragraph 108, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

109. As to paragraph 109, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

110. As to paragraph 110, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

111. As to paragraph 111, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs incurred any recoverable damages.

112. As to paragraph 112, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## RETALIATION AGAINST PLAINTIFFS AND THEIR TENANT UNION BEER

113. As to paragraph 113, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

114. As to paragraph 114, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

115. As to paragraph 115, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

116. As to paragraph 116, Commissioner Carollo denies the allegations and demands strict proof thereof.

117. As to paragraph 117, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

118. As to paragraph 118, Commissioner Carollo denies the allegations and demands strict proof thereof.

119. As to paragraph 119, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies

plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO'S RETALIATION AGAINST BALL & CHAIN'S VALET OPERATIONS

120. As to paragraph 120, Commissioner Carollo admits to entering the parking lot.

121. As to paragraph 121, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

122. As to paragraph 122, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

123. As to paragraph 123, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

124. As to paragraph 124, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

125. As to paragraph 125, Commissioner Carollo denies the allegations and demands strict proof thereof.

126. As to paragraph 126, Commissioner Carollo denies the allegations and demands strict proof thereof.

127. As to paragraph 127, Commissioner Carollo denies the allegations and demands strict proof thereof.

128. As to paragraph 128, Commissioner Carollo denies the allegations and demands strict proof thereof.

129. As to paragraph 129, including the footnotes, the transcript of Commissioner Carollo's "testimony to the Ethics Commission" is a matter of public record and speaks for itself. Commissioner Carollo denies the summary provided in the allegations and demands strict proof thereof.

130. As to paragraph 130, Commissioner Carollo denies the allegations and demands strict proof thereof.

131. As to paragraph 131, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO'S RETALIATORY ACTIONS AT THE GAY 8 FESTIVAL

132. As to paragraph 132, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

133. As to paragraph 133, Commissioner Carollo denies the allegations and demands strict proof thereof.

134. As to paragraph 134, Commissioner denies the allegations and demands strict proof thereof.

135. As to paragraph 135, Commissioner Carollo denies the allegations and demands strict proof thereof.

136. As to paragraph 136, Commissioner Carollo denies the allegations and demands strict proof thereof.

137. As to paragraph 137, Commissioner Carollo denies the allegations and demands strict proof thereof.

138. As to paragraph 138, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

139. As to paragraph 139, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

140. As to paragraph 140, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

141. As to paragraph 141, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

142. As to paragraph 142, Commissioner Carollo denies the allegations and demands strict proof thereof.

143. As to paragraph 143, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts he targeted no vendor.

144. As to paragraph 144, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO ORDERS CODE ENFORCEMENT OFFICERS TO TARGET OTHER PROPERTIES OF PLAINTIFFS

### a.    The March 3, 2018 Carollo Ride Along

145. As to paragraph 145, Commissioner Carollo denies the

allegations and demands strict proof thereof.

146. As to paragraph 146, including footnotes, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation he instructed a Code Enforcement officer and demands strict proof thereof.

147. As to paragraph 147, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegation as to what he "said he believed …" and demands strict proof thereof.

148. As to paragraph 148, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies the allegations that "he wanted to search for code violations" and demands strict proof thereof.

149. As to paragraph 149, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

150. As to paragraph 150, including the footnote,

Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

151. As to paragraph 151, Commissioner Carollo denies the allegations and demands strict proof thereof.

152. As to paragraph 152, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

153. As to paragraph 153, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

154. As to paragraph 154, Commissioner Carollo denies the allegations and demands strict proof thereof.

155. As to paragraph 155, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

156. As to paragraph 156, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies

plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

### b. The March 14, 2018 Park and Walk – Fabricated Noise Complaints

157. As to paragraph 157, including the footnote, including the footnote, Commissioner Carollo admits to being in the presence of City staff on March 14, 2018, but denies the remainder of the allegations and demands strict proof thereof.

158. As to paragraph 158, Commissioner Carollo denies the allegations and demands strict proof thereof.

159. As to paragraph 159, Commissioner Carollo admits to meeting with residents in his official role as City Commissioner but otherwise denies the allegations and demands strict proof thereof.

160. As to paragraph 160, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

161. As to paragraph 161, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

162. As to paragraph 162 Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

163. As to paragraph 163, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

164. As to paragraph 164, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

**FULLER'S ETHICS COMPLAINT AGAINST CAROLLO**

165. As to paragraph 164, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

166. As to paragraph 166, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

167. As to paragraph 167, including footnotes, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

168. As to paragraph 168, Commissioner Carollo denies the allegations and demands strict proof thereof.

169. As to paragraph 169, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts has no personal knowledge as to these allegations and accordingly denies the allegations and demands strict proof thereof.

170. As to paragraph 170, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

171. As to paragraph 171, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

172. As to paragraph 172, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

173. As to paragraph 173, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

174. As to paragraph 174, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics, constituting an administrative determination in Commissioner Carollo's favor.

175. As to paragraph 175, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any Ethics Complaint is a matter of public record that speaks for itself. Commissioner Carollo further asserts the Ethics Complaint was dismissed by the Miami-Dade Commission on Ethics,

constituting an administrative determination in Commissioner Carollo's favor.

**CAROLLO TARGETS PLAINTIFFS' CALLE OCHO MARKETPLACE**

176. As to paragraph 176, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

177. As to paragraph 177, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

178. As to paragraph 178, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

179. As to paragraph 179, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

180. As to paragraph 180, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

181. As to paragraph 181, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

182. As to paragraph 182, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

183. As to paragraph 183, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

184. As to paragraph 184, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

185. As to paragraph 185, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City action is a matter of public record that speaks for itself.

186. As to paragraph 186, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

187. As to paragraph 187, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

188. As to paragraph 188, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

189. As to paragraph 189, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and

demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

190. As to paragraph 190, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO'S RETALIATION AGAINST THE PLAINTIFFS' USE OF THE 7TH STREET PARKING LOT

191. As to paragraph 191, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

192. As to paragraph 192, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

193. As to paragraph 193, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

194. As to paragraph 194, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

195. As to paragraph 195, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any official City enforcement action is a matter of public record that speaks for itself.

196. As to paragraph 196, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts

that any official City enforcement action is a matter of public record that speaks for itself.

197. As to paragraph 197, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts that any public records request is a matter of public record that speaks for itself.

198. As to paragraph 198, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

199. As to paragraph 199, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

200. As to paragraph 200, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

201. As to paragraph 201, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

202. As to paragraph 202, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

203. As to paragraph 203, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

204. As to paragraph 204, including the footnote, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

205. As to paragraph 205, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

206. As to paragraph 206, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

207. As to paragraph 207, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO IS DISCOVERED LURKING BEHIND BALL & CHAIN NEXT TO THE 7TH STREET PARKING LOT AT 9 PM SEARCHING FOR CODE VIOLATIONS

208. As to paragraph 208, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

209. As to paragraph 209, including the footnote, Commissioner Carollo admits to being in his Commission District for official business, but denies the remainder of the allegations and demands strict proof thereof.

210. As to paragraph 210, Commissioner Carollo admits to being in his Commission District for official business but denies the remainder of the allegations and demands strict proof thereof.

211. As to paragraph 211, Commissioner Carollo admits to being in his Commission District for official business but denies the remainder of the allegations and demands strict proof thereof.

212. As to paragraph 212, Commissioner Carollo admits to being in his Commission District for official business but denies the remainder of the allegations and demands strict proof thereof.

213. As to paragraph 213, Commissioner Carollo denies the allegations and demands strict proof thereof.

214. As to paragraph 214, Commissioner Carollo admits to being in his Commission District for official business but denies the remainder of the allegations and demands strict proof thereof.

215. As to paragraph 215, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

### CAROLLO'S RETALIATION AGAINST VIERNES CULTURALES

216. As to paragraph 216, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

217. As to paragraph 217, Commissioner Carollo is familiar with Domino Plaza but has no personal knowledge of the allegations and accordingly denies the allegations and demands strict proof thereof.

218. As to paragraph 218, Commissioner Carollo denies the allegations and demands strict proof thereof.

219. As to paragraph 219, Commissioner Carollo has no

personal knowledge and accordingly denies the allegations and demands strict proof thereof.

220. As to paragraph 220, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

221. As to paragraph 221, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

222. As to paragraph 222, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

223. As to paragraph 223, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

224. As to paragraph 224, including the footnotes, the transcript of the testimony is a matter of public record and speaks for itself. Commissioner Carollo denies the summary provided in the allegations and demands strict proof thereof.

**CAROLLO'S RETALIATORY DEFAMATION AGAINST PLAINTIFFS**

225. As to paragraph 225, Commissioner Carollo denies the

allegations and demands strict proof thereof.

226. As to paragraph 226, Commissioner Carollo denies the allegations and demands strict proof thereof.

227. As to paragraph 227, Commissioner Carollo denies the allegations, asserts the quote is not complete, and demands strict proof thereof.

228. As to paragraph 228, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

229. As to paragraph 229, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

230. As to paragraph 230, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

231. As to paragraph 231, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

232. As to paragraph 232, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof

thereof.

233. As to paragraph 233, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

234. As to paragraph 234, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

235. As to paragraph 235, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

236. As to paragraph 236, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

## CAROLLO'S ATTEMPT TO DESTROY VIERNES CULTURALES AFTER THE FILING OF THE COMPLAINT IN THIS ACTION

237. As to paragraph 237, Commissioner Carollo denies the allegations and demands strict proof thereof. *

238. As to paragraph 238, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

239. As to paragraph 239, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

240. As to paragraph 240, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

241. As to paragraph 241, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

242. As to paragraph 242, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

243. As to paragraph 243, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and

demands strict proof thereof.

244. As to paragraph 244, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

245. As to paragraph 245, including the footnote, Commissioner Carollo denies the allegations, asserts the quote is incomplete, and demands strict proof thereof.

246. As to paragraph 246, Commissioner Carollo denies the allegations and demands strict proof thereof.

247. As to paragraph 247, Commissioner Carollo denies the allegations, asserts the information is incomplete, and demands strict proof thereof.

248. As to paragraph 248, Commissioner Carollo denies the allegations, asserts the information is incomplete, and demands strict proof thereof.

249. As to paragraph 249, Commissioner Carollo denies the allegations, asserts the statement is incomplete, and demands strict proof thereof.

250. As to paragraph 250, Commissioner Carollo denies the allegations and demands strict proof thereof.

251. As to paragraph 251, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

252. As to paragraph 252, Commissioner Carollo denies the allegations and demands strict proof thereof.

253. As to paragraph 253, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

254. As to paragraph 254, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

**VALENTINE'S DAY COMMISSION MEETING**

255. As to paragraph 255, Commissioner Carollo admits to the City of Miami Commission meeting, states that the events at that meeting are matters of public record and denies the remainder of the

allegations and demands strict proof thereof.

256. As to paragraph 256, Commissioner Carollo denies the allegations and demands strict proof thereof.

257. As to paragraph 257, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

258. As to paragraph 258, Commissioner Carollo denies the allegations and demands strict proof thereof.

259. As to paragraph 259, Commissioner Carollo denies the allegations and demands strict proof thereof.

260. As to paragraph 260, Commissioner Carollo denies the allegations and demands strict proof thereof.

261. As to paragraph 261, Commissioner Carollo denies the allegations and demands strict proof thereof.

262. As to paragraph 262, Commissioner Carollo admits to the City of Miami Commission meeting, states that the events at that meeting are matters of public record and denies the remainder of the allegations and demands strict proof thereof.

263. As to paragraph 263, Commissioner Carollo admits to the City of Miami Commission meeting, states that the events at that

meeting are matters of public record and denies the remainder of the allegations and demands strict proof thereof.

264. As to paragraph 264, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

265. As to paragraph 265, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

266. As to paragraph 266, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

267. As to paragraph 267, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts

the allegation constitutes a statement of law to which neither an admission nor denial is required.

268. As to paragraph 268, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

**FIRST AMENDMENT RETALIATION, NOT CODE VIOLATIONS**

269. As to paragraph 269, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

270. As to paragraph 270, Commissioner denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

271. As to paragraph 271, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an

admission nor denial is required.

272. As to paragraph 272, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

273. As to paragraph 273, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

274. As to paragraph 274, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

**CAROLLO'S EFFORTS TO PREVENT PLAINTIFFS FROM PURCHASING ADDITIONAL PROPERTIES**

275. As to paragraph 275, Commissioner Carollo denies the allegations and demands strict proof thereof.

276. As to paragraph 276, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which

neither an admission nor denial is required.

277. As to paragraph 277, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

278. As to paragraph 278, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

279. As to paragraph 279, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof.

280. As to paragraph 280, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

281. As to paragraph 281, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

282. As to paragraph 282, Commissioner Carollo denies the allegations and demands strict proof thereof.

## SUMMARY OF DAMAGES

283. As to paragraph 283, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

284. As to paragraph 284, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

285. As to paragraph 285, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner

Carollo.

286. As to paragraph 286, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

287. As to paragraph 287, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

288. As to paragraph 288, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

289. As to paragraph 289, Commissioner Carollo denies the

allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable resulting from any conduct on the part of Commissioner Carollo.

290. As to paragraph 290, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages resulting from any conduct on the part of Commissioner Carollo.

291. As to paragraph 291, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

292. As to paragraph 292, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable resulting from any conduct on the part of Commissioner Carollo.

293. As to paragraph 293, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages

resulting from any conduct on the part of Commissioner Carollo.

294. As to paragraph 294, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages resulting from any conduct on the part of Commissioner Carollo.

295. As to paragraph 295, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages resulting from any conduct on the part of Commissioner Carollo.

296. As to paragraph 296, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable resulting from any conduct on the part of Commissioner Carollo.

297. As to paragraph 297, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages resulting from any conduct on the part of Commissioner Carollo.

298. As to paragraph 298, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages

resulting from any conduct on the part of Commissioner Carollo.

## COUNT I
## VIOLATION OF THE CONSTITUTIONAL RIGHT TO FREE SPEECH AND FREEDOM OF ASSOCIATION

299. As to paragraph 299, Commissioner Carollo asserts and realleges the identical responses to the numbered paragraphs.

300. As to paragraph 300, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

301. As to paragraph 301, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

302. As to paragraph 302, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

303. As to paragraph 303, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

304. As to paragraph 304, Commissioner Carollo asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

305. As to paragraph 305, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

306. As to paragraph 306, Commissioner Carollo denies the allegations and demands strict proof thereof.

307. As to paragraph 307, Commissioner Carollo denies the allegations and demands strict proof thereof.

308. As to paragraph 308, Commissioner Carollo denies the allegations and demands strict proof thereof.

309. As to paragraph 309, Commissioner Carollo denies the allegations and demands strict proof thereof.

310. As to paragraph 310, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

311. As to paragraph 311, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which

neither an admission nor denial is required.

312. As to paragraph 312, Commissioner Carollo denies "criminally violating the City Charter" and further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

313. As to paragraph 313, Commissioner Carollo denies the allegations and demands strict proof thereof, and further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

314. As to paragraph 314, Commissioner Carollo has no personal knowledge and accordingly denies the allegations and demands strict proof thereof. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

315. As to paragraph 315, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages resulting from any conduct on the part of Commissioner Carollo.

316. As to paragraph 316, Commissioner Carollo denies the allegations and demands strict proof thereof, and further asserts the

allegation constitutes a statement of law to which neither an admission nor denial is required.

317. As to paragraph 317, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

318. As to paragraph 318, Commissioner Carollo moves to strike the punitive damages allegations. Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner Carollo.

319. As to paragraph 319, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and suggests they seek mental health treatment for their claims of mental anguish not resulting from any conduct on the part of Commissioner

Carollo, and further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

320. As to paragraph 319, Commissioner Carollo denies the allegations and demands strict proof thereof. Commissioner Carollo further denies plaintiffs experienced any recoverable damages and are therefore not entitled to any of the relief claimed. Commissioner Carollo further asserts the allegation constitutes a statement of law to which neither an admission nor denial is required.

## DEMAND FOR JURY TRIAL

321. Commissioner Carollo does not agree a jury trial is required as a matter of right.

## AFFIRMATIVE DEFENSES

322. **First Affirmative Defense.** Plaintiffs' claims for damages are speculative and unavailable.

323. **Second Affirmative Defense.** Plaintiffs' claims for punitive damages have not been authorized by this Court and therefore must be stricken.

324. **Third Affirmative Defense.** Plaintiffs' claims for punitive damages are not allowed as a matter of law and fact. The SAC does not state a single time that it is seeking punitive damages against

Commissioner Carollo in his individual capacity. In fact, all the facts surrounding the SAC are alleged actions taken by Commissioner Carollo while acting as a City Commissioner in his official capacity. Punitive damage claims against an officer acting under official capacity are subject to dismissal with prejudice. *Archer v. City of Winter Haven*, No. 8:16-cv-3067-T-36AAS, 2018 U.S. Dist. LEXIS 243133, at *31-32 (M.D. Fla. Sep. 26, 2018) ("To the extent Plaintiff seeks punitive damages against either the City or the Defendant Officers in their official capacities pursuant to § 1983, such claims are due to be dismissed with prejudice."); *Turner v. Wester*, No. 5:20cv199-MCR-MJF, 2021 U.S. Dist. LEXIS 76547, at *12 (N.D. Fla. Apr. 21, 2021) (striking punitive damages claims finding punitive damages "may not be recovered under § 1983 on the official capacity claims."). Likewise, punitive damages against an individual are only allowed if the conduct in question is shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Obremski v. Armor Corr. Health Servs.*, 467 F. Supp. 3d 1265, 1282 (S.D. Fla. 2020). The operative SAC does not allege these requirements.

325. **Fourth Affirmative Defense.** Plaintiffs are engaged in a

fraud on the Court. Plaintiffs made and are making demonstrably, and materially false allegations done intentionally and in willful disregard of the truth when the plaintiffs have a duty to disclose the true facts so as not to deceive the court. The fraud extends to material misrepresentation concerning alleged statements by Commissioner Carollo. The plaintiffs are deceiving the court by falsely claiming they are following City Code when they are in material breach. The assertions that Sanguich de Miami is and should be allowed to utilize shipping containers utilized by other establishments is untrue and known by the plaintiffs to be untrue. The plaintiffs' insistence the noise violations are fictitious are belied by the fact that the City has determined the plaintiffs and their business are in violation of the noise ordinance. The plaintiffs' arrangement with a valet company for parking cars is illegal and violates City law. *Jones v. SPMK XV Meadows, LLC (In re Jones)*, No. 20-06274-LRC, 2021 Bankr. LEXIS 265, at *5-6 (Bankr. N.D. Ga. Feb. 4, 2021) ("Fraud on the court has five elements: (1) conduct of an officer of the court; (2) that is directed to the judicial [*6] machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) that is a positive averment or concealment when one is under a duty

to disclose; and (5) that deceives the court."). "A movant who seeks relief from the judgment based on fraud on the court must establish fraud by clear and convincing evidence. Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." (internal citation omitted). It is thus only egregious misconduct—such as an "unconscionable plan or scheme" to influence the court's decision— that constitutes fraud on the court." *Debose v. USF Bd. of Trs.*, 844 F. App'x 99, 102 (11th Cir. 2021). "Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision, preventing the opposing party from fully and fairly presenting his case." (internal citation omitted). *Davenport Recycling Assocs. & Sam Winer v. Commissioner*, 220 F.3d 1255, 1262 (11th Cir. 2000).

326. **Fifth Affirmative Defense.** Plaintiffs' have engaged in repeated and continuing violations of the City of Miami Code for which enforcement is available, thereby invalidating all claims raised by the plaintiffs.

327. **Sixth Affirmative Defense.** Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to mitigate the requested damages.

328. **Seventh Affirmative Defense.** Any injuries to plaintiffs were caused by plaintiffs' own fault and should be apportioned pursuant to Fla. Stat. § 768.81(2).

329. **Eighth Affirmative Defense.** Commissioner Carollo is not liable to plaintiffs because any injury, loss, or damage that plaintiffs claim to have suffered are the result of intervening causes beyond the control of Commissioner Carollo or the City of Miami.

330. **Ninth Affirmative Defense** Any act, event, or omissions were not done in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human right, safety. or property.

331. **Tenth Affirmative Defense.** Plaintiffs failed to adhere to the notice requirement pursuant to Fla. Stat. § 768.28.

332. **Eleventh Affirmative Defense.** The amount of recovery claimed by the plaintiffs is capped pursuant to Fla. Stat. § 768.28.

333. **Twelfth Affirmative Defense.** Commissioner Carollo is entitled to sovereign immunity from suit. Defendant Carollo raises

this affirmative defense for all the reasons contained in his Motion to Dismiss the Second Amended Complaint that is expressly incorporated into this affirmative defense (DE154).

334. **Thirteenth Affirmative Defense.** Commissioner Carollo is entitled to legislative immunity from suit. Defendant Carollo raises this affirmative defense for all the reasons contained in his Motion to Dismiss the Second Amended Complaint that is expressly incorporated into this affirmative defense (DE154).

335. **Fourteenth Affirmative Defense.** Plaintiffs are barred from recovery under the impact rule because: (a) plaintiffs have not suffered a physical impact or physical manifestation of their claimed emotional distress; and/or (b) Commissioner Carollo's conduct did not constitute malice, great indifference, willful or wanton conduct, or outrageous conduct.

336. **Fifteenth Affirmative Defense.** Commissioner Carollo is entitled to a credit and/or setoff for all collateral sources or other sources or setoff. including settlement funds received from any entity in the past and/or future as related to the subject incidents. Thus, plaintiffs' claim is limited and/or reduced by said credits and/or setoffs.

337. **Sixteenth Affirmative Defense.** Plaintiffs do not have standing to address alleged harm to non-parties, or to recovery of any damages arising from harm to non-parties. Defendant Carollo raises this affirmative defense for all the reasons contained in his Motion to Dismiss the Second Amended Complaint that is expressly incorporated into this affirmative defense (DE154).

338. **Seventeenth Affirmative Defense.** Plaintiffs' claimed injuries, if any, were caused by a non-party to this lawsuit. Accordingly, fault should be proportioned to such non-parties in accordance with and pursuant to Fla. tat. § 768.81(3).

339. **Eighteenth Affirmative Defense.** Plaintiffs do not state a plausible cause of action arising from the alleged violations of the City Charter. Defendant Carollo raises this affirmative defense for all the reasons contained in his Motion to Dismiss the Second Amended Complaint that is expressly incorporated into this affirmative defense (DE154).

340. **Nineteenth Affirmative Defense.** Plaintiffs cannot recover for any injuries derived from alleged violations of the City Charter. Defendant Carollo raises this affirmative defense for all the reasons contained in his Motion to Dismiss the Second Amended

Complaint that is expressly incorporated into this affirmative defense (DE154).

341. **Twentieth Affirmative Defense.** Plaintiffs cannot obtain a permanent injunction against further retaliation as it is contrary to law, constitutes an illegal prior restraint, is unconstitutional in that it attempts to prevent the City of Miami and Commissioner Carollo from the fair enforcement of municipal laws and ordinances laws, constitutes a violation of the equal protection clause, and is contrary to the public interest.

**342. Twenty-first Affirmative Defense.** Plaintiffs' damages claims are barred as speculative and not reasonably derived from the conduct alleged in the SAC.

## **RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES**

343. Commissioner Carollo reserves his right to raise additional affirmative defenses as they are discovered or are determined to exist during discovery.

Respectfully submitted,

_S/ Thomas E. Scott_
**THOMAS E. SCOTT**
Florida Bar No. 149100
**COLE, SCOTT & KISSANE**
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156
Tel: 305.350.5381
Fax: 305.373.2294
Thomas.scott@csklegal.com

_S/ Benedict P. Kuehne_
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2 St., Suite 3105
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on May 28, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify this document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By:  *S/ Benedict P. Kuehne*
     **BENEDICT P. KUEHNE**