# EXHIBIT 2

[DO NOT PUBLISH]

# In the United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11746

Non-Argument Calendar

_____

WILLIAM O. FULLER,
MARTIN A. PINILLA, II,

                                            Plaintiffs-Appellees,

*versus*

JOE CAROLLO,

                                            Defendant-Appellant,

JOHN DOES 1-10, et al.,

                                            Defendants.

Case 1:18-cv-24190-RS   Document 221-2   Entered on FLSD Docket 03/08/2022   Page 3 of 12
USCA11 Case: 21-11746   Date Filed: 02/04/2022   Page: 2 of 9

2                           Opinion of the Court                    21-11746

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-24190-RS

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Carollo, a City Commissioner, appeals a second time a denial of immunity from a complaint filed by William O. Fuller and Martin A. Pinilla, businessmen from the Little Havana neighborhood of Miami, who allege that Carollo repeatedly harassed them in retaliation for their political support of his election opponent in violation of the First Amendment. *See* 42 U.S.C. § 1983. After briefing and oral argument, we dismissed Carollo's first appeal for lack of jurisdiction because it challenged a nonfinal order that granted the businessmen leave to amend their complaint. *Fuller v. Carollo*, 977 F.3d 1012 (11th Cir. 2020). Fuller and Pinilla amended their complaint, and the district court granted a partial dismissal based on legislative immunity and denied a dismissal based on qualified immunity. We affirm.

## I. BACKGROUND

At this stage, we accept the allegations in the amended complaint as true and construe them in the light most favorable to the

Case 1:18-cv-24190-RS   Document 221-2   Entered on FLSD Docket 03/08/2022   Page 4 of 12
USCA11 Case: 21-11746   Date Filed: 02/04/2022   Page: 3 of 9

21-11746               Opinion of the Court                3

plaintiffs. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). We need not rehash all the details of the proceedings that led to their first appeal. We limit our review to the allegations in the amended complaint that relate to Carollo's arguments for legislative and qualified immunity.

In 2017, Carollo was a candidate for city commissioner for the district 3 that includes Little Havana. Before the general election, he sought Fuller's political support and the two men appeared to have a good relationship. Carollo advanced to a runoff election against Alfie Leon.

After early voting for the runoff began, Leon held political rallies at a property Fuller owned that was adjacent to an early voting center. Carollo's campaign chief of staff, Steve Miro, noticed Pinilla at the rallies and notified Carollo. On the last day of early voting, Miro saw Pinilla at a rally, called Fuller, and demanded that he shut down the event. Carollo and Miro then used contacts in city government to shut down the rally. Carollo defeated Leon in the runoff election in November.

Less than a week later, at Carollo's direction, dozens of police, fire, building, and other officers raided Sanguich de Miami, a restaurant where Fuller and Pinilla were investors and landlords. Weeks later, Carollo introduced and voted for Ordinance 13733, which ended the temporary-use permits used to operate Sanguich. When Sanguich attempted to reopen, city officials twice shut it down acting on direct orders from Carollo and his associates. Carollo also targeted Sanguich at the Gay 8 Festival where it operated

Case 1:18-cv-24190-RS Document 221-2 Entered on FLSD Docket 03/08/2022 Page 5 of 12
USCA11 Case: 21-11746 Date Filed: 02/04/2022 Page: 4 of 9

4                       Opinion of the Court                    21-11746

as a tent vendor. Carollo and Miro voiced concerns about Sanguich selling contaminated food to a city fire inspector, who then performed an intrusive surprise inspection. Carollo did not target any other vendor at the festival. Sanguich eventually relocated to a property not owned by Fuller and Pinilla and resumed operations without interference.

A month after the runoff election, Carollo also attempted to shut down Fuller and Pinilla's office Christmas party. Carollo had Maria Lugo, a campaign advisor and former city employee, demand that the director of code enforcement shut down the event for lacking a special events permit. When an enforcement officer reported that the event did not violate the code, her supervisor (a friend of Lugo) instructed her to remain outside the event until it ended. Carollo also complained to the assistant city manager, who instructed the director to attend the party in person. The director later confirmed to Fuller that Carollo's actions were politically motivated.

Three months after the runoff, Carollo shut down the one-year anniversary party of Union Beer Store after visiting the property with several police officers and code enforcement officer. Fuller and Pinilla were landlords for and partners in Union Beer.

That same month, Carollo also started harassing the Ball & Chain nightclub, which Fuller and two friends owned. Carollo and several associates visited the club's valet parking lot and photographed cars on the pretense of performing an "official investigation" of the operation. Later, Carollo visited residents of a nearby

Case 1:18-cv-24190-RS   Document 221-2   Entered on FLSD Docket 03/08/2022   Page 6 of 12
USCA11 Case: 21-11746   Date Filed: 02/04/2022   Page: 5 of 9

21-11746               Opinion of the Court                5

building to solicit noise complaints against the club. Carollo also conducted a "park-and-walk" with city employees, including the acting director of code enforcement, to meet with a resident Carollo had prepped to make a noise complaint against the club. Carollo arranged the park-and-walk without the knowledge of the city manager. Carollo later texted a parking complaint to the city manager, who in turn directed three code officers and a police officer to force club employees to move their cars from the club's parking lot. The general manager of the club later discovered Carollo and a member of the code enforcement board behind the club attempting to solicit more noise complaints from neighbors.

Carollo also used his official authority to harass Fuller in other ways. For example, Carollo issued orders shutting down Domino Plaza, the customary site of the monthly Viernes Culturales festival hosted by an organization led by Fuller. And, after Carollo raised concerns about Fuller-owned properties during a meeting of the city commission, the city attorney sent an email to local administrators requesting a review of records of and the inspection of properties discussed at the meeting, most of which were owned by Fuller or his associates or were related to Fuller's businesses.

Fuller and Pinilla filed a complaint in the district court alleging that Carollo retaliated against them in violation of the First Amendment. *See* 42 U.S.C. § 1983. Carollo moved to dismiss based on qualified immunity and legislative immunity. A magistrate judge issued a report and recommendation that the district court

Case 1:18-cv-24190-RS Document 221-2 Entered on FLSD Docket 03/08/2022 Page 7 of 12
USCA11 Case: 21-11746 Date Filed: 02/04/2022 Page: 6 of 9

6                  Opinion of the Court                  21-11746

grant Carollo's motion in part and deny it in part. The district court adopted that report and recommendation. And it granted Fuller and Pinilla leave to amend their complaint consistent with the report and recommendation. We dismissed Carollo's appeal of that order for lack of jurisdiction. *Fuller*, 977 F.3d 1012

After remand, Fuller and Pinilla filed a second amended complaint against Carollo. The amended complaint repeated many of the allegations made in the amended complaint.

Carollo moved to dismiss the amended complaint, which the district court granted in part and denied in part. Fed. R. Civ. P. 12(b)(6). The district court ruled that Carollo enjoyed legislative immunity as to "the passage of Ordinance 13733," but that he lacked legislative or qualified immunity for the "multiple actions directed solely at [Fuller and Pinilla] or directed at others who did business with [them]" and where his conduct "involve[d] code enforcement, something the Eleventh Circuit has stated is administrative, not legislative."

## II. STANDARD OF REVIEW

We review *de novo* the denial of a motion to dismiss based on immunity from suit. *See Crymes v. DeKalb Cty., Ga.*, 923 F.2d 1482, 1485 (11th Cir. 1991) (legislative immunity); *Keating*, 598 F.3d at 762 (qualified immunity).

Case 1:18-cv-24190-RS   Document 221-2   Entered on FLSD Docket 03/08/2022   Page 8 of 12
USCA11 Case: 21-11746   Date Filed: 02/04/2022   Page: 7 of 9

21-11746   Opinion of the Court   7

## III. DISCUSSION

We divide our discussion in two parts. First, we discuss Carollo's argument for legislative immunity. Second, we discuss Carollo's argument for qualified immunity.

### A. The District Court Did Not Err by Partially Denying Carollo Legislative Immunity.

"Absolute legislative immunity extends only to actions taken within the sphere of legitimate legislative activity." *Brown v. Crawford Cty., Ga.*, 960 F.2d 1002, 1011 (11th Cir. 1992) (internal quotation marks omitted). So, "[i]t is the official function that determines the degree of immunity required, not the status of the acting officer." *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir. 1982) (alteration adopted) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 508 (5th Cir. 1980)). To enjoy absolute immunity, the legislator must engage in "[a] legislative act [that] involves policy-making rather than [the] mere administrative application of existing policies." *Crymes*, 923 F.2d at 1485. The act of "rulemaking . . . [is] legislative." *Id.* But the enforcement of laws against "specific individuals, rather than the general population, . . . [are] more apt to be administrative" and excluded from protection under the doctrine of legislative immunity. *Id.*

The district court did not err in partially denying Carollo's argument for legislative immunity. Fuller and Pinilla's amended complaint alleges that Carollo exceeded the bounds of his legislative responsibilities by repeatedly harassing their businesses.

Case 1:18-cv-24190-RS Document 221-2 Entered on FLSD Docket 03/08/2022 Page 9 of 12
USCA11 Case: 21-11746 Date Filed: 02/04/2022 Page: 8 of 9

8 Opinion of the Court 21-11746

Carollo's alleged enforcement actions were not legislative functions for which he was entitled to absolute immunity. Carollo argues that legislative immunity applies to "matters arising out of his Commission votes," but the district court ruled that he was immune from suit for actions related to the passage of Ordinance 13733. Carollo also argues that he is immune from suit for "introducing legislation to abolish the use of special masters," but Fuller and Pinilla deleted that allegation from their amended complaint. Carollo identifies no legislative function he allegedly performed for which the district court denied him absolute immunity.

### B. Carollo's Argument for Qualified Immunity Fails.

Carollo's argument for qualified immunity also fails. Carollo argues that the district court erred in determining that his actions fell outside "the allowable duties and functions of a City legislative policymaker." But the district court *agreed* that Carollo was acting in his discretionary capacity as a city commissioner. Carollo also argues that an investigative report attached to the complaint "rendered the[] First Amendment retaliation claims implausible," but the district court declined to consider the hearsay in that report. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012). Carollo does not challenge that reasoning. And Carollo identifies no legal error in the ruling that the complaint against him alleges that he violated settled law prohibiting officials from retaliating against constituents who engage in political activities protected by the First Amendment.

21-11746 Opinion of the Court 9

## IV. CONCLUSION

We **AFFIRM** the partial denial of Carollo's motion to dismiss.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 04, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11746-CC
Case Style: William Fuller, et al v. Joe Carollo
District Court Docket No: 1:18-cv-24190-RS

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs