# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

  v.

JOE CAROLLO,

      Defendant.

_____/

## [PROPOSED] ORDER ON PLAINTIFFS' VERIFIED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiffs' Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [D.E. 221]. Plaintiffs argue that Defendant Commissioner Carollo is misusing his public position as City of Miami District 3 Commissioner to manipulate the redistricting of the City of Miami to protect his home from being subject to a judgment in this case. Plaintiffs state that in three days, on March 11, 2022, the City of Miami Commissioners plan to vote on proposed redistricting maps. Plaintiffs argue that, if Commissioner Carollo succeeds in redrawing the boundaries of the district he represents to include the only home he owns, he will be able to continue retaliating against Plaintiffs with

impunity as the only property he owns in the City of Miami will be shielded from the execution of a judgment through Florida's Homestead Exemption law.

The Court finds that Plaintiffs are likely to succeed on the merits of their First Amendment claim as their account of Commissioner Carollo's retaliation is supported by several former City of Miami officials. Plaintiffs persuasively argue that, if Commissioner Carollo is able to claim homestead exemption over the only property he owns in the City of Miami and thereby shield that asset from a judgment in this case, there will be nothing to restrain him from further retaliatory acts against Plaintiffs.

Defendant's retaliatory conduct, as described by Plaintiffs and supported by third parties, would deter a person of ordinary firmness from the exercise of First Amendment Rights. *See Bennett v. Hendrix*, 423 F.3d 1247, 1252 (11th Cir. 2005) (holding that a plaintiff need not show that his speech was actually deterred, but only that "the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights").

Moreover, the close temporal proximity between Plaintiffs' protected speech and Commissioner Carollo's retaliatory acts establish a causal connection between the two. *Alvarez v. Sec'y Florida Dept. of Corr.*, 646 Fed. App'x 858, 865 (11th Cir. 2016). Commissioner Carollo's former employee, Steve Miro, gave a sworn statement detailing Commissioner Carollo's acts of retaliation against Plaintiffs.

Miro testified that Commissioner Carollo "went after" Fuller as soon as he took office. This small sampling of facts alone is sufficient to establish the causal connection between Plaintiffs' protected speech and Commissioner Carollo's retaliatory conduct.

The loss of First Amendment freedoms "constitutes irreparable injury justifying the grant of a preliminary injunction." *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983). The harm to Plaintiffs and their business interests outweighs any harm to Commissioner Carollo from a five-week delay on his participation in the redistricting of the City of Miami. Furthermore, "the public interest is always served in promoting First Amendment values . . ." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1276 (11th Cir. 2001); *Univ. Books & Videos, Inc. v. Metro. Dade County*, 33 F. Supp. 2d 1364, 1374 (S.D. Fla. 1999) (explaining that "[t]he public interest is always served when constitutional rights, especially free speech, are vindicated.").

The Court will not require a bond as this case involves the violation of Plaintiffs' First Amendment rights. *Gilio ex rel. J.G. v. Sch. Bd. of Hillsborough County, Fla.*, 905 F. Supp. 2d 1262, 1276 (M.D. Fla. 2012) (holding that, where a plaintiff's fundamental constitutional right of free speech is at issue, it is appropriate to waive bond requirement).

The Court, therefore, **ORDERS AND ADJUDGES**:

1) The Motion for Temporary Restraining Order is **GRANTED**;

2) Defendant Commissioner Carollo shall not participate in redistricting discussions or vote on the redistricting of the City of Miami until further order of this Court;

3) The parties shall engage in discovery until April 1, 2022, with respect to Commissioner Carollo's participation in the City of Miami's redistricting efforts and the allegations in Plaintiffs' Second Amended Complaint in preparation for a preliminary injunction hearing;

4) A preliminary injunction hearing will be held on April 11, 2022 at 9:00 A.M.

**DONE AND ORDERED** in Chambers in Miami, Florida, this _____ day of March 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE