UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-24190-CIV-SMITH

WILLIAM O. FULLER and
MARTIN PINILLA II,
    *Plaintiffs*,

versus

COMMISSIONER JOE CAROLLO,
    *Defendant.*
_____/

**DEFENDANT COMMISSIONER CAROLLO'S PRELIMINARY RESPONSE TO PLAINTIFFS' VERIFIED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, SEEKING A REASONABLE TIME WITHIN WHICH TO RESPOND**

Defendant Commissioner Joe Carollo, in an abundance of caution, notifies the Court of his intention to respond fully to the Plaintiffs' Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (DE221). Commissioner requests ten (10) days to respond to the motion. A proposed Order to that effect is attached.

Plaintiffs failed to confer with counsel in advance of filing their motion. Although the plaintiffs and their counsel apparently labored for at least several days in preparing the motion that is accompanied by detailed charts and information, they strategically timed their filing for Tuesday, March 8, 2022, to claim their motion requires emergency

disposition. Yet, Commissioner Carollo, only having become aware of the plaintiffs' filing this morning, requires sufficient time to respond, and asks this Court to decline the plaintiffs' request for emergency consideration.

The plaintiffs' motion requires no emergency treatment. Whatever decision is made by the City Commission on approval of the district maps occurs in open session and requires a majority vote of the City Commission. Commissioner Carollo can only cast one vote. Any decision by the majority of the City Commission is subject to challenge and judicial review brought by any aggrieved voter through the initiation of a redistricting lawsuit. This occurs routinely following redistricting decisions, as courts are charged with the responsibility to determine the propriety of both the district maps and the redistricting process. Accordingly, any remedy sought by the plaintiffs can be readily included in post-redistricting litigation.

Importantly, this motion requires no emergency treatment because the plaintiffs did not initiate a redistricting challenge, but instead seek to convert their civil lawsuit into an objection to the decennial redistricting process that is required by the United States and Florida

Constitutions. The plaintiffs in their Complaint seek monetary damages and injunctive relief to prevent Commissioner Carollo from using his official actions to impact their property and businesses. Noting about the lawsuit involves how and in what manner the public is to cast votes for their elected officials. Importantly, any remedy sought by the plaintiffs in their lawsuit is entirely speculative at this time since the case is still at the pleadings stage.

The plaintiffs cited no case in which a Court has afforded emergency injunctive relief to a private litigant to prevent an elected official from exercising mandatory legislative responsibility. Nor do the plaintiffs present any rationale for how a pre-judgment injunction is necessary to preserve assets that have no relevance unless and until an enforceable judgment is obtained by the litigant.

Commissioner Carollo's response necessarily requires consultation with the City Attorney's Office, since the plaintiffs seek to prevent Commissioner Carollo, as an elected official, from exercising one of the most fundamental obligations of a municipal legislator: assuring and implementing the constitutional guarantee of "One Person, One Vote" for the every-ten-years redistricting that will impact all voters of the City of

Miami. Plaintiffs, whose Verified Motion does not demonstrate they are City of Miami voters or in any way have standing to participate in the redistricting process, seek to alter the fundamental nature of redistricting in which elected officials are duty-bound by the United States and Florida Constitutions the decide the boundaries of voting districts every ten (10) years. Whether the plaintiffs and their lawyers have received money or instructions from others to manipulate the redistricting process is unknown. But the plaintiffs' injection of their self-serving personal views into the process of drawing district boundary lines outside the formal and tightly constrained districting process has the real potential to undermine the entire district maps in ways that will delay the drawing of lines beyond the time limits needed to implement the voting boundaries for upcoming elections.

Commissioner Carollo, as an elected official of the City of Miami, calls upon this Court to allow him (and the City of Miami) sufficient time to investigate and analyze the plaintiffs' sworn assertions, determine the appropriate response (including whether this Court possesses jurisdiction since the appellate mandate has not yet issued in Circuit

Case No. 21-11746), and file his written submission without the faux "emergency" contrived by the plaintiffs.

Accordingly, Commissioner Carollo asks this Court to allow his response to be filed within ten (10) days. No harm will result to the citizens of the City of Miami during that period.

Respectfully submitted,

| | |
|---|---|
| *S/ Thomas E. Scott* | *S/ Benedict P. Kuehne* |
| **THOMAS E. SCOTT** | **BENEDICT P. KUEHNE** |
| Florida Bar No. 149100 | Florida Bar No. 233293 |
| **COLE, SCOTT & KISSANE** | **MICHAEL T. DAVIS** |
| 9150 S. Dadeland Blvd., Ste 1400 | Florida Bar No. 63374 |
| Miami, FL 33156 | **JOHAN DOS SANTOS** |
| Tel: 305.350.5381 | Florida Bar No. 1025373 |
| Fax: 305.373.2294 | **KUEHNE DAVIS LAW, P.A.** |
| Thomas.scott@csklegal.com | 100 S.E. 2 St., Suite 3105 |
| | Miami, FL 33131-2154 |
| | Tel: 305.789.5989 |
| | Fax: 305.789.5987 |
| | ben.kuehne@kuehnelaw.com |
| | mdavis@kuehnelaw.com |
| | efiling@kuehnelaw.com |

## CERTIFICATE OF SERVICE

I certify on March 8, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify this document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another

authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: *S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**