**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 18-24190-CIV-SMITH**

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

     Plaintiffs,

v.

JOE CAROLLO,

     Defendant.

_____ /

## DEFENDANT'S MOTION FOR DISQUALIFICATION OF COUNSEL FOR PLAINTIFF, MOTION FOR SANCTIONS, MOTION FOR STAY, AND MOTION FOR PROTECTIVE ORDER

Defendant, Joe Carollo (the "Commissioner"), files this Motion for Disqualification of Plaintiffs' Counsel, AXS Law Group PLLC, including Jeffrey W. Gutchess, Esq. ("Gutchess") (collectively, "Plaintiffs' Counsel"), Motion for Sanctions, Motion for Stay, and Motion for Protective Order, based on Plaintiffs' Counsel's intentional circumvention of proper discovery procedures in the taking of a secret sworn statement of Apex witness, former City Manager, Emilio Gonzalez ("Gonzalez"), while the Commissioner's Motion to Stay Discovery and Objection to a Subpoena Duces Tecum for Deposition of Gonzalez were pending before the Court for determination. Further, Plaintiffs' Counsel intentionally invaded the attorney-client privilege by obtaining attorney client communications and information from Gonzalez and other unknown and not noticed Apex witnesses. Plaintiffs' Counsel's actions as set forth herein violate the Florida Rules of Professional Conduct, and Local Rule 11.1 (S.D. Fla.), and warrant disqualification and appropriate sanctions.

**I.**     **Plaintiffs' Counsel took an unauthorized statement and solicited and obtained attorney client privileged communications and information**

On February 24, 2021, Plaintiffs' Counsel improperly and unethically took a secret, sworn, transcribed statement of former City Manager Emilio Gonzalez in this case (the "Gonzalez Statement"), in which Plaintiffs' Counsel obtained attorney client privileged communications and information. Plaintiffs' Counsel provided no notice to counsel for the Commissioner or the City Attorney's Office prior to taking the Gonzalez Statement. The City Manager is the Chief Executive Officer of the City, the highest ranking City employee, an Apex employee.[1] Counsel for the Commissioner and the City Attorney's Office did not know of the Gonzalez Statement, did not know that Plaintiffs' counsel was conducting secret meetings with Gonzalez and other former high-ranking City officials, and had no opportunity to appear or object. Plaintiffs' Counsel and Plaintiffs have used and continue to use the improperly obtained information in other litigations.

Prior to Plaintiffs' Counsel improperly taking the Gonzalez Statement, the Commissioner's Objection to a deposition duces tecum of Gonzalez and his Motion to Continue Stay of Discovery were pending for determination before the Court. *See, e.g.*, ECF Nos. 172, 173. Despite pending motions and objections, Plaintiffs' Counsel, without notice to attorneys for the Commissioner or the City, circumvented proper discovery procedures and met with Apex witnesses and took the improper sworn statements of Gonzalez.

Critically, during Gonzalez's Statement and at other clandestine meetings with Apex witnesses, Plaintiffs' Counsel intentionally solicited and obtained attorney client privileged

---

[1] Gonzalez was City Manager from January 2018 to January 2020. Under the City Charter, he was head of the City administration during the time Plaintiffs allege the Commissioner retaliated against them. §§ 15, 16, City of Miami Charter ("The city manager shall be the head of the administrative branch of the city government"). The City Manager is the Chief Executive Officer of the City. As the City Manager, Gonzalez was entrusted with and possessed significant confidential, privileged, and work product information entirely derived from his employment with the City, including information obtained from communications and conversations with the City Attorney and her staff, who represent the City and Gonzalez in all matters relating to his official duties pursuant to Section 21 of the City Charter. § 21, City of Miami Charter ("The city attorney shall be the legal advisor of and attorney and counsel for the city, and for all officers and departments thereof in matters relating to their official duties.").

communications. Plaintiffs' Counsel violated the Commissioner's and the City's attorney client privilege. Plaintiffs' Counsel's knowledge of attorney client communications cannot be undone and warrants their disqualification.

Further, Plaintiffs' Counsel has met with and possibly has taken undisclosed sworn statements from other former Apex City employees including former Deputy City Manager Joseph Napoli, the Chief Operating Officer of the City, and former City of Miami Chief of Police Art Acevedo.[2] Plaintiffs' and Plaintiffs' Counsel have used and will continue to use their ill-gotten information in this case and in other litigations with the City. Plaintiffs' and Plaintiffs' Counsel's conduct must not go unchecked. Disqualification and sanctions are warranted for such egregious and intentional violations of the Rules of Civil Procedure and the Rules of Professional Conduct.

A. **By taking the Gonzalez Statement, Plaintiffs' Counsel thwarted the Court's determination of the Commissioner's Pending Motion to Stay Discovery and his Pending Objection to the Gonzalez Subpoena Duces Tecum**

i. **Plaintiffs' Counsel acknowledged their obligation to utilize the discovery process to take Gonzalez's deposition, and then they intentionally circumvented the discovery process to take the unauthorized Gonzalez Statement**

Plaintiffs' Counsel invoked the discovery process seeking to take a Deposition Duces Tecum of Gonzalez, and then Plaintiffs' Counsel intentionally circumvented the discovery process by surreptitiously taking the Gonzalez Statement. On December 18, 2021, Plaintiffs' Counsel served a Notice of Intent to Serve Subpoena for Deposition Duces Tecum on Gonzalez ("Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez"). *See* Composite Exhibit 1.

---

[2] As the former City Manager, former Deputy City Manager, and former Chief of Police, Gonzalez, Napoli and Acevedo are Apex employees and Plaintiffs did not and cannot meet the requirements to take their depositions. In the Eleventh Circuit, a party is not entitled to take the deposition of a high-ranking current or former employee unless they first meet stringent requirements. For example, in *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782-Marra/Matthewman, 2017 U.S. Dist. LEXIS 26549, *6-7 (S.D. Fla. Feb. 16, 2017), the court granted the defendant's motion for a protective order as to the deposition of the defendant's vice president concluding that the plaintiff failed to meet the requirements for taking an Apex deposition.

On December 31, 2020, the Commissioner timely served his Objection to Plaintiffs' Notice of Intent to Serve Subpoena Duces Tecum on Non-Party Witness Emilio Gonzalez, objecting to Plaintiffs' Notice of Intent to Subpoena Gonzalez and requested records (the "Commissioner's Objection to Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez"). *Id.* In the Commissioner's Objection to Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez, the Commissioner **objected** on the grounds that the requested records "conflicts with the privileges available to the City of Miami and Commissioner Joe Carollo, including but not limited to the **attorney-client** and legislative **privileges**." *Id.* (emphasis added).

Two weeks before Plaintiffs' Counsel took the Gonzalez Statement, the Commissioner had filed Motions seeking to continue the stay of discovery and objecting to numerous subpoenas for depositions duces tecum of former City employees.[3] In both Court filings, the Commissioner specifically objected to a deposition of Gonzalez as set forth in the Commissioner's Objection to Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez. Specifically, in both filings, the Commissioner stated:

> Just yesterday (February 4, 2021), plaintiffs announced their intention to schedule a deposition of former Miami City Manager Emilio Gonzalez despite Commissioner Carollo's pending objection to the subpoena to Manager Gonzalez.

*See* Defendant's 2/10/2021 Motion to Continue Stay (ECF No. 172 at 4) (emphasis added); and Defendant's 2/11/2021 Objection to Subpoenas and Motion for Protective Order (ECF No. 173 at 173-11 at 4).

---

[3] Defendant's Motion to Continue Stay of Discovery Pending Resolution of Motion to Dismiss Second Amended Complaint filed on February 10, 2021 (ECF No. 172) ("Defendant's 2/10/2021 Motion to Continue Stay"); and Defendant's Objection to Plaintiffs' Notice of Intent to Serve Subpoena Duces Tecum on Non-Party Witnesses Sandra Bridgeman, Orlando Diez, Maria Lugo, James Bernat, Francisco Garcia, Adele Valencia, Alberto Parjus, Joseph Napoli, and Jorge Colina, with Motion for Protective Order filed on February 11, 2021 (ECF No. 173) ("Defendant's 2/11/2021 Objection to Subpoenas and Motion for Protective Order").

Based on the pending Court filings and the Commissioner's served and pending Objection to Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez, Plaintiffs' Counsel knew the Commissioner objected to a deposition of Gonzalez, and they knew the Commissioner asserted attorney client privilege objections to the requested records. Pursuant to the Federal Rules of Civil Procedure and the Local Rules, Plaintiffs' Counsel knew that the Commissioner's Objections needed to be resolved before the taking of Gonzalez or any other witness.

On February 23, 2021, the day before Plaintiffs' Counsel took the Gonzalez Statement, Plaintiffs' Counsel filed their Unopposed Motion for Extension of Time to File their Response to Defendant's Motion to Stay and Defendant's Motion for Protective Order (ECF No. 175) ("Plaintiffs' Motion for Extension"). Plaintiffs' Counsel claimed they needed more time because of an increased caseload. Plaintiffs' Counsel did not disclose that they were planning to take the Gonzalez Statement the very next day or that they had meetings with Gonzalez and other Apex witnesses. Plaintiffs' Counsel also stated that their Motion was made in good faith, which was false. The Court granted the Motion on the day of the Gonzalez Statement.

On March 3, 2021, Plaintiffs' Counsel filed "Plaintiffs' Response to Defendant's Motions to Stay and for Protective Order [DE 172 & 173]" (ECF No. 177) ("Plaintiffs' Response"). On the first page of Plaintiffs' Response, Plaintiffs made the following argument:

> Former City of Miami employees are eager to speak with Plaintiffs' attorneys about their experiences with Carollo, but are requiring a subpoena to do so. Delaying discovery will harm Plaintiffs as these people's memories fade and evidence becomes more difficult to obtain. Plaintiffs' interest in preserving evidence cannot be outweighed by Carollo's interest in delaying the discovery process in a case where multiple courts have already indicated that he is not immune from suit.

Plaintiffs' Counsel's argument to the Court is asserted in the utmost bad faith because Plaintiffs' Counsel were merely pretending to submit the matter for the Court's determination when they had already taken matters into their own hands by obtaining the Gonzalez Statement behind the Court's

back. Plaintiffs' Counsel had already taken the Gonzalez Statement one week before they filed Plaintiffs' Response purporting to let the Court decide the propriety and timing of allowing the subpoenas and depositions of former City employees including former City Manager Gonzalez.

On May 25, 2021, the Magistrate Judge entered an Omnibus Order on Defendant's Motions for Protective Orders and Objections to Plaintiffs' Notices of Intent to Serve Subpoenas Duces Tecum (ECF No. 199) (the "Omnibus Order"). The Magistrate Judge ruled as follows on pending discovery motions (including Defendant's 2/11/2021 Objection to Subpoenas and Motion for Protective Order, ECF No. 173):

> Plaintiffs having acknowledged during the hearing that there is complete overlap between the discovery it seeks from the non-parties at issue here and the discovery Defendant seeks to stay, I find it would be inefficient to order Defendant to move forward with discovery by compelling his participation in the noticed depositions and/or his objection to a new subpoena before Judge Smith even has the benefit of the fully briefed motion to stay discovery. As announced in open court, the **motions for protective orders are therefore GRANTED to the extent they seek to avoid depositions that have been noticed. Until further order of the Court, and in any event not before the motion to stay has been fully briefed, Plaintiffs shall not conduct any deposition previously noticed nor serve any third-party subpoenas.**

*See* Omnibus Order at 3 (emphasis added).

On August 24, 2021, the Court entered its Order Granting Motion to Stay Pending Appeal (ECF No. 219). The Court granted the Commissioner's Motion for Stay of Proceedings Pending Appeal of Immunity Ruling (ECF No. 192).

Accordingly, Plaintiffs' Counsel intentionally circumvented the Rules of Civil Procedure to improperly and unethically obtain attorney client privileged communications and information which they now seek to use and exploit.

ii. **Correspondence among Plaintiffs' Counsel, counsel for the Commissioner, and the City Attorney's Office establishes that Plaintiffs' Counsel were on notice that the Commissioner's counsel and the City Attorney's Office objected to the Deposition Duces**

**<u>Tecum of Gonzalez and that they planned to attend the duces tecum
deposition of Gonzalez</u>**

In addition to the Motions and Objections that were pending before the Court on February 24, 2021 when Plaintiffs' Counsel took the Gonzalez Statement, Plaintiffs' Counsel was engaged in ongoing correspondence during December 2020, January 2021, and February 2021 with the Commissioner's counsel and the City Attorney's Office directly on the subject of Plaintiffs' Counsels' Subpoena for Deposition Duces Tecum of Gonzalez, and counsel for the Commissioner's Objection to Plaintiffs' Notice of Intent to Serve Subpoena Duces Tecum on Non-Party Witness Emilio Gonzalez. *See* <u>Exhibit 1</u>.

The correspondence among Plaintiffs' Counsel, the Commissioner's counsel, and the City Attorney's Office took place in December 2020, January 2021, and February 2021, yet Plaintiffs' Counsel proceeded to take the Gonzalez Statement on February 24, 2021 without disclosing same to the Commissioner's counsel and the City Attorney's Office. Specifically, the following correspondence occurred (*see* <u>Exhibit 1</u> (emphasis added)):

- On December 18, 2020, Plaintiffs' Counsel served its Notice of Intent to Subpoena Gonzalez for Deposition Duces Tecum.

- **On December 31, 2020, the Commissioner's counsel served on Plaintiffs' Counsel the Commissioner's Objection to Plaintiff's Subpoena for Deposition Duces Tecum of Gonzalez including an attorney client privilege objection.**

- On January 8, 2021, Plaintiffs' Counsel stated they received the Objection, it was not set for hearing, advised that they had served the Subpoena on Gonzalez, stated they "plan to go forward with the deposition", and asked for case law, rule or court order "that dictates we do otherwise".

- On January 8, 2021, the Commissioner's counsel cited Rule 45(d)(2)(B), Fed. R. Civ. P., which requires the "serving party" to seek a resolution of the objection, and stated, "proceeding with the deposition is not authorized while my objection is pending and you have not sought a resolution of the objection".

- On January 15, 2021, the Commissioner's counsel followed up regarding the Status of the Deposition of Emilio Gonzalez and advised Plaintiffs' Counsel, "I did not see (or

at least notice) any follow-up regarding the email discussing the Gonzalez deposition. **We object to the setting, and ask that you reset until the SDT objections are resolved.** In any event, **neither Tom nor I are available to attend the deposition as scheduled and would need to coordinate a setting.** I would like to advise the City of Miami that the deposition will not be held as scheduled."

- On January 15, 2021, Senior Assistant City Attorney Christopher Green ("Green") emailed Plaintiffs' Counsel regarding the Deposition of Emilio Gonzalez and stated, "**I represented the City in this matter and will be attending the deposition of former City Manager, Emilio Gonzalez.** It is my understanding that Mr. Gonzalez is not available for the deposition set for Tuesday of next week, and he has asked that it be rescheduled. **Kindly include me in the process of selecting new dates for Mr. Gonzalez's deposition.** Thank you for your cooperation."

- On January 29, 2021, Plaintiffs' Counsel asked for an extension of the thirty-day deadline to bring the discovery dispute about the Gonzalez subpoena for deposition duces tecum to the Court's attention, and requested a meet and confer as to "both your objection to the subpoena and your motion to stay discovery", and the Commissioner's counsel responded, "[o]f course."

- On February 4, 2021, Plaintiffs' Counsel emailed the Commissioner's counsel a case, *Klima v. Carnival Corp.*, No. 08-20335-CIV, 2009 WL 1066969 (S.D. Fla. Apr. 21, 2009) (Simonton, Mag. J.), and advised, *inter alia*, that "We plan to reschedule the deposition soon, so please let us know if there are any dates in February or March that don't work for you before then." The Commissioner's counsel advised he was in the middle of a zoom matter and would look at the attachment later.

- On February 11, 2021, Green of the City Attorney's Office emailed Plaintiffs' Counsel, copying the Commissioner's counsel, "**As I explained on the phone and in my previous emails, I will be representing the current and former City employees whom you have subpoenaed for deposition in this matter**. … You previously served **Emilio Gonzalez** for deposition but he requested it be rescheduled due to a conflict. … **I am not available for depositions on February** 23, **24**, 25, and 26, and March 2, 3, and 4. **I am requesting the professional courtesy of your coordinating these depositions with my office**."

The above facts demonstrate that Plaintiffs' Counsel *intentionally* prevented the City Attorney's Office and the Commissioner's counsel from being present and having the opportunity to object at the Gonzalez Statement based on the attorney client privilege. Plaintiffs' Counsel served the Notice of Intent to Issue Subpoena Duces Tecum for Deposition of Gonzalez, thus acknowledging that obtaining a sworn statement from Gonzalez was subject to the formal

discovery process. Plaintiffs' Counsel received the Commissioner's Objection to Plaintiffs' Subpoena for Deposition Duces Tecum of Gonzalez including the Commissioner's attorney client privilege objection. Plaintiffs' Counsel received correspondence during a three month period from the Commissioner's counsel and from the City Attorney's Office transmitting the Commissioner's Objection, objecting based on the attorney client privilege, advising that the Commissioner's counsel and the City Attorney's Office planned to attend the Gonzalez deposition, and requesting that Plaintiffs' Counsel wait until after the objections were resolved and coordinate dates and times for any deposition of Gonzalez.

Plaintiffs' Counsel served the Subpoena on Gonzalez despite the Commissioner's counsel's pending Objection. Before the Objection had been ruled on, and while the Commissioner's 2/10/2021 Motion to Continue Stay (ECF No. 172 at 4) and the Commissioner's 2/11/2021 Objection to Subpoenas and Motion for Protective Order (ECF No. 173 at 173-11 at 4) objecting to the Gonzalez deposition duces tecum were pending before the Court, Plaintiffs' Counsel chose to surreptitiously take the Gonzalez Statement behind the back of the Court, the Commissioner's counsel, and the City Attorney's Office.

**B. Plaintiffs' Counsel knew that the City Attorney's Office was representing all former City employees, including Gonzalez, and Plaintiffs' Counsel intentionally prevented the City Attorney's Office and the Commissioner's Counsel from being able to make their attorney client privilege objections**

As set forth above, on January 15, 2021, attorney Green of the City Attorney's Office notified Plaintiffs' Counsel regarding the Gonzalez deposition that "**I represented the City in this matter and will be attending the deposition of former City Manager, Emilio Gonzalez. … Kindly include me in the process of selecting new dates for Mr. Gonzalez's deposition.**" *See* Exhibit 1 (emphasis added).

On February 18, 2021, the City Attorney's Office learned that Plaintiffs' Counsel had

unilaterally subpoenaed City employee Ignacio Ortiz in this case, and reiterated to Plaintiffs'

Counsel that the City Attorney's Office represents all current and former City employees and will

be representing them in depositions, as follows:

> I have not heard back from you since I asked you for the courtesy of coordinating the depos of current and former City employees in this matter. ***As I explained, I will be representing the current and former employees in deposition***. I have now been advised that you have subpoenaed another City employee, Ignacio Ortiz, for deposition without reaching out to me. ***Do I need to file a motion for protective order?*** Please advise.

*See* Exhibit 2 (February 18, 2021 emails between Green and Plaintiffs' Counsel). In response later

the same day, **Plaintiffs' Counsel assured the City Attorney's Office, "Chris, happy to**

**coordinate. Let me know what dates you propose**. – Jeff". *See* Exhibit 2.

Six days later, on February 24, 2021, Plaintiffs' Counsel proceeded to take the Gonzalez

Statement in this case without notifying counsel for the Commissioner or the City Attorney's

Office. During the Gonzalez Statement, Plaintiffs' Counsel sought and obtained the disclosure of

attorney client privileged and confidential information and communications, and counsel for the

Commissioner and the City Attorney's Office did not have an opportunity to object. *See* Exhibit 3

(February 24, 2021 Gonzalez Statement) (Pending Motion to File Under Seal).

Taking advantage of the City Attorney's Office's and the Commissioner's counsel's

absence at the Gonzalez Statement and their inability to assert their attorney client privilege and

work product objections (by Plaintiffs' Counsel's own hand and design), Plaintiffs' Counsel

specifically solicited confidential and attorney client privileged information that belonged to the

City and the Commissioner. Plaintiffs' Counsel solicited and obtained Gonzalez's memoranda

purporting to memorialize attorney client communications and conversations that Gonzalez or his

chief of staff had with the City Attorney. *See* Exhibit 3 at 12:12-25, 49:3-53:8.  Gonzalez provided

to Plaintiffs' Counsel six (6) memoranda that pertained to City business and attorney client

privileged alleged communications between the City Manager and the City Attorney. *Id.* at 3. Plaintiffs' Counsel had the six memoranda marked as Exhibits to the Gonzalez Statement and proceeded to ask Gonzalez numerous questions about them. *See* Exhibit 4 (three of the six Memoranda Exhibits to Gonzalez Statement) (Pending Motion to File Under Seal).[4]

Neither the Commissioner nor the City had the opportunity to object based on the attorney client privilege or work product protection. The attorney client privilege belongs to the City and the Commissioner, not to former City Manager Gonzalez as to his official City duties. Gonzalez could not waive the attorney client privilege on behalf of the City or the Commissioner.[5]

## II.   Plaintiffs' Counsel must be disqualified from representing Plaintiffs in this case

Plaintiffs' Counsel must be disqualified from representing Plaintiffs in this case because they have improperly obtained attorney client privileged communications and information, and they have violated the Florida Rules of Professional Conduct.

### A.   Plaintiffs' Counsel was prohibited from inquiring into privileged communications between the City and its former City Manager, Gonzalez

Plaintiffs' Counsel was at all times prohibited from inquiring into privileged communications between the City and its former City Manager, Gonzalez. *See Covey v. Colonial*

---

[4] Plaintiffs' Counsel marked six memoranda as Exhibits A-F to the Gonzalez Statement (Exhibit 4 at 3) (Memoranda dated 2/21/2019 (Ex. A), 1/14/2019 (Ex. B), 11/29/2018 (Ex. C), 5/17/2018 (Ex. D), 12/13/2018 (Ex. E), 1/16/2019 (Ex. F)). Three out of the six memoranda that were exhibits to the Gonzalez Statement were exhibits to the Gonzalez deposition taken in the *Mad Room* case (Exs. A, C, D), three of the six memoranda that were exhibits to the Gonzalez Statement were not exhibits to the Gonzalez deposition (Exs. B, E, F), and counsel for the Commissioner have not seen those three memoranda (Exs. B, E, F). Additionally, it appears that the Gonzalez memoranda were not City files (in violation of § 119.021, Fla. Stat.), and were not created in the ordinary course of business.

[5] In January 2021, Green had informed Gonzalez's personal attorney, David Marko ("Marko"), that the City Attorney's Office represents all current and former City employees in depositions with respect to their official duties. Marko confirmed that "the City would be representing [Gonzalez] in the deposition and I would [be] attending as additional private counsel—not as a substitute for the City." *See* Exhibit 5 (January 15, 2021, emails between Green and Marko). During the Gonzalez Statement, Gonzalez spoke on the phone with Marko, Gonzalez's personal attorney. Marko said to Gutchess, "you're free to talk to him. It's Emilio Gonzalez we're talking about, right?" *See* Exhibit 3 at 15:2-17. Marko's offhand remark was certainly not authorization, consent or waiver on behalf of the Commissioner or on behalf of the City of Miami. Marko was not informed by Gutchess that the City Attorney's Office was not present during the Gonzalez Statement (*see* Exhibit 3 at 15:2-17).

*Pipeline Co.*, 2021 U.S. Dist. LEXIS 34809, 2021 WL 724600, at *18 (N.D. Ala. 2021). "When working with a non-attorney who may possess privileged information, Rule 4.4(a) imposes a duty on attorneys to tread carefully. Attorneys are expected to take concrete acts to prevent and/or remedy any exposure to privileged information." *Id*. Here, Plaintiffs' Counsel did not "take concrete acts to prevent … exposure to privileged information." Instead, Plaintiffs' Counsel *solicited* Gonzalez to provide privileged information. *See* <u>Exhibit 3</u> at 12:12-25, 49:3-53:8.

"[A]n attorney communicating with a former employee of the opposing party '***may not inquire into privileged attorney-client communications because any privilege existing between the former employee and the organization's counsel belongs to the organization, and can only be waived by the organization***.'" *Terra Int'l v. Mississippi Chem. Corp.*, 913 F. Supp. 1306 (N.D. Iowa 1996) (quoting *Cram v. Lamson & Sessions Co., Carlon Div.,* 148 F.R.D. 259 (S.D. Iowa 1993) (emphasis added)). Here, the City did *not* waive its attorney client privilege and Plaintiffs' Counsel was *not* permitted to "inquire into privileged attorney-client communications".

"For example, attorneys may provide notice to opposing counsel or the court that they are working with a witness or consultant who may have privileged information, advise non-attorney witnesses and consultants that privileged information should not be shared, and, in the event that potentially confidential information is shared, promptly advise opposing counsel to ensure that the opposing party's privilege is preserved." *See Covey*, 2021 U.S. Dist. LEXIS 34809 (refusing to disqualify, but still sanctioning counsel).

Plaintiffs' Counsel was required to satisfy an affirmative obligation to ensure that privileged communications were not disclosed to them, but Plaintiffs' Counsel did the opposite, they solicited privileged communications and information. *Martinez v. Cnty. of Antelope*, No. 4:15CV3064, 2016 U.S. Dist. LEXIS 76549, at *17-18 (D. Neb. June 13, 2016) (collecting cases)

(describing factors applied by other courts when evaluating disqualification motions under analogous rules, and stating that where counsel speaks with an adverse party's former employee, "counsel assumed the risk that an adversary's privilege will be violated and disqualification will be necessary"); *Calise v. Brady Sullivan Harris Mills, LLC*, No. 18-99WES, 2019 U.S. Dist. LEXIS 52563, at *19-20, 2019 WL 1397245 (finding analogous rules require attorney who communicates with former employees of party-opponent to take affirmative actions to ensure that privileged communications are not shared; "before communicating with former employee of adverse party, attorneys have affirmative duty to advise former employee that he cannot disclose privileged communications"); *Arnold v. Cargill Inc.*, No. 01-2086, 2004 U.S. Dist. LEXIS 19381, at *23-24, 2004 WL 2203410 (D. Minn. Sept. 24, 2004) (holding that before communicating with a former employee of an adverse party, attorneys have an affirmative duty to advise the former employee that he cannot disclose privileged communications, stating, "S&L was obligated to advise Douglas that he could not disclose privileged communications.").

Here, attorney client privileged communications and information solicited by and disclosed to Plaintiffs' Counsel in connection with their taking the Gonzalez Statement is "wrongfully obtained knowledge" that "can never be erased from [their] mind". *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 755 (D. Md. 1997) (emphasis added) (finding "***wrongly obtained knowledge 'can never be erased from [counsel's] mind'" and ordering disqualification and exclusion of information***)).

In *Bedoya v. Aventura Limousine & Transp. Serv.*, 861 F. Supp. 2d 1346, 1361 (S.D. Fla. 2012) (Altonaga, J.) (citing *Rentclub, Inc. v. Transamerica Rental Finance Corporation*, 811 F. Supp. 651, 657-658 (M.D. Fla. 1992) (Kovachevich, J.)), the plaintiff's counsel contacted the defendant company's former director of training who gave testimony regarding employment

classification policies which were central to resolution of the claim in dispute.  The court stated that, "court authorization or opposing counsel's consent to ex parte contact should be required if the former employee was highly-placed in the company (such as a former officer or director) or if the former employee's actions are precisely those sought to be imputed to the corporation."

The Middle District of Florida has disqualified counsel pursuant to improper *ex parte* communications. *See Rentclub*, 811 F. Supp. at 658 (granting motion to disqualify counsel):

> It has been recognized that a former employee who is a "party" because of his position and knowledge will remain a party even after he leaves the corporation because that employee has a memory. The corporation continues to have a vital interest in the employee's knowledge of privileged information and its potential release to opposing counsel in litigation after the employee leaves. *See American Protection Insurance Co. v. MGM Grand Hotel*, No. CV-LV-82-26 HDM (D. Nev. Mar. 13, 1986) (a violation of ethical rules and disqualification resulted where attorney for opposing party had ex parte contacts with a former employee who had access to legal thinking of the corporation). For these reasons, "party" under Model Rule 4.2 should include Canales, a former employee of Transamerica, a corporate party. The purpose behind the ethical rule would better be served through the extension of the definition of "party" to include former employees.

As in the *Rentclub* case, in the instant case, disqualification should be granted.

The court in *Nat'l Ass'n for the Advancement of Colored People v. State of Florida, Department of Corrections*, 122 F. Supp. 2d 1335 (M.D. Fla. 2000), set up a procedure for ex parte interviews of a large number of former employees. Acknowledging that some of the former employees may have had access to confidential or privileged information, the court ordered a multi-part procedure for ex parte communications with former employees which required plaintiff's counsel to identify themselves and the purpose of the contact; to determine if the former employee had worked in a managerial position or had worked with the attorneys representing the defendant, and if so to terminate the ex parte communication.

**B.**  **Plaintiffs' Counsel Violated the Florida Rules of Professional Conduct and Disqualification and Sanctions are Warranted**

Attorneys practicing in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* Local Rule 11.1(c), S.D. Fla. ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar. For a violation of any of these canons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action.").

Plaintiffs' Counsel's conduct in this case violates several of the Florida Rules of Professional Conduct and therefore disqualification and sanctions are warranted.

### i. Plaintiffs' Counsel violated Rule 4-3.3(a)(1), R. Reg. Fla. Bar, by failing to abide by their duty of candor to the Court

Rule 4-3.3(a)(1), R. Reg. Fla. Bar, provides that "[a] lawyer shall not knowingly":

make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

Rule 4-3.3 requires that attorneys adhere to the "duty of candor to the tribunal". Fla. Bar R. 4-3.3 cmt. As stated in the comment, "[t]his rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process." *Id.* In this case, Plaintiffs' Counsel violated their duty of candor to the Court by "conduct that undermines the integrity of the adjudicative process".

Contrary to their duty of candor to the Court, Plaintiffs' Counsel pulled the wool over the Court's eyes, wasted judicial resources, undermined the integrity of the adjudicative process, and made a false statement of fact or law to the Court, in violation of Rule 4-3.3(a)(1), by, *inter alia*,:

Filing Plaintiffs' Motion for Extension the day before the Gonzalez Statement claiming they were acting "in good faith";

Filing Plaintiffs' Response one week after they had already taken the Gonzalez Statement and purporting to let the Court decide the propriety and timing of allowing the subpoenas and depositions of former City employees including former City Manager Gonzalez; and

Proceeding to take the Gonzalez Statement when the Commissioner's Motion to Stay and his Objection to Gonzalez Subpoena were pending before the Court for determination.

### ii.   Plaintiffs' Counsel violated Rule 4-4.2(a), R. Reg. Fla. Bar, as to contact with represented persons

Rule 4-4.2(a), R. Reg. Fla. Bar, provides:

In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

The comment to the Rule explains (Fla. Bar R. 4-4.2 cmt.):

The prohibition on communications with a represented person only applies in circumstances where the lawyer knows that the person is in fact represented in the matter to be discussed. This means that the lawyer has actual knowledge of the fact of the representation; but such actual knowledge may be inferred from the circumstances. See terminology. Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by closing eyes to the obvious.

Here, when Plaintiffs' Counsel took the Gonzalez Statement on February 24, 2021, and improperly solicited and obtained attorney client privileged communications, they were clearly on notice that the City Attorney's Office represented Gonzalez. *See* 1/15/2021 and 2/11/2021 emails from City Attorney's Office to Plaintiffs' Counsel and the Commissioner's counsel in this case (both part of Exhibit 1), and 2/18/2021 email from City Attorney's Office to Plaintiffs' Counsel in Plaintiffs' companies' case against the City, *The Mad Room LLC, et al. v. City of Miami*, No. 21-CV-23485-Altman/Reid (the "*Mad Room* case") (Exhibit 2).

### iii.   Plaintiffs' Counsel violated Rule 4-4.4(a), R. Reg. Fla. Bar, as to respect for rights of third persons, by using improper methods of obtaining evidence that violate the City's and the Commissioner's attorney client privilege

Rule 4-4.4(a), R. Reg. Fla. Bar, provides:

In representing a client, a lawyer may not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person.

In this case, Plaintiffs' Counsel "knowingly use[d] methods of obtaining evidence that violate the legal rights of" the Commissioner and the City by intentionally soliciting and obtaining attorney client privileged communication and information without notice to or consent by the City or the Commissioner.

### iv.  Plaintiffs' Counsel violated Rule 4-8.4(c) and (d), R. Reg. Fla. Bar, by subverting the administration of justice

Rule 4-8.4(c) and (d), R. Reg. Fla. Bar, provides that "[a] lawyer shall not":

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation…

(d) engage in conduct in connection with the practice of law that is prejudicial to the administration of justice…

Plaintiffs' Counsel violated Rule 4-8.4(d) because their taking the Gonzalez Statement and soliciting privileged communications and information "is prejudicial to the administration of justice". Plaintiffs' Counsel's conduct "subverts the administration of justice and undermines the public's confidence in our system of justice." Fla. Bar R. 4-8.4 cmt. Permitting Plaintiffs' Counsel to use the Gonzalez Statement and memoranda against the City and the Commissioner would punish taxpayers for Gonzalez's improper attempts to waive their privileges. It would also "subvert[] the administration of justice" because the City and the Commissioner had no notice of Plaintiffs' Counsel's attempt to garner an informational advantage. *Abamar Hous. & Dev. v. Lisa Daly Lady Decor*, 724 So. 2d 572, 573-574 (Fla. 3d DCA 1998) (quoting *Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp.*, 483 So. 2d 505, 506 (Fla. 4th DCA 1986)) (disqualification warranted where there has been disclosure of attorney client privileged information "for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process.").

Additionally, by obtaining the Gonzalez Statement surreptitiously, and by declining to

notify the City and Commissioner after the Gonzalez Statement had been taken, Plaintiffs' Counsel appear to have acted with dishonesty and deceit in violation of Rule 4-8.4(c) which requires lawyers not to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

**v. Plaintiffs' Counsel violated Rule 4-3.4(a), R. Reg. Fla. Bar, regarding fairness to opposing party and counsel, by obstructing the Commissioner's and the City's access to evidence**

Rule 4-3.4(a), R. Reg. Fla. Bar, provides that "[a] lawyer must not":

> unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act…

Plaintiffs' Counsel did not advise the Commissioner's counsel or the City Attorney's Office of the Gonzalez Statement and their solicitation and obtaining of the memoranda. This is a violation of Rule 4-3.4(a), which requires that, "[a] lawyer must not . . . unlawfully obstruct another party's access to evidence . . . that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding."

**vi. Plaintiffs' Counsel violated Rule 4-4.1, R. Reg. Fla. Bar, by making a false statement of material fact to a third person**

Rule 4-4.1(a), R. Reg. Fla. Bar, requires that:

> In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person...

As set forth above, when Plaintiffs' Counsel, *inter alia*, made the statement in their Motion for Extension that "[t]he requested extension is made in good faith" that was knowingly false because they secretly took the Gonzalez Statement the next day. *See* Plaintiffs' Motion for Extension at 2 (ECF No. 175). Additionally, Plaintiffs' Counsel made knowingly false statements by filing Plaintiffs' Response one week after they had already taken the Gonzalez Statement and purporting to let the Court decide the propriety and timing of allowing the subpoenas and

depositions of former City employees including former City Manager Gonzalez.

**III.    The case should be stayed and/or a protective order should be entered pending resolution of this Motion for Disqualification**

While this Motion for Disqualification is being determined by the Court, a stay of the case should be entered. *See, e.g.*, *In re Managed Care Litig.*, No. 00-01334-MD-Moreno/Goodman, 2020 U.S. Dist. LEXIS 241925, *53 (S.D. Fla. Dec. 22, 2020) (Goodman, Mag J.) (citations omitted) ("it is well established that a stay of proceedings is appropriate when a motion to disqualify is pending."); *JLIP, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV-Cohn/Seltzer, 2014 U.S. Dist. LEXIS 189399 *1-2 (S.D. Fla. Dec. 17, 2014) (Cohn, J.).

Plaintiffs' Counsel solicited and obtained privileged communications and Plaintiffs' Counsel are now tainted and must be disqualified. "The receipt of privileged documents is grounds for disqualification of the attorney receiving the documents based on the unfair tactical advantage such disclosure provides." *Abamar Hous. & Dev. Inc. v. Lisa Daly Lady Decor, Inc.*, 724 So. 2d 572, 573 (Fla. 3d DCA 1998).

**IV.    The Court should sanction Plaintiffs' Counsel under these facts**

This Court has "inherent authority to control and preserve the integrity of its Judicial proceedings." *Smith v. Armour Pharmaceutical Co.*, 838 F. Supp. 1573, 1578 (S.D. Fla. 1993) (quoting *In re Shell Oil Refinery*, 143 F.R.D. 105, 109 (E.D. La. 1992)); *see also In re Southeast Banking Corp. Securities & Loan Loss Reserves Litig. v. Fed. Deposit Ins. Corp.*, 212 B.R. 386, 395 (S.D. Fla. 1997) (Davis, J.) (same). This includes limiting the use of documents in a current proceeding, particularly if those documents contain privileged information obtained outside the normal course of discovery. *See Smith*, 838 F. Supp. at 1578 (ordering that all references to a privileged memo be stricken and prohibiting any future use of the privileged memo); *see also In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992) (ordering plaintiffs' counsel not to make

any use of documents sent by an anonymous current employee of defendant Shell, because plaintiffs' counsel had "effectively circumvented the discovery process and prevented Shell from being able to argue against production").

This inherent authority extends to a Court's ability to control the conduct of attorneys appearing before it and, in deciding motions for sanctions, disqualification may be appropriate when a former employee provides privileged documents to the opposing party and the receiving party reviews same. *See Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992), *aff'd*, 43 F.3d 1439 (11th Cir. 1995). *See also, e.g., MMR/Wallace Power & Industrial, Inc. v. Thames & Assoc., et. al.,* 764 F. Supp. 712 (D. Conn. 1991) (motion to disqualify attorney and law firm granted); *Atlas Air, Inc.,* 997 So.2d at 1118 (same and collecting cases). This is because it can be presumed that access to privileged documents can give an "unfair advantage" to the receiving party. *See MMR/Wallace Power,* 764 F. Supp. at 727.

WHEREFORE, Defendant, Joe Carollo respectfully requests that the Court enter an Order: (i) Granting this Motion; (ii) Disqualifying Plaintiffs' Counsel; (iii) Striking the Gonzalez Statement and any documents and exhibits associated with the Gonzalez Statement in this case and the *Mad Room* case; (iv) Enter a stay and/or a protective order pending resolution of the issues relating to the disqualification of Plaintiffs' Counsel; (v) Grant Defendant his attorneys' fees and costs in connection with the disqualification of Plaintiffs' Counsel; (vi) Enter sanctions as the Court deems appropriate; and (vii) Grant such other and further relief as this Court deems just, equitable and proper.

Undersigned counsel certifies that on September 26, 2022, Mason A. Pertnoy, Esq. consulted with Plaintiffs' counsel, Jeffrey W. Gutchess, Esq., who opposes the granting of this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2022, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: _/s/ Mason A. Pertnoy_
     Mason A. Pertnoy, Esq.
     Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: _/s/ Marc D. Sarnoff_
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

## SERVICE LIST

| | |
|---|---|
| **Jeffrey W. Gutchess, Esq.**<br>**Brandon P. Rose, Esq.**<br>AXS Law Group PLLC<br>2121 N.W. 2nd Avenue<br>Miami, FL 33127<br>Email: Jeff@axslawgroup.com;<br>Brandon@axslawgroup.com<br>*Counsel for Plaintiffs* | **Robert Zarco, Esq.**<br>**Alejandro Brito, Esq.**<br>Zarco Einhorn Salkowski & Brito, P.A.<br>One South Biscayne Tower<br>2 South Biscayne Boulevard, 34th Floor<br>Miami, FL 33131<br>Email: rzarco@zarcolaw.com; abrito@zarcolaw.com;<br>apiriou@zarcolaw.com<br>*Counsel for Viernes Culturales/Cultural Fridays, Inc.* |
| **Thomas E. Scott, Esq.**<br>Cole, Scott & Kissane<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Email: Thomas.Scott@csklegal.com<br>*Counsel for Defendant Joe Carollo* | **Benedict P. Kuehne, Esq.**<br>Kuehne Davis Law, P.A.<br>100 S.E. 2nd Street, Suite 3105<br>Miami, FL 33131-2154<br>Email: ben.kuehne@kuehnelaw.com;<br>mdavis@kuehnelaw.com  efiling@kuehnelaw.com<br>*Counsel for Defendant, Joe Carollo* |