**Leah Gardner**

| | |
|---|---|
| **From:** | Rossana Arteaga-Gomez <rossana@axslawgroup.com> |
| **Sent:** | Friday, December 18, 2020 5:50 PM |
| **To:** | ben.kuehne@kuehnelaw.com; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore; Lina Cohen |
| **Subject:** | Fuller/Carollo - Notice of Intent to Serve Subpoena |
| **Attachments:** | 2020 12 18 (Fuller) Notice of Intent to Serve Subpoena.pdf |

[CAUTION: EXTERNAL EMAIL]

Ben and Tom,

Please find attached a Notice of Intent to Serve Subpoena for witness Emilio Gonzalez.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 18-CV-24190-SMITH/LOUIS

WILLIAM O. FULLER, and
MARTIN PINILLA II,

      Plaintiffs,

      v.

JOE CAROLLO, *et al.*

      Defendants.

_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

    PLEASE TAKE NOTICE that in accordance with Federal Rule of Civil Procedure 45(a)(4), Plaintiffs WILLIAM O. FULLER and MARTIN PINILLA II shall serve the attached Subpoena To Testify at a Deposition in a Civil Action on third party Emilio Gonzalez, an individual.

    Dated: December 18, 2020

                      Respectfully submitted,

                      **AXS LAW GROUP, PLLC**
                      2121 NW 2nd Avenue, Suite 201
                      Miami, FL 33127
                      Tel:  305.297.1878

                      By: /s/ Jeffrey W. Gutchess
                      Jeffrey W. Gutchess
                      Florida Bar No. 702641
                      jeff@axslawgroup.com
                      eservice@axslawgroup.com
                      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I served the foregoing document on all counsel of record in this matter via e-mail.

*/s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | |
|---|---|
| WILLIAM O. FULLER, and MARTIN PINILLA, II,<br><br>*Plaintiff*<br>v.<br>JOE CAROLLO<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   18-cv-24190-RS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                          Emilio Gonzalez

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
see attched Schedule A

| Place:  AXS LAW GROUP, PLLC<br>2121 NW 2nd Avenue, Suite 201<br>Miami, FL 33127 | Date and Time:<br>01/19/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   video recording and by stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: see attched Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/15/2020

|                    *CLERK OF COURT* | |
|---|---|
| | OR |
| | /Rossana Arteaga-Gomez/ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   AXS Law Group
Rossana Arteaga-Gomez,  rossana@axslawgroup.com  305.297.1878   , who issues or requests this subpoena, are:
Jeffrey W. Gutchess, jeff@axslawgroup.com  305.297.1878

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  18-cv-24190-RS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

### DEFINITIONS

1.    "Any" means any and all.

2.    The term "action" or "matter" refers to the case styled *Fuller et al v. Carollo et al.*, Case No. 18-cv-24190, currently pending in the United States District Court for the Southern District of Florida.

3.    The terms "you" or "your" refer to the party or parties to whom this Subpoena is directed, including each and every name by which the party is known or has been known, and each and every person acting on behalf of said party, including but not limited to, each and every agent, member, manager, officer, representative, contractor, employee, attorney, and accountant of said party.

4.    "Communications" shall mean any and all direct and/or indirect transmissions or exchanges of information between two or more individuals and/or entities, or their respective agents or representatives, whether or not reduced to writing, including, without limitation, any meeting, conversation or discussion, whether face-to-face, by means of mail, telephone, telegraph, telex, facsimiles, electronic mail, text message, WhatsApp message, or any other medium.

5.    "Document" or "documents" as used in this Subpoena shall mean any writing, recording, electronically-stored information, or photograph which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this matter, or which is itself listed below as a specific document. This includes, but is not limited to, the following: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

6.      The term document shall also include any and all communications, including correspondence via electronic mail, electronic message, text message, instant message, handwritten notes, facsimile, or other similar medium. The terms document or documents shall include a printout or other replication that is perceptible by and comprehensible to human beings without the aid of a machine. Document or documents shall include drafts of documents defined above and all non-identical copies of said documents. Handwritten or other markings or notations of any kind on any copy of a document render it non-identical.

7.      A document that "refers to," "pertains to," "relates to," "supports," or "evidences" a given subject matter means a document that discusses, identifies, comments on, analyzes, states, deal with, responds to, describes, or is any way pertinent to that subject.

8.      "Person" and "persons" mean a natural person, firm, association, organization, partnership, trust, limited liability company, corporation, or any other public or private entity.

9.      "Relating to" means referring, constituting, embodying, concerning, describing, identifying, supporting, discussing, reflecting, studying, commenting or reporting on, analyzing, pertaining to, or mentioning the requested subject matter, in whole or in part, whether directly or indirectly.

10.     "Emelio Gonzalez" refers to Emelio Gonzalez, or any employees, agents, representatives, acting or purporting to act on behalf of Emelio Gonzalez.

11.     "Plaintiffs" collectively refers to William O. Fuller and Martin Pinilla, II, the Plaintiffs in the above-captioned lawsuit.

12.     "Joe Carollo" refers to Joe Carollo, the Defendant in the above-captioned lawsuit.

## INSTRUCTIONS

1.      All non-privileged documents that are in your possession, custody and/or control are to be produced. If, after exercising due diligence to secure the documents requested, you cannot produce all responsive documents, so state, produce to the extent possible, specify the reasons why you are unable to provide a full and complete response, and state what information and knowledge you have concerning the portion not produced.

2.      If you object to any items or category demanded, in whole or in part, your objection must identify with particularity the specific document or evidence demanded as to which the objection is made and must set forth the specific ground for objection.

3.      If you decline to produce any document or part thereof based on a claim of privilege or any other claim, provide with respect to each withheld document: (i) the identity of the person(s) who prepared the document, signed it, or by whose name the document was sent or issued; (ii) the identity of all person(s) to whom the document was directed; (iii) the identity of all person(s) who received the document; (iv) a description of the nature and substance of the document, with sufficient particularity to enable the court and parties to identify the document and judge the merits of your asserted bases for non-production; (v) the date on which the document was prepared, and any dates and time indicated on the document; (vi) the number of pages in the document; (vii) the basis upon which the privilege or other protection is claimed; and (viii) copies of all non-privileged or non-protected matter or information included in the document.

## DOCUMENTS REQUESTED

1.      Any and all documents from November 17, 2017 up until the present pertaining to William Fuller, Martin Pinilla, or any of the properties owned by Fuller and/or Pinilla.

2.      Any and all communications from November 17, 2017 up until the present sent or received by you relating to William Fuller, Martin Pinilla, or any of the properties owned by Fuller and/or Pinilla.

3.      Any and all documents related to any violations of the law or City Charter by Joe Carollo.

**Leah Gardner**

| | |
|---|---|
| **From:** | Benedict P. Kuehne <ben.kuehne@kuehnelaw.com> |
| **Sent:** | Thursday, December 31, 2020 10:10 AM |
| **To:** | Rossana Arteaga-Gomez; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore; Lina Cohen |
| **Subject:** | SERVICE OF COURT DOCUMENT, CASE NO. 1:18-24190-CIV-SMITH, Fuller/Carollo – Objection to Notice of Intent to Serve Subpoena |
| **Attachments:** | Objection to Notice of Intent to Serve SDT-Emilio Gonzalez.12-31-2020.pdf |

[CAUTION: EXTERNAL EMAIL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-24190-CIV-SMITH

WILLIAM O. FULLER AND
MARTIN PINILLA, II,
PLAINTIFFS,

V.

JOE CAROLLO,
DEFENDANT.

DEFENDANT COMMISSIONER CAROLLO'S OBJECTION TO PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON NON-PARTY WITNESS EMILIO GONZALEZ

Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3105
Miami, FL 33131-2154
305.789.5989 ,, 4 , 1
305.789.5987 Fax
786.543.8352 Cell
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-24190-CIV-SMITH

WILLIAM O. FULLER AND
MARTIN PINILLA, II,
PLAINTIFFS,

v.

JOE CAROLLO,
DEFENDANT.

DEFENDANT COMMISSIONER CAROLLO'S OBJECTION TO PLAINTIFFS'
NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON NON-PARTY
WITNESS EMILIO GONZALEZ

THOMAS E. SCOTT
FLORIDA BAR NO. 149100
COLE, SCOTT & KISSANE
9150 S. DADELAND BLVD., STE 1400
MIAMI, FL 33156
TEL: 305-350-5381
FAX: 305-373-2294
THOMAS.SCOTT@CSKLEGAL.COM
COUNSEL FOR DEFENDANT
COMMISSIONER CAROLLO

BENEDICT P. KUEHNE
FLORIDA BAR NO. 233293
MICHAEL T. DAVIS
FLORIDA BAR NO. 63374
KUEHNE DAVIS LAW, P.A.
100 S.E. 2 ST., SUITE 3105
MIAMI, FL 33131-2154
TEL: 305.789.5989
FAX: 305.789.5987
EFILING@KUEHNELAW.COM
COUNSEL FOR DEFENDANT
COMMISSIONER CAROLLO

## DEFENDANT COMMISSIONER CAROLLO'S OBJECTION TO NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM TO NON-PARTY WITNESS EMILIO GONZALEZ

In accordance with Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, defendant Commissioner Carollo objects to the Notice of Intent to Serve Subpoena duces tecum on non-party Emilio Gonzalez for these reasons, and others allowed by law and the case circumstances.

1.     The entirety of the request for records is overly broad in scope to the extent it seeks documents that are not in the possession or control of the person subpoenaed, who is not an employee of the City of Miami.

2.     The request for documents regarding Charter violations (¶3) is overbroad in scope as having no beginning or ending date.

3.     The request for documents regarding purported Charter violations (¶3) are immaterial, irrelevant, and not likely to lead to discoverable evidence in this case.

4.     The request for documents regarding purported Charter violations (¶3) is insufficiently described, seeks documents for which a legal interpretation is required, and conflicts with the privileges available to the City of Miami and Commissioner Joe Carollo, including but not limited to the attorney-client and legislative privileges.

5.     The requests for merits-based discovery are premature at this

2

dismissal stage of the case, during which Commissioner Carollo seeks dismissal of the Second Amended Complaint for reasons including qualified and legislative immunity from suit. Such discovery should be prohibited until a final ruling on these immunities.

6.     All discovery should be stayed pending resolution of the Motion to Dismiss Second Amended Complaint (DE154) that raises jurisdictional immunity arguments that are intended to avoid the unnecessary and time-consuming defense by a public official who is immunized from suit for official conduct. The qualified immunity defense recognizes the "strong public interest in protecting public officials from the costs associated with the defense of damages actions." *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998).

## CONCLUSION

The proposed subpoena duces tecum is objectionable and should not issue.

Respectfully submitted,

*S/ Thomas E. Scott*
**THOMAS E. SCOTT**
Florida Bar No. 149100
**COLE, SCOTT & KISSANE**
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156
Tel: 305.350.5381
Fax: 305.373.2294
Thomas.scott@csklegal.com

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2 St., Suite 3105
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

## CERTIFICATE OF SERVICE

I certify on December 31, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify this document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By:   *S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**

**Leah Gardner**

| | |
|---|---|
| **From:** | Rossana Arteaga-Gomez <rossana@axslawgroup.com> |
| **Sent:** | Friday, January 8, 2021 4:18 PM |
| **To:** | ben.kuehne@kuehnelaw.com; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore; Lina Cohen |
| **Subject:** | Fuller/Carollo - Deposition of Emilio Gonzalez |

**[CAUTION: EXTERNAL EMAIL]**

Ben,

We received Defendant's Objection to Plaintiffs' Notice of Intent to Serve Subpoena Duces Tecum, but do not see it filed with the Court and it doesn't appear you've set the objection for hearing. We served the subpoena on the witness before we received your objection and plan to go forward with the deposition. If there's case law, a rule, or a court order that dictates we do otherwise, please let us know.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

## Leah Gardner

| | |
|---|---|
| **From:** | Benedict P. Kuehne <ben.kuehne@kuehnelaw.com> |
| **Sent:** | Friday, January 8, 2021 5:02 PM |
| **To:** | Rossana Arteaga-Gomez; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore; Lina Cohen |
| **Subject:** | RE: Fuller/Carollo – Deposition of Emilio Gonzalez |

**[CAUTION: EXTERNAL EMAIL]**

Rossana,

Odd that you ask.

My objection was duly and timely served pursuant to Rule 45(d)(2)(B) that specifies the allowable procedure for a Notice of Intent to Serve Duces Tecum. The Rule is plain, and requires the "serving party" to seek a resolution of the objection.

Your request for "case law, a rule, or a court order that dictates we do otherwise" also seems a bit unnecessary when the Rule you cited in your Notice sets out the only allowable procedure. I am not sure what portion of the Rule you think is unclear, but proceeding with the deposition is not authorized while my objection is pending and you have not sought a resolution of the objection.

Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3105
Miami, FL 33131-2154
305.789.5989 ,, 4 , 1
305.789.5987 Fax
786.543.8352 Cell
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com

**From:** Rossana Arteaga-Gomez <rossana@axslawgroup.com>
**Sent:** Friday, January 8, 2021 4:18 PM
**To:** Benedict P. Kuehne <ben.kuehne@kuehnelaw.com>; Thomas.scott@csklegal.com
**Cc:** Jeff Gutchess <jeff@axslawgroup.com>; Joshua Shore <josh@axslawgroup.com>; Lina Cohen <lina@axslawgroup.com>
**Subject:** Fuller/Carollo - Deposition of Emilio Gonzalez

Ben,

We received Defendant's Objection to Plaintiffs' Notice of Intent to Serve Subpoena Duces Tecum, but do not see it filed with the Court and it doesn't appear you've set the objection for hearing. We served the subpoena on the witness before we received your objection and plan to go forward with the deposition. If there's case law, a rule, or a court order that dictates we do otherwise, please let us know.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

## Leah Gardner

| | |
|---|---|
| **From:** | Benedict P. Kuehne <ben.kuehne@kuehnelaw.com> |
| **Sent:** | Friday, January 15, 2021 4:56 PM |
| **To:** | Rossana Arteaga-Gomez; Jeffrey Gutchess (jeff@axslawgroup.com); Thomas E. Scott; Renee Jordan |
| **Cc:** | Catherine Melo |
| **Subject:** | Fuller v Carollo - Deposition of Emilio Gonzalez - Status |

[CAUTION: EXTERNAL EMAIL]

Rossana, I did not see (or at least notice) any follow-up regarding the email discussing the Gonzalez deposition. We object to the setting, and ask that you reset until the SDT objections are resolved. In any event, neither Tom nor I are available to attend the deposition as scheduled and would need to coordinate a setting. I would like to advise the City of Miami that the deposition will not be held as scheduled.

Thank you.

Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3105
Miami, FL 33131-2154
305.789.5989 ,, 4 , 1
305.789.5987 Fax
786.543.8352 Cell
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com

## Leah Gardner

| | |
|---|---|
| **From:** | Green, Christopher <CAgreen@miamigov.com> |
| **Sent:** | Friday, January 15, 2021 5:16 PM |
| **To:** | Benedict P. Kuehne; Rossana Arteaga-Gomez; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore; Lina Cohen |
| **Subject:** | CASE NO. 1:18-24190-CIV-SMITH, Fuller/Carollo - Deposition of Emilio Gonzalez |

**[CAUTION: EXTERNAL EMAIL]**

Good afternoon counsel:

I represented the City in this matter and will be attending the deposition of former City Manager, Emilio Gonzalez. It is my understanding that Mr. Gonzalez is not available for the deposition set for Tuesday of next week, and he has asked that it be rescheduled. Kindly include me in the process of selecting new dates for Mr. Gonzalez's deposition. Thank you for your cooperation.

Sincerely,

**Christopher A. Green, Senior Assistant City Attorney**
**Litigation Division Chief**



Board Certified Civil Trial Law
City of Miami Office of the City
Attorney
Telephone: 305-416-1821
Facsimile: 305-400-5071
cagreen@miamigov.com

**Disclaimer**: This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is *not* the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. **Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address, or the contents of the e-mail, released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.**

Please consider the environment before printing this e-mail. 

## Leah Gardner

| | |
|---|---|
| **From:** | Rossana Arteaga-Gomez <rossana@axslawgroup.com> |
| **Sent:** | Friday, January 29, 2021 4:31 PM |
| **To:** | ben.kuehne@kuehnelaw.com; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore |
| **Subject:** | Carollo/Fuller - Objection to Emilio Gonzalez Subpoena |

**[CAUTION: EXTERNAL EMAIL]**

Ben,

We have 30 days from a discovery dispute to bring it to the court's attention. Today is thirty days from your objection to the Emilio Gonzalez subpoena duces tecum. If it is your position that it is our obligation to bring it to the Court's attention, will you agree to a 7-day extension of that deadline, which would be February 5th?

And, are you available on Monday for a meet and confer? We can discuss both your objection to the subpoena and your motion to stay discovery.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

1

## Leah Gardner

**From:** Benedict P. Kuehne <ben.kuehne@kuehnelaw.com>
**Sent:** Friday, January 29, 2021 5:07 PM
**To:** Rossana Arteaga-Gomez; Thomas E. Scott
**Cc:** Jeff Gutchess; Joshua Shore
**Subject:** RE: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

**[CAUTION: EXTERNAL EMAIL]**

Of course.


Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3550
Miami, FL 33131-2154
305.789.5989 ,, 7
305.789.5987 Fax
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com


-------- Original message --------
From: Rossana Arteaga-Gomez <rossana@axslawgroup.com>
Date: 1/29/21 4:31 PM (GMT-05:00)
To: "Benedict P. Kuehne" <ben.kuehne@kuehnelaw.com>, Thomas.scott@csklegal.com
Cc: Jeff Gutchess <jeff@axslawgroup.com>, Joshua Shore <josh@axslawgroup.com>
Subject: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Ben,

We have 30 days from a discovery dispute to bring it to the court's attention. Today is thirty days from your objection to the Emilio Gonzalez subpoena duces tecum. If it is your position that it is our obligation to bring it to the Court's attention, will you agree to a 7-day extension of that deadline, which would be February 5th?

And, are you available on Monday for a meet and confer? We can discuss both your objection to the subpoena and your motion to stay discovery.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

## Leah Gardner

| | |
|---|---|
| **From:** | Rossana Arteaga-Gomez <rossana@axslawgroup.com> |
| **Sent:** | Thursday, February 4, 2021 2:21 PM |
| **To:** | Benedict P. Kuehne; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore |
| **Subject:** | Re: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena |
| **Attachments:** | Klima v Carnival Corp - party has to file motion for protective order.pdf |

[CAUTION: EXTERNAL EMAIL]

Ben,

Based on our review of Rule 45, Local Rule 26.1, and the attached case, we intend to proceed with Mr. Gonzalez's deposition in the absence of a Court Order stating otherwise and we do not believe that we are required to file any motion to proceed. We plan to reschedule the deposition soon, so please let us know if there are any dates in February or March that don't work for you before then.

If you would like to confer about the motion to stay discovery, feel free to call me at any time on my cell – 305.803.6502. Though, to be clear, we do object.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

**From:** Benedict P. Kuehne <ben.kuehne@kuehnelaw.com>
**Date:** Friday, January 29, 2021 at 5:07 PM
**To:** Rossana Arteaga-Gomez <rossana@axslawgroup.com>, Thomas.scott@csklegal.com

<Thomas.scott@csklegal.com>
**Cc:** Jeff Gutchess <jeff@axslawgroup.com>, Joshua Shore <josh@axslawgroup.com>
**Subject:** RE: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Of course.


Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3550
Miami, FL 33131-2154
305.789.5989 ,, 7
305.789.5987 Fax
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com



-------- Original message --------
From: Rossana Arteaga-Gomez <rossana@axslawgroup.com>
Date: 1/29/21 4:31 PM (GMT-05:00)
To: "Benedict P. Kuehne" <ben.kuehne@kuehnelaw.com>, Thomas.scott@csklegal.com
Cc: Jeff Gutchess <jeff@axslawgroup.com>, Joshua Shore <josh@axslawgroup.com>
Subject: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Ben,

We have 30 days from a discovery dispute to bring it to the court's attention. Today is thirty days from your objection to the Emilio Gonzalez subpoena duces tecum. If it is your position that it is our obligation to bring it to the Court's attention, will you agree to a 7-day extension of that deadline, which would be February 5th?

And, are you available on Monday for a meet and confer? We can discuss both your objection to the subpoena and your motion to stay discovery.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering

2

this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

2009 WL 1066969
Only the Westlaw citation is currently available.
United States District Court,
S.D. Florida.

Lorraine T. KLIMA and Don John Klima, Plaintiffs,

v.

CARNIVAL CORP., Thriller Powerboat Tours, Ltd., Thriller
Powerboats, Inc,. and Jaguar Marines Group, Inc., Defendants.

No. 08-20335-CIV.
|
April 21, 2009.

### Attorneys and Law Firms

Daniel E. Jacobson, Daniel E. Jacobson PA, Boca Raton, FL, Andrew R. Young, Brenda M. Johnson, Nurenberg Paris Heller & McCarthy Co. LPA, Cleveland, OH, for Plaintiffs.

Jennifer Quildon Miller, Jerry Dean Hamilton, Lori Sue Cooperider, Hamilton, Miller & Birthisel, LLP, Miami, FL, Donald S. Fradley, Jupiter, FL, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS

ANDREA M. SIMONTON, United States Magistrate Judge.

**\*1** Presently pending before the Court is Defendant Thriller Powerboats Tours, Ltd.'s Emergency Motion for Protective Order and Motion to Quash Subpoenas Directed to Third Parties (DE # 83). The Motion is referred to the undersigned Magistrate Judge pursuant to an Order referring all pretrial discovery matters to the undersigned (DE # 36). The Plaintiffs have filed a Response to the Motion (DE # 85). For the reasons stated below, this Motion is DENIED.

### I. *BACKGROUND*

This matter was initiated on July 1, 2008, when Plaintiff Lorraine Klima filed a three count complaint alleging negligence against Carnival Corporation ("Carnival"), Thriller

Powerboats Tours, Ltd., ("TPT") and Thriller Powerboats, Inc. USA ("Thriller USA") related to injuries sustained by the Plaintiff that occurred during an excursion from a Carnival cruise ship that was allegedly owned and operated by Defendants TPT and Thriller USA.

After TPT sought to have the matter dismissed due to lack of jurisdiction, on March 5, 2009, the Honorable K. Michael Moore District Court Judge for the Southern District of Florida issued an Order granting Plaintiffs' Motion for Leave to Conduct Limited Additional Discovery Relating to Personal Jurisdiction (DE # 81). The Order granted Plaintiffs leave to conduct discovery regarding TPT's business relationships with the other Defendants as well as Royal Carribean Cruises, Ltd., (RCL), Celebrity Cruises Inc., (CC) Norwegian Cruise Line (NCL) and Disney Cruise Line (Disney).

On or about March 31, 2009, Plaintiffs issued a Subpoena Duces Tecum to Disney, RCL and NCL. In addition, Plaintiffs prepared a subpoena to be served on Arnold R. Gemino, principal of Defendant Thriller USA. Those subpoenas generally requested the production of all documents reflecting those entities' contacts with TPT and two other entities (DE # 85).

On April 17, 2009, Defendant TPT filed the instant motion seeking to have the subpoenas quashed alleging that the Plaintiffs failed to provide notice of the third party subpoenas and further asserting that the subpoenas were oppressive, overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence (DE 83). Finally, TPT asserted that the information sought in the subpoenas did not comply with the Court's March 4, 2009 Order granting limited discovery regarding TPT's business relationships.

On April 20, 2009, Judge Moore entered an Order denying TPT's Emergency Motion for Protective Order to the extent that it sought emergency relief and directed the Plaintiffs to file a response to the Motion on or before April 21, 2009 (DE 84).

On April 20, 2009, Plaintiffs filed their response to Defendants' Emergency Motion for Protective Order wherein they acknowledged their failure to provide notice to the Defendant regarding the subpoenas (DE # 85). In addition, the Plaintiffs asserted that their failure to provide notice was inadvertent and contended that when counsel for TPT contacted Plaintiffs' counsel about the lack of notice for the subpoenas, Plaintiffs' counsel notified counsel for RCL and Disney and told them to defer responding to the subpoenas until the issue was resolved. Plaintiffs maintain that they did not object to providing TPT with a reasonable time in which to review the subpoena requests.

**\*2** As stated above, TPT's Motion for Protective Order has been denied to the extent that it seeks emergency relief, thus the undersigned will only address the substantive nature of the Motion and rule on Defendant TPT's objections to the subpoenas.

II. *ANALYSIS*

Defendant TPT filed its Emergency Motion for Protective Order seeking to have the subpoenas issued by the Plaintiffs quashed for failing to provide notice of the subpoenas as required by Federal Rule of Civil Procedure 45(b)(1). Plaintiffs concede that they did not comply with that rule which states, in relevant part, "If the subpoena commands the production of documents ... then before it is served, a notice must be served on each party." Fed.R.Civ.P. 45(b)(1). However, notwithstanding the violation of that rule, Defendant TPT's Motion fails for the following reasons:

A. *Certificate of Consultation*

Defendant TPT submitted its Motion without a certificate of consultation as required by Local Rule 7.1(A)(3). Specifically that rule requires that prior to filing any motion in a civil case, with certain exceptions not applicable to the instant motion, the movant must confer with the relevant parties in an attempt to resolve the issues raised by the motion. In addition, the Rule requires that a certificate indicating that the movant has conferred or made reasonable efforts to confer with the potentially affected parties and has been unable to resolve the issue. The Rule then provides that the Court may deny a motion based upon the movant's failure to comply with this rule.

In this case, although TPT stated in its motion that it spoke with Plaintiff's counsel to confirm that the non-party subpoenas had been issued without giving notice to TPT, counsel did not indicate that there was any attempt made to resolve the issue. Nor, did movant's counsel file the requisite certificate indicating that such an attempt was made. Thus, the undersigned denies this Motion on this ground alone.

B. *Lack of Standing to Challenge Subpoena*

Even if TPT had not failed to comply with Local Rule 7.1(A)(3), the Motion would be denied because TPT does not have standing to object to a non-party subpoena on the basis of burdensomeness, oppressiveness, or as being overly broad. Indeed, various courts have held that in the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party. *Bender v. Tropic Star Seafood, Inc.,* 2008 WL 2824450 (N.D.Fla., July 21, 2008) (citing *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975), 5A J. Moore, Federal Practice P 45.05(2), (2d ed.1974); *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979); *Peterbilt of*

*Great Bend, LLC v. Doonan,* 2006 WL 3193371, *2 (D. Kan. Nov 01, 2006) (No. 05-1281-JTM) (a personal right or privilege existed where the subpoena was issued after discovery had closed); *City of Ecorse v. U.S. Steel,* 2007 WL 4239263, *2 (E.D. Mich. Dec 03, 2007) (No.CIV.A.07-CV-12131). Rather, as stated in ꞁ *Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 555 (N.D.Ga.2001), "it appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege' with respect to the materials subpoenaed". (citations omitted). In addition, generally when a party takes issue with a subpoena issued to a non-party, the party should not proceed by way of objections under Rule 45, which is only available to the person commanded to produce the documents, but rather should avail itself to Fed.R.Civ.P. 26 and file a motion for protective order. *Rivertree Landing, LLC v. Murphy,* 2007 WL 3333357, *1 (M.D. Fla. Nov 09, 2007) (No. 6:07-MC-104-GAP-DAB).

**\*3** In this matter, Defendant TPT has failed to raise a personal right or privilege in its Motion and further. although the Motion is styled as a Motion for Protective Order, TPT has not sought a protective order pursuant to Fed.R.Civ.P. 26, but rather proceeds under Rule 45. Thus, Defendant TPT's Motion to Quash Plaintiffs' subpoenas is denied on this ground, as well. Also, the undersigned notes that the subpoenas issued by the Plaintiffs appear to fall within the scope of the Court's March 5, Order which granted Plaintiffs leave to conduct limited discovery.

However, as Plaintiffs concede that they failed to provide the required notice to Defendant TPT prior to issuing the subpoenas, and Defendant may have a personal right or privilege related to the subpoenas, after the requisite conferral with the Plaintiffs, Defendant TPT may file a Motion for Protective Order, if appropriate. Due to the need to resolve this matter expeditiously, any such motion must be filed by Friday, April 24, 2009. If such a motion is filed, Plaintiffs shall not obtain the subpoenaed documents prior to the resolution of that motion.

### III. *CONCLUSION*

Therefore, based upon a review of the record as a whole, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Thriller Powerboats Tours, Ltd.'s Emergency Motion for Protective Order and Motion to Quash Subpoenas Directed to Third Parties (DE # 83) is **DENIED.**

It is further

**ORDERED AND ADJUDGED** that Defendant Thriller Powerboats Tours, Ltd., may file a Motion for Protective Order on or before, Friday, April 24, 2009.

**DONE AND ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 1066969

---

**End of Document**  
© 2021 Thomson Reuters. No claim to original U.S. Government Works.

**Leah Gardner**

| | |
|---|---|
| **From:** | Benedict P. Kuehne <ben.kuehne@kuehnelaw.com> |
| **Sent:** | Thursday, February 4, 2021 3:09 PM |
| **To:** | Rossana Arteaga-Gomez; Thomas E. Scott |
| **Cc:** | Jeff Gutchess; Joshua Shore |
| **Subject:** | RE: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena |

[CAUTION: EXTERNAL EMAIL]

Rossana, I am in the middle of a Zoom matter. I will look at the attachment a bit later.

Thanks.

Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3105
Miami, FL 33131-2154
305.789.5989 ,, 4 , 1
305.789.5987 Fax
786.543.8352 Cell
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com

**From:** Rossana Arteaga-Gomez <rossana@axslawgroup.com>
**Sent:** Thursday, February 4, 2021 2:21 PM
**To:** Benedict P. Kuehne <ben.kuehne@kuehnelaw.com>; Thomas.scott@csklegal.com
**Cc:** Jeff Gutchess <jeff@axslawgroup.com>; Joshua Shore <josh@axslawgroup.com>
**Subject:** Re: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Ben,

Based on our review of Rule 45, Local Rule 26.1, and the attached case, we intend to proceed with Mr. Gonzalez's deposition in the absence of a Court Order stating otherwise and we do not believe that we are required to file any motion to proceed. We plan to reschedule the deposition soon, so please let us know if there are any dates in February or March that don't work for you before then.

If you would like to confer about the motion to stay discovery, feel free to call me at any time on my cell – 305.803.6502. Though, to be clear, we do object.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



1

rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

**From:** Benedict P. Kuehne <ben.kuehne@kuehnelaw.com>
**Date:** Friday, January 29, 2021 at 5:07 PM
**To:** Rossana Arteaga-Gomez <rossana@axslawgroup.com>, Thomas.scott@csklegal.com <Thomas.scott@csklegal.com>
**Cc:** Jeff Gutchess <jeff@axslawgroup.com>, Joshua Shore <josh@axslawgroup.com>
**Subject:** RE: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Of course.


Benedict P Kuehne
Kuehne Davis Law, PA
100 SE 2 Street, Suite 3550
Miami, FL 33131-2154
305.789.5989 ,, 7
305.789.5987 Fax
ben.kuehne@kuehnelaw.com
www.kuehnelaw.com


-------- Original message --------
From: Rossana Arteaga-Gomez <rossana@axslawgroup.com>
Date: 1/29/21 4:31 PM (GMT-05:00)
To: "Benedict P. Kuehne" <ben.kuehne@kuehnelaw.com>, Thomas.scott@csklegal.com
Cc: Jeff Gutchess <jeff@axslawgroup.com>, Joshua Shore <josh@axslawgroup.com>
Subject: Carollo/Fuller - Objection to Emilio Gonzalez Subpoena

Ben,

We have 30 days from a discovery dispute to bring it to the court's attention. Today is thirty days from your objection to the Emilio Gonzalez subpoena duces tecum. If it is your position that it is our obligation to bring it to the Court's attention, will you agree to a 7-day extension of that deadline, which would be February 5th?

And, are you available on Monday for a meet and confer? We can discuss both your objection to the subpoena and your motion to stay discovery.

Best Regards,

**Rossana Arteaga-Gomez, Esq.**



rossana@axslawgroup.com
o: 305.297.1878
2121 NW 2nd Avenue, Suite 201
Wynwood, FL 33127
http://www.axslawgroup.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

## Leah Gardner

| | |
|---|---|
| **From:** | Green, Christopher <CAgreen@miamigov.com> |
| **Sent:** | Thursday, February 11, 2021 4:04 PM |
| **To:** | Rossana Arteaga-Gomez; jeff@axslawgroup.com |
| **Cc:** | Benedict P. Kuehne; Jones, Kenya; Thomas E. Scott |
| **Subject:** | Fuller depositions |

[CAUTION: EXTERNAL EMAIL]

Jeff and Rossana:

As I explained on the phone and in my previous emails, I will be representing the current and former City employees whom you have subpoenaed for deposition in this matter. To date, I have only been made aware of service on Ms. Valencia, Mr. Parjus, Mr. Garcia and Chief Colina. You previously served Emilio Gonzalez for deposition but he requested it be rescheduled due to a conflict. Ben Kuehne advised me that there are a total of nine other City witness depositions pending. I have conflicts with those scheduled deposition dates except for the February 22nd deposition of Mr. Garcia and the March 3rd deposition of Ms. Bridgeman. I am not available for depositions on February 23, 24, 25, and 26, and March 2, 3, and 4.

I am requesting the professional courtesy of your coordinating these depositions with my office. I am still on the service list for this case and received the new scheduling order with a discovery deadline of June 1, 2021. I am sure we can find new dates for these depositions well before that date in March.

Finally, please note that none of the subpoenas indicate a time for the depositions.

Thank you for your cooperation.

**Christopher A. Green, Senior Assistant City Attorney**
**Litigation Division Chief**



Board Certified Civil Trial Law
City of Miami Office of the City
Attorney
Telephone: 305-416-1821
Facsimile: 305-400-5071
cagreen@miamigov.com

**Disclaimer**: This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is **not** the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. **Under Florida Law, e-mail addresses and the contents of the e-mail are public records. If you do not want your e-mail address, or the contents of the e-mail, released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.**

Please consider the environment before printing this e-mail.