UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## DECLARATION OF EMILIO T. GONZALEZ

I, Emilio T. Gonzalez, have personal knowledge of the facts stated below:

1. I am the subject of Defendant Joe Carollo's motion to disqualify counsel for Plaintiffs William O. Fuller and Martin Pinilla, II, based on my meeting with Plaintiffs' counsel, Jeffrey Gutchess. At approximately 4:00 p.m. yesterday, November 8, 2022, I learned about certain assertions and insinuations made by Defendant at the evidentiary hearing before this Court that I believe are incomplete, misleading, or false.

2. Most importantly, it would not be accurate to conclude that I unilaterally determined the scope of any privilege. Rather, I consulted with my long-time attorney, David Marko, before meeting with Mr. Gutchess; I described the materials and topics that I planned to share with Mr. Gutchess; and Mr. Marko confirmed that they were not privileged.

3. First, although I am not attorney, I have functioned as the chief executive for major institutions which require familiarity with the concepts of conflicts of interest and privileges, including the attorney-client privilege. For instance, I have served as the CEO the Miami

International Airport, as well as the Director of United States Citizen and Immigration Services and Under Secretary of Homeland Security, for which I was appointed by the President and confirmed by the Senate.

4. Second, I do not believe that the City Attorney's Office did—or could—represent me in connection with the matters that are the subject of this litigation, particularly after my term as City Manager ended, for several reasons. I explained these reasons in more detail in my February 2021 transcribed interview with Mr. Gutchess as well as in my June 2022 transcribed deposition in a parallel proceeding. For example, among other things, City Attorney Victoria Mendez had stated to me that she only represented Defendant and other members of the City Commission, but not the administration (i.e., the Mayor and City Manager); I expressly declined the offer by City Attorney's Office to represent me based on our apparent conflict of interest with respect to the matters at issue in this litigation; and Assistant City Attorney Christopher Green later expressly advised me to retain independent counsel in a parallel proceeding involving Plaintiff's businesses.

5. Third, Mr. Gutchess refused to discuss the substance of this matter with me unless and until I retained independent counsel and agreed not to disclose any privileged information to him. Accordingly, I retained my long-time attorney in other matters, Mr. Marko, to represent me so that I could meet with Mr. Gutchess. Although Mr. Marko is not generally a litigator, he is an experienced attorney whose advice I trust. To prepare for my meeting with Mr. Gutchess, I conferred with Mr. Marko via telephone and I described to Mr. Marko the memoranda and related topics that I planned to discuss with Mr. Gutchess at our meeting. Mr. Marko agreed that the memoranda and related topics that I planned to share at my meeting with Mr. Gutchess were not privileged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2022

Emilio T. Gonzalez