UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and

MARTIN PINILLA, II,

      Plaintiffs,

  v.

JOE CAROLLO,

      Defendant.

_____/

## PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs William Fuller and Martin Pinilla (collectively, "Plaintiffs") respectfully submit their Motion *in limine* pursuant to this Court's June 15, 2022, Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [DE 235].

## LEGAL STANDARD

"The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Schultze v. 2K Clevelander LLC*, 17-CV-22684, 2018 WL 4859072, at *2 (S.D. Fla. Oct. 4, 2018). A court has the power to exclude evidence on a motion *in limine* when "the evidence is clearly inadmissible for any purpose." *Arch Specialty Ins. Co. v. Balzebre*, No. 10-23775-CIV, 2013 WL 12065533, at *1 (S.D. Fla. Jan. 16, 2013) (citing *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)).

## ARGUMENT

**I.    Evidence, Testimony, and Argument that Plaintiffs Tried To Bribe Defendant Must Be Excluded.**

The only issue in this case is whether Plaintiffs exercised their First Amendment rights by supporting Defendant Joe Carollo's opponent Alfie Leon in a run-off election for City Commissioner in 2017, and whether Carollo retaliated against them for doing so while in office. It has nothing to do with Carollo's unsubstantiated assertion that while Plaintiffs were supporting Alfie Leon in the election, they met with Carollo and attempted to bribe him. If such a criminal act had ever occurred Carollo would have surely told every radio station and news outlet in Miami and also reported it to the criminal authorities many years ago, neither of which happened. Carollo should not be permitted repeat such an outrageous and offensive lie that is unsupported by any evidence during the trial in this case. Any such evidence or testimony is not only irrelevant (under Rule 401), as well as unduly prejudicial (under Rule 403), but it would also constitute an impermissible use of character evidence (under Rule 404). Such an "unsubstantiated allegation" of criminal activity "is precisely the type of inflammatory matter which should be extinguished by an order in limine." *Fischman v. Suen*, 672 So. 2d 644, (Fla. 4th DCA 1996). Though irrelevant, such an "accusation of criminal conduct [is] difficult for a jury to ignore," particularly in a case like this one, where the "credibility of the two [parties] [i]s central." *Orvis v. Caulkins Indiantown Citrus Co.*, 861 So. 2d 1181, 1183 (Fla. 4th DCA 2003). Accordingly, allowing Carollo to offer such an unsubstantiated assertion would invite a mini-trial on an irrelevant issue, extend the time needed for trial, confuse the jury, and potentially prejudice Plaintiffs. *See THK America, Inc. v. NSK, Ltd.*, 917 F. Supp. 563, 569 (N.D. Ill. 1996) (concluding that "the danger of unfair prejudice overwhelms any probative value" of price-fixing evidence in a patent case). Thus, Plaintiffs

respectfully request that any evidence, testimony, or argument regarding this unsubstantiated statement be excluded.

### II. Evidence, Testimony, and Argument Regarding this Lawsuit Being a Fraud On the Court Must be Excluded to Avoid Undue Confusion, Prejudice, And Delay.

Defendant has consistently maintained throughout his pleadings that this case is a fraud on the Court. To that point, Defendant filed a Motion for Sanctions for Fraud Upon the Court, that is still outstanding at this time. [DE 279]. Assuming that Defendant's motion is not granted and this case proceeds to trial, Defendant should be precluded from arguing that this case is a fraud on the court to the jury as it is both inflammatory and unfairly prejudicial. The issue of fraud on the court is not a jury issue, but rather an issue for the Court to determine. If the Court rules there is no fraud on the court, allowing Defendant to raise that issue to the jury would not only be inappropriate but would confuse the jury, be unfairly prejudicial, and inflammatory. Because such evidence or argument is clearly inadmissible for any purpose, it is properly excluded *in limine. See generally* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time").

### III. Evidence, Testimony, and Argument Regarding the Conclusory Allegation that Injuries Resulted from Intervening Causes and Non-Parties Must Be Excluded.

Defendant has repeatedly asserted that Plaintiffs' injuries have been caused by intervening causes or non-parties. Despite the repeated conclusory statements, Defendant has offered absolutely no evidence to support that assertion, which would be necessary for Plaintiffs to adequately defend against the assertion. Accordingly, such evidence is properly excluded *in limine. See Incardone v. RCCL,* 2019 WL 2709810 (SDFL June 28, 2019) (quoting FRCP 37(c)(1)) ("Given the stunning lack of detail in the defense itself and RCCL's failure to provide evidence of

the defense in discovery, the Undersigned respectfully recommends that RCCL not be allowed to introduce evidence on, or to assert argument about" an affirmative defense because "a party who 'fails to provide information' is 'not allowed to use that information or witness ... at trial, unless the failure was substantially justified or is harmless.'").

## CONCLUSION

For the foregoing reasons, Plaintiffs Bill Fuller and Martin Pinilla, respectfully request that the Court grant this Motion *in limine*.

Dated: March 3, 2023

## CERTIFICATE OF GOOD-FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1, counsel for Plaintiffs met and conferred with defense counsel, who objected to the relief sought in this motion.

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess Esq. (FBN 702641)
jeff@axslawgroup.com
eservice@axslawgroup.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 3rd day of March 2023.

By: */s/ Jeffrey Gutchess*

Jeffrey W. Gutchess Esq.