**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:18-cv-24190**

WILLIAM O. FULLER, and

MARTIN PINILLA, II,

          Plaintiffs,

v.

JOE CAROLLO,

          Defendant.

_____/

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

      Plaintiffs William Fuller and Martin Pinilla (collectively, "Plaintiffs") and Defendant Joe Carollo ("Carollo"), respectfully submit their Joint Proposed Jury Instructions and Verdict Forms pursuant to this Court's June 15, 2022 Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [DE 235].

1

<u>**TABLE OF CONTENTS**</u>

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**

**1.2 Burden of Proof - Clear and Convincing Evidence**

**1.3 Official English Translation/Interpretation**

**1.4 Jury Questions**

**1.5 Interim Statements**

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

**2.2 Use of Depositions**

**2.4 Interim Statements**

**2.3 Use of Recorded Conversations and Transcripts**

**2.5 Judicial Notice**

**2.6 Use of Interrogatories**

**2.7 In-Trial Instructions on News Coverage**

**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2 Duty to Follow Instructions - No Corporate Party Involved**

**3.2.3 Duty to Follow Instructions - Government Entity or Agency Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**

**3.5.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**CIVIL RIGHTS CONSTITUTIONAL CLAIMS INSTRUCTIONS**

**5.1 First Amendment Retaliation**

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

5

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Bill Fuller and Martin Pinilla, claim the Defendant, Joe Carollo, retaliated against them in violation of the First Amendment of the United States Constitution. Joe Carollo denies those claims and contends that [insert affirmative defenses].

Burden of proof:

Bill Fuller and Martin Pinilla have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Bill Fuller and Martin Pinilla must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could

6

put the evidence favoring Bill Fuller and Martin Pinilla and the evidence favoring Joe Carollo on opposite sides of balancing scales, Bill Fuller and Martin Pinilla needs to make the scales tip to their side. If Bill Fuller and/or Martin Pinilla fail to meet this burden, you must find in favor of Joe Carollo.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Optional: On certain issues, called "affirmative defenses," Joe Carollo has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Joe Carollo must prove for any affirmative defense. After considering all the evidence, if you decide that Joe Carollo has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide

the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Bill Fuller and Martin Pinilla will present their witnesses and ask them questions. After Bill Fuller and Martin Pinilla question the witness, Joe Carollo may ask the witness questions – this is called "cross-examining" the witness. Then Joe Carollo will present his witnesses, and Bill Fuller and Martin Pinilla may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

9

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.3 Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an

12

opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called

a stipulation. You must treat these facts as proved for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.1 Introduction**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:18-cv-24190**

WILLIAM O. FULLER, and

MARTIN PINILLA, II,

                Plaintiffs,

v.

JOE CAROLLO,

                Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

23

**3.3 Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

25

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs by a preponderance of the evidence, you should find for the Defendant to that claim.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.7.2 Responsibility for Proof – Affirmative Defense**
      **Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defense[s] of _____. Even if the Plaintiffs prove their claim[s] by a preponderance of the evidence, the Defendant can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the Defendant does not have to disprove the Plaintiffs' claim[s], but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**5.1 Civil Rights – 42 U.S.C. § 1983 Claims – First Amendment Retaliation**

<u>Plaintiffs' Proposed Instruction 5.1:</u>

In this case, Bill Fuller and Martin Pinilla claim that Joe Carollo, while acting under color of law, engaged in campaign of harassment and retribution against them in violation of the First Amendment. Specifically, Bill Fuller and Martin Pinilla allege Joe Carollo retaliated against them—including by trespassing and lodging fabricated and anonymous complaints against them; by commandeering officials outside his chain of command to selectively target them for inspections and enforcement actions; by making false and defamatory statements to harm them; and by engaging in obstruction to cover up his misconduct—because they exercised their right to free speech and assembly by supporting Carollo's opponent in a run-off election and filing an ethics complaint against Carollo.

A person's right to speak freely and make donations to support or oppose a candidate for political office, as well as a person's right to peaceably assemble by holding political rallies to support or oppose a candidate for political office on his or her property, and a person's right to petition the government by filing ethics complaint against his or her representatives, are all protected by the Constitution.

To succeed on this claim, Bill Fuller and Martin Pinilla must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:        That Bill Fuller and Martin Pinilla engaged in protected speech or assembly by supporting Carollo's election opponent through speech, campaign donations, and/or holding political rallies on their properties, as well as by filing an Ethics Complaint against Carollo;

<u>Second</u>:        That Joe Carollo retaliated against Bill Fuller and Martin Pinilla by

31

engaging in a campaign of harassment and retribution—including by trespassing and lodging fabricated and anonymous complaints against them, their properties, their businesses, and their events; by commandeering officials outside his chain of command to selectively target them and their properties, businesses, and events for inspections and enforcement actions; by making false and defamatory statements to harm them, their properties, and their businesses; and by engaging in obstruction to cover up his misconduct;

Third:          That Bill Fuller and Martin Pinilla's support of Joe Carollo's election opponent through speech, campaign donations, and/or holding political rallies on their properties, as well as their filing of an Ethics Complaint, was a motivating factor in Joe Carollo's alleged campaign of retaliation and harassment;

Fourth:          That Joe Carollo's alleged campaign of retaliation or harassment would likely deter a similarly situated reasonable person from engaging in similar acts of protected speech and assembly—including supporting a political candidate through campaign donations and holding political rallies on their property, or filing an ethics complaint against his or her elected representative; and

Fifth:          That Joe Carollo acted under color of law.

For the fifth element, you must decide whether Joe Carollo acted under color of law. A government official acts "under color" of law when he acts within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Bill Fuller and Martin Pinilla have proved each of the facts they must prove, then you must consider Joe Carollo's contention that he would have engaged in the

same activity—including trespassing and lodging fabricated and anonymous complaints against Bill Fuller and Martin Pinilla, their properties, their businesses, and their events; commandeering officials outside his chain of command to selectively target Bill Fuller and Martin Pinilla, their properties, their businesses, and their events for inspections and enforcement actions; making false and defamatory statements to harm Bill Fuller and Martin Pinilla, their properties, their businesses, and their events; and engaging in obstruction to cover up his misconduct—anyway. To succeed on this contention, Joe Carollo must prove by a preponderance of the evidence that he would have done the same thing if Bill Fuller and Martin Pinilla had not supported his election opponent through speech, campaign donations and holding rallies on their properties, or had not filed an ethics complaint against him.

If you find Bill Fuller and Martin Pinilla have proved each of the facts t h e y must prove and if you find that Joe Carollo has not proved his contention, you must then decide the issue of Bill Fuller and Martin Pinilla's damages.

However, if you find that Bill Fuller and Martin Pinilla did not prove each of the facts they must prove, or if you find that Joe Carollo proved his contention, then you must find for Joe Carollo.

**Defendant's Proposed Instruction 5.1:**

In this case, Bill Fuller and Martin Pinilla claim that Joe Carollo, while acting under color of law, took retaliatory actions against them in violation of the First Amendment. Specifically, Bill Fuller and Martin Pinilla allege Joe Carollo retaliated against them because they supported Carollo's opponent in a run-off election and filed an ethics complaint against Carollo.

To succeed on this claim, Bill Fuller and Martin Pinilla must prove each of the following facts by a preponderance of the evidence:

First:        That Bill Fuller and Martin Pinilla engaged in constitutionally protected speech;

Second:        That Joe Carollo retaliated against Bill Fuller and Martin Pinilla related to that same protected speech;

Third:        That Joe Carollo's retaliatory conduct directly and proximately caused an adverse effect on Bill Fuller and Martin Pinilla's protected speech;

Fourth:        That Bill Fuller and Martin Pinilla each suffered damages (either economic or non-economic) in their individual capacities;

Fifth:        That Joe Carollo's alleged retaliatory conduct would likely deter a similarly situated reasonable person from engaging in similar acts of protected speech and assembly; and

Sixth:        That Joe Carollo acted under color of law.

For the sixth element, you must decide whether Joe Carollo acted under color of law. A government official acts "under color" of law when he acts within the limits of lawful authority. He also acts under color of law when he claims to be performing an

official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Bill Fuller and Martin Pinilla have proved each of the facts they must prove, you must then decide whether Bill Fuller and Martin Pinilla suffered any damages in their individual capacity. Individual capacity means damages suffered specifically by Bill Fuller or Martin Pinilla as individuals, and does not include any damages suffered by, or attributable to, any of their businesses or other corporate entities.

However, if you find that Bill Fuller and Martin Pinilla did not prove each of the facts they must prove, then you must find for Joe Carollo.

Bill Fuller and Martin Pinilla also claim that Joe Carollo's acts were done with malice or reckless indifference to Bill Fuller and Martin Pinilla's federally protected rights, which may entitle them to punitive damages in addition to compensatory damages. Bill Fuller and Martin Pinilla must prove by a preponderance of the evidence that they are entitled to punitive damages. You will only reach the issue of punitive damages if you find that Bill Fuller and Martin Pinilla have proven the elements of their claims against Joe Carollo, and you award Bill Fuller and Martin Pinilla damages.

You may not assess punitive damages against Joe Carollo if you deem that he was acting in his official capacity for the City of Miami Commission.

If you find for Bill Fuller and Martin Pinilla and find that Joe Carollo, in his individual capacity, acted with malice or reckless indifference to Bill Fuller and Martin Pinilla's federally protected rights, the law allows you, in your discretion, to award Bill Fuller and Martin Pinilla punitive damages as a punishment for Joe Carollo and as a deterrent to others.

A person acts with malice if the person's conduct is motivated by evil intent or

motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights.

**ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION**

### I.      Scope of Instruction

This instruction applies to any claim in which a prisoner or private citizen who is not suing in his or her capacity as a public employee alleges that a public official retaliated against him or her for exercising a constitutional right. For public employees asserting a First Amendment retaliation claim, see Pattern Instruction 4.1.

### II.      Elements of the Claim

The elements of the claim are derived from *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008): (1) the speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *See also Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

#### a.      Protected Conduct

Whether the conduct is constitutionally protected is a question of law for the court. If necessary, additional contextual information about the protected conduct may be added to the second paragraph of the instruction.

#### b.      Adverse Effect on Protected Speech

To show the defendant's conduct adversely affected protected speech, a plaintiff must show the defendant's conduct would likely "deter a person of ordinary firmness" from exercising his or her First Amendment rights. *See, e.g.*, *Bennett*, 423 F.3d at 1254 ("A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights."); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) ("The second element required [the plaintiff] to show that the discipline he received would likely deter a [prisoner] of ordinary firmness from complaining about the conditions of his confinement." (second alteration in original) (internal quotation marks and citation omitted)). The Committee has used the language "deter a similarly situated reasonable person" because it is easier to understand and conveys the same idea.

#### c.      Causation

First Amendment retaliation claims have a unique causation element. "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011); *see also Smith*, 532 F.3d at 1278 ("The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [the plaintiff] complained of some of the conditions of

confinement."). Courts decide the "subjective motivation issue" using the burden-shifting formula set forth by the Supreme Court in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). *Smith*, 532 F.3d at 1278.

"[O]nce the plaintiff shows that her protected conduct was a motivating factor, the burden shifts to the defendant to show that she would have taken the same action in the absence of the protected conduct, in which case the defendant cannot be held liable." *Castle*, 631 F.3d at 1197; *see also Smith*, 532 F.3d at 1278 n.22 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 n.4 (6th Cir. 1999) (alterations in original) ("Under the *Mt. Healthy* approach, if the government official 'can prove that [he] would have taken the adverse action in the absence of the plaintiff's protected conduct, [he] cannot be held liable.'")).

### III.    Damages

The Eleventh Circuit has noted that physical injury "rarely" results from a First Amendment violation. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). In those rare cases where a prisoner suffers a physical injury resulting from a First Amendment violation, the jury should be instructed concerning recoverable damages. For the damages instruction, see Pattern Instruction 5.13.

## PLAINTIFFS' PROPOSED VERDICT FORM

### PLAINTIFFS' SIMPLIFIED SPECIAL INTERROGATORIES TO THE JURY

### APPENDIX A

### CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42 U.S.C. § 1983 CLAIMS

**Do you find from a preponderance of the evidence:**

1. That Bill Fuller and Martin Pinilla has proved their claim of retaliation in violation of the First Amendment of the United States Constitution?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Bill Fuller and Martin Pinilla should be awarded compensatory damages against Joe Carollo?

Answer Yes or No          _____

If your answer is "Yes," in what amount?   $_____

[3. That punitive damages should be assessed against Joe Carollo?

Answer Yes or No          _____

If your answer is "Yes," in what amount?   $_____]

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

**PLAINTIFFS' ALTERNATIVE EXTENDED SPECIAL INTERROGATORIES TO THE JURY**

**APPENDIX B**

**CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42 U.S.C. § 1983 CLAIMS – FOR CASES BROUGHT BY NON-PRISONERS (PRISON-LITIGATION REFORM DOES NOT APPLY)**

**Do you find from a preponderance of the evidence:**

1. That Joe Carollo intentionally committed acts that violated Bill Fuller and Martin Pinillas' right to free speech or assembly?

Answer Yes or No           _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

[2. That Joe Carollo's actions were "under color" of state law?

Answer Yes or No           _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.]

3. That Joe Carollo's conduct caused Bill Fuller and Martin Pinillas' injuries?

Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4.a. That Bill Fuller and Martin Pinilla should be awarded compensatory damages against Joe Carollo?

Answer Yes or No        _____

If your answer is "Yes," in what amount?        $_____

– OR –

4.b. That Bill Fuller and Martin Pinilla should be awarded nominal damages against Joe Carollo?

Answer Yes or No        _____

If your answer is "Yes," in what amount?        $_____

[5. That punitive damages should be assessed against Joe Carollo?]

Answer Yes or No        _____

If your answer is "Yes," in what amount?        $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

41

## **DEFENDANT'S PROPOSED VERDICT FORM**

### **APPENDIX A**

### **CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42 U.S.C. § 1983 CLAIMS**

I.    **COUNT I: VIOLATION OF THE CONSTITUTIONAL RIGHT TO FREE SPEECH AND FREEDOM OF ASSOCIATION**

  **AS TO PLAINTIFF, WILLIAM O. FULLER**

  **We, the Jury, return the following verdict:**

  1. **Did Mr. Fuller engage in a speech or act that was constitutionally protected under the First Amendment?**

     **YES _____ NO _____**

     **If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.**

  2. **Did Mr. Carollo engage in retaliatory conduct against Mr. Fuller for that act or speech from Question 1?**

     **YES _____ NO _____**

     **If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.**

  3. **Did Mr. Carollo's retaliatory conduct directly and proximately cause an adverse affect on Mr. Fuller's free speech?**

     **YES _____ NO _____**

42

If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

4. **Did Mr. Fuller suffer damages (either economic or non-economic) in his individual capacity as a direct and proximate result of Mr. Carollo's retaliatory conduct?**

   YES **_____** NO **_____**

   If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

5. **What is the amount of economic damages, if any, Mr. Fuller suffered as a direct and proximate result of Mr. Carollo's retaliatory conduct?**

   $_____

6. **What is the amount of non-economic damages, if any, Mr. Fuller as a direct and proximate result of Mr. Carollo's retaliatory conduct?**

   $_____

7. **Was Mr. Carollo acting in, or in furtherance of, his official capacity as a City of Miami Commissioner with respect to the retaliatory conduct?**

   YES **_____** NO **_____**

   If your answer to this question is YES, skip questions 8 and 9. If your answer is NO, proceed to the next question.

43

8. **Was Mr. Carollo's retaliatory conduct done with evil motive and with reckless or callous indifference to Mr. Fuller's constitutional rights?**

   **YES _____ NO _____**

   **If your answer to this question is YES you may award Punitive Damages and proceed to the next question. If your answer is NO, skip question 9.**

9. **What is the amount of Punitive Damages, if any, that should be awarded to Mr. Fuller?**

   **$_____**

   **TOTAL   AWARD   TO   MR.   FULLER,   IF   ANY: $_____**
   **[combine amounts in questions 5, 6, and 9, if any]**

## II.  COUNT I: VIOLATION OF THE CONSTITUTIONAL RIGHT TO FREE SPEECH AND FREEDOM OF ASSOCIATION

### AS TO PLAINTIFF, MARTIN PINILLA II

We, the Jury, return the following verdict:

10. Did Mr. Pinilla engage in a speech or act that was constitutionally protected under the First Amendment?

    YES _____ NO _____

    If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

11. Did Mr. Carollo engage in retaliatory conduct against Mr. Pinilla for that act or speech from Question 10?

    YES _____ NO _____

    If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

12. Did Mr. Carollo's retaliatory conduct directly and proximately cause an adverse affect on Mr. Pinilla's free speech?

    YES _____ NO _____

    If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

45

13. Did Mr. Pinilla suffer damages (either economic or non-economic) in his individual capacity as a direct and proximate result of Mr. Carollo's retaliatory conduct?

YES _____ NO _____

If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to the next Count.

14. What is the amount of economic damages, if any, Mr. Pinilla suffered as a direct and proximate result of Mr. Carollo's retaliatory conduct?

$_____

15. What is the amount of non-economic damages, if any, Mr. Pinilla suffered as a direct and proximate result of Mr. Carollo's retaliatory conduct?

$_____

16. Was Mr. Carollo acting in, or in furtherance of, his official capacity as a City of Miami Commissioner with respect to the retaliatory conduct?

YES _____ NO _____

If your answer to this question is YES, skip questions 17 and 18. If your answer is NO, proceed to the next question.

17. Was Mr. Carollo's retaliatory conduct done with evil motive and with reckless or callous indifference to Mr. Pinilla's constitutional rights?

YES **_____** NO **_____**

If your answer to this question is YES you may award Punitive Damages and proceed to the next question. If your answer is NO, skip question 18.

18. What is the amount of Punitive Damages, if any, that should be awarded to Mr. Pinilla?
$\$\underline{\hspace{3cm}}$

TOTAL   AWARD   TO   MR.   PINILLA,   IF   ANY:
$\$\underline{\hspace{4cm}}$
        [combine amounts in questions 14, 15, and 18, if any]

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

47

## CERTIFICATE OF GOOD-FAITH CONFERENCE

I HEREBY CERTIFY that counsel for Plaintiffs met and conferred with defense counsel, who agreed to the form and contents of the foregoing Joint Proposed Jury Instructions and Proposed Verdict Forms.

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess Esq.
(FBN 702641)
jeff@axslawgroup.com
eservice@axslawgroup.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 3rd day of March 2023.

By: */s/ Jeffrey Gutchess*

Jeffrey W. Gutchess Esq.