UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**DEFENDANT, JOE CAROLLO'S *AMENDED* OMNIBUS MOTION IN LIMINE**

    Defendant, Joe Carollo (the "Commissioner"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 7, the Court's inherent power, and applicable law, moves to prohibit Plaintiffs from introducing any evidence, testimony, argument, or other documentation regarding the following:

    1.    Any memorandums, statements, or other testimony by or from Emilio Gonzalez that form the basis of the Commissioner's pending Motion to Disqualify Plaintiffs' counsel, which is fully incorporated herein [DE 252].

    2.    Any emails or other correspondence, such as the Emails by Jorge Colina, wherein one is attempting to offer legal conclusions and/or opinions they are not qualified to give or capable of giving.

    3.    Any testimony or evidence purporting to show ordinances enacted by the City of Miami Commission and/or actions taken, against each Plaintiff, by City of Miami Code Enforcement, Police, Fire, and/or any other administrative agency of the City unless and until a showing is made that such actions were taken at the direct instruction and/or order of the

Commissioner and are directly connected to a specific alleged action contained within Plaintiffs' Complaint.

4.    Any documentary evidence other than those documents produced by Plaintiffs in conjunction with their First Amended Rule 26 Disclosures, to the extent any such documents are admissible and without waiver as to admissibility of same.

5.    Any testimony or evidence regarding Plaintiffs' alleged medical damages, including but not limited to doctor's visits, medical examinations, prescriptions, or other medical bills because such no documents were produced.

6.    Any testimony or evidence regarding alleged damages not suffered by Plaintiffs individually, but rather by their respective companies.

CASE NO.: 18-24190-CIV-SMITH

I. **Any memorandums, statements, or other testimony by or from Emilio Gonzalez that form the basis of the Commissioner's pending Motion to Disqualify Plaintiffs' counsel [DE 252], must be excluded.**

[*Paragraph 1 above*]

On February 24, 2021, Plaintiffs' Counsel improperly and unethically took a secret, sworn, transcribed statement of former City Manager Emilio Gonzalez in this case (the "Gonzalez Statement"), in which Plaintiffs' Counsel obtained attorney client privileged communications and information. Plaintiffs' Counsel provided no notice to counsel for the Commissioner or the City Attorney's Office prior to taking the Gonzalez Statement. Counsel for the Commissioner and the City Attorney's Office did not know of the Gonzalez Statement, did not know that Plaintiffs' counsel was conducting secret meetings with Gonzalez and other former high-ranking City officials, and had no opportunity to appear or object.

Critically, during Gonzalez's Statement and at other clandestine meetings with Apex witnesses, Plaintiffs' Counsel intentionally solicited and obtained attorney client privileged communications. "[A]n attorney communicating with a former employee of the opposing party may not inquire into privileged attorney-client communications because any privilege existing between the former employee and the organization's counsel belongs to the organization, and can only be waived by the organization." *Terra Int'l v. Mississippi Chem. Corp.*, 913 F. Supp. 1306 (N.D. Iowa 1996). Plaintiffs' Counsel violated the Commissioner's and the City's attorney client privilege. Based on the impropriety of Plaintiffs in obtaining the Statements, Memoranda, and Testimony of Emilio Gonzalez, same must be excluded.

These statements are also inadmissible hearsay as they are statements, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is inadmissible unless it falls within one of the exceptions to the hearsay rule. Fed. R. Evid. 802.

**II.   Any emails or other correspondence, such as the Emails by Jorge Colina, wherein one is attempting to offer legal conclusions and/or opinions they are not qualified to give or capable of giving are inadmissible and properly excluded.**
[*Paragraph 2 above*]

Hearsay is inadmissible unless it falls within one of the exceptions to the hearsay rule. Fed. R. Evid. 802. Pursuant to Rule 801(d)(2)(D), a statement is not hearsay if it is offered against a party and is a statement by the party's agent or employee concerning a matter ***within the scope of the agency or employment, made during the existence of the relationship***. However, before a proponent of a Rule 801(d)(2)(D) party admission statement can qualify for exemption from the hearsay bar, the proffering party must lay an evidentiary foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment. *Wilkinson v. Carnival Cruise Lines, Inc*., 920 F.2d 1560, 1567 (11th Cir. 1991).

Jorge Colina ("Colina") was a police chief and as such he was not acting within his scope of employment when he speculated about the alleged aims of the City Attorney. To hold otherwise would hold a city accountable for statements made by any city employee regardless of his or her position and responsibilities. Rule 801(d)(2)(D) does not cast such a wide net. *See Krause v. City of La Crosse*, 246 F.3d 995, 1002 (7th Cir. 2001) (concluding that assistant police chief was not acting within the scope of his employment when he discussed the alleged motivations of members of the city's finance department). In other words, it is necessary to introduce evidence to show that the ***content*** of the declarant's statement concerns a matter within the scope of the declarant's employment or agency.

Further, Colina's speculation regarding the legal implications of the City Attorney's request for police support in investigating code enforcement violations are also outside the scope of his role as Chief of Police. Colina's testimony also goes beyond lay testimony as it requires specialized knowledge of the law. Fed. R. Evid. 701.

III. **Evidence regarding actions taken by the City, absent a finding they were done at the direction of the Commissioner, and are directly connected to an allegation of Plaintiffs' Complaint, are far more prejudicial than probative, and risk confusion.**

[*Paragraph 3 above*]

Rule 403 requires that a district court determine whether the prejudicial effect of admitting such evidence outweighs its probative value and thereby renders it inadmissible. Here, Plaintiffs' cause of action is for First Amendment Retaliation wherein they must each prove that (1) *each Plaintiff* engaged in constitutionally protected free speech; (2) Commissioner Carollo took adverse actions against *each Plaintiff* related to that speech; and (3) Commissioner Carollo's adverse actions directly and proximately had an adverse effect on *each Plaintiff*; (4) they suffered damages in their individual capacities. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). It is Plaintiffs' burden to establish that the specific alleged actions set forth in Plaintiffs' Complaint were taken by Commissioner Carollo, ***individually***. It would be highly prejudicial to admit documents or testimony regarding actions taken by the ***City*** without first, a showing of evidence that these alleged actions were directly ordered by the Commissioner, and are causally connected to a specific allegation in Plaintiffs' Complaint. Moreover, Plaintiffs must establish that they each exercised their First Amendment rights, not their non-party businesses. *See* [DE 186, p. 9]; *infra,* p. 7.

To the contrary, the prejudicial risk is great where the finder of fact would hear evidence with respect to actions allegedly taken against each Plaintiff that do not impute liability to the Commissioner. As such, unless and until there is a finding that specifically alleged actions were taken against each Plaintiff, directly related to protected speech made by each Plaintiff, and done at the direct instruction of the Commissioner, they should be excluded. Only evidence for which there is a direct connection between a specific allegation of Plaintiffs' Complaint, and an alleged action done at the instruction of Carollo, should be permitted.

CASE NO.: 18-24190-CIV-SMITH

**IV.     Documentary evidence not disclosed or produced is properly excluded.**
[*Paragraphs 4 and 5 above*]

In direct violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiffs have failed to provide a computation of any of the categories of damages claimed and Plaintiffs have failed to provide documents or other evidentiary material on which any such computation is based. This includes, but is not limited to, testimony or evidence regarding Plaintiffs' alleged medical damages, including but not limited to doctor's visits, medical examinations, prescriptions, or other medical bills. Despite the clear dictates of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiffs' have "failed to provide any substantiated basis for the computation for the monetary amount claimed", as in *Marine Depot*, 2020 U.S. Dist. LEXIS 244385 at *8; *see also* Order Granting Motion to Strike [DE 313 at 5].

Additionally, testimony regarding areas, topics, or allegations in which no documents have been produced should be precluded. For example, Plaintiffs have produced no documentation regarding or related to their alleged damages, medical bills, prescriptions, pharmacy visits, or doctor's appointments. Further, as set forth in the Commissioner's Motion to Strike Plaintiffs' Amended Rule 26 Disclosures [DE 315], Plaintiffs have adduced no evidence of damages that are individual to Plaintiffs, rather than those belonging to their respective corporate entities. Additionally, permitting evidence of this nature would improperly inflate the damages at issue in the jury's mind, prejudice the Commissioner, and are simply not available under the law. Plaintiffs must be limited to introducing only that evidence which has been properly identified pursuant to Rule 26. Accordingly, Plaintiffs should be precluded from introducing testimony to elicit that in which they failed to produce, limited to the subject matter of their production, and required to travel under only their individual damages.

CASE NO.: 18-24190-CIV-SMITH

**V.    Any testimony or evidence regarding alleged damages not suffered by Plaintiffs individually, but rather by their respective companies must be excluded.**
[*Paragraph 6 above*]

Plaintiffs must be precluded from introducing documentation or testimony regarding these corporate damages as they are not recoverable. "It is by now well-established that shareholders may not sue individually for injuries suffered by their corporations." *Guillaume v. Hyde*, 2020 U.S. Dist. LEXIS 107256, *9 (S.D. Fla. 2020); *Callaway v. Hornbake*, 2012 U.S. Dist. LEXIS 12011, *10-12 (M.D. Fla. 2012) ("The law is clear that only a corporation and not its shareholders, not even a sole shareholder, can complain of an injury sustained by, or a wrong done to, the corporation. … ***This rule has been extended to civil rights actions brought by shareholders claiming injury to the corporation***") (emphasis added);*Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir. 1981)) ("An officer or stockholder cannot bring an action to redress an injury to the corporation even though the value of their stock is impaired as a result of the injury. This rule has been extended to civil rights actions brought by shareholders claiming injury to the corporation.").

Additionally, any testimony or evidence regarding alleged damages not suffered by Plaintiffs individually, but rather by their respective companies, should be excluded for risk of confusion, and because they are irrelevant to any issue in this case. To that end, this Court has previously dismissed Plaintiffs' allegations "to the extent Plaintiffs seek to recover monetary damages allegedly suffered by non-parties" [DE 186, p. 9]. The Court dismissed from this case alleged damages suffered by Plaintiffs' corporate entities. *Id.* In doing so, the Court rejected Plaintiffs' purported assignment of the damages [DE 125 ¶ 298]: "Even if the non-parties have assigned their claims to Plaintiffs, there are no claims of First Amendment retaliation pled as to the non-parties…. Thus, there is no alleged 'claim' for the non-parties to assign." [DE 186 at 8-9]. Accordingly, Plaintiffs' must be precluded from introducing same.

CASE NO.: 18-24190-CIV-SMITH

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel for the movant, Mason A. Pertnoy, Esq., certifies that he has conferred with counsel for Plaintiffs on March 3, 2023 via telephone conference and that Plaintiffs oppose the relief sought in this Motion.

WHEREFORE, Defendant, Joe Carollo, respectfully requests this Court enter an Order granting the Motion, excluding the evidence and/or testimony set forth in the Motion, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2023, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com
Secondary:  eservicemia@khllaw.com

By:  /s/ *Mason A. Pertnoy*
      Mason A. Pertnoy, Esq.
      Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

CASE NO.: 18-24190-CIV-SMITH

By: /s/ *Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Commissioner Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne
Florida Bar No. 233293

**SERVICE LIST**

| | |
|---|---|
| **Jeffrey W. Gutchess, Esq.**<br>**Brandon P. Rose, Esq.**<br>AXS Law Group PLLC<br>2121 N.W. 2nd Avenue<br>Miami, FL 33127<br>Email: Jeff@axslawgroup.com;<br>Brandon@axslawgroup.com<br>*Counsel for Plaintiffs* | **Robert Zarco, Esq.**<br>**Alejandro Brito, Esq.**<br>Zarco Einhorn Salkowski & Brito, P.A.<br>One South Biscayne Tower<br>2 South Biscayne Boulevard, 34th Floor<br>Miami, FL 33131<br>Email: rzarco@zarcolaw.com; abrito@zarcolaw.com;<br>apiriou@zarcolaw.com<br>*Counsel for Viernes Culturales/Cultural Fridays, Inc.* |
| **Thomas E. Scott, Esq.**<br>Cole, Scott & Kissane<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Email: Thomas.Scott@csklegal.com<br>*Counsel for Defendant Joe Carollo* | |

- 9 -