UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.
_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S BELATED WITNESS DISCLOSURE AND INCORPORATED MEMORANDUM OF LAW

On Sunday, April 23, 2023, in the middle of trial, Defendant Joe Carollo notified Plaintiffs of his intention to essentially double the amount of witnesses he had disclosed before trial by listing seventeen (17) so-called "potential rebuttal witnesses" that he intended to call, while providing only the most vague and most conclusory possible explanations as to what the listed witnesses would be allegedly "rebutting." *See* **Exhibit A** (Apr. 23, 2023 M. Pertnoy email correspondence). Of course, these are not "rebuttal" witnesses at all, but rather individuals who will duplicate the testimony of the dozens of other witnesses who were properly identified before trial to testify about the very same fundamental issues that have always been a matter of dispute between the parties ever since the inception of this case in October 2018. *See Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 555-56 (5th Cir. 1979) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief," and thus "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one"); *Faigin v.*

*Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter **new, unforeseen facts** brought out in the other side's case") (emphasis added).

Defendant's untimely and inadequate disclosure was particularly surprising because, on March 10, 2023, a month before trial, this Court ordered the parties to "submit . . . a list indicating each witness who will testify at trial," including "a one sentence synopsis of the testimony," and Defendant had identified none of these witnesses in response to that Order. DE 342 (Order), DE 369 (Witness Lists). Making matters worse, 13 of the 17 witnesses were never even identified in Defendant's initial disclosures despite his ongoing obligation to supplement those disclosures to identify any witness that he might "use to support [his] claims or defenses." Fed. R. Civ. P. 26(a). And, 11 of the 17 witnesses were not even identified in the pretrial stipulation which required each party to "separately identify[ ] those [witnesses] whom the party expects to present and those whom the party may call if the need arises." S.D. Fla. L.R. 16.1(e). Defendant's witness disclosure is a belated, improper attempt to sandbag Plaintiffs during trial to add several substantive witnesses to Defendant's witness list long after the deadlines for such disclosures have passed. There are multiple reasons why such a blatantly prejudicial disclosure must be stricken.

<u>First</u>, Defendant's witness disclosure is prohibited because it constitutes an untimely backdoor attempt to amend his witness list after several days of trial. Appellate courts "have little difficulty in approving the decisions" of trial courts that "exclud[e] testimony [of] a rebuttal witness after" a party "fail[s] to name him on their pre-trial witness list pursuant to the district court's order." *Bronk v. Ineichen*, 54 F.3d 425, 431-32 (7th Cir. 1995).

The deadline for the parties to identify their trial witnesses expired weeks ago, Plaintiffs have already delivered an opening statement and presented several days of evidence and testimony at trial based upon the **fifteen (15)** witnesses that Defendant identified in his timely filed pretrial

witness list, and thus there is no justification to tolerate Defendant's untimely Sunday-night disclosure that attempts to add **seventeen (17)** new witnesses in the middle of trial with no time to ensure that Plaintiffs' case in chief addressed the expected testimony of those witnesses or to prepare effective cross-examinations. *See Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245-46 (7th Cir. 1982) ("[T]he district court did not abuse its discretion" in "refusing to permit" the testimony of a rebuttal witness who "was not listed as a defense witness on the final pretrial witness list" because it gave the opposing party "only three days notice" which failed to provide "sufficient time to prepare to cross-examine" the witness).

In short, Defendant made a tactical decision not to alert Plaintiffs and the Court to his intention to call seventeen (17) witnesses as to issues that have been extensively addressed over the past four years and thus "must bear the consequences of [his] strategy" to refrain from listing "their names . . . on the joint pretrial order." *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 538–39 (5th Cir. 1987) ("[T]he admission of the[se] witnesses may well . . . result[ ] in manifest injustice to the plaintiffs, for they w[ill] not ha[ve] time to prepare their own response to those witnesses' testimony."); *accord id. A.L. by and through D.L. v. Walt Disney Parks and Resorts U.S., Inc.*, 50 F.4th 1097, 1113 (11th Cir. 2002) ("[T]he district court did not abuse its discretion in controlling its own docket in a case that was seven years old and was starting trial in less than twenty-four hours" by excluding a witness because the party "was late in disclosing" him).

Second, Defendant's witness disclosure is prohibited because it also fails to adequately identify the subject matter of the expected testimony. For instance, for most of the seventeen (17) witnesses, Defendant does not explain what they will testify about, except to say that they will supposedly provide a "rebuttal to [the] testimony" of one of Plaintiff's witnesses. Exhibit A. And, for the remaining witnesses, the disclosures are no better, consisting of a similarly vague statement

that the various witnesses will supposedly provide "rebuttal to [the] testimony" of an issue that is identified in only one or two words, such as "valet parking" or "noise complaint." *Id.* For a case that has been pending for the better part of four years, such a content-free disclosure constitutes hardly any disclosure at all, and utterly deprives Plaintiffs of any opportunity to conduct an investigation or prepare a cross-examination for essentially all of these newly disclosed witnesses. Thus, even assuming that these witnesses were timely disclosed—which, of course, they were not—they would remain subject to exclusion because Defendant failed to provide an adequate "one sentence synopsis of the testimony" that they are expected to offer, in violation of this Court's Pretrial Order. DE 342.

<u>Third</u>, although Defendant may attempt to conflate his so-called "rebuttal" witnesses with "impeachment" witnesses that may be exempted from disclosure requirements in discrete instances, adopting his nonsensical approach would effectively excuse all defendants from virtually all witness disclosure rules in all federal court proceedings. At the outset, of course, this Court's Pretrial Order required the parties to submit "a list indicating **each** witness who will testify at trial," without making an exception that would allow Defendant to withhold the identification of the seventeen (17) witnesses who appear on his mid-trial Sunday-night disclosure on the ground that they are supposedly "rebuttal" witnesses. DE 342 at 2. Nor would inserting such an implicit "rebuttal witness" exception to the Court's instruction to identify "each witness" who will testify at trial make any sense. After all, every witness for every defendant could be characterized as a witness geared towards "rebutting" the plaintiff's case, and thus in virtually every case a so-called "rebuttal witness" exception would swallow the rule requiring defendants to identify their witnesses before trial.

To the contrary, the applicable witness disclosure principles expressed in the Federal and Local Rules do not—and could not reasonably—broadly exempt all "rebuttal" witnesses, but rather recognize narrow exceptions for "impeachment" witnesses only. *See* Fed. R. Civ. P. 26(a) ("[A] party must provide to the other parties" the "name . . . of each witness" that "it may present at trial **other than solely for impeachment**") (emphasis added); S.D. Fla. L.R. 16.1(e) ("The pretrial stipulation shall contain [e]ach party's numbered list of trial witnesses," although "**[i]mpeachment witnesses need not be listed**") (emphasis added). And, that distinction between a witness presented to substantively rebut an aspect of the case and a witness presented specifically to "discredit a witness" makes a world of difference. *Ewing v. Carnival Corp.*, 2022 WL 1719315, at *12 (S.D. Fla. May 27, 2022). Whereas virtually every defense witness offers a substantive rebuttal to the plaintiffs case, only a limited collection of witnesses "play[ ] no role other than impeachment" that questions the credibility or "'explains why the jury should not put faith'" in the testimony of another witness. *Id*. (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)).

Thus, "[a]lthough Rule 26(a)(1) does not require a party to disclose evidence that it intends to use 'solely for impeachment,' the Eleventh Circuit has indicated that this is a **narrow** exception that should be limited to circumstances where the evidence offered by the witness plays **no role other than impeachment**." *Id.* (emphasis added); *accord FTC v. Nat'l Urological Group, Inc.*, 645 F. Supp. 2d 1167, 1180 (N.D. Ga. 2008) (citing *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005)). And, "[b]ecause the exception applies only to evidence used 'solely' for impeachment, 'evidence that serves **both impeachment and substantive purposes** falls outside these exceptions'" and is properly excluded if it is not properly disclosed before trial. *Toliver v. JBS Plainwell, Inc.*, No. 1:11-CV-302, 2014 WL 359494, at *3 (W.D. Mich. Feb. 3,

2014) (emphasis added) (quoting *Hicks v. United States*, 85 Fed. Cl. 634, 635 (2009)); *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007) ("[T]he Rule distinguishes between impeachment and substantive evidence, and exempts only evidence used solely for impeachment from the Rule 26 disclosure requirement."). According to Defendant's vague notice, it appears that he is offering each of his undisclosed witnesses for substantive purposes, and there is no indication that any single witness would be capable of offering any testimony **solely** for purposes of impeachment, as would be necessary in order to be admissible at this late stage without the required pretrial disclosure.

Fourth, even if this Court's Pretrial Order and the Federal and Local Rules contained a purported "rebuttal" witness exception, the seventeen (17) witnesses that Defendant attempts to add to his witness list in the middle of trial are not rebuttal witnesses as a matter of law. In this context, "[r]ebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief," and thus "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." *Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 555-56 (5th Cir. 1979) ("We recognize that boilerplate . . . orders have engendered confusion as to its meaning"); *accord Bennett v. City of Slidell*, 697 F.2d 657, 662 (5th Cir. 1983) ("[W]e discern no merit in the [defendants'] argument that the district court committed reversible error" in "refusing to allow the testimony of the tendered rebuttal witness, . . . observer[ing] that the witness was not listed in the pretrial order and that he was not 'a rebuttal witness in the sense of what the rules contemplate a rebuttal witness to be'").

In other words, the "principal objective of rebuttal is to permit a litigant to counter **new, unforeseen facts** brought out in the other side's case." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir.

1999) (emphasis added). But here, there is nothing new or unforeseen about the evidence and testimony that Defendant's previously undisclosed seventeen (17) witnesses are purportedly prepared to rebut. To the contrary, although Defendant's description of these witnesses is impossibly vague, one thing is crystal clear: All of the witnesses are intended to address the allegations of the complaint that have been a part of the case since its inception in October 2018. If these witnesses are permitted to testify despite Defendant's evasion of this Court's disclosure requirements—**particularly the dozen or so witnesses who were never previously identified either in Defendant's initial disclosures or pretrial stipulation**—then it would invite intolerable gamesmanship.

After all, Defendant knew that his targeting of Plaintiffs and their businesses and tenants was "a contested matter [] in the case, [and] fail[ed] to address it in a timely fashion," meaning that "he scarcely can be heard to complain" if he is not permitted "a second nibble at the cherry" by adding seventeen (17) individuals to his witness list despite failing to identify them as required before trial. *Faigin*, 184 F.3d at 85–86 (1st Cir. 1999) ("This principle has particular bite where, as here, **nothing new or unanticipated** surfaced during the defense case that **even arguably changed the topography of the battlefield**. (emphasis added)). "It should have been clear to plaintiffs from the outset that [this] testimony . . . might be significant," and thus Defendant's "failure to name [the relevant witnesses] at the appropriate time cannot be laid at anyone else's doorstep." *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995).

In sum, after inducing Plaintiffs to deliver an opening statement and present approximately a week of their case in chief based on the fifteen (15) witnesses that Defendant timely identified in accordance with the Court's Pretrial Order and the Federal and Local Rules, it would be manifestly prejudicial to Plaintiffs, the Court, and the jury to allow Defendant to suddenly more

than double his witness list in the middle of trial. There is no legal basis to permit Defendant to derail these proceedings in order to call seventeen (17) new witnesses who were not identified in response to this Court's Pretrial Order (*see* DE 342)—including roughly a dozen of whom were never identified either in Defendant's initial disclosures or in Defendant's pretrial stipulation, in violation of the Federal and Local Rules. *See* Fed. R. Civ. P. 26(a); S.D. Fla. L.R. 16.1(e) (requiring witness disclosures). Trial by ambush is not an option for Defendant, and the extra seventeen witnesses would only serve to waste the Court and the jury's time by extending this trial's finish date until (at least) late May 2023—and likely into June 2023—only to offer cumulative and unnecessary testimony about issues that were well-known to the parties since the inception of the case and can be fully addressed by the 15 witnesses that Defendant disclosed prior to trial.

Dated: April 25, 2023

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeff Gutchess*
Jeffrey W. Gutchess Esq. (FBN702641)
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Plaintiffs William Fuller and Martin Pinilla*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 25th day of April 2023.

By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess Esq.