UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## DEFENDANT, JOE CAROLLO'S MEMORANDUM OF LAW IN SUPPORT OF ADDITIONAL WITNESSES PURSUANT TO COURT'S PAPERLESS ORDER [DE 396]

Defendant, Joe Carollo, by and through his undersigned counsel and pursuant to applicable law, hereby files his Memorandum of Law in Support of Additional Witnesses Pursuant to the Court's Paperless Order [DE 396].

Based on the testimony elicited and evidence introduced during the trial to date, Defendant advised Plaintiffs' counsel on April 23, 2023 of potential witnesses, and the general subject matter of the witnesses' testimony.[1]

The Court should allow these witnesses to testify because their testimony is germane to address the multiple hearsay statements and evidence Plaintiffs have presented thus far in their case-in-chief. Moreover, most of the potential witnesses identified by Defendant have been previously disclosed in the Parties' Pretrial Stipulation and prior Witness Lists filed throughout this case. Thus Plaintiffs cannot claim prejudice or surprise as to these witnesses.

---

[1] The witnesses are: Francis Suarez, Jeffrey Watson, Manuel Morales, Keon Hardemon, Tommy Carroll, Frank Laso, Pat Roberts, Eddy Leal, Sean Moy, Christine Kiefer, Nzeribe Ihekwaba, Lorna Ortega, Cristina Perez, Barbara Diaz, Cassandra Salazar, Ernesto Borges, and Marina Rivera.

Such witnesses were merely omitted in the parties' anticipated witness lists filed on April 6, 2023 [DE 381], pursuant to the Court's Order Providing Instructions for Trial [DE 342] and the Calendar Call held by this Court on April 4, 2023.

In compliance with the Court's instructions, and in an effort to attempt to narrow the issues and shorten the trial (but without waiving his rights), Defendant submitted a shorter list of witnesses based on the matters at issue in the Second Amended Complaint that were reasonably expected to be the subject of the trial. However, Plaintiffs have elicited hearsay statements and evidence far outside the allegations of the Second Amended Complaint.[2] Plaintiffs have also brought in numerous issues from their companies' pending case against the City, *The Mad Room, LLC, et al. v. City of Miami*, Case No. 1:21:cv-23485-RKA (the "*Mad Room* case"). Defendant should be afforded the full opportunity to meet this objectionable hearsay testimony and evidence head on with his own witnesses. Defendant does not anticipate that the inclusion of these potential witnesses will lengthen the time of Defendant's case-in-chief.

Plaintiffs were permitted by this Court to call Michael Kunert and Matt Malone as trial witnesses despite the fact that they had not been disclosed during the case, and Melissa Bernheim, who was also not disclosed, will testify at trial. At the calendar call, the Court addressed these witnesses and stated that the defense could take their depositions. Mr. Malone did not show up for his deposition. Both Mr. Kunert and Mr. Malone were allowed to testify during the trial.

More broadly, there is no prejudice to Plaintiffs from allowing Defendant to elicit testimony from the witnesses listed because Plaintiffs can elect to present testimony and evidence

---

[2] Defendant has objected on numerous occasions, during Plaintiffs' presentation, to testimony and documents containing the hearsay statements of employees and other representatives of the City, even though the City is not a party to this lawsuit. In most instances, the Court has overruled the objection, thereby making germane the countervailing testimony from the additional witnesses.

in anticipation of their later testimony during Plaintiffs' case-in-chief, or if needed, in rebuttal after the close of Defendant's case.

1. **Many of the Witnesses are No Surprise to Plaintiffs and are Necessary to Address Hearsay Testimony and Evidence Elicited by Plaintiffs during Their Case-in-Chief.**

Plaintiffs elicited significant amounts of hearsay testimony from Mr. Acevedo (over objection) about, *inter alia*, an alleged conversation at a brunch with Mayor Francis X. Suarez. Also Mr. Acevedo stated (over objection) that the Mayor's general counsel (Eddy Leal) allegedly warned Mr. Acevedo about the Commissioner in regards to Mr. Fuller. Further, Plaintiffs elicited hearsay testimony from Mr. Acevedo alleging Commissioner Carollo ordered the arrest of protesters. Tommy Carroll as an additional witness would directly address Mr. Acevedo's hearsay testimony. Mr. Acevedo's testimony is untrue and the only way the Court and the jury can hear the truth is from these witnesses. Therefore, it should come as no surprise to Plaintiffs that Defendant seeks to call, *inter alia*, these witnesses.

Plaintiffs also elicited hearsay testimony from Ken Russell and Emilio Gonzalez regarding, *inter alia*, the February 14, 2019 Commission Meeting and Commissioner Carollo's role there. Accordingly, Defendant would seek to call Commissioner Keon Hardemon to address the hearsay testimony elicited.

Moreover, Plaintiffs elicited testimony from Alain Garcia regarding Frank Laso of Complete Consulting Service Group, the parking surcharge administrator for the City. Defendant seeks to call Frank Laso to directly refute the false hearsay and conclusory assertions of Mr. Garcia regarding the parking surcharge. Plaintiffs also elicited testimony from Mr. Garcia regarding the alleged lack of complaints on the subject of parking and speeding in a residential neighborhood. Defendant seeks to call Ms. Christine Kiefer, a resident of the Little Havana neighborhood, to tell the jury of the many complaints she made of Mr. Garcia's valet operations in the residential

neighborhood.

Finally, Plaintiffs elicited practice and procedure testimony from former Alcohol Beverage and Tobacco (ABT) officer Michael Kunert regarding Plaintiffs' operation of their restaurants and bars. Again, Plaintiffs did not disclose Mr. Kunert in any manner until March 3, 2023 in the parties' Pretrial Stipulation. In fact, Mr. Kunert's testimony, which solely involved matters contained in the *Mad Room* litigation, was allowed over Defendant's objection. Defendant's additional witness former ABT officer Pat Roberts would allow Defendant to have the fair opportunity to address the quasi-expert testimony elicited by Plaintiffs.

The above-referenced are mere examples of the multiple instances of hearsay testimony that Plaintiffs have elicited over objection for which the additional witnesses would be called upon to briefly address.

## 2. Many of the Witnesses are Current or Former City of Miami Employees who have been Previously Disclosed in this Case

Many of the potential witnesses have been previously disclosed by the parties in the Pretrial Stipulation filed on March 3, 2023 [DE 332], and in the Witness Lists filed and submitted by both Plaintiffs and Defendant throughout the case. Therefore, allowing these additional witnesses would in no way prejudice Plaintiffs, and would afford Defendant the opportunity to elicit direct admissible evidence.

For example, Nzeribe (Zerry) Ihekwaba is a City of Miami employee, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' witness list filed on May 10, 2021 [DE 184], as well as in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated December 23, 2022 [DE 315-2]. Additionally, Mr. Ihekwaba was deposed in the *Mad Room* case on September 2, 2022.

Manuel Morales is a City of Miami employee, who was identified by *Plaintiffs* as a witness

and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated December 23, 2022 [DE 315-2]. Additionally, Mr. Morales was deposed in the *Mad Room* case on September 7, 2022.

Jeffrey Watson is a former City of Miami Commissioner, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated December 23, 2022 [DE 315-2].

Sean Moy is a current employee of AFSCME union of City of Miami employees, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures dated December 23, 2022 [DE 315-2]. Mr. Moy was also listed in Defendant's Witness List filed on May 10, 2021 [DE 185].

3. **Many of the Witnesses are Current or Former Residents and Business Owners of the Calle Ocho Little Havana Neighborhood who have been Previously Disclosed by Defendant in this Case.**

Many of the witnesses have been previously identified by Defendant throughout the case, because they are residents and business owners of the Calle Ocho Little Havana neighborhood and they have personal knowledge of (i) the excessive noise and noise complaints involving Plaintiffs' properties and businesses, and (ii) communications with Commissioner Carollo about the noise and other complaints. During their case, Plaintiffs have elicited hearsay testimony from, *inter alia*, Steven Miro that there were no such complaints. Therefore, Defendant seeks to present testimony from residents and business owners highlighting the many complaints that were made by them. These witnesses will be brief and will not be cumulative.

Barbara Diaz was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], she was listed in Defendant's Witness List filed on May 10, 2021 [DE 185], and she was listed in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161], in which she was

described as follows: "This individual has information concerning noise complaints and excessive noise on properties and businesses owned by the plaintiffs, and communications with Commissioner Carollo about the complaints."

Lorna Ortega was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], she was listed in Defendant's Witness List filed on May 10, 2021 [DE 185], and she was listed in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161], in which she was described as follows: "This individual has information concerning noise complaints and excessive noise on properties and businesses owned by the plaintiffs."

Casandra Salazar was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], she was listed in Defendant's Witness List filed on May 10, 2021 [DE 185], and she was listed in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161], in which she was described as follows: "This individual has information concerning noise complaints and excessive noise on properties and businesses owned by the plaintiffs, and communications with Commissioner Carollo about the complaints."

Cristina Perez was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], and she was listed in Defendant's Witness List filed on May 10, 2021 [DE 185]. Moreover, Plaintiffs listed Cristina Perez's email to Mayor Francis Suarez as PX 1080 in Plaintiffs' Exhibit List filed with the Parties' Pretrial Stipulation [DE 332-1 at 72].

Ernesto Borges was listed in Defendant's Witness List filed on May 10, 2021 [DE 185] (as Ernesto last name unknown), with his business name and address, La Colada Café, 1518 SW 8 Street Miami, FL 33135. Plaintiffs are well aware that Mr. Borges' business is located in close proximity to their company's business, Ball & Chain, located at 1513 SW 8 Street.

Marina Rivera (El Pub) was listed in the Parties' Pretrial Stipulation filed on March 3, 2023

[DE 332], and she was listed in Defendant's Witness List filed on May 10, 2021 [DE 185], with her business name and address, El Pub Restaurant, 1548 SW 8 Street, Miami, FL 33135. Plaintiffs are well aware that Ms. Rivera's business is located in close proximity to their company's tenant's business, Union Beer, located at 1547 SW 8 Street, and in close proximity to their company's business, Ball & Chain, located at 1513 SW 8 Street.

**Memorandum of Law**

"Rebuttal witnesses are a recognized exception to all witness disclosure requirements". *Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 (11th Cir. 2019) (citing *U.S. v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974)); *Lucas v. Sec., Dep't of Corrections*, 682 F.3d 1342, 1353 (11th Cir. 2012).

Leave to amend a witness list should be granted upon a showing of good cause, in accordance with Federal Rule of Civil Procedure 16. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Jarema v. U.S.*, Case No. 8:19-cv-197-T-24CPT, 2020 WL 10692986, *1 (M.D. Fla. July 7, 2020); *Jetport, Inc. v. Landmark Aviation Miami, LLC*, Case No. 1:16-cv-23303-UU, 2017 WL 7734096, *3 (S.D. Fla. July 25, 2017).

Defendant has demonstrated good cause for his request to present additional witnesses, including those previously listed in witness disclosure lists, but omitted from the April 6 witness list. The witnesses are being called only in light of the Court's allowance of certain testimony that Defendant contends is either hearsay or outside the scope of the claims raised in the Second Amended Complaint. To foreclose Defendant the ability to call his own witnesses to meet Plaintiffs' case in chief would substantially prejudice Defendant and deny him a full and fair opportunity to defend.

WHEREFORE, Defendant, Joe Carollo, respectfully requests that this Court enter an Order

CASE NO.: 18-24190-CIV-SMITH

allowing Defendant to call the witnesses set forth above at the trial of this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2023, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
  FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com
Secondary:  eservicemia@khllaw.com

By: /s/ Mason A. Pertnoy
      Mason A. Pertnoy, Esq.
      Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ Marc D. Sarnoff
      Marc D. Sarnoff, Esq.
      Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Commissioner Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;

mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
    Benedict P. Kuehne
    Florida Bar No. 233293

And

COLE, SCOTT & KISSANE
Co-counsel for Commissioner Joe Carollo
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156
Email: Thomas.Scott@csklegal.com
Amber.Dawson@csklegal.com

By: /s/ Thomas E. Scott
    Thomas E. Scott
    Florida Bar No. 149100
    Amber C. Dawson
    Florida Bar No. 1008084

**SERVICE LIST**

| **Jeffrey W. Gutchess, Esq.**<br>**Brandon P. Rose, Esq.**<br>AXS Law Group PLLC<br>2121 N.W. 2nd Avenue<br>Miami, FL 33127<br>Email: Jeff@axslawgroup.com;<br>Brandon@axslawgroup.com<br>*Counsel for Plaintiffs* | **Robert Zarco, Esq.**<br>**Alejandro Brito, Esq.**<br>Zarco Einhorn Salkowski & Brito, P.A.<br>One South Biscayne Tower<br>2 South Biscayne Boulevard, 34th Floor<br>Miami, FL 33131<br>Email: rzarco@zarcolaw.com; abrito@zarcolaw.com;<br>apiriou@zarcolaw.com<br>*Counsel for Viernes Culturales/Cultural Fridays, Inc.* |