UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S TRIAL MEMORANDUM REGARDING HEARSAY STATEMENTS AND REQUEST FOR CURATIVE INSTRUCTION

This Court should deny Defendant Joe Carollo's ("Defendant") trial memorandum seeking a curative instruction for three independent reasons: (1) the objections have been overruled or waived, (2) the Court properly admitted the testimony, and (3) if granted, the requested instruction would only confuse the jury.

First, the Court has already ruled on Defendant's hearsay objections, and if they were not raised contemporaneously, they have been waived by Defendant. Plaintiffs agree that this Court has properly excluded improper hearsay testimony based on these contemporaneous objections. For instance, the Court repeatedly sustained Defendant's objections when other witnesses testified to actual hearsay statements about general knowledge. To take just one example, the Court sustained Defendant's objection when Ms. Rosa Romero stated that "[e]veryone knew that he was responsible for all of the raids" in response to being asked how she "kn[e]w defendant Carollo was responsible for this [raid] in particular?" April 24, 2023 Trial Tr. at 72. Further, when Bill Fuller testified, the Court sustained a hearsay objection to "everyone knows": "Q. Okay. And why didn't

you support Alfie Leon in a public way? . . . [Mr. Martin Pinilla] I knew it. Everyone knew it. We all knew it. That's what ABC was founded on. MR. KUEHNE: Objection, Your Honor, to again everyone knowing something. We don't even know who these people are. THE COURT: Sustained." May 9, 2023 Trial Tr. at 169.

Furthermore, in instances when Defendant failed to lob a hearsay objection during the actual testimony, such objection has been waived. *See, e.g.,* April 24, 2023 Trial Tr. at 133-34; *see also, e.g., United States v. Cook*, 959 F.2d 245 (10th Cir. 1992) ("When the defense fails to object contemporaneously to admission of hearsay, the objection is waived"); *In re Decker Oaks Dev. II, Ltd.*, 415 B.R. 239, 261–62 (S.D. Tex. 2009) ("Because Royce Homes did not contemporaneously raise a hearsay objection, however, the objection is considered waived, and Weedn's hearsay testimony '"may be considered ... for such probative value as it may have"'" (quoting *Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc*., 62 F.3d 690, 694 (5th Cir. 1995))). Try as he may, Defendant cannot resurrect his waived objections at this eleventh hour of this trial.

Second, even if the Court were to continue its analysis, "common knowledge" testimony is not automatically inadmissible hearsay.[1] To take the sole example of testimony cited by Defendant, Chief of Police Acevedo's testimony was not offered to prove that Defendant was

---

[1] Out-of-court statement about the "common knowledge" of other groups or individuals is not inadmissible hearsay if it is not being offered for the truth of the matter asserted. *See, e.g., Naumovski v. Binghamton Univ., State Univ. of New York*, No. 3:11-CV-1097, 2019 WL 5445346, at *1 (N.D.N.Y. Oct. 24, 2019) ("[T]estimony . . . regarding rumors . . . may be admissible for purposes other than to prove the truth of the matter asserted" where the party "does not seek to prove the truth of the rumors, only that the rumors existed."); *United States v. Nacrelli*, 468 F. Supp. 241, 252–53 (E.D. Pa. 1979), aff'd, 614 F.2d 771 (3d Cir. 1980) ("The testimony as to what other officers had told them is likewise not within the definition of hearsay, since the declarations of the other officers were admitted, not for the truth of the matter asserted, but to show the effect on the officers who testified").

targeting Plaintiffs or that such targeting was, in fact, widely known in Miami. Rather, Chief Acevedo cited the "wide open knowledge" that Defendant was targeting Plaintiffs to explain why, in his own state of mind, he believed it was obvious that Defendant was "adding properties to this list to make it look like Mr. Fuller wasn't being targeted." April 18, 2023 Trial Tr. at 102-103. Defendant's own authority buttresses this point. *See Alexander v. United States*, No. 21-13720, 2022 WL 17688692, at *5 n.3 (11th Cir. Dec. 15, 2022*)* (noting that "the district court permitted 'evidence that anybody that worked for the Bureau of Prisons ever heard the rumors' only for the claims against the government").[2]

Third – and again assuming that the Court continues its analysis – the requested curative instruction would be confusing and is hopelessly vague, as it would require the jury to retroactively parse 17 days of testimony in Plaintiffs' case-in-chief in order to recall which unidentified testimony Defendant contends refers to "common knowledge." This would be an exercise in futility and is completely inappropriate. Given that Defendant has cited only a single example of testimony that he (incorrectly) deems hearsay, the broad confusing instruction would lead the jury to disregard properly admitted evidence – the true gambit Defendant belatedly seeks.

---

[2] Further on this score, Defendant's case law is entirely distinguishable because it concerns "common knowledge" testimony offered to establish a concrete fact that was not directly observed by any single individual. Plaintiffs did not offer Chief Acevedo's testimony for the truth of the matter asserted. *See, e.g.*, *Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1234 (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004) (excluding "common knowledge" of whether a laser pointer was on board a ship in the absence of any percipient witness who observed a laser pointer); *Alexander*, No. 21-13720, 2022 WL 17688692, at *5 (affirming the exclusion of hearsay evidence brought in to prove whether a prison doctor took sexual liberties with female inmates); *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 962 (11th Cir. 1997) (finding that the district court properly excluded hearsay offered to prove whether an employer engaged in disparate treatment based on the race of his employees).

## CONCLUSION

For the foregoing reasons, Plaintiffs Bill Fuller and Martin Pinilla respectfully request that the Court deny the relief sought in Defendant Joe Carollo's Trial Memorandum.

Dated: May 16, 2023

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Courtney Caprio*
Courtney Caprio, Esq. (FBN 933961)
Jeffrey W. Gutchess Esq. (FBN 702641)
courtney@axslawgroup.com
jeff@axslawgroup.com
eservice@axslawgroup.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF on counsel of record of in this action on this 16th day of May 2023.

By: */s/ Courtney Caprio*

Courtney Caprio, Esq.