**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:18-cv-24190**

WILLIAM O. FULLER, and

MARTIN PINILLA, II,

          Plaintiffs,

v.

JOE CAROLLO,

          Defendant.

_____/

**AMENDED PROPOSED JOINT JURY INSTRUCTIONS
AND VERDICT FORMS**

    Plaintiffs William Fuller and Martin Pinilla and Defendant Joe Carollo respectfully submit their Amended Proposed Joint Jury Instructions and Verdict Form pursuant to this Court's May 23, 2023 Order Requiring Joint Jury Instructions. ECF No. 441.

1

## TABLE OF CONTENTS

**3.1 Introduction**

**3.2 Duty to Follow Instructions - No Corporate Party Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**

**3.5.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**

**5.1 First Amendment Retaliation**

**5.13 Civil Rights –Damages**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**3.1 Introduction**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and

MARTIN PINILLA, II,

       Plaintiffs,

v.

JOE CAROLLO,

      Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**<u>CITATIONS</u>**

Eleventh Circuit Pattern Instruction 3.1 Introduction

**<u>ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.1</u>**

No annotations associated with this instruction.

**PLAINTIFFS' PROPOSED INSTRUCTION 3.2**

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**CITATIONS**

Eleventh Circuit Pattern Instruction 3.2 The Duty to Follow Instructions – No Corporate Party Involved

**ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.2**

No annotations associated with this instruction.

**DEFENDANT'S PROPOSED INSTRUCTION 3.2.3**

**3.2.3 The Duty to Follow Instructions - Government Entity or Agency Involved**
Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.
You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the
instructions on the law.

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


**<u>CITATIONS</u>**

Eleventh Circuit Pattern Instruction 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

**<u>ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.3</u>**

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**<u>CITATIONS</u>**

Eleventh Circuit Pattern Instruction 3.4 Credibility of Witnesses

**<u>ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.4</u>**

No annotations associated with this instruction.

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements
### or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**CITATIONS**

Eleventh Circuit Pattern Instruction 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

**ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.5.2**

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case, it is the responsibility of each of the Plaintiffs to prove every essential part of his own claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff asserting the claim.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of either of the Plaintiffs by a preponderance of the evidence, you should find for the Defendant to that claim.

### CITATIONS

Eleventh Circuit Pattern Instruction 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

### ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.7.1

No annotations associated with this instruction.

**3.7.2 Responsibility for Proof – Affirmative Defense**
      **Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defense[s] of _____. Even if the Plaintiffs prove their claim[s] by a preponderance of the evidence, the Defendant can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the Defendant does not have to disprove the Plaintiffs' claim[s], but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

**CITATIONS**

Eleventh Circuit Pattern Instruction 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

**ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 3.7.2**

No annotations associated with this instruction.

**PLAINTIFFS' PROPOSED INSTRUCTION 5.1**

**5.1 Civil Rights – 42 U.S.C. § 1983 Claims – First Amendment Retaliation**

In this case, Bill Fuller and Martin Pinilla each claim that Joe Carollo, while acting under color of law, engaged in a campaign of harassment and payback against each of them in violation of the First Amendment. Specifically, Bill Fuller and Martin Pinilla allege Joe Carollo retaliated against them by trespassing, by lodging fabricated and often anonymous complaints against them, by causing or commandeering City of Miami officials to selectively target them or their properties, businesses, tenants, or events for inspections, violations and enforcement actions, and/or by making false and defamatory statements to harm them—all because they exercised their First Amendment rights to free speech, association, and assembly including, but not limited to, by supporting Carollo's opponent in a run-off election, by filing an ethics complaint against Carollo, by filing the complaint against Carollo in this case, and/or by speaking out against Carollo at a City Commission meeting.

A person's right to speak freely, to support or oppose political candidates of their choosing, to seek redress in the courts, to make donations to support or oppose a candidate for political office, to peaceably assemble by holding political rallies to support or oppose a candidate for political office, and to petition the government by filing ethics complaints against his or her representatives, are all protected by the Constitution.

To succeed on this claim, Bill Fuller and Martin Pinilla must prove each of the following facts by a preponderance of the evidence:

First:    That Bill Fuller and Martin Pinilla each engaged in protected speech, association, and assembly, including, but not limited to, by supporting

10

Carollo's opponent in a run-off election through speech, campaign donations and holding political rallies on their property, by filing an ethics complaint against Carollo, by filing the complaint against Carollo in this case, and/or by speaking out against Carollo at a City Commission meeting.

Second:    That Joe Carollo retaliated against Bill Fuller and Martin Pinilla by engaging in a campaign of harassment and payback—including by trespassing, by lodging fabricated and often anonymous complaints against them, by causing or commandeering City of Miami officials to selectively target Bill Fuller and Martin Pinilla or their properties, businesses, tenants, festivals or events for inspections, violations and enforcement actions, and/or by making false and defamatory statements to harm them;

Third:    That Bill Fuller and Martin Pinilla's exercise of their First Amendment Rights was a motivating factor in Joe Carollo's decision to retaliate and harass Bill Fuller and Martin Pinilla. A motivating factor is a significant factor, though not necessarily the only factor. Bill Fuller and Martin Pinilla can show that their protected conduct was a motivating factor in Joe Carollo's decision to retaliate by showing that Joe Carollo knew about their protected First Amendment conduct and that there was a close temporal proximity between Joe Carollo's awareness of the protected First Amendment conduct and his alleged retaliatory actions. Bill Fuller and Martin Pinilla merely have to prove that their protected First Amendment conduct and Joe Carollo's retaliatory actions were not completely unrelated;

Fourth:    That Joe Carollo's alleged campaign of retaliation, payback and harassment would likely deter a similarly situated reasonable person from engaging in similar acts of protected speech, association, and assembly—such as supporting a political candidate through speech, campaign donations and

11

holding political rallies, or filing an ethics complaint or lawsuit against his or her elected representative. This is an objective standard, meaning that Bill Fuller and Martin Pinilla do not have to establish that they themselves were deterred from engaging in similar acts of protected speech, association, or assembly; and

> Fifth:        That Joe Carollo acted under color of law.

For the fifth element, you must decide whether Joe Carollo acted under color of law. A government official acts "under color of law" when he acts within the limits of lawful authority. A government official also acts under color of law when he claims to be performing an official duty, but his acts are outside the limits of lawful authority and are abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is a government official.

If you find Bill Fuller and Martin Pinilla have proved each of these facts by a preponderance of the evidence, then you must consider Joe Carollo's contention that he would have engaged in the same activity—including trespassing, lodging fabricated and often anonymous complaints against Bill Fuller and Martin Pinilla, by causing or commandeering City of Miami officials to selectively target Bill Fuller and Martin Pinilla or their properties, businesses, tenants, festivals or events for inspections, violations and enforcement actions, and/or by making false and defamatory statements to harm them— anyway. To succeed on this contention, Joe Carollo must prove by a preponderance of the evidence that he would have done these same things even if Bill Fuller and Martin Pinilla had not exercised their First Amendment rights, including, but not limited to, by supporting Carollo's political opponent in a run-off election through speech, campaign donations and holding political rallies on their property, by filing an ethics complaint against

Carollo, by filing the complaint against Carollo in this case, and/or by speaking out against Carollo at a City Commission meeting,.

If you find Bill Fuller and Martin Pinilla have each proved each of the facts they must prove and if you find that Joe Carollo has not proven his contention, you must then decide the issue of Bill Fuller and Martin Pinilla's damages.

However, if you find that either Bill Fuller and Martin Pinilla did not prove each of the facts he must prove, or if you find that Joe Carollo proven his contention, then you must find for Joe Carollo as to that Plaintiff.

**CITATIONS TO PLAINTIFFS' PROPOSED INSTRUCTION 5.1**

- Eleventh Circuit Pattern Instruction 5.1 Civil Rights – 42 U.S.C. § 1983 Claims – First Amendment Retaliation
- **Causation Instruction:**
  - *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("We construe the causal link element broadly so that 'a plaintiff merely has to prove that the protected activity and the ... [adverse] action are not completely unrelated.' 'A plaintiff satisfies this element if [s]he provides sufficient evidence' of knowledge of the protected expression and "that there was a close temporal proximity between this awareness and the adverse ... action.' A 'close temporal proximity' between the protected expression and an adverse action is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case. We have held that a period as much as one month between the protected expression and the adverse action is not too protracted." (internal citations omitted)).
  - *Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1344 (S.D. Fla. 2014) ("Regarding the third prong, to establish a causal connection, a plaintiff must show his protected conduct was a motivating factor behind the alleged retaliatory misconduct. Plaintiff must identify a sequence of events from which 'a retaliatory motive can be inferred[,]' notwithstanding other non-retaliatory motives the defendant may harbor. . . . In conjunction with the burden-shifting formula, courts also consider the temporal proximity between a plaintiff's exercise of free speech and the adverse effect in gauging the causal connection." (internal citations omitted)).
  - *Smith v. Caldwell*, No. 2:20-CV-810-ACA-GMB, 2022 WL 685037, at *10 (N.D. Ala. Feb. 9, 2022), *report and recommendation adopted*, No. 2:20-CV-810-ACA-GMB, 2022 WL 682269 (N.D. Ala. Mar. 7, 2022) ("This causal connection may be shown by a 'chronology of events from which retaliation may plausibly be inferred.'" (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6

(7th Cir. 1988))).
- o Ninth Circuit Pattern Instruction 9.11 Particular Rights—First Amendment—"Citizen" Plaintiff ("A substantial or motivating factor is a significant factor, though not necessarily the only factor.").
- **Objective Person of Ordinary Firmness Standard Instruction:**
  - o *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005) ("As a final reason for approving of the objective standard, we note that it is consistent with statements in our own cases, even though we have not explicitly adopted the 'ordinary firmness' test. . . . [W]e did not focus on the plaintiff's subjective, actual chilling. Instead, we objectively assessed the defendants' actions and declared that an actual chill is not necessary to state a First Amendment violation: '[T]he source of that chill ... provides the critical irreparable injury to those citizens, regardless of whether actual chill is proved.'").

## ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 5.1

### I. Scope of Instruction

This instruction applies to any claim in which a prisoner or private citizen who is not suing in his or her capacity as a public employee alleges that a public official retaliated against him or her for exercising a constitutional right. For public employees asserting a First Amendment retaliation claim, see Pattern Instruction 4.1.

### II. Elements of the Claim

The elements of the claim are derived from *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008): (1) the speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *See also Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

#### a. Protected Conduct

Whether the conduct is constitutionally protected is a question of law for the court. If necessary, additional contextual information about the protected conduct may be added to the second paragraph of the instruction.

#### b. Adverse Effect on Protected Speech

To show the defendant's conduct adversely affected protected speech, a plaintiff must show the defendant's conduct would likely "deter a person of ordinary firmness" from exercising his or her First Amendment rights. *See, e.g., Bennett*, 423 F.3d at 1254 ("A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.");

14

*Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) ("The second element required [the plaintiff] to show that the discipline he received would likely deter a [prisoner] of ordinary firmness from complaining about the conditions of his confinement." (second alteration in original) (internal quotation marks and citation omitted)). The Committee has used the language "deter a similarly situated reasonable person" because it is easier to understand and conveys the same idea.

### c.  Causation

First Amendment retaliation claims have a unique causation element. "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011); *see also Smith*, 532 F.3d at 1278 ("The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [the plaintiff] complained of some of the conditions of confinement."). Courts decide the "subjective motivation issue" using the burden-shifting formula set forth by the Supreme Court in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). *Smith*, 532 F.3d at 1278.

"[O]nce the plaintiff shows that her protected conduct was a motivating factor, the burden shifts to the defendant to show that she would have taken the same action in the absence of the protected conduct, in which case the defendant cannot be held liable." *Castle*, 631 F.3d at 1197; *see also Smith*, 532 F.3d at 1278 n.22 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 n.4 (6th Cir. 1999) (alterations in original) ("Under the *Mt. Healthy* approach, if the government official 'can prove that [he] would have taken the adverse action in the absence of the plaintiff's protected conduct, [he] cannot be held liable.'")).

## III.   Damages

The Eleventh Circuit has noted that physical injury "rarely" results from a First Amendment violation. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). In those rare cases where a prisoner suffers a physical injury resulting from a First Amendment violation, the jury should be instructed concerning recoverable damages. For the damages instruction, see Pattern Instruction 5.13.

**DEFENDANT'S PROPOSED INSTRUCTION 5.1**

**5.1 Civil Rights - 42 U.S.C. § 1983 Claims - First Amendment Retaliation**

In this case, Bill Fuller and Martin Pinilla each claim that Joe Carollo, while acting under color of law, retaliated against each of them by, among other things, abusing his authority as a City of Miami commissioner and seeking to have the City shut down businesses owned by or associated with each of the Plaintiffs because each of them exercised his right to free speech and assembly by supporting Carollo's opponent in a run-off election and filing an ethics complaint against Carollo.

A person's right to speak freely and make donations to support or oppose a candidate for political office, as well as a person's right to peaceably assemble by holding political rallies to support or oppose a candidate for political office on his or her property, and a person's right to petition the government by filing ethics complaint against his or her representatives, are all protected by the Constitution.

To succeed on this claim, Bill Fuller and Martin Pinilla must each prove all of the following facts by a preponderance of the evidence:

First: That Bill Fuller and Martin Pinilla each engaged in protected speech or assembly by supporting Carollo's election opponent through speech, campaign donations, and/or holding political rallies on their properties, as well as by filing an Ethics Complaint against Carollo;

Second: That Joe Carollo retaliated against Bill Fuller and Martin Pinilla by among other things, abusing his authority as a City of Miami commissioner and seeking to have the City shut down businesses owned by or associated with each of the Plaintiffs;

Third: That Bill Fuller and Martin Pinilla's support of Joe Carollo's election opponent through speech, campaign donations, holding political rallies on their entity-owned property, and/or their filing of an Ethics Complaint, was a motivating factor in Joe Carollo's alleged retaliation;

Fourth: That Joe Carollo's alleged retaliatory act(s) would likely deter a similarly situated reasonable person from engaging in similar acts of protected speech and assembly-including supporting a political candidate through campaign donations, holding political rallies on their entity-owned property, or filing an ethics complaint against his or her elected representative; and

Fifth: That Joe Carollo acted under color of law.

For the fifth element, you must decide whether Joe Carollo acted under color of law. A government official acts "under color of law" when he acts within the limits of lawful authority.

He also acts under color of law when he claims to be performing an official duty but his acts are

outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his

power and is able to do so only because he is an official.

Sixth: That there was an absence of probable cause for Mr. Carollo to make complaints, make inquiries, or take other actions against the properties or businesses owned by or associated with Mr. Fuller and Mr. Pinilla.

If you find Bill Fuller and Martin Pinilla each has proven all of the elements he must prove, then you must consider Joe Carollo's contention that he would have engaged in the same conduct even in the absence of any motive to retaliate against Mr. Fuller or Mr. Pinilla.

To succeed on this contention, Joe Carollo must prove by a preponderance of the evidence that he would have engaged in  the same conduct  if Bill Fuller and Martin Pinilla had not supported his

election opponent through speech, campaign donations,  holding rallies on their entity-owned property, or

had not filed an ethics complaint against him.

If you find Bill Fuller and Martin Pinilla  has each proven  all of the elements they must prove and if you find that Joe Carollo has not proven his contention, you must then decide the issue of Bill Fuller and Martin Pinilla's damages.

However, if you find that either Bill Fuller and Martin Pinilla did not individually prove all of the elements he  must prove, or if you find that Joe Carollo proved his contention, then you must find for Joe Carollo as to that Plaintiff.

**PLAINTIFFS' PROPOSED INSTRUCTION 5.13**

**5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

      **Compensatory Damages:** You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Bill Fuller and Martin Pinilla's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Joe Carollo. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Bill Fuller and Martin Pinilla do not have to introduce evidence of a monetary value for intangible things like physical pain or emotional distress. Bill Fuller and Martin Pinilla also do not have to introduce medical or expert evidence to prove emotional distress or other physical symptoms. You must determine what amount will fairly compensate them for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

      You should consider the following elements of damage, to the extent you find that Bill Fuller and Martin Pinilla have proved them by a preponderance of the evidence, and no others:

      (a)     Bill Fuller and Martin Pinilla's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Bill Fuller and Martin Pinilla are reasonably certain to experience in the future;

      (b)     Bill Fuller and Martin Pinilla's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Bill Fuller and Martin Pinilla are reasonably certain to experience in the future; and

**Nominal Damages:** If you find in favor of Bill Fuller and Martin Pinilla, but they have failed to prove compensatory damages by a preponderance of the evidence, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find that Bill Fuller and Martin Pinilla have proved that they suffered actual injuries by a preponderance of the evidence, you must award compensatory damages as I instructed previously, rather than nominal damages.

**Mitigation of Damages:** Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Joe Carollo has proved by a preponderance of the evidence that Bill Fuller and Martin Pinilla did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Bill Fuller and Martin Pinilla's damages by the amount that they could have reasonably received if they had taken advantage of such an opportunity.

**Punitive Damages**: If you find for Bill Fuller and Martin Pinilla and find that Joe Carollo acted with malice or reckless indifference to Bill Fuller and Martin Pinilla's federally protected First Amendment rights, the law allows you, in your discretion, to award Bill Fuller and Martin Pinilla punitive damages as a punishment for Joe Carollo and as a deterrent to

others. Punitive damages may be awarded even if you award only nominal damages and no compensatory damages.

Bill Fuller and Martin Pinilla must prove by a preponderance of the evidence that they are entitled to punitive damages.

Joe Carollo acts with malice if his conduct is motivated by evil intent or motive. In other words, conduct is malicious if it is accompanied by ill will or spite, or if the conduct is done for the purpose of injuring Bill Fuller and Martin Pinilla. Joe Carollo acts with reckless indifference to the protected federal rights of Bill Fuller and Martin Pinilla when Joe Carollo engages in conduct with a callous disregard for whether the conduct violates Bill Fuller and Martin Pinilla's protected federal rights. In other words, conduct is in reckless disregard of Bill Fuller and Martin Pinilla's rights if, under the circumstances, Joe Carollo simply did not care about Bill Fuller and Martin Pinilla's rights.

**CITATIONS FOR PLAINTIFFS' PROPOSED INSTRUCTION 5.13**

- Eleventh Circuit Pattern Instruction 5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages
- **Evidence of Emotional Distress Damages:**
  - *Kim v. Nash Finch Co*., 123 F.3d 1046, 1065 (8th Cir. 1997) ("Nash Finch also argues there was no medical or other expert testimony to support the finding of emotional distress. The jury awarded Kim $100,000 for mental anguish and loss of enjoyment of life caused by the November 1990 failure-to-promote under 42 U.S.C. § 1981. Medical or other expert evidence is not required to prove emotional distress. 'A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard.' Here, Kim, his wife and his son testified about the anxiety, sleeplessness, stress, depression, high blood pressure, headaches, and humiliation he suffered after he was not promoted and after he filed the employment discrimination charge. We hold that medical or other expert evidence was not required to prove emotional distress and that there was sufficient evidence of emotional distress." (internal citations omitted)).
  - *Marable v. Walker*, 704 F.2d 1219, 1220–21 (11th Cir. 1983) ("The plaintiff testified at trial that he had been embarrassed and humiliated by defendant's refusal to rent an apartment to him. . . . This Court has held that damages for emotional distress in cases of this type 'may be inferred from the circumstances as well as proved by the testimony.' *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir.1977). *See Seaton v. Sky Realty Co., Inc*., 491 F.2d 634, 636 (7th Cir.1974) ( "Humiliation can be inferred from the circumstances as well as established by the testimony").").
  - *Nimmons v. Clark*, No. 1:13-CV-03786-WSD, 2015 WL 1191210, at *3 (N.D. Ga. Mar. 16, 2015) ("Under Section 1983, a plaintiff 'may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation and personal humiliation.' *Slicker v. Jackson*, 215 F.3d 1225, 1230 (11th Cir.2000); *Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir.1990) (holding that 'non-physical injuries such as humiliation, emotional distress, mental anguish, and suffering' are compensable under Section 1983); *see also Thompson v. Secretary of Florida, Dept. of Corrections*, 551 F. App'x 555, 557 (11th Cir.2014); *Hale v. Secretary for Dept. of Corrections*, 345 F. App'x 489, 491 (11th Cir.2009). A federal court may award monetary damages, under Section 1983, for pain and suffering even if the plaintiff cannot present evidence of out-of-pocket loss or monetary harm. . . . Plaintiff testified at the March 2, 2015 hearing about damage suffered as a result of Defendant Clark's conduct. The Court finds that Plaintiff has sufficiently

21

demonstrated that she suffered mental and emotional distress, and, as a result, has suffered damages.").

- **Nominal Damages Instruction:**
  - *Liese v. Delio*, No. 614CV1788ORL40DAB, 2016 WL 7325649, at \*5 (M.D. Fla. May 26, 2016) ("It is abundantly clear that once a plaintiff seeks nominal damages, and after the jury finds that the plaintiff's constitutional rights have been violated, the plaintiff is entitled to nominal damages even if he suffers no compensable injury. Stated differently, nominal damages 'must' be awarded when the plaintiff prevails on liability but is unable to carry his burden on compensatory damages, rendering nominal damages mandatory when properly presented to the jury." (internal citations omitted)).
  - *Slicker v. Jackson*, 215 F.3d 1225, 1231–32 (11th Cir. 2000) ("Although we have never addressed the appropriateness of nominal damages in the context of an excessive force claim, we agree with the reasoning of our sister circuits which have held that a § 1983 plaintiff alleging excessive use of force is entitled to nominal damages even if he fails to present evidence of compensable injury.").
  - *Floyd v. L.*, 929 F.2d 1390, 1401–03 (9th Cir. 1991) ("Floyd correctly cites *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), for the proposition that a plaintiff in a civil rights action under section 1983 is entitled to nominal damages as a matter of law if she obtains a favorable jury verdict. . . .In *Farrar v. Cain*, 756 F.2d 1148, 1152 (5th Cir.1985) (citing *Carey v. Piphus*, 435 U.S. at 266–67, 98 S.Ct. at 1053–54), the Fifth Circuit held that it was an abuse of discretion for a trial court not to award nominal damages to a plaintiff who had won a jury verdict showing his fundamental right to have been violated. . . . We hold that neither the judge nor the jury has any discretion in this matter, assuming that the jury has reasonably rendered its verdict for the plaintiff. If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive. That a jury might choose to award zero actual damages is irrelevant to the legal question of whether, on the basis of the jury's verdict, the plaintiff was entitled to judgment and nominal damages. Because Floyd secured a favorable jury verdict on her section 1983 claim against the City of Sherwood, she was legally entitled to judgment with a mandatory nominal damages award of $1.00 as a symbolic vindication of her constitutional right.").
  - Ninth Circuit Pattern Instruction 5.6 Nominal Damages ("The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.").

22

- **Punitive Damages Instruction:**
  - *Forsberg v. Pefanis*, No. CIVA1:07-CV-03116JOF, 2009 WL 4798124, at *11 (N.D. Ga. Dec. 8, 2009), *aff'd*, 634 F. App'x 676 (11th Cir. 2015) ("Even more relevant to Plaintiff's § 1985(2) claim here, numerous circuit courts have not required proof of actual or nominal damages to support a punitive damages award in civil rights cases. . . . In fact, in *Davis v. Locke*, 936 F.2d 1208 (11th Cir.1991), the Eleventh Circuit held that 'punitive damages may be awarded in a § 1983 action even without actual loss.' *Id.* at 1214 (citing *Wilson v. Taylor*, 658 F.2d 1021, 1033 (5th Cir. Unit B. Oct.1981)). 'An award of punitive damages is authorized in a civil rights case if "the defendant was motivated by an evil motive or intent, or there must be reckless or callous indifference to federally protected rights."'" *Id.* (quoting *Anderson v. City of Atlanta*, 778 F.2d 678, 688 (11th Cir.1985)).").
  - *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) ("Locke and Gemelli appeal the district court's denial of their motions for directed verdict and JNOV on the issue of punitive damages. The jury assessed punitive damages of $1,750 each against Locke and Gemelli. No award for compensatory damages was made to Davis for physical or psychological injuries. In this circuit, 'punitive damages may be awarded in a § 1983 action even without actual loss....' *Wilson v. Taylor*, 658 F.2d 1021, 1033 (5th Cir. Unit B Oct. 1981); *see Glover v. Alabama Dept. of Corrections*, 734 F.2d 691, 694 (11th Cir.1984), *cert. granted and vacated*, 474 U.S. 806, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985), *on remand*, 776 F.2d 964 (11th Cir.1985) (affirming punitive damages award of $25,000 after jury awarded $1 in nominal damages on section 1983 claim). . . . Accordingly, the jury's award of punitive damages was proper and will not be disturbed on appeal.").
  - *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("Doubtless 'the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights.' For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. We have also held, however, that 'the denial of procedural due process should be actionable for nominal damages without proof of actual injury' The awarding of nominal damages for the 'absolute' right to procedural due process 'recognizes the importance to organized society that [this] righ[t] be scrupulously observed' while 'remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury.' Thus, Carey obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury." (internal citations omitted)).
  - Seventh Circuit Pattern Instruction 7.28 Damages: Punitive ("Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of

injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's [safety] [or] [rights].").

## ANNOTATIONS AND COMMENTS TO PATTERN INSTRUCTION 5.13

### I.      The Prison Litigation Reform Act of 1995 (PLRA)

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). In the Eleventh Circuit, a prisoner or pretrial detainee who suffers a constitutional violation without more than a de minimis physical injury may recover nominal damages, but not compensatory or punitive damages. See, e.g., Brooks v. Warden, 800 F.3d 1295, 1307-09 (11th Cir. 2015); Al-Amin v. Smith, 637 F.3d 1192, 1195-99 (11th Cir. 2011) (affirming district court's exclusion at trial of evidence concerning compensatory and punitive damages where there was no evidence plaintiff suffered a physical injury); cf. Calhoun v. DeTella, 319 F.3d 936, 940-41 (7th Cir. 2003) (noting the circuit split regarding the application of the PLRA's bar on damages). The "availability of declaratory or injunctive relief" as determined by the court is not affected by the PLRA. Boxer X v. Harris, 437 F.3d 1107, 1111 n.3 (11th Cir. 2006).

Although physical injury must be more than de minimis to recover compensatory and punitive damages under the PLRA, the physical injury need not be significant. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in pertinent part, 216 F.3d 970 (11th Cir. 2000) . The Eleventh Circuit has not precisely defined what constitutes de minimis physical injury. Case law indicates that a de minimis physical injury includes minor cuts and bruises. Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable de minimis injury); Harris, 190 F.3d at 1286  (holding that a forced "dry shave" was a de minimis injury); Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (finding that a sore, bruised ear persisting for three days was de minimis). The instruction uses more than minimal injury, rather than more than de minimis injury because it is easier for jurors to understand and conveys the same idea.

The damages limitations under the PLRA apply with equal force to claims by convicted prisoners and pretrial detainees. Goebert v. Lee Cty., 510 F.3d 1312, 1322-25 (11th Cir. 2007) (applying PLRA to § 1983 claim by a pretrial detainee). However, the PLRA does not apply to lawsuits brought by individuals who are no longer in custody. Napier v. Preslicka, 314 F.3d 528, 531-34 (11th Cir. 2002).

### II.     Compensatory Damages

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986); accord Wright v. Sheppard, 919 F.2d 665, 669 (11th Cir. 1990). Damages may include monetary losses, such as lost wages, damaged property, and future medical expenses. Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000)). Damages also may be awarded based on "physical pain and suffering" and "demonstrated . . . impairment of reputation[] and "personal humiliation." Slicker, 215 F.3d at 1231. The general rule requiring plaintiffs to mitigate damages applies in actions under 42 U.S.C. § 1983. See, e.g., Murphy v. City of Flagler Beach, 846 F.2d 1306, 1309-10 (11th Cir. 1988). Accordingly, the instruction provides an optional bracketed charge regarding mitigation of damages.

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker, 215 F.3d at 1229 (emphasis omitted). Consequently, when a plaintiff does not provide any "proof of a specific, actual injury caused by" the defendant's conduct, the plaintiff is not entitled to compensatory damages. Kelly v. Curtis, 21 F.3d 1544, 1557 (11th Cir. 1994).

### III.    Nominal Damages

The instruction reflects the three situations identified in Slicker, a non-PLRA case, where an award of nominal damages is appropriate. Slicker, 215 F.3d at 1232.

In cases that are not subject to the PLRA, an award of nominal damages may be sufficient to justify an award of punitive damages in a § 1983 action. Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1177-78 & n.3 (11th Cir. 2009) (noting that if plaintiff organization is successful on its claim of a First Amendment violation permitting nominal damages, then "punitive damages may be available" as well); Davis v. Locke, 936 F.2d 1208, 1214 (11th Cir. 1991) (affirming award of punitive damages even though jury awarded plaintiff nominal damages but not compensatory damages).

### IV.    Punitive Damages

In order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Punitive damages in § 1983 claims are not recoverable against government entities. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008). In a case brought against both individuals and government entities, the instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct.

**DEFENDANT'S PROPOSED INSTRUCTION 5.13**

**5.13 Civil Rights - 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Bill Fuller's and Martin Pinilla's damages, individually-no more, no less. You must not impose or increase these compensatory damages to punish or penalize Joe Carollo. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money-they also cover the physical aspects of the injury. Bill Fuller and Martin Pinilla do not have to introduce evidence of a monetary value for intangible thing, such as emotional distress and harm to reputation. You must determine what amount will fairly compensate them for those claims, but without engaging in speculation or guesswork. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Bill Fuller and Martin Pinilla have each proved them by a preponderance of the evidence, and no others:

Bill Fuller's and Martin Pinilla's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Bill Fuller and Martin Pinilla are reasonably certain to experience in the future;

You may award $1.00 in nominal damages and no compensatory damages if you find that Joe Carollo unlawfully retaliated against each Plaintiff, but:

(a) Bill Fuller and Martin Pinilla have submitted no credible evidence of injury; or (b) Bill Fuller's and Martin Pinilla's injuries have no monetary value or are not quantifiable with any reasonable certainty.

Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages-to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Joe Carollo has proved by a preponderance of the evidence that Bill Fuller and Martin Pinilla did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of their damages by the amount that they could have reasonably received if they had taken advantage of such an opportunity.

If you find for Bill Fuller and Martin Pinilla and find that Joe Carollo acted with malice or reckless indifference to Bill Fuller's and Martin Pinilla's federally protected rights, the law allows you, in your discretion, to award Bill Fuller and Martin Pinilla punitive damages as a punishment for Joe Carollo and as a deterrent to others. However, in awarding any punitive damages, the amount awarded must be reasonable and proportionate to the harm each Plaintiff has suffered, and the amount should bear a reasonable relationship to the amount of compensatory damages.

Bill Fuller and Martin Pinilla must each prove by a preponderance of the evidence that he is entitled to punitive damages.

Joe Carollo acts with malice if his conduct is motivated by evil intent or motive. Joe Carollo acts with reckless indifference to the protected federal rights of Bill Fuller and Martin Pinilla when Joe Carollo engages in conduct with a callous disregard for whether the conduct violates Bill Fuller's and Martin Pinilla's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Joe Carollo's financial resources in fixing the amount of punitive damages to be awarded.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

### PLAINTIFFS' PROPOSED VERDICT FORM[1]

**AS TO PLAINTIFF BILL FULLER:**

**Do you find from a preponderance of the evidence:**

**1.      That Bill Fuller has proved his claim of retaliation in violation of the First Amendment of the United States Constitution?**

**Answer Yes or No**          _____

If your answer is "No," this ends your deliberations as to Plaintiff Fuller only, and you should proceed to Question 4 for Plaintiff Pinilla. If your answer is "Yes," go to the next question.

**2.      That Bill Fuller should be awarded compensatory damages against Joe Carollo?**

**Answer Yes or No**          _____

**If your answer is "Yes," in what amount?:   $_____   or ☐ nominal damages of $1.00.**

If you answered yes to Question 2, go to Question 3.

**3.      That punitive damages should be assessed against Joe Carollo for Bill Fuller?**

**Answer Yes or No**          _____

**If your answer is "Yes," in what amount          $_____**

Regardless of your answer to Question 3, go to Question 4.

---

[1] Plaintiffs propose this special interrogatory which is strictly based on the Eleventh Circuit's "Simplified" Pattern Special Interrogatories to the Jury. See Eleventh Circuit Pattern Instructions at § 5.13, App. A at p. 426. Alternatively, a special interrogatory strictly based on the Eleventh Circuit's "Expanded" Pattern Special Interrogatories to the Jury would suffice. *See* Court's Proposed Instructions at 17-18 (adapting Eleventh Circuit Pattern Instructions at § 5.13, App. B at p. 428). Under no circumstances, however, would it be appropriate to adopt Defendant's competing proposal to adopt a Verdict Form of his own making that is not based on any pattern form approved by the Eleventh Circuit Court of Appeals.

**AS TO PLAINTIFF MARTIN PINILLA:**

**Do you find from a preponderance of the evidence:**

**4.      That Martin Pinilla has proved his claim of retaliation in violation of the First Amendment of the United States Constitution?**

**Answer Yes or No**                     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**5.      That Martin Pinilla should be awarded compensatory damages against Joe Carollo?**

**Answer Yes or No**                     _____

**If your answer is "Yes," in what amount?:   $_____   or ☐  nominal damages of $1.00.**

If you answer yes to Question 5, go to Question 6.

**6.      That punitive damages should be assessed against Joe Carollo for Martin Pinilla?**

**Answer Yes or No**                     _____

**If your answer is "Yes," in what amount?          $_____**

This ends your deliberation and your foreperson should sign and date the last page of this verdict form.

So Say We All.

                                                  _____
                                                  Foreperson's Signature

Date: _____

**CITATIONS FOR PLAINTIFFS' PROPOSED VERDICT FORM**

- Eleventh Circuit Pattern Instructions - APPENDIX A - CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42 U.S.C. § 1983 CLAIMS
- *Burleson v. Samson, et al.*, No. 2:00-cv-02591-JKS, Dkt. 83 at 51 (E.D. Cal. Sept. 6, 2007) (Court's Proposed Jury Voir Dire, Jury Instructions, and Special Jury Verdict Form) ("What is the total amount of compensatory damages that Plaintiff is entitled to, if any, as a result of the injuries he sustained on account of defendant B. Clark's violation of Plaintiff's constitutional rights? Answer: $ _____ or ☐ nominal damages of $1.00.").

## <u>DEFENDANT'S PROPOSED VERDICT FORM</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

       Plaintiffs,

v.

JOE CAROLLO,

       Defendant.

_____/

### <u>VERDICT FORM</u>

I.    COUNT I: VIOLATION OF THE CONSTITUTIONAL RIGHT TO FREE SPEECH AND FREEDOM OF ASSOCIATION

    <u>AS TO PLAINTIFF, WILLIAM O. FULLER</u>

We, the Jury, return the following verdict:

**1.** Did Mr. Fuller engage in speech or conduct that was constitutionally protected under the First Amendment?

YES _____ NO _____

*If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to Section II regarding Mr. Pinilla.*

**2.** Did Joe Carollo intentionally retaliate against Mr. Fuller for engaging in the speech or conduct protected by the First Amendment from Question 1?

YES _____ NO _____

*If your answer to this question is YES, proceed to the next question. If your answer is NO, your verdict is for Joe Carollo on this claim and you should move to Section II regarding Mr. Pinilla.*

3. Despite any retaliatory intent you may have determined that Joe Carollo had, did Mr. Carollo have probable cause to make complaints, make inquiries, and take other actions against Mr. Fuller?

   *If your answer to this question is YES, your verdict is for Joe Carollo on this claim and you should move to Section II regarding Mr. Pinilla. If your answer is NO, proceed to question 4.*

4. Despite any retaliatory intent you may have determined that Joe Carollo had, would he nonetheless have made complaints, made inquiries, and taken other actions as to Mr. Fuller?

   *If your answer to this question is YES, your verdict is for Joe Carollo on this claim and you should move to Section II regarding Mr. Pinilla. If your answer is NO, proceed to question 5.*

5. Did Mr. Fuller suffer non-economic compensatory damages in his individual capacity as a direct and proximate result of Mr. Carollo's retaliatory conduct?

   YES _____ NO _____

   *If your answer is YES, in what amount?*  $_____

   *If your answer is NO, proceed to question 6.*

6. Should Mr. Fuller be awarded nominal damages against Joe Carollo?

*If your answer is YES, in what amount?  The amount should be at least*
*$1.00.*        $_____

*If your answer is NO, your verdict is for Joe Carollo on this claim and*
*you should move to Section II regarding Mr. Pinilla.*

**7.** If you find that Mr. Carollo engaged in retaliatory conduct against Mr.
Fuller for the speech or conduct from Question 1, was Mr. Carollo's
retaliatory conduct done with evil motive and with reckless or callous
indifference to Mr. Fuller's constitutional rights?

YES _____ NO _____

*If your answer is YES you may award punitive damages. What is the*
*amount of punitive damages, if any, that should be awarded to Mr.*
*Fuller?*   $_____

TOTAL AWARD TO MR. FULLER, IF ANY: $_____
         [combine amounts in questions 5 or 6, and 7, if any]

II.   COUNT I: VIOLATION OF THE CONSTITUTIONAL RIGHT TO
      FREE SPEECH AND FREEDOM OF ASSOCIATION

      <u>AS TO PLAINTIFF, MARTIN PINILLA, II</u>

1. Did Mr. Pinilla engage in a speech or act that was constitutionally
   protected under the First Amendment?

   YES _____ NO _____

   *If your answer to this question is YES, proceed to the next question. If
   your answer is NO, your verdict is for Joe Carollo on this claim, this
   ends your deliberations, you should skip the remaining questions, and
   your foreperson should sign and date the last page of this verdict
   form.*

2. Did Joe Carollo intentionally retaliate against Mr. Pinilla for engaging
   in the speech or act protected by the First Amendment from Question
   1?

   YES _____ NO _____

   *If your answer to this question is YES, proceed to the next question. If
   your answer is NO, your verdict is for Joe Carollo on this claim, this
   ends your deliberations, you should skip the remaining questions, and
   your foreperson should sign and date the last page of this verdict
   form.*

3. Despite any retaliatory intent you may have determined that Joe
   Carollo had, did Mr. Carollo have probable cause to make complaints,
   make inquiries, and take other actions against Mr. Pinilla?

   *If your answer to this question is YES, your verdict is for Joe Carollo
   on this claim, this ends your deliberations, you should skip the
   remaining questions, and your foreperson should sign and date the*

*last page of this verdict form. If your answer is NO, proceed to question 4.*

4. Despite any retaliatory intent you may have determined that Joe Carollo had, would he nonetheless have made complaints, made inquiries, and taken other actions as to Mr. Pinilla?

   *If your answer to this question is YES, your verdict is for Joe Carollo on this claim, this ends your deliberations, you should skip the remaining questions, and your foreperson should sign and date the last page of this verdict form. If your answer is NO, proceed to question 5.*

5. Did Mr. Pinilla suffer non-economic compensatory damages in his individual capacity as a direct and proximate result of Mr. Carollo's retaliatory conduct?

   YES _____ NO _____

   *If your answer is YES, in what amount?* $_____

   *If your answer is NO, proceed to question 6.*

6. Should Mr. Pinilla be awarded nominal damages against Joe Carollo?

   *If your answer is YES, in what amount? The amount should be at least $1.00.* $_____

   *If your answer is NO, your verdict is for Joe Carollo on this claim, this ends your deliberations, you should skip the remaining questions, and your foreperson should sign and date the last page of this verdict form.*

7. If you find that Mr. Carollo engaged in retaliatory conduct against Mr. Pinilla for the speech or act from Question 1, was Mr. Carollo's

retaliatory conduct done with evil motive and with reckless or callous indifference to Mr. Pinilla's constitutional rights?

YES _____ NO _____

*If your answer is YES you may award punitive damages. What is the amount of punitive damages, if any, that should be awarded to Mr. Pinilla?* $_____

TOTAL AWARD TO MR. PINILLA, IF ANY: $_____
[combine amounts in questions 5 or 6, and 7, if any]

SO SAY WE ALL.

_____

_____
Foreperson's Printed Name                Foreperson's Signature

Date: _____

38

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Courtney Caprio*
Courtney Caprio, Esq. (FBN 933961)
Jeffrey W. Gutchess, Esq. (FBN 702641)
Amanda Suarez, Esq. (FBN 1030808)
Rossana Arteaga-Gomez, Esq. (FBN 0014932)
courtney@axslawgroup.com
jeff@axslawgroup.com
amanda@axslawgroup.com
rossana@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Plaintiffs Bill Fuller and Martin Pinilla*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via

CM/ECF on counsel of record of in this action on this 24th day of May 2023.

By: */s/ Courtney Caprio*

Courtney Caprio, Esq.