UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

### DEFENDANT, JOE CAROLLO'S NOTICE OF FILING BENCH MEMO – 1983 CLAIMS

Defendant, Joe Carollo, by through his counsel, hereby files the attached Bench Memo submitted to the Court during the trial.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

    Respectfully submitted,
    KRINZMAN HUSS LUBETSKY
      FELDMAN & HOTTE
    Co-Counsel for Defendant, Joe Carollo
    Alfred I. duPont Building
    169 E. Flagler Street, Suite 500
    Miami, Florida 33131
    Telephone: (305) 854-9700
    Primary email: map@khllaw.com
    Primary email: mschneider@khllaw.com
    Secondary: eservicemia@khllaw.com

    By: */s/ Mason A. Pertnoy*
        Mason A. Pertnoy, Esq.
        Florida Bar No. 18334
    And

    SHUTTS & BOWEN
    Co-Counsel for Defendant, Joe Carollo
    200 S. Biscayne Boulevard, Suite 4100

1

Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ *Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Defendant, Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne, Esq.
Florida Bar No. 233293



COLE, SCOTT & KISSANE BUILDING
9150 SOUTH DADELAND BOULEVARD, SUITE 1400
P.O. BOX 569015
MIAMI, FLORIDA 33256

TELEPHONE (305) 350-5300
FACSIMILE (305) 373-2294
DIRECT LINE (305) 947-5906

**amber.dawson@csklegal.com**

# MEMORANDUM OF LAW

April 10, 2023

**VIA HAND DELIVERY**
Mason A. Pertnoy, Esq.
Marc D. Sarnoff, Esq.
Ben Kuehne, Esq.

  Re: Case Name: *William Fuller and Martin Pinilla, II v Joe Carollo*
     Case Number: 18:21490-cv-SMITH
     Our File No.  : 5082.0073-00

Dear Counsel:

  Below is a summary of applicable federal rules and law as it relates to the legal principles applicable to 42 USC § 1983 First Amendment Retaliation claims brought by individual citizens against a defendant in his or her individual capacity as related to the facts in this case.

### Procedural History of Related Litigation

  Plaintiffs, William Fuller and Martin Pinilla, II, filed the operative Second Amended Complaint in this matter on June 28, 2019 [D.E. 125]. On June 15, 2022, the Court issued its Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [D.E. 235]. Pursuant to the Court's Order, the parties were bound by a pretrial deadline of June 17, 2022 for "[j]oinder of any additional parties and filing of motion to amend the pleadings." The Order also instructed the parties that fact discovery "*shall*" be complete by October 14, 2022. Clearly, the parties were precluded from any further engagement in discovery as of October 14, 2022, at which time the Second Amended Complaint remained as the operative pleading in this matter.

  Pursuant to S.D. Fla. Local Rule 16.1(e) and the Court's Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [D.E. 235], the parties filed their Joint Pretrial Stipulation on March 3, 2023 [D.E. 332]. Only at the time of filing the Joint Pretrial Stipulation

**Cole, Scott & Kissane**
www.csklegal.com

Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville North
Jacksonville South | Tampa | Bonita Springs | Pensacola | Fort Myers | Tallahassee | Key West

did the Plaintiffs disclose as witnesses Melissa Bernheim and Michael Kunert. As such, Defendant has been precluded from conducting *any* discovery as it relates to Plaintiffs' untimely disclosed witnesses[1]. As it relates to the untimely disclosure of Plaintiffs' witness Matt Malone, Plaintiffs did not disclose Mr. Malone as a witness until March 30, 2023 [D.E. 369]. Defendant noted his objections to Plaintiffs' Trial Witness List within Plaintiffs' list of witnesses. *Id.* On March 31, 2023, only seven days prior to trial did the Plaintiffs file Plaintiffs' Exhibit List [D.E. 371]. From March 29, 2023 through March 31, 2023, Defendant finally received Plaintiff's purported exhibits to be introduced through previously undisclosed witnesses for the first time. Defendant noted his objections as to each of the exhibits as they had never been previously produced and the introduction of such evidence would be unduly prejudicial. *Id.; See gen. McCullough v. Finley,* 907 F.3d 1324, 1333 (11th Cir. 2018).

The Second Amended Complaint is silent as to any mention of Melissa Bernheim, Matthew Kunhert, and Matt Malone [D.E. 125]. Any testimony of Plaintiffs' untimely disclosed witnesses (Melissa Bernheim, Michael Kunert and Matt Malone) would be tantamount to undue prejudice to Defendant in light of this matter having been set for trial for a two-week period beginning on April 10, 2023. Defendant is not fairly on notice as to any purported testimony of any of the three witnesses, as Defendant has never had the opportunity to depose the witnesses (given that Fact discovery concluded five months prior to the end of fact discovery, and the Second Amended Complaint is silent as it relates to any testimony of the three aforementioned witnesses.

---

[1] On March 12, 2023, Defendant filed its Motion for a Ninety Day Continuance of Trial and Certain Pretrial Deadlines in the Court's Order Setting Trial Date and Pretrial Deadlines [D.E. 235], and Alternative Motion to Reopen Discovery, for the reasons addressed herein as it related to the disclosure of previously undisclosed witnesses and evidence. *See* [D.E. 351].

      Moreover, Plaintiffs filed a related lawsuit to which Defendant is not a party with allegations related to substantially the same conduct on behalf of their business entities, with a First Amended Complaint having been filed on November 17, 2022[2] (hereinafter the "Related Case"). Based on Plaintiffs' allegations in both lawsuits, Defendant is completely without notice of the claims being brought against him as it relates to the three untimely disclosed witnesses and any additional allegations they may testify to as the Second Amended Complaint in the instant mater is devoid of any mention of Ms. Bernheim, Mr. Malone, and Mr. Kunert.

      Specifically, there are no allegations of acts of retaliation in the instant matter related to the Division of Alcohol Beverages and Tobacco, Bureau of Law Enforcement ("ABT"), for whom Mr. Kunert appears to be a current and/or former employee of. Simultaneously, ABT is mentioned in the Related Case 36 times throughout the First Amended Complaint in allegations related to Taquerias el Mexicano and Ball & Chain. *See The Mad Room LLC et al. v. The City of Miami*, Case No.: 1:18-cv-24190, U.S. District Court, Southern District of Florida, at [D.E. 212]. Given the Defendant's continued objection to the introduction of any additional evidence or testimony related to unpled allegations of retaliatory acts, Plaintiffs should be precluded from any mention of retaliatory acts related to ABT's role in the Related Case with regard to Taquerias el Mexicano and Ball & Chain as Plaintiff has plead no claims of retaliatory acts involving the named witnesses and ABT in the Second Amended Complaint.

---

[2] *See The Mad Room LLC et al. v. The City of Miami*, Case No.: 1:18-cv-24190, U.S. District Court, Southern District of Florida, at [D.E. 212].

### **Pleading Generally – 42 USC § 1983 First Amendment Retaliation Claims**

The facts underlying a claim under 42 U.S.C.A. § 1983 must be specifically pleaded[3]. The Plaintiffs must allege *with at least some degree of particularity overt acts in which the defendants engaged that support the plaintiff's claim*[4]. (emphasis added). In evaluating the sufficiency of a complaint in a civil-rights action, the crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous and to provide the defendants with adequate notice to frame an answer[5]. Thus, a plaintiff must make specific allegations of unconstitutional conduct rather than vague and conclusory allegations. *Washington v. Albright*, 814 F. Supp. 2d 1317 (M.D. Ala. 2011). Mere conclusory allegations are insufficient to state a claim under § 1983[6].

Because in a 42 U.S.C.A. § 1983 action, named defendants often include a governmental entity and numerous state actors, it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the State[7]. Moreover, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court ruled that heightened pleading was not to be applied in civil rights cases against municipalities, because municipalities were not entitled to immunity. The Supreme Court did not, however, address the propriety of the application of heightened pleading in civil rights cases under 42 U.S.C. § 1983 when the defendant is not a municipality. Post-*Leatherman*, the Eleventh Circuit has continued to apply a heightened

---

[3] *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir.1984);
[4] *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984).
[5] *Washington v. Albright*, 814 F. Supp. 2d 1317 (M.D. Ala. 2011).
[6] *Bartholomew v. Fischl*, 782 F.2d 1148 (3d Cir. 1986).
[7] *Goldstein v. Galvin*, 719 F.3d 16 (1st Cir. 2013).

April 10, 2023
Page 5

pleading standard for section 1983 claims against individuals. *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir.2007); *Randall v. Scott,* 610 F.3d 701 (11th Cir. 2010).

When a party has objected to the introduction of evidence on a new issue, the opposing party cannot later seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue[8]. *See gen. Cioffe v. Morris,* 676 F.2d 539 (11th Cir. 1982); *see also* Fed. Rules Civ. Proc. Rule 15(b), 28 U.S.C.A. Courts occasionally refuse to permit amendments under Rule 15(b)(2) on the ground that to do so would be prejudicial to the opposing party. Defendant continues to renew its previous motions and objections to the admission of the aforementioned reasons and on the grounds of unfair prejudice in light of all of the foregoing and requests this Court exclude the untimely disclosed discovery.

5082.0073.00

---

[8] In a suit seeking rescission of an agreement, which relieved defendant from a previous agreement granting defendant a franchise to manufacture and sell a swimming pool cleaning device and under which defendant agreed to buy all of plaintiff's rights in the device, defendant did not consent to trial of the unpleaded claim for the recovery of items shipped to defendant outside the terms of the two contracts on account and therefore plaintiff was not entitled to recover under that theory.