UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## DEFENDANT, JOE CAROLLO'S NOTICE OF FILING BENCH MEMO – RULE 15(b) LACK OF CONSENT

Defendant, Joe Carollo, by through his counsel, hereby files the attached Bench Memo submitted to the Court during the trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

Respectfully submitted,
KRINZMAN HUSS LUBETSKY
  FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: */s/ Mason A. Pertnoy*
    Mason A. Pertnoy, Esq.
    Florida Bar No. 18334
And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo

1

200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ *Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Defendant, Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne, Esq.
Florida Bar No. 233293

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:18-cv-24190-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**TRIAL MEMORANDUM REGARDING**
**LACK OF CONSENT TO CONFORM PLEADINGS**

    Defendant, Joe Carollo, by and through his undersigned counsel, hereby submits this Trial Memorandum regarding his objection, and lack of consent, to conform the pleadings to the evidence outside the scope of Plaintiffs' Second Amended Complaint, introduced over objection, and as grounds therefore, states as follows:

**I.**    **Defendant Does Not Consent to Conform the Pleadings to the Evidence Admitted, Over Objection, that Goes Beyond the Allegations of Plaintiffs' Second Amended Complaint**

    Federal Rule of Civil Procedure 15(b)(2) provides that "when an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." "[W]here issues are tried by express or implied consent of the parties, those issues will be treated as having been raised in the pleadings. *Dawley v. NF Energy Savings Corp. of Am.*, 374 F. App'x 921 (11th Cir. 2010). However, "a judgment ***may not be based on***

1

***issues not presented in the pleadings and not tried with the express or implied consent of the parties***." *Dawley*, 374 F. App'x at 923 (emphasis added).

"The doctrine of 'implied consent' only applies when the consent is 'evident.'" *Vital Pharms., Inc. v. Monster Energy Co.*, 553 F. Supp. 3d 1180 (S.D. Fla. 2021) (citing *Kearney v. Auto-Owners Ins. Co.*, 422 F. App'x 812, 816-17 (11th Cir. 2011)); *see also Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. 2010). Further, "'consent under Rule 15(b) will not be found if the defendant will be prejudiced; that is, if the defendant had no notice of the new issue, if the defendant could have offered additional evidence in defense, or if the defendant in some other way was denied a fair opportunity to defend.'" *Dawley*, 374 F. App'x at 923 (quoting *Cioffe v. Morris*, 676 F.2d 539 (11th Cir. 1982)). Further, "[t]he introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F. 2d 1484, 1487 (11th Cir. 1987).

Defendant has not, and does not, *expressly* consent to try additional and/or new issues not contained within Plaintiffs' Second Amended Complaint. Additionally, Defendant has not, and does not, *impliedly* consent to try additional and/or new issues not contained within Plaintiffs' Second Amended Complaint. Defendant has objected at every turn regarding the introduction of evidence and testimony that goes beyond the scope and issues of this case. In fact, the Court sustained many of Defendant's objections with respect to the new issues and evidence outside of Plaintiffs' Second Amended Complaint.

Specifically, Plaintiffs' allege First Amendment Retaliation under 42 U.S.C. §1983. The Eleventh Circuit applies a heightened pleading standard for Section 1983 claims against individuals. *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir.2007); *Randall v. Scott,* 610 F.3d 701

(11th Cir. 2010). The facts underlying such a claim must be specifically pled. *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984). The Plaintiffs must allege with at least some degree of particularity overt acts in which the defendants engaged that support the plaintiff's claim. *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984). As such, there is no implied consent to conform the pleadings to the evidence. This now-admitted evidence (introduced over objection) would be highly prejudicial as Defendant had no notice of the new claims and did not have fair warning that it would be trying these issues, especially in light of the heightened pleading standard governing Plaintiffs' sole cause of action. Accordingly, the pleadings should not, and cannot, be conformed to the evidence as there is no express or implied consent permitting same.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com
Secondary:  eservicemia@khllaw.com

By: */s/ Mason A. Pertnoy*
      Mason A. Pertnoy, Esq.
      Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ *Marc D. Sarnoff*
    Marc D. Sarnoff, Esq.
    Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Commissioner Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
    Benedict P. Kuehne
    Florida Bar No. 233293

And

COLE, SCOTT & KISSANE
Co-counsel for Commissioner Joe Carollo
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156
Email: Amber.Dawson@csklegal.com

By: /s/ Amber C. Dawson
    Amber C. Dawson
    Florida Bar No. 1008084

4