UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.

_____/

## DEFENDANT, JOE CAROLLO'S PROFFER OF ANTICIPATED TESTIMONY OF REQUESTED ADDITIONAL WITNESSES PRECLUDED FROM TESTIFYING

Defendant, Joe Carollo, by and through his undersigned counsel and pursuant to applicable law, hereby files his Proffer of Anticipated Testimony of Requested Additional Witnesses Precluded from Testifying.

Based on the testimony elicited and evidence introduced during the trial, Commissioner Carollo advised Plaintiffs' counsel on April 23, 2023 of potential additional witnesses, and the general subject matter of the witnesses' testimony.[1]

Commissioner Carollo filed his Memorandum of Law in Support of Additional Witnesses Pursuant to the Court's Paperless Order [DE 396] on April 25, 2023 [DE 401] which is incorporated herein. On May 12, 2023, the Court denied the Commissioner's request for additional witnesses [DE 424].

The potential witnesses identified by Commissioner Carollo had been in large part

---

[1] Those witnesses were: Francis Suarez, Jeffrey Watson, Manuel Morales, Keon Hardemon, Tommy Carroll, Frank Laso, Pat Roberts, Eddy Leal, Sean Moy, Christine Kiefer, Nzeribe Ihekwaba, Lorna Ortega, Cristina Perez, Barbara Diaz, Cassandra Salazar, Ernesto Borges, and Marina Rivera.

previously disclosed in the Parties' Pretrial Stipulation and prior witness Lists filed throughout this case. Thus, Plaintiffs cannot claim prejudice or surprise as to these witnesses.

Such witnesses were merely omitted in the parties' <u>anticipated witness lists filed on April 6, 2023 [DE 381]</u>, pursuant to the Court's Order Providing Instructions for Trial [DE 342] and the Calendar Call held by this Court on April 4, 2023. The anticipated witness list was not understood to preclude witnesses previously disclosed on prior Rule 26 and witness list to be precluded from testifying.

In compliance with the Court's instructions, and in an effort to attempt to narrow the issues and shorten the trial (but without waiving his rights), Commissioner Carollo submitted a shorter list of witnesses based on the matters at issue in the Second Amended Complaint that were reasonably expected to be the subject of the trial. However, Plaintiffs have elicited hearsay statements, over objection and presented documents containing hearsay statements of City employees and representatives, even though the City is not a party in this lawsuit.[2] Plaintiffs have also injected numerous issues outside the allegations of the Second Amended Complaint, including issues from their companies' pending case against the City, *The Mad Room, LLC, et al. v. City of Miami*, Case No. 1:21:cv-23485-RKA (the "*Mad Room* case"). Commissioner Carollo should have been afforded the full opportunity to meet this objectionable hearsay testimony and evidence and irrelevant evidence head on with his own witnesses' direct testimony.

Plaintiffs, on the other hand, were permitted by this Court to call Michael Kunert and Matt Malone as trial witnesses, despite the fact that they had not been disclosed *at all* during the case,

---

[2] Defendant has objected on numerous occasions, during Plaintiffs' presentation, to such hearsay evidence precisely because the City is not a party to this lawsuit and the statements of its employees and representatives do not fall within a hearsay exception. In most instances, the Court has overruled the objections, thereby making germane the countervailing testimony from the additional witnesses. *See* Bench Brief submitted during trial on May 15, 2023.

and Melissa Bernheim, who was also not disclosed in any of Plaintiffs' Rule 26 disclosures, witness lists and the disclosures occurring well after the close of discovery. Mr. Kunert, Mr. Malone, and Ms. Bernheim were all allowed to testify at trial. At the calendar call, the Court addressed these witnesses and stated that the defense could take their depositions. In is undisputed that Mr. Malone did not show up for his deposition, but the Court still allowed his testimony.

Furthermore, Plaintiffs' witness, Tanjha Quintana was allowed to testify, only disclosed on April 21, 2023 (Day 6 of the trial), and not on Plaintiffs amended witness list [DE 381].

1. **Many of the Witnesses are No Surprise to Plaintiffs and are Necessary to Address Hearsay Testimony and Evidence Elicited by Plaintiffs during Their Case-in-Chief.**

Plaintiffs elicited significant amounts of hearsay testimony from Mr. Acevedo (over objection) about, *inter alia*, an alleged conversation at a brunch with Mayor Francis X. Suarez.[3] Also, Mr. Acevedo stated (over objection) that the Mayor's General Counsel (Eddy Leal) allegedly warned Mr. Acevedo about the Commissioner in regards to Mr. Fuller. Both the Mayor and General Counsel would have refuted Mr. Acevedo's hearsay testimony. The Mayor would have further testified to his direct communications with Bill Fuller, that if Mr. Fuller only followed the rules then he would not be in trouble with the City. Further, Plaintiffs' elicited hearsay testimony from Mr. Acevedo that Commissioner Carollo ordered the arrest of protesters. Assistant Police Chief, Tommy Carroll, would have refuted the hearsay testimony.

Plaintiffs also elicited hearsay testimony from Ken Russell and Emilio Gonzalez regarding, *inter alia*, the February 14, 2019 Commission Meeting and Commissioner Carollo's role there. Commissioner Carollo sought to call Commissioner Keon Hardemon to address the hearsay testimony elicited. Commissioner Hardemon would have refuted the testimony of alleged

---

[3] Plaintiffs made no effort to demonstrate that Mayor Suarez or any other City employee or representative should be considered an agent of Commissioner Carollo.

targeting, and Commissioner Hardemon would have testified why *he* moved to have the City Attorney investigate properties with unsafe structure code violations, a central theme in Plaintiffs' case.

Moreover, Plaintiffs elicited anticipated testimony from Alain Garcia regarding Frank Laso of Complete Consulting Service Group, the parking surcharge administrator for the City. Mr. Laso's testimony would have refuted the false hearsay and conclusory assertions of Mr. Garcia regarding the parking surcharge. Plaintiffs also elicited unanticipated testimony from Mr. Garcia regarding the alleged lack of complaints on the subject of parking and speeding in a residential neighborhood. Defendant sought to call Ms. Christine Kiefer, a resident of the Little Havana neighborhood, to testify she witnessed valet parking at the church, on the residential street, and in front of her home, and that she witnessed the valet car parkers speeding and yelling through the residential neighborhood, all of which caused a loss of quality of life in her residential neighborhood.

As a final example, Plaintiffs elicited practice and procedure testimony from former Alcohol Beverage and Tobacco (ABT) officer Michael Kunert regarding Plaintiffs' operation of their restaurants and bars. Again, Plaintiffs did not disclose Mr. Kunert in any manner until March 3, 2023 in the parties' Pretrial Stipulation.[4] In fact, over objection by Commissioner Carollo the court allowed Mr. Kunert's testimony, which involved matters solely contained in the *Mad Room* litigation, was allowed. The additional witness, former ABT officer Pat Roberts would have allowed the Commissioner the fair opportunity to address the quasi-expert testimony elicited by Plaintiffs from Mr. Kunert. Mr. Roberts would have refuted Mr. Kunert's testimony that 150 happy

---

[4] Kunert was never disclosed in Plaintiffs' Rule 26 disclosures and the amendments thereto or on any of Plaintiffs' witness lists.

meals from McDonalds would satisfy the ability to serve 150 patrons a requirement of service of food pursuant to Taqueria's 4-COP SFS License F.S 561.20 (2)(a)(4). Mr. Roberts would have testified that service of 150 persons required an open kitchen, with an ability to prepare food for 150 patrons. In addition, Mr. Roberts would have testified that the sketch provided by Plaintiffs did not depict the non-permitted work on the second floor of Los Altos, a violation of Florida Statute 561.06.

The above-referenced are mere examples of the multiple instances of hearsay testimony and testimony far beyond the subject of this case that Plaintiffs have elicited over objection that the additional witnesses would have been called to briefly address.

2. **Many of the Witnesses are Current or Former City of Miami Employees who have been Previously Disclosed in this Case**

Many of the potential witnesses have been previously disclosed by the parties in the Pretrial Stipulation filed on March 3, 2023 [DE 332], and in the Witness Lists filed and submitted by both Plaintiffs and Defendant throughout the case. Therefore, allowing those additional witnesses would have in no way prejudiced Plaintiffs, and would have afforded Defendant the opportunity to elicit direct admissible evidence.

For example, Nzeribe (Zerry) Ihekwaba is a City of Miami employee, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' witness list filed on May 10, 2021 [DE 184], as well as in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated December 23, 2022 [DE 315-2]. Mr. Ihekwaba was deposed in the *Mad Room* case on September 2, 2022. Mr. Ihekwaba would have testified he errantly sent the alleged targeting email, as he was unaware the list of properties came from the City Commission as opposed to an internal list.

Manuel Morales is a City of Miami employee, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated

December 23, 2022 [DE 315-2]. Additionally, Chief Morales was deposed in the *Mad Room* case on September 7, 2022. Chief Morales would have testified he was called out to the 8th Street Dry Hour task force by Chief Acevedo, and he was there only by Chief Acevedo's instruction. Chief Morales' testimony would have refuted Acevedo's testimony that it was unusual for Morales, a then-Assistant Chief, to be at such an operation, when it was Acevedo that ordered Morales unscheduled attendance at the inspection.

Jeffrey Watson is a former City of Miami Commissioner, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures, dated December 23, 2022 [DE 315-2]. Former Commissioner Watson would have testified as to the Commission's unanimous termination of Chief Acevedo.

Sean Moy is a current employee of AFSCME union of City of Miami employees, who was identified by *Plaintiffs* as a witness and person with knowledge in Plaintiffs' Second Amended Rule 26(a) Initial Disclosures dated December 23, 2022 [DE 315-2]. Mr. Moy was also listed in Defendant's Witness List filed on May 10, 2021 [DE 185]. Mr. Moy attended a walking tour with Emilio Gonzalez and the Commissioner. Mr. Moy would have refuted prejudicial testimony regarding alleged comments on any murals, let alone, an objectionable, racially insensitive comment.

3. **Many of the Witnesses are Current or Former Residents and Business Owners of the Calle Ocho Little Havana Neighborhood who have been Previously Disclosed by Commissioner Carollo in this Case.**

Many of the witnesses have been previously identified by Commissioner Carollo throughout the case, because they are residents and business owners of the Calle Ocho Little Havana neighborhood and they have personal knowledge of (i) the excessive noise and noise complaints involving Plaintiffs' properties and businesses, and (ii) communications they had with

Commissioner Carollo about the noise and other complaints. During their case, Plaintiffs have elicited unanticipated and objected to hearsay testimony from, *inter alia*, Steven Miro who testified there were no such complaints. Moreover, Plaintiffs have repeatedly emphasized and the jury has been permitted to hear what good citizens Plaintiffs are in the neighborhood and how proactive they have been to control noise. Plaintiffs have also repeatedly suggested that Commissioner Carollo actively enlisted residents to complain. Therefore, Commissioner Carollo sought to present testimony from residents and business owners highlighting the many complaints that were made by them and why there were making them. These witnesses would have been brief and not cumulative.

Barbara Diaz was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], in Defendant's Witness List filed on May 10, 2021 [DE 185], and in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161]. Ms. Diaz would have testified that noise from Ball & Chain was a continuous complaint, and that she complained to the City of Miami to no avail.

Lorna Ortega was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], in Defendant's Witness List filed on May 10, 2021 [DE 185], and in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161], in which she was described as follows: "This individual has information concerning noise complaints and excessive noise on properties and businesses owned by the plaintiffs." Ms. Ortega would have testified that Ball & Chain music was a constant source of complaints by her and that she complained to the City of Miami to no avail.

Casandra Salazar was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], in Defendant's Witness List filed on May 10, 2021 [DE 185], and in Defendant's Initial Disclosures filed on December 14, 2020 [DE 161], in which she was described as follows: "This

individual has information concerning noise complaints and excessive noise on properties and businesses owned by the plaintiffs, and communications with Commissioner Carollo about the complaints." Ms. Salazar would have testified that she lived behind Ball & Chain with her children, and Ball & Chain was a constant source of noise. Ms. Salazar would also have testified that she reported her complaints to the City of Miami to no avail.

Cristina Perez was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], and in Defendant's Witness List filed on May 10, 2021 [DE 185]. Moreover, Plaintiffs listed Ms. Perez's email to Mayor Francis Suarez as Plaintiffs' Exhibit 1080 in Plaintiffs' Exhibit List filed with the Parties' Pretrial Stipulation [DE 332-1 at 72]. Ms. Perez would have testified that the Adult Living Facility residents could not sleep at night due to the noise from Ball & Chain, and that it required sedation for the residents to sleep.

Ernesto Borges was listed in Defendant's Witness List filed on May 10, 2021 [DE 185] (as Ernesto last name unknown), with his business name and address, La Colada Café, 1518 SW 8 Street Miami, FL 33135. Mr. Borges' business is located in close proximity to Plaintiffs' business, Ball & Chain, located at 1513 SW 8 Street. Mr. Borges would have testified that the noise from Ball & Chain was a concern, and regarding interactions with Viernes Culturales.

Marina Rivera was listed in the Parties' Pretrial Stipulation filed on March 3, 2023 [DE 332], and in Defendant's Witness List filed on May 10, 2021 [DE 185], with her business name and address, El Pub Restaurant, 1548 SW 8 Street, Miami, FL 33135. Plaintiffs are well aware that Ms. Rivera's business is located in close proximity to their company's tenant's business, Union Beer, located at 1547 SW 8 Street, and in close proximity to their business, Ball & Chain, located at 1513 SW 8 Street. Ms. Rivera would have testified regarding noise complaints relating to Ball & Chain.

CASE NO. 18-24190-CIV-SMITH

Robert Taylor, the owner of local business, Velvet Crème Doughnut & Coffee, located at 1555 SW 8 Street and a tenant of Plaintiffs' company, was the author of Defense Exhibit 381, an October 16, 2018 letter addressed to Commissioner Carollo at City Hall. During the Commissioner's testimony, defense counsel sought to introduce into evidence Mr. Taylor's letter to the Commissioner. Plaintiffs' counsel objected based on hearsay, foundation, and that the letter did not appear to be a City record. The court sustained the objection. Plaintiffs' counsel stated, "Your Honor, we'd like to say Mr. Taylor is a local businessman and he can be called to testify if they want." *See* May 5, 2023 transcript pg. 36 lines 21-23. Mr. Taylor would have testified that many of Plaintiffs' companies' businesses did not go through the legal or permitting process, and that the February 10, 2018 wrestling ring by Plaintiffs' tenant Union Beer was unpermitted and not sanctioned by the City of Miami.

WHEREFORE, Defendant, Joe Carollo, respectfully requests that this Court enter an Order allowing Defendant to call the witnesses set forth above at the trial of this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2023, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
  FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: */s/ Mason A. Pertnoy*

CASE NO. 18-24190-CIV-SMITH

Mason A. Pertnoy, Esq.
Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ *Marc D. Sarnoff*
       Marc D. Sarnoff, Esq.
       Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Commissioner Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
       Benedict P. Kuehne
       Florida Bar No. 233293