UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.

_____/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2 The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**3.3 Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**3.5.2 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**5.1 Civil Rights – 42 U.S.C. § 1983 Claims – First Amendment Retaliation**

In this case, Bill Fuller and Martin Pinilla each claim that Joe Carollo, while acting under color of law, retaliated against them in violation of the First Amendment. Specifically, Bill Fuller and Martin Pinilla allege Joe Carollo retaliated against them—by trespassing and lodging fabricated and often anonymous complaints against them; by causing or commandeering City of Miami officials to selectively target them or properties, businesses, tenants, or events associated with them for inspections, violations, and enforcement actions; and/or by making false and defamatory statements to harm them—in violation of the First Amendment.

A person's right to speak freely and make donations to support a political candidate, as well as a person's right to peaceably assemble by holding political rallies to support or oppose a candidate for political office on property associated with the person, and a person's right to petition the government by filing ethics complaints against his or her representatives are all protected by the Constitution.

To succeed on this claim, Bill Fuller and Martin Pinilla must each prove each of the following facts by a preponderance of the evidence:

First:   That Bill Fuller and Martin Pinilla engaged in protected speech, association, and assembly by supporting Carollo's opponent in a run-off election through speech, campaign donations, and holding political rallies on property associated with them and by filing an ethics complaint against Carollo.

Second:   That Joe Carollo retaliated against Bill Fuller and Martin Pinilla by trespassing; by lodging fabricated and often anonymous complaints against them; by causing or commandeering City of Miami officials to selectively target Bill Fuller and Martin Pinilla or properties, businesses, tenants, festivals, or events associated with them for inspections,

violations and enforcement actions; and/or by making false and defamatory statements to harm them;

<span style="text-decoration: underline">Third</span>: That Bill Fuller's and Martin Pinilla's exercise of their First Amendment rights was a motivating factor in Joe Carollo's decision to retaliate against Bill Fuller and Martin Pinilla;

<span style="text-decoration: underline">Fourth</span>: That Joe Carollo's alleged retaliatory acts would likely deter a similarly situated reasonable person from engaging in similar acts of protected speech and assembly, such as supporting a political candidate through speech, campaign donations, and holding political rallies on property associated with him or her, or filing an ethics complaint; and

<span style="text-decoration: underline">Fifth</span>: That Joe Carollo acted under color of law.

For the fifth element, you must decide whether Joe Carollo acted under color of law. A government official acts "under color" of law when he acts within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Bill Fuller and Martin Pinilla have proved each of the facts they must prove, then you must consider Joe Carollo's contention that he would have engaged in the same activity—including trespassing; lodging fabricated and often anonymous complaints against Bill Fuller and Martin Pinilla, or properties, businesses, and events associated with them; causing or commandeering City of Miami officials to selectively target Bill Fuller and Martin Pinilla or properties, businesses, tenants, festivals or events associated with them for inspections, violations and enforcement actions; and/or making false and defamatory statements to harm them — anyway. To succeed on this contention, Joe Carollo must prove by a preponderance of the

evidence that he would have done the same thing if Bill Fuller and Martin Pinilla had not exercised their First Amendment rights, including, but not limited to, by supporting Carollo's political opponent in a run-off election through speech, campaign donations, and holding political rallies on property associated with them and by filing an ethics complaint against Carollo.

If you find Bill Fuller and Martin Pinilla have proved each of the facts they must prove and if you find that Joe Carollo has not proved his contention, you must then decide the issue of Bill Fuller's and Martin Pinilla's damages.

However, if you find that Bill Fuller and Martin Pinilla did not prove each of the facts they must prove, or if you find that Joe Carollo proved his contention, then you must find for Joe Carollo as to that Plaintiff.

**5.13  Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Bill Fuller's and Martin Pinilla's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Joe Carollo. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Bill Fuller and Martin Pinilla do not have to introduce evidence of a monetary value for intangible things, such as physical pain or emotional distress. You must determine what amount will fairly compensate them for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Bill Fuller and Martin Pinilla each have proved them by a preponderance of the evidence, and no others:

(a) Bill Fuller's and Martin Pinilla's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Bill Fuller and Martin Pinilla are reasonably certain to experience in the future; and

(b) Bill Fuller's and Martin Pinilla's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Bill Fuller and Martin Pinilla are reasonably certain to experience in the future.

You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Bill Fuller and Martin Pinilla have submitted no credible evidence of injury; or (b) Bill Fuller's and Martin Pinilla's injuries have no monetary value or are not quantifiable with any reasonable certainty.

Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Joe Carollo has proved by a preponderance of the evidence that Bill Fuller and/or Martin Pinilla did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of their damages by the amount that they could have reasonably received if they had taken advantage of such an opportunity.

If you find for Bill Fuller and Martin Pinilla and find that Joe Carollo acted with malice or reckless indifference to Bill Fuller's and Martin Pinilla's federally protected rights, the law allows you, in your discretion, to award Bill Fuller and Martin Pinilla punitive damages as a punishment for Joe Carollo and as a deterrent to others.

Bill Fuller and Martin Pinilla must each prove by a preponderance of the evidence that they are entitled to punitive damages.

Joe Carollo acts with malice if his conduct is motivated by evil intent or motive. Joe Carollo acts with reckless indifference to the protected federal rights of Bill Fuller and Martin Pinilla when Joe Carollo engages in conduct with a callous disregard for whether the conduct violates Bill Fuller's and Martin Pinilla's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Joe Carollo's financial resources in fixing the amount of punitive damages to be awarded.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**S5 -Note-taking**

You've been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.