Case No. 1:18-cv-24190-SMITH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,
    Plaintiffs,

v.

JOE CAROLLO,
    Defendant.
_____/

**DEFENDANT'S RESPONSE TO AND MOTION TO QUASH PLAINTIFFS' MOTION FOR ISSUANCE OF CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES OF JOE CAROLLO AND PLAINTIFFS' MOTION FOR WRIT OF EXECUTION**

Defendant, Joe Carollo, by and through undersigned counsel, hereby files this Response to and Motion to Quash Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo filed on July 6, 2023 [DE 511] (the "Motion for Writ of Garnishment") and Plaintiffs' Motion for Issuance of Writ of Execution filed on July 10, 2023 [DE 516] (the "Motion for Writ of Execution") (together the "Motions"). The Motions should be quashed because the Judgment is not final. Additionally, the Motion for Writ of Garnishment should be quashed because the Commissioner is the Head of the Family (Household), and the Motion for Writ of Execution should be quashed because it does not comply with Florida law.

    I.    **THE MOTIONS SHOULD BE QUASHED BECAUSE THE JUDGMENT IS NOT FINAL**

On June 1, 2023, this Court entered a judgment in favor of Plaintiffs for $63,500,000.00, with interest at the statutory rate from the date of the judgment, pursuant to the Jury Verdict entered on June 1, 2023 (the "Judgment"). [DE 479]. On June 29, 2023, Defendant filed a Notice of Appeal. [DE 500]. On June 29, 2023, Plaintiffs filed a Motion to Clarify Judgment (the "Motion

1

to Clarify"), seeking to clarify or amend the Judgment. [DE 504]. On July 7, 2023, Plaintiffs filed the Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo (the "Motion for Writ of Garnishment"). [DE 511]. On July 10, 2023, Plaintiffs filed a Motion for Issuance of Writ of Execution. [DE 516]. On July 12, 2023, Defendant filed his Claim of Exemption and Request for Hearing (the "Affidavit"). [DE 518].

### A. THE MOTION TO CLARIFY RENDERS THE JUDGMENT NONFINAL

Plaintiffs seek to clarify or amend the Judgment pursuant to Rule 60(a) and Rule 59(e), Federal Rules of Civil Procedure, to reflect, *inter alia*, that the Judgment is against Defendant in his personal and official capacity. Alternatively, Plaintiffs seek to amend the complaint post-judgment, pursuant to Federal Rule 15(b)(1). Plaintiffs insist that "it is necessary to clarify" the Judgment (DE 504, page 1 ¶1), that the current Judgment could present "potential doubt and confusion" (DE 504, page 2 ¶2), that "clarification is necessary and appropriate" (DE 504, page 3 ¶3), and that this Court should amend its judgment "to clarify [its] intended disposition of the case" (DE 504, page 8 ¶2). By acknowledging that the current Judgment could present potential doubt and confusion, Plaintiffs emphasize the nonfinal state of the Judgment.

Amending the Judgment pursuant to Rule 60(a) requires a clerical error to be corrected. Amending the Judgment to reflect that Defendant is responsible in both his personal and official capacity goes beyond a clerical error. *See Weeks v. Jones*, 100 F.3d 124, 128-129 (11th Cir. 1996) ("While the district court may correct clerical errors to reflect what was intended at the time of ruling, "[e]rrors that affect substantial rights of the parties ... are beyond the scope of rule 60(a)." (citing *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir.1982)); "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and

subsequent intent because it perceives its original judgment to be incorrect." (citing *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir.1992)).

Plaintiffs are also seeking to clarify the Judgment pursuant to Rule 59(e) to include Defendant's official capacity which renders the Judgment nonfinal: "[t]he majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)." *Stone v. I.N.S.*, 514 U.S. 386, 402–03 (1995). A Rule 59(e) motion "suspends the finality of the original judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). "The filing of a Rule 59(e) motion within the 28-day period for purposes of an appeal. Without such a motion, a litigant must take an appeal no later than 30 days from the district court's entry of judgment. *See* Fed. Rule App. Proc. (FRAP) 4(a)(1)(A). But if he timely submits a Rule 59(e) motion, there is no longer a final judgment to appeal from. Only the disposition of that motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (internal quotation marks and alterations omitted).

Lastly, Plaintiffs should have clarified in which capacity Defendant was being sued early on and should not have waited for the Judgment. *See Jones v. Barlow*, 2:19-CV-00114-JLB-NPM, 2020 WL 5797653, at *3, 2020 U.S. Dist. LEXIS 178508 (M.D. Fla. Sept. 29, 2020) ("Whether Defendants were sued in their individual or official capacities is an important issue that the City should have clarified at an earlier stage of the litigation").

Therefore, because Plaintiffs' Motion to Clarify renders the Judgment nonfinal, Plaintiffs' Motions are premature and should be quashed.

### B. A WRIT OF GARNISHMENT CAN ONLY BE ISSUED AFTER FINAL JUDGMENT

Plaintiffs filed the Motion for Writ of Garnishment pursuant to Sections 77.01, 77.03 and 77.0305 of the Florida Statutes. However, a lawsuit under 42 U.S.C. § 1983 is a tort action. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 362 (2017) "Section 1983 creates a 'species of tort liability.'" Florida law contains specific provisions for the issuance of a writ of garnishment in tort cases. In fact, pursuant to Florida Statute 77.02, "before judgment against a defendant no writ of garnishment shall issue in any action sounding in tort."

Because Plaintiffs' Motion for Clarification seeks to modify the Judgment, Plaintiffs cannot ask this Court to enforce a judgment that may be pending amendments and issue a writ of garnishment in this tort action without a final judgment. Plaintiffs' Motion for Writ of Garnishment is not ripe while the Motion for Clarification is pending and until this Court determines whether the Judgment must be amended or clarified, or confirms that it is final.

### C. A WRIT OF EXECUTION CAN ONLY BE ISSUED AFTER FINAL JUDGMENT

Pursuant to Rule 69, Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Florida state law therefore applies to the enforcement of the writ of execution in this case, and under Florida law, a writ of execution can only be based on a final judgment. See *Nichols v. Michael D. Eicholtz Enterprises, Inc.*, 706 So. 2d 70 (Fla. 5th DCA 1998) ("Execution is only permitted on judgments which determine with finality the rights and liabilities of parties."). Here, because Plaintiffs seek to amend the judgment, and specifically clarify Defendant's liability, the current judgment does not determine with finality the rights and liabilities of the parties.

Therefore, the Motion for Writ of Execution is equally premature.

## II. THE MOTION FOR WRIT OF GARNISHMENT SHOULD BE QUASHED BECAUSE DEFENDANT IS THE HEAD OF HOUSEHOLD AND HIS WAGES ARE PROTECTED UNDER FLA. STAT. 222.11

On July 12, 2023, Defendant filed a claim of exemption and request for hearing pursuant to the Affidavit. In the Affidavit, Defendant claims the head of family exemption as he provides "more than one-half the support for a child or other dependent, ha[s] net earnings of more than $750 per week, but ha[s] not agreed in writing to have [his] wages garnished."

Under Section 222.11(2)(b) Florida Statute, "Disposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing." In accordance with the Affidavit, Defendant has not agreed in writing to have his wages garnished.

The head of family exemption seeks to protect families and their financial stability. In 2013, Judge Andrea Simonton determined that "[t]he head of family exemption is designed to 'protect citizens against financial reverses and difficulties and to permit the citizen when residing in Florida and head of a family to be secure in money coming to him for his labor and services thereby supporting his family and preventing it from becoming a public charge.' Therefore, § 222.11 is liberally construed in favor of the debtor. However, 'Florida exemption law is not to be used as a sword merely to defeat the claims of creditors. The purpose of the head of family exemption is to preserve the home and shelter for the family, so as to prevent the family from becoming a public charge.' A court inquiring into the head of family exemption must examine the facts of each case and determine whether the individual claiming the exemption is actually the head of family." *Brandt v. Magnificent Quality Florals Corp.*, 07-20129-CIV, 2013 WL 1289259, at *4 (S.D. Fla. Mar. 28, 2013).

In addition to determining whether the individual claiming the exemption is the head of family, courts also look at whether they have any dependent. The Florida Supreme Court has created a test to determine the meaning of "head of household" whereby "a person claiming exemption must show either: (1) a legal duty to maintain arising out of the family relationship at law; and/or (2) continuing communal living by at least two persons with one person recognized as being in charge." *Killian v. Lawson*, 387 So. 2d 960, 962 (Fla. 1980). Additionally, "it is not necessary that the head of the family have a legal obligation to support, as moral obligation is sufficient." *Vandiver v. Vincent*, 139 So. 2d 704, 709 (Fla. 2d DCA 1962).

Here, Defendant is the head of household and primary provider for his wife, and thus, his wages are entitled to full protection under Section 222.11, Florida Statutes. Further, in an act of generosity and charity, Defendant, in January 2023, pledged to support a husband and wife and their two minor children (together "the four dependents") as they flee from the Venezuelan Communist regime. Specifically, Defendant filed USCIS Form I-134A "Online Request to be a Supporter and Declaration of Financial Support" (the "USCIS Form") whereby he became financially responsible for the four dependents. These four individuals also qualify as dependents under Section 222.11, Florida Statutes because they are in continuing communal living with Defendant, as described in *Lawson,* 387 So. 2d at 962. By filling out USCIS Form, page 8, Defendant committed to financially support the four dependents and cover their basic living needs with his salary as City Commissioner, which is both a moral and legal obligation.

If his wages were garnished to pay the Judgment, Defendant, his wife, and the four dependents, who are non-resident aliens and are not allowed to work, would be put in an impossible financial situation, which is statutorily what Section 222.11(2)(b) Florida Statute precludes.

Therefore, even when the Judgment becomes final after the Court clarifies, amends, or refuses to clarify or amend the language of the Judgment, Plaintiffs' Motion for Writ of Garnishment should be quashed because Defendant is the head of family and his wages are protected under Section 222.11(2)(b) Florida Statute.

### III.   THE MOTION FOR WRIT OF EXECUTION SHOULD BE QUASHED BECAUSE IT FAILS TO DESCRIBE DEFENDANT'S PROPERTY

Not only is the Motion for Writ of Execution premature, it is facially insufficient. Pursuant to Section 56.29(2) Florida Statutes, the Writ of Execution must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Plaintiffs' Motion for Writ of Execution is a blanket writ containing no detail as to Defendant's property and fails to (i) describe what type of property is targeted by the Motion for Writ of Execution (chattels, goods, land etc.), (ii) indicate that it is exempt from execution, and (iii) identify where and who might have control over said property. Description of the property is necessary for the sheriff to identify and locate property. In Florida, "a judgment will operate as a lien on personal property of the judgment debtor within the county from the time that a writ of execution based thereon is delivered to the sheriff." *Smith v. Purdy*, 272 So. 2d 545, 547 (Fla. 3d DCA 1973). Without information on the specific property subject to the writ of execution, the sheriff receives a blanket order to seize and create a lien on unidentified property. Proceeding as such would lead to self-help, and under Florida law, "self-help repossession can only proceed without breach of the peace." *In re 53 Foot Trawler Pegasus*, 608-CV-117-ORL-18DAB, 2008 WL 4938345 at *3 (M.D. Fla. Nov. 18, 2008). Without a description of the property to show the sheriff what must be seized, it is impossible to search and seize Defendant's property without breaching the peace. The purpose of describing the property is to help the sheriff identify (i) what

the property is, (ii) where it is located, and (iii) who has control over it to allow a safe identification and peaceful seizure of the property. Therefore, Plaintiffs' Motion for Writ of Execution fails to identify the property and causes a risk of breach of the peace.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Motion for Writ of Garnishment and Motion for Writ of Execution be quashed. Plaintiffs cannot garnish Defendant's wages because (1) the Judgment is not final until this Court rules on the Motion to Clarify, which bars the issuance of a writ of garnishment in a tort action under Florida law, and (2) Defendant is the head of family and his wages are protected by the head of family exemption. Plaintiffs' Motion for Writ of Execution is improper because (1) the Judgment is not final until this Court rules on the Motion to Clarify, and (2) the Motion for Writ of Execution is a blanket order which fails to comply with Florida law and describe Defendant's property.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

Respectfully submitted,

SHUTTS & BOWEN
Co-Counsel for Commissioner Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: */s/ Marc D. Sarnoff*
　　　Marc D. Sarnoff, Esq.
　　　Florida Bar No. 607924

and

Case No. 1:18-cv-24190-SMITH

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Commissioner Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: */s/ Mason A. Pertnoy*
     Mason A. Pertnoy, Esq.
     Florida Bar No. 18334
and

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Commissioner Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: */s/ Benedict P. Kuehne*
     Benedict P. Kuehne, Esq.
     Florida Bar No. 233293

9