UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-24190-RS

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** is before the Court upon Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo (ECF No. 511) and Plaintiffs' Motion to Strike Defendant's Claim of Exemption and Request for Hearing, or in the Alternative, Motion for Extension of Time to Respond (ECF No. 528). Defendant filed Responses (ECF Nos. 533, 545), and Plaintiffs filed Replies (ECF Nos. 575, 579).[1] This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge, for all non-dispositive matters and for a Report and Recommendation on any dispositive matters regarding Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment. (ECF No. 514). Upon consideration of the Motions, Responses, Replies, and being otherwise fully advised in the premises, Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment

---

[1] Defendant's Response (ECF No. 533) and Plaintiffs' Reply (ECF No. 579) additionally address Plaintiffs' Motion for Issuance of Writ of Execution (ECF No. 516).

1

Against Salary or Wages of Joe Carollo (ECF No. 511) is **GRANTED**; and Plaintiffs' Motion to Strike Defendant's Claim of Exemption and Request for Hearing, or in the Alternative, Motion for Extension of Time to Respond (ECF No. 528) is **DENIED, as withdrawn**.

I. **BACKGROUND**

On June 1, 2023, Plaintiffs obtained a Final Judgment against Joe Carollo ("Defendant") in the amount of $63,500,000.00. (ECF No. 479). On June 29, 2023, Plaintiffs moved to clarify the final judgment, under Federal Rule of Civil Procedure 60(a), to reflect that the judgment is against Defendant in his official capacity as well as against Defendant in his individual capacity. (ECF No. 504). Alternatively, Plaintiffs moved to amend the judgment under Federal Rule of Civil Procedure 59(e), and/or to amend the Complaint to reflect that the Court's Final Judgment and award of compensatory damages pertains to Defendant both in his individual capacity and in his official capacity as a Commissioner of the City of Miami.

Plaintiffs now move for the issuance of a Continuing Writ of Garnishment against the salary or wages of Defendant. Plaintiffs represent that Defendant does not have in his possession sufficient visible property upon which a levy can be made to satisfy the Final Judgment.

Shortly after Plaintiffs filed their Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo, Defendant filed a Notice of Filing Defendant's Claim of Exemption and Request for Hearing. (ECF No. 518). Defendant claimed an exemption for being the head of family wages and requested a hearing. Plaintiffs move to strike Defendant's Claim of Exemption as premature.

II. **DISCUSSION**

    A. **Finality of Judgment**

Defendant argues in his Response that Plaintiffs' Motion for Issuance of Continuing Writ

2

of Garnishment Against Salary or Wages of Joe Carollo is premature because the judgment is not yet final in this case. Defendant argues that Plaintiffs' Motion to Clarify Judgment renders the judgment not final because Plaintiffs are seeking to modify the judgment.

Plaintiffs argue that Defendant is conflating when a judgment is final for purposes of appeal versus when it is final for purposes of execution. Plaintiffs argue that their motion to clarify the judgment does not impact the judgment's finality for purposes of execution, even if their motion may render the judgment not appealable.

Garnishment procedures "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Defendant contends that "a judgment has to be appealable as well as final in order to serve as the basis for a writ of garnishment. [But] [t]hat is not the general rule in Florida." *Barniv v. BankTrust*, 579 F. App'x 719, 721 (11th Cir. 2014) (citing *E. Ave., LLC v. Insignia Bank*, 136 So. 3d 659, 661 (Fla. 2d DCA 2014)). Florida courts have dismissed an appeal from a non-final order while recognizing that the order contained the traditional language of finality, "for which let execution issue," making the judgment "immediately executable." *Id.* (citing *Raymond James & Assocs., Inc. v. Godshall*, 851 So. 2d 879, 880 (Fla. 1st DCA 2003)). "That decision meant that 'the appellant was unable to obtain review or a supersedeas of the order while the judgment creditor was able to pursue its collection by execution.'" *Id.* (citing *E. Ave., LLC*, 136 So. 3d at 661).[2]

Here, the judgment entered by the District Court contains the language, "For all of the foregoing execution shall issue," which permits Plaintiffs to execute on the judgment. *See* (ECF No. 479). While Defendant's appeal is stayed pending disposition of post-trial motions, this does

---

[2] In *East Avenue, LLC*, the Court noted that the Third District Court of Appeals' approach differed from the First District Court of Appeals in permitting "the judgment debtor to appeal the judgment and post a supersedeas bond to protect against execution." 136 So. 3d at 661.

3

not impede Plaintiffs' ability to execute on the judgment under Florida law, as the judgment is final for that purpose. Accordingly, Plaintiffs' Motion is not premature.

### B. Motion for Continuing Writ of Garnishment

Having found that Plaintiffs' Motion is not premature, the undersigned must determine if Plaintiffs' Motion accords with Florida state procedure. *See* Fed. R. Civ. P. 69(a). State law on garnishment provides an available remedy for seizing property to satisfy a federal judgment. Fed. R. Civ. P. 64. The garnishment procedures "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a).

In Florida, garnishment proceedings are governed by Chapter 77 of the Florida Statutes. *See* Fla. Stat. § 77.01 *et seq.* "Garnishment proceedings are governed by statute and must be strictly construed." *Martinez v. Golisting.com, Inc.*, 233 So. 3d 1190, 1192 (Fla. 3d DCA 2017). A continuing writ of garnishment is a writ issued to garnish a person's salary or wages. *Tradewinds, Ltd. v. Grupo Dolphin Discovery*, No. 1:17-MC-23070, 2022 WL 2230786, at *1 (S.D. Fla. June 17, 2022) (distinguishing between applications for writs of garnishment and continuing writs of garnishment and denying without prejudice motions for continuing writs of garnishment because the motions sought to garnish judgment debtors' funds rather than their salary or wages). The statute provides:

> [I]f salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

Fla. Stat. § 77.0305. "The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ." Fla. Stat. § 77.04. The amount specified in Plaintiffs' Motion also must be included in the writ. *Id.*

4

Under Florida Statutes § 77.02, there must be a judgment for a writ of garnishment to issue in any action sounding in tort. The District Court entered a judgment in this case on June 1, 2023 in favor of Plaintiff William O. Fuller, and against Defendant, Joe Carollo, in the amount of $34,300,000.00, with interest at the statutory rate from the date of the judgment; and in favor of Plaintiff Martin Pinilla II, and against Defendant, Joe Carollo, in the amount of $29,200,000.00. (ECF No. 479).

Under Florida Statutes § 77.03, Plaintiffs must file "a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment." Plaintiffs have filed a motion, which states the total amount of the judgment, $63,500,000.00. (ECF No. 511). Under Florida Statutes § 77.0305, the continuing writ of garnishment must be directed to the judgment debtor's employer. Plaintiffs move the Court for issuance of a continuing writ of garnishment as to the City of Miami.

The form for a continuing writ of garnishment is set forth in Florida Rule of Civil Procedure Form 1.907(b). Plaintiffs have attached a completed version of that form to their Motion. (ECF No. 511-2). However, Plaintiffs have submitted the form with a signature block for the United States District Court Judge. Form 1.907(b) is to be signed by the Clerk of Court or a Deputy Clerk. Accordingly, within **TWO (2) DAYS** of this Order, Plaintiffs shall file an amended Form 1.907(b) with the proper signature block as provided in Form 1.907(b).

Under Florida Statutes § 77.041, upon application for a continuing writ of garnishment, if the defendant is an individual, the Clerk of Court is required to attach to the writ the "Notice to Defendant" provided in Florida Statutes § 77.041. Plaintiffs have not attached the required notice that the Clerk of Court must issue to Defendant Joe Carollo. *See Odes v. Harris*, No. 12-61561-CIV, 2018 WL 11428146, at *1 (S.D. Fla. July 11, 2018) ("The Court previously denied the

5

Plaintiffs' initial motion for the issuance of a continuing writ of garnishment because the Plaintiffs had not included a Notice to Defendant for the Clerk to issue along with the proposed writ as required by Fla. Stat. § 77.041(1). . . ."). Accordingly, within **TWO (2) DAYS** of this Order, Plaintiffs shall file the required Notice to Defendant provided in Florida Statutes § 77.041 before the Clerk of Court issues the Continuing Writ of Garnishment.

    **C.**    **Plaintiffs' Motion to Strike**

Plaintiffs argue that Defendant has prematurely filed a claim of exemption from garnishment as a continuing writ of garnishment has not been issued in this case. Defendant asserts that he filed his Claim of Exemption "in an effort to conserve judicial resources and to obviate Plaintiffs' incursion of unnecessary attorneys' fees and costs which they will likely seek to add to the judgment." (ECF No. 545 at 2). Defendant argues that Plaintiffs only cite to authority that provides a deadline by which a claim of exemption must be filed, but Plaintiffs do not cite to any authority that Defendant must wait to claim an exemption.

"[I]f salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer . . . ." Fla. Stat. § 77.0305. Once the Court has issued a writ of garnishment, if the defendant is an individual, the Clerk of Court is required to attach a Notice to Defendant to the issued writ. This Notice alerts a defendant that,

> IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE **WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE** OR YOU MAY LOSE IMPORTANT RIGHTS.

Fla. Stat. § 77.041 (emphasis added).

Plaintiffs filed a Motion for issuance of a continuing writ of garnishment on July 6, 2023. Defendant filed his Claim of Exemption six days later. At the time of filing Defendant's Claim of Exemption, the Court had yet to rule on Plaintiffs' Motion for issuance of a continuing writ of garnishment. As such, there was no writ of garnishment for Defendant to claim exemption from.

However, Plaintiffs in their Reply, while maintaining Defendant's Claim for Exemption is premature, represent that they believe the most efficient process going forward is to schedule the evidentiary hearing requested by both Parties. In doing so, Plaintiffs have effectively withdrawn their request to strike Defendant's filed Claim of Exemption. While the undersigned recognizes that Defendant's Claim for Exemption was not filed after the writ was issued, as would ordinarily occur once a defendant received the notice, the undersigned does not see the merit in striking Defendant's Claim of Exemption at this posture. Instead, and as requested by the Parties, once the Continuing Writ of Garnishment is issued, the undersigned will set an evidentiary hearing on Defendant's Claim of Exemption by separate order.

**III. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo (ECF No. 511) is **GRANTED**, and that Plaintiffs' Motion to Strike Defendant's Claim of Exemption and Request for Hearing, or in the Alternative, Motion for Extension of Time to Respond (ECF No. 528) is **DENIED, as withdrawn**.

For the reasons set forth above, it is further **ORDERED** as follows:

1. Plaintiffs shall file an amended Form 1.907(b) with the proper signature block and the required Notice to Defendant provided in Florida Statutes § 77.041 within **TWO (2) DAYS** of this Order.

2. Once Plaintiffs have complied with the foregoing, the Clerk of Court shall issue a continuing writ of garnishment to the City of Miami, which Plaintiffs will provide.

3. The Continuing Writ of Garnishment issued by the Clerk of Court shall be accompanied by a copy of Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo (ECF No. 511) and the judgment entered by the District Court (ECF No. 479). The Clerk shall also attach to the Writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes once provided by Plaintiffs.

4. Plaintiffs shall comply with Florida's applicable garnishment statutes (Fla. Stat. §77.01 *et seq.*) and file any required certificates of service (*see, e.g.*, Fla. Stat. §§ 77.041(2), 77.055).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of November, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Rodney Smith
      Counsel of Record