UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## DEFENDANT, JOE CAROLLO'S MOTION TO DISSOLVE CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES OF JOSEPH X. CAROLLO TO THE CITY OF MIAMI

Defendant, Joe Carollo ("Defendant"), by and through his undersigned counsel, pursuant to Chapter 77 and Section 222.11 of the Florida Statutes, hereby files his Motion to Dissolve the Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo to the City of Miami (ECF 587), and states as follows.

### I.   Background

On July 6, 2023, Plaintiffs, William O. Fuller and Martin Pinilla, II ("Plaintiffs") filed their Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo to the City of Miami (the "City") (ECF 511) ("Plaintiffs' Motion for Continuing Writ of Garnishment").

On July 12, 2023, Defendant filed his Claim of Exemption and Request for Hearing (ECF 518).

On November 22, 2023, an Order was entered granting Plaintiffs' Motion for Continuing Writ of Garnishment, denying, as withdrawn, Plaintiffs' Motion to Strike Defendant's Claim of Exemption and Request for Hearing, or in the Alternative, Motion for Extension of Time to

1

Respond, and providing that once the Continuing Writ of Garnishment issued, the Magistrate Judge will set an evidentiary hearing on Defendant's Claim of Exemption (ECF 585).

On November 28, 2023 the Clerk issued the Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo to the City of Miami (ECF 587) (the "Continuing Writ of Garnishment").

The City filed its Answer to the Continuing Writ of Garnishment on December 14, 2023 (ECF 594), and Plaintiffs filed their Reply to the City's Answer on December 19, 2023 (ECF 595).

## II.      **The Continuing Writ of Garnishment Should be Dissolved**

### a. **The Continuing Writ of Garnishment to the City should be dissolved because Defendant is the head of family**

The Continuing Writ of Garnishment to the City should be dissolved because Defendant is entitled to exemption from garnishment as the head of family pursuant to Florida Statutes Section 222.11.

Defendant is entitled to exemption from garnishment because he is the head of his family in that Defendant is providing more than one-half of the support for his wife, Marjorie Carollo, as of the issuance of the Continuing Writ of Garnishment.

Under Florida law, a debtor's support of a dependent entitles the debtor to claim the "head of family" exemption. *See* Florida Statutes § 222.11(1)(c) ("'Head of family' includes any natural person who is providing more than one-half of the support for a child or other dependent."). The statute makes clear that, "[d]isposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing." *See* Florida Statutes § 222.11(2)(b).

In accordance with the express statutory language, Defendant filed his Claim of Exemption averring, in part, that he is the "head of family":

2

**I claim exemptions from garnishment under the following categories as checked:**

☒     1. Head of family wages. (Check either a. or b. below, if applicable.)

         ☒    b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

*See* ECF 518-1 at 1.

Pursuant to the express language of the statute, Defendant qualifies for the statutory "head of family" exemption because he provides "more than one-half of the support" for his "child or other dependent", to wit, his spouse. *See* Florida Statutes § 222.11(1)(c).

The term, "other dependent" includes the debtor's spouse. *See, e.g.*, *Ulisano v. Ulisano*, 154 So. 3d 507, 508 (Fla. 4th DCA 2015). In *Ulisano*, the trial court dissolved a writ of garnishment based on evidence that the debtor was providing more than one-half of the support of "three dependents: a seven year old child, an eighteen year old child, and an unemployed spouse." *Id.* The appellate court affirmed the trial court's order dissolving the writ of garnishment pursuant to Florida Statutes § 221.11. *Ulisano*, 154 So. 3d at 508-509. As in *Ulisano*, in this case, Defendant is the primary source of income and support for his spouse. Plaintiffs' assertion objecting to Defendant's wife as a dependent is unsupported and contrary to Florida law. *See* ECF 529 at 1.

In considering the definition of "head of family", the court has an "obligation to construe section 222.11 liberally in favor of the debtor". *Mazzella v. Boinis*, 617 So. 2d 1156, 1157 (Fla. 4th DCA 1993). The *Mazzella* court explained that, "[t]he supreme court has held that the exemption is for the benefit of the debtor, and should be liberally construed in the debtor's favor." *Id.* at 1157 (citations omitted). *See also Castro v. Mercantil Commercebank, N.A.*, 305 So. 3d 623, 625 (Fla. 3d DCA 2020) (citations omitted) ("The head of family exemption is designed to 'protect citizens against financial reverses and difficulties and to permit the citizen when residing in Florida and head of a family to be secure in money coming to him for his labor and services thereby

supporting his family and preventing it from becoming a public charge.' Therefore, the exemption should be liberally construed in favor of the debtor."); *Maryl v. Hernandez*, 254 So. 2d 47, 49 (Fla. 3d DCA 1971) (citation omitted) ("The section providing for exemption for the head of a family of his wages from garnishment expresses a public policy of the State of Florida and must be liberally construed in order to effect the purpose of the statute which is to preserve to the unfortunate debtor and his family a means of living without becoming charges upon the public.").

The Florida Supreme Court has explained that, "[i]n determining the meaning of family headship, the courts of this state have adopted two alternatives by which a person claiming exemption must show either: (1) a legal duty to maintain arising out of the family relationship at law; and/or (2) continuing communal living by at least two persons with one person recognized as being in charge." *Killian v. Lawson*, 387 So. 2d 960, 962 (Fla. 1980). Moreover, courts recognize that, "[i]t is not necessary that the head of the family have a legal obligation to support, as moral obligation is sufficient." *Vandiver v. Vincent*, 139 So. 2d 704, 709 (Fla. 2d DCA 1962).

Accordingly, Defendant is entitled to exemption from garnishment because he is the head of his family in that Defendant is providing more than one-half of the support for his wife, Marjorie Carollo, as of the issuance of the Continuing Writ of Garnishment, as set forth in Defendant's previous filings.[1]

---

[1] *See* Defendant's Claim of Exemption and Request for Hearing (ECF 518), Defendant's Response to and Motion to Quash Plaintiffs' Motion for Issuance of Continuing Writ of Garnishment Against Salary or Wages of Joe Carollo and Plaintiffs' Motion for Writ of Execution (ECF 533), and Defendant's Response in Opposition to Plaintiffs' Motion to Strike Defendant's Claim of Exemption and Request for Hearing, or in the Alternative, Motion for Extension of Time to Respond, and his Response in Opposition to Plaintiffs' Sworn Written Objections to Defendant's Claim of Exemption and Request for Hearing (ECF 545), which are incorporated herein.

### III.     Request for Evidentiary Hearing on Defendant's Claim of Exemption

Defendant reiterates the request for an evidentiary hearing on his claim for exemption as the head of family.

Accordingly, Defendant requests that the Court set an evidentiary hearing on Defendant's Claim of Exemption.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: */s/ Mason A. Pertnoy*
       Mason A. Pertnoy, Esq.
       Florida Bar No. 18334
And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: */s/ Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Defendant, Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne, Esq.
Florida Bar No. 233293