**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 18-24190-CIV-SMITH**

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.

_____/

### DEFENDANT, JOE CAROLLO'S MOTION TO QUASH, OR
### IN THE ALTERNATIVE FOR PARTIAL STAY OF, WRIT OF EXECUTION

Defendant, Joe Carollo ("Defendant"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 62 and Southern District of Florida Local Rule 62.1, hereby files this Motion to Quash, or in the Alternative for Partial Stay of, Writ of Execution, and in support thereof, states as follows:

**I.**    **Background**

The jury rendered a verdict and this Court entered final judgment in accordance with the jury's verdict on June 1, 2023.  The final judgment awards Plaintiff William O. Fuller an amount of $34,300,000.00 and Plaintiff Martin Pinilla II an amount of $29,200,000.00. [Dkt. #479]. Consequently, there is an aggregate amount due to the Plaintiffs of $63,500,000.00.

On June 28, 2023, Mr. Carollo filed a Motion for New Trial. [Dkt. 498]. On June 29, 2023, Mr. Carollo filed a Notice of Appeal. On the same date, Mr. Carollo also filed a Motion for Stay, or in the Alternative Partial Stay, Pending Resolution of the Post-Trial Motions and Pending Appeal. [Dkt. 503]. The Motion for New Trial and Motion for Stay remain pending, and the Appeal of the Final Judgment is imminent, if necessary.

On January 9, 2024, the Clerk of Court executed a Writ of Execution to be delivered to the

1

U.S. Marshals Service. [Dkt. 599]. The Writ of Execution fails to account for marital assets existing in Mr. and Mrs. Carollo's marital home, and therefore is overly broad. An accounting of marital assets is the standard Florida practice and procedure utilized by courts when enforcing execution of judgments.

Accordingly, the Writ of Execution should be quashed so that it can be more narrowly tailored, or the Court should order a stay of execution as to personal property in order to permit an inventory and determination as to marital assets can be made.

## II.   <u>Memorandum of Law</u>

The Eleventh Circuit recognizes that a district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Trujillo v. Conover & Co. Communications*, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (*citing Clinton v. Jones*, 117 S.Ct. 1636, 1650 (1997) (emphasis added)). *See also The Republic of Venezuela v. Philip Morris Cos., Inc.*, 1999 U.S.Dist. LEXIS 22742, *5 (S.D.Fla. 1999) (internal punctuation omitted) (the power to stay proceedings is "derived from and incidental to a court's inherent power to control the disposition of cases on its docket and ensure a fair and efficient adjudication of matters").

Florida law mandates that only property of the Defendant Judgment Debtor is subject to execution. *See e.g. Williams v. M&R Constr. Of N. Fla., Inc.*, 305 So. 3d 353 (Fla. 1st DCA 2020) ("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse") (quoting *Beal Bank, SSB v. Almand & Assocs.* 780 So. 2d 45, 53 (Fla. 2001)); *Bridgeview Bank Group v. Callaghan*, 84 So. 3d 1154 (Fla 4th DCA 2012) ("A judgment creditor has no right to property held by the debtor in an estate by the entireties"); *Dillworth v. Hinton*, 378

B.R. 371 (Bankr. M.D. Fla. 2007) (personal property is presumed to be owned as tenancy by the entirety absent explicit evidence of a different form of ownership).

Here, the Writ of Execution is entirely overly broad such that it is rendered ineffective. The Writ of Execution provides for seizure of all of "the goods and chattels, lands and tenements" of Mr. Carollo without any specificity or limitation. In fact, the Writ of Execution entirely fails to account for the existence of marital assets in Mr. Carollo's marital home, nor does it identify any specific tangible property. The Writ of Execution should be narrowly tailored to identify specific *res* capable of execution in accordance with the purpose of the Judgment Debtor Sheet prepared and submitted by Mr. Carollo. As such, the Writ of Execution should be quashed.

Alternatively, as set forth in his prior Motion to Stay, the Court should exercise its discretion to grant an interim stay of execution until it has adjudicated Mr. Carollo's post-trial motions and then, if necessary, a permanent stay until Mr. Carollo's appeal is resolved by the Eleventh Circuit.  Mr. Carollo remains a public servant whose finances are fully transparent. As such, there is no risk with respect to the disposal of assets. Further, Plaintiffs have been awarded a Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo to the City of Miami (Dkt. 587), so this is not a case of Plaintiffs receiving no collection on their judgment. Instead, the Court should limit collection efforts to those that can be readily undone if necessary (such as monetary garnishment).

In contrast, here, should execution on personal property commence in the absence of a stay, Mr. Carollo, and his wife, Marjorie Carollo, will suffer irreparable harm. Should the U.S. Marshals be granted access to Mr. Carollo's marital home, personal property (that otherwise has limited monetary value to third-party bidders) will be disposed of with no realistic method of return. There is no question that an inventory of personal property needs to be taken in order to ascertain what

is, and is not, solely Mr. Carollo's personal property as opposed to a marital asset. However, once the Marshal's seize the personal property and auction it, the seizure cannot be undone and will result in irreparable harm. Additionally, Mrs. Carollo, may have property held individually, rather than as a marital asset, which also must be properly accounted for and inventoried so as to avoid a violation of her due process rights and prevent a taking of her personal property not subject to execution. Accordingly, the Court should order an independent, neutral inspector to inventory the personal property of Mr. Carollo's home, *but not seize it*, so that a determination with respect to marital assets can be made ***prior to their disposal*** to prevent harm that cannot be remedied.

Accordingly, the Court should, in an exercise of its discretion, quash the Writ of Execution or provide for a stay of execution until finality of the proceedings has been reached.  At the very least, the Court should restrict the Plaintiffs' methods of execution to prevent seizure of potentially marital personal property.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Defendant, Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com
Secondary:  eservicemia@khllaw.com

By: _/s/ Mason A. Pertnoy_
     Mason A. Pertnoy, Esq.

4

Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Defendant, Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: _/s/ Marc D. Sarnoff_____
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Defendant, Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: _/s/ Benedict P. Kuehne_____
Benedict P. Kuehne, Esq.
Florida Bar No. 233293