UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**NON-PARTIES', JOE AND MARJORIE CAROLLO, A MARRIED COUPLE AS TENANTS BY THE ENTIRETY, AND MARJORIE CAROLLO, INDIVIDUALLY, MOTION FOR PROTECTIVE ORDER**

Non-Parties', Joe and Marjorie Carollo a married couple as tenants by the entirety (the "Carollos"), and Marjorie Carollo, individually ("Mrs. Carollo"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26 and 62 hereby file this Motion for Protective Order, and in support thereof, states as follows:

## I. Background

The jury rendered a verdict and this Court entered final judgment, against Joe Carollo in his individual capacity, in accordance with the jury's verdict on June 1, 2023. The final judgment awards Plaintiff William O. Fuller an amount of $34,300,000.00 and Plaintiff Martin Pinilla II an amount of $29,200,000.00. [Dkt. #479]. Consequently, there is an aggregate amount due to the Plaintiffs of $63,500,000.00.

On June 28, 2023, Mr. Carollo filed a Motion for New Trial. [Dkt. 498]. On June 29, 2023, Mr. Carollo filed a Notice of Appeal. On the same date, Mr. Carollo also filed a Motion for Stay, or in the Alternative Partial Stay, Pending Resolution of the Post-Trial Motions and Pending Appeal. [Dkt. 503]. The Motion for New Trial and Motion for Stay remain pending, and the Appeal

1

of the Final Judgment is imminent, if necessary.

On January 9, 2024, the Clerk of Court executed a Writ of Execution to be delivered to the U.S. Marshals Service. [Dkt. 599]. The Writ of Execution fails to account for marital assets existing in the Carollos' marital home, and therefore is overly broad. An accounting of marital assets is the standard Florida practice and procedure utilized by courts when enforcing execution of judgments.

Should this Court permit the U.S. Marshals Service to invade the sanctity of the Carollos' marital home prior to an inventory and determination of the nature of the personal property within the home, specifically, whether each piece of property is a marital asset held as tenants by the entirety, the Carollos will suffer irreparable harm. Notably, should this seizure occur prior to a determination of marital assets, the Carollos and Mrs. Carollo will be deprived of their due process rights. There is no harm to Plaintiffs in conducting the inventory prior to seizure because such an inventory process must occur either way.

Accordingly, this Court should enter a Protective Order preventing seizure of the Carollos' property prior to an appropriate determination as to the nature of such property.

## II. **Memorandum of Law**

Florida law mandates that only property of the Defendant Judgment Debtor is subject to execution. *See, e.g., Williams v. M&R Constr. Of N. Fla., Inc.*, 305 So. 3d 353 (Fla. 1st DCA 2020) ("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse") (quoting *Beal Bank, SSB v. Almand & Assocs.* 780 So. 2d 45, 53 (Fla. 2001)); *Bridgeview Bank Group v. Callaghan*, 84 So. 3d 1154 (Fla 4th DCA 2012) ("A judgment creditor

has no right to property held by the debtor in an estate by the entireties"); *Dillworth v. Hinton*, 378 B.R. 371 (Bankr. M.D. Fla. 2007) (personal property is presumed to be owned as tenancy by the entirety absent explicit evidence of a different form of ownership).

Generally, Courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c).

Here, a protective order is necessary to prevent deprivation of the Carollos' marital assets and due process rights, and to protect the married couple from embarrassment and oppression, namely, the seizure of their personal property without proper notice or opportunity to be heard, especially in the case of Mrs. Carollo.

The Writ of Execution provides for seizure of all of "the goods and chattels, lands and tenements" of Mr. Carollo without any specificity or limitation. In fact, the Writ of Execution entirely fails to account for the existence of marital assets in the Carollos' marital home, nor does it identify any specific tangible property for seizure. Additionally, Mrs. Carollo, may have property held individually, rather than as a marital asset, which also must be properly accounted for and inventoried so as to avoid a violation of her due process rights and prevent a taking of her personal property not subject to execution. Accordingly, the Court should enter a Protective Order preventing seizure until an appropriate determination is made regarding the inventory of personal property and ownership status of same.

Seizure and auction is a bell that cannot be "unrung." Should the U.S. Marshals be granted access to the Carollos' marital home, personal property (that otherwise has limited monetary value to third-party bidders) will be disposed of with no realistic method of return. Further, absent a protective order, the Carollos, and Mrs. Carollo, will be stripped of any semblance of due process with respect to the invasion of the marital home and seizure of the married couple's property.

There is no question that an inventory of personal property needs to be taken in order to ascertain what is, and is not, solely Mr. Carollo's personal property as opposed to a marital asset owned jointly as tenants by the entirety with Mrs. Carollo. However, once the Marshal's seize the personal property and auction it, the seizure cannot be undone and will result in irreparable harm. To the contrary, there is no harm to the Plaintiffs in conducting the inventory and determination as to ownership status prior to seizure because this analysis and will have to be done either way.

Accordingly, the Court should order an independent, neutral inspector to inventory the personal property in the Carollos' marital home, *but not seize it*, so that a determination with respect to marital assets can be made ***prior to their disposal*** to prevent harm and due process deprivations that cannot be remedied. Additionally, the Court should, in an exercise of its discretion, enter a protective order to prevent seizure of potentially marital personal property and to ensure due process to all affected persons, including Mrs. Carollo, whose due process rights should not be lost amidst Plaintiffs' collection efforts.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 10th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case.

> Respectfully submitted,
>
> KRINZMAN HUSS LUBETSKY
>   FELDMAN & HOTTE
> Alfred I. duPont Building
> 169 E. Flagler Street, Suite 500
> Miami, Florida 33131
> Telephone: (305) 854-9700
> Primary email:  map@khllaw.com
> Primary email:  mschneider@khllaw.com
> Secondary:  eservicemia@khllaw.com
>
> By: */s/ Mason A. Pertnoy*

        Mason A. Pertnoy, Esq.
        Florida Bar No. 18334

And

SHUTTS & BOWEN
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: */s/ Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: */s/ Benedict P. Kuehne*
Benedict P. Kuehne, Esq.
Florida Bar No. 233293

5