UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

       Plaintiffs,
v.

JOE CAROLLO,

       Defendant.
_____/

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN AID OF EXECUTION

Defendant and Judgement Debtor Joe Carollo has not complied with Plaintiffs' Discovery Requests in Aid of Execution, failing to produce any information relating to a) his wife's companies and financials, b) his own companies and financials, and c) his own various interests in properties, leases; credit cards; and accounts. Plaintiffs' requests are attached hereto as Exhibit A. The parties conferred and Defendant's counsel indicated a continuing effort to inquire into non-produced documents. After waiting months for additional documents, on January 11, 2024— Defendant produced **just one document**. While Defendant has failed to produce a Notice of Completion of Production pursuant to Local Rule 26.1(e)(7) and a number of Plaintiffs' requests have gone unanswered—Defendant marches forward on motions which without providing discovery, greatly prejudices Plaintiffs. Now, pursuant to Fed. R. Civ. P. 69 and 37, Plaintiffs hereby respectfully requests this Court issue an order compelling Defendant's production of documents.

First, Plaintiffs sought specific financial information relating to Carollo's wife and her companies. Plaintiffs' request defined "Carollo", "You", and "Your" as meaning "Joe Carollo, as

well as his agents, representatives, employees, investigators, attorneys, and all persons acting pursuant to his direction or control, or acting or purporting to act on his behalf, **including family members and/or spouses**." Exhibit A at 2 ¶ 1 (emphasis added).  Under this definition of Carollo, each category applied not only to Joe Carollo but also to his wife, Marjorie Carollo. However, Defendant has yet to produce any responsive documents for his wife, Marjorie Carollo—nor did Defendant object to the definition of Carollo including his spouse.

Of relevance to Marjorie Carollo's company, MTC Group Inc., Plaintiffs requested:

1. All . . . tax returns . . . filed by or for Carollo or **any business owned by Carollo**[;] . . .

2. All bank books, passbooks, account statements . . . that Carollo owned, maintained, or controlled or for which Carollo's representative was a signatory or **in which Carollo had any interest**, whether individually or jointly . . .

7. All invoices, ledgers, books, records or other documents that evidence any accounts receivable to Carollo or **any business owned by Carollo** . . .

11. All documents that relate to the acquisition or sale of personal property by Carollo or **any businesses owned by Carollo** . . .

14. All financial statements . . . that show: (i) the assets that Carollo owned or controlled or in which **Carollo had any interest, in whole and/or in part** . . . and (iii) Carollo's income and expenses, whether owned, owed, earned or spent by Carollo, in whole and/or in part, **directly and/or indirectly**[ ] . . .

19. All leases or assignments of leases, whether for real or personal property, to which Carollo or a **business owned by Carollo was a party** . . .

25. **All shareholder agreements**, membership, or operating agreements to which Carollo's has been a party . . .

32. The corporate books, including bylaws, minutes of meetings of the shareholders, officers and directors, resolutions pertaining to any corporate loans . . .

Exhibit A at 5 – 32 (emphases added). However, Defendant has yet to produce any responsive documents for his wife's corporation, which, because of its corporate form, would provide income

2

to Defendant and, or, his wife that would not need to be disclosed on Defendant's personal tax returns.

Florida caselaw clearly holds the financial information of a judgment debtor's spouse is discoverable. *See Matter of Bavelis*, No. 17-CV-61269, 2020 WL 4003496 (S.D. Fla. July 15, 2020) (holding a judgment creditor may discover how the judgment debtor is paying personal expenses, including discovery into a nonparty spouse or entitles wholly owned by her); *see also Cole v. Am. Cap. Partners Ltd., Inc.*, No. 06-80525-CIV, 2010 WL 11597854 (S.D. Fla. Jan. 28, 2010) (noting Florida courts allow discovery into property held in name of spouse and or/children).

Furthermore, **Carollo has repeatedly placed this information directly at issue** by claiming the Head of the Household Exemption to garnishment. *See Kipu Sys. LLC v. ZenCharts LLC*, No. 17-24733-CIV, 2021 WL 3036555 (S.D. Fla. June 15, 2021); *see also* Robin S. Trupp, *Creditors' and Debtors' Practices in Florida* § 9.3 (8th ed.) (commenting "information regarding the income and assets of debtor's spouse . . . or other dependent(s) is relevant to determine: (1) whether the debtor is the head of the household for garnishing wages; (2) whether the debtor's spouse and child(ren) qualify as proper dependents; and (3) whether any property has been fraudulently transferred to the spouse and child(ren) by the debtor in an attempt to avoid collection of the judgment.").

Despite the clear discoverability of this information—Defendant has not produced any documents showing his wife's or her company's financial posture. Without this information, Plaintiffs cannot discover any hidden or transferred assets. Moreover, Plaintiffs and this Court, respectfully, cannot evaluate Defendant's claim of exemption to garnishment.

The limited information Carollo has produced to date demonstrates Carollo has additional financial resources not being disclosed or produced, which may exist through his wife's company.

First, the income from his salary as a Miami City Commissioner is not sufficient to pay his daily living expenses, including mortgages, rent, property taxes, or other items. Second, the documents Carollo produced do not show any expenditures for casual items such as payments to Instacart, Metro by T-Mobile, Burger King, DoorDash, DirectTV, PapaJohn's Pizza, BigLots furniture store, and many others, at least until the verdict in this case.

As stated in DE 575, after the verdict, **Carollo withdrew the entirety** of this account on June 2, 2023 and, as if realizing this would create a trail of money, Carollo changed strategies and **redeposited the sum** four days later—only to tactically and frivolously **deplete the entire account on atypical expenditures**. These everyday living expenses never incurred on the account prior must have been incurred and must be being financed by another non-disclosed source. There likely are bank accounts or credit cards belonging to his wife or his wife's company, MTC Group, that were making these expenditures prior to the verdict in this case.

Second, not only did Carollo fail to both object to the requests and produce documents for MTC Group, but Carollo failed to object and produce documents for any of his own businesses. Plaintiffs are aware of Carollo's interest in, ownership of, and control over at least six businesses—including the (1) Bayfront Park Management Trust Corporation; (2) Consulting Associates Group, Inc.; (3) Greater Miami Host Association, Inc.; (4) Carini Group, LLC; and (5) America's Consultants Group, Inc. That any of these businesses are categorized as inactive by Florida's Division of Corporations has absolutely no bearing on whether these entities still have assets or income. Carollo needs to produce any financial records for these companies for the past five years.

Third, while Carollo disclosed his interest in his prior home in Coconut Grove, Carollo has refused to disclose, or produce any documents related to, any interest or inheritance he has in his late mother's property at 3230 SW 22nd Ter. Based upon information provided by Carollo's

4

associates, Carollo has a significant interest in that property and adjoining properties and is working on assembling the properties for development.

Fourth, Defendant failed to produce documents for the past five years. Florida caselaw clearly holds this time frame to be relevant to discovery in aid of execution and not unduly burdensome. *Nature's Prod., Inc. v. Natrol, Inc.*, No. 11-62409-CIV, 2013 WL 12065562, at *6 (S.D. Fla. Feb. 5, 2013) (granting production of "tax returns and financial statements from the past five years."); *accord Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 10744070, at *3 (M.D. Fla. Aug. 18, 2009) (stating "the fact that some of the documents may go back as far as five years does not make their production an undue burden" and despite tracing back five years, these "documents . . . are relevant to Defendant's financial circumstances which are in turn directly related to Defendant's ability to satisfy the judgment entered in favor of Plaintiff and against Defendant.").

**WHEREFORE**, Plaintiffs respectfully request this Court compelling Defendant's production of documents as requested in Plaintiffs' First Request for Production in Aid of Execution.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.