# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.
_____/

**PLAINTIFFS' NOTICE OF SERVING FIRST REQUEST
FOR PRODUCTION IN AID OF EXECUTION TO JOE CAROLLO**

Plaintiffs/Judgment Creditors, WILLIAM O. FULLER and MARTIN PINILLA, II (the "Plaintiffs"), by and through their undersigned counsel, hereby requests that Defendant/Judgment Debtor, JOE CAROLLO, ("Carollo"), produce the following items for inspection and copying at the offices of AXS LAW GROUP, PLLC, 2121 NW 2nd Ave, Suite 201, Wynwood, Florida 33127 on or before July 6, 2023, pursuant to Federal Rule of Civil Procedure 69 and the applicable Florida Rules of Civil Procedure.

**INSTRUCTIONS**

1. In producing documents, furnish all documents known or available to you, or in your possession, custody, or control, regardless of whether such documents are possessed directly by you or by any of your agents, employees, attorneys, representatives, investigators, or consultants or by any corporation, partnership, association, or other entity by which you are employed, in which you have an ownership interest, or with which you are affiliated in any manner.

1

2. If you object to any portion of any request, state your objection and identify those documents that you are producing.

3. If you object to the scope of time of any request, state your objection and identify the time period for which you are producing documents.

4. If any document requested cannot be produced in full because it is in part privileged, partially destroyed, or for any other reason, produce such documents to the extent possible.

5. If you are aware of any documents or categories of documents which would be responsive to any request, but are no longer in your possession, custody or control, please identify each such document or categories of documents and state their current location.

6. To the extent any information requests may be satisfied by reference to a document, please identify such document in your response.

## DEFINITIONS AND INSTRUCTIONS

1. "Carollo" and "You" and "Your" means Joe Carollo, as well as his agents, representatives, employees, investigators, attorneys, and all persons acting pursuant to his direction or control, or acting or purporting to act on his behalf, including family members and/or spouses.

2. "Five years" means sixty calendar months.

3. "Individual" or "person" means and includes without limitation, any natural person or any legal entity including, but not limited to, a corporation, partnership, joint venture, association and any other kind of business or legal entity and/or any partner, officer, director, employee, agent, or other person acting or purporting to act on his or its behalf.

4. "Relates to," "related to," and "relating to" mean pertains to, refers to, contains,

2

concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

    5.    "Document(s)" mean all writings and records of every type in your possession, control or custody, including, but not limited to, original and copies of any written, recorded, or graphic matter, however produced, reproduced, or fixed in a tangible medium of expression, of every kind and regardless of where located, including, but not limited to any summary, calculations, schedule, memorandum, note, statement, letter, microfiche, microfilm, facsimile, electronic mail, text message, Blackberry message, SMS or MMS message, I-Phone message, telegraph, inter- or intra- office communication, report, diary, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, work sheet, list, graph, motion picture, photograph, x-ray or other machine-produced diagnostic picture or depiction of any kind, chart, index, tape, record, drawing, survey, partial or complete report of telephone or oral conversation, compilation, tabulation, computer-stored memory component or device, study, analysis, transcript, minutes, Facebook entry, MySpace entry, Twitter entry, or any other entry on a social networking account, data sheet, data processing card or tape, phone records, and all memorials of any conversations, meetings or conferences, by telephone or otherwise, and any other writing, notation or recording in your possession, custody or control. The term "document(s)" shall also include the files in which any documents are maintained, including but not limited to digitally stored files, file folders, or file jackets.

"Document(s)" also includes, but is not limited to, all books of accounts and other books of every kind, journals, ledgers, statements, instruments, files, messages, writings of every kind, and other internal, external or other data, or information, of every description made or received by you in the regular course of business or otherwise, regardless of the mode in

which it is recorded; the original of any such record includes the data or other information comprising a record stored or transmitted in or by means of any electronic, computerized, wireless mechanized, or other information storage or retrieval or transmission system or device which can upon request generate, regenerate, or transmit the precise data or other information comprising the record, and an original also includes the visible data or other information so generated, regenerated, or transmitted if it is legible or can be made legible by enlargement or other process.

"Documents" also refers to copies of documents, if the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

6. "Communication" means and includes any oral or written discourse, formal or informal, dialogue, colloquism, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

7. You are requested to produce all documents that are in your possession, custody, or control, including documents in the possession, custody, and control of your agents. In producing the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Request for the Production of Documents or (b) as they are regularly maintained in the course of business.

8. If you contend that you may partially or entirely withhold a requested document because of a rule, privilege, immunity or other reason, for each document partially or entirely withheld provide the following information:

    (a) the name of each author, writer, sender, or initiator of such document, if any;

4

(b)  the name of each person to whom any part of the contents of the documents has been communicated;

(c)  the date of such document, if any; and

(d)  the claimed grounds for withholding the document (e.g., "attorney-client privilege").

9.  If any document described in this request was, but no longer is, in your possession, or subject to your custody or control, or in existence, please state whether it is missing or lost; whether it has been destroyed; whether it has been transferred, voluntarily or involuntarily, to others; or, whether it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing same, and the date thereof. Identify each document by listing its author and the author's address, type (i.e., letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, present location and custodian, and state whether the document (or copies) are still in existence.

## DOCUMENTS TO BE PRODUCED

1.  All federal, state and local tax returns (or the equivalent of such forms filed in any jurisdiction outside of the U.S.) filed by or for Carollo or any owned by Carollo, including all accompanying schedules, worksheets, or other attachments thereto, for the last five years. This request includes, but is not limited to, all of your tax returns for real, tangible personal property (including, but not limited to, your Florida intangible tax returns), gift and income taxes made for any governmental authority; and all of your 1120 and 1120S tax returns.

2.  All documents or records that evidence any payment received by Carollo, or any person on Carollo's behalf, during the last five years to present, from any and all sources.

5

3. All bank books, passbooks, account statements, and all other documents that evidence any accounts that Carollo owned, maintained, or controlled or for which Carollo's representative was a signatory or in which Carollo had any interest, whether individually or jointly with one or more other parties, at any time during the last five years at any banks, savings and loans, credit unions, credit cards, investment houses, brokerage firms, escrow agent, and/or any other institution.

4. All cancelled checks issued on any accounts that Carollo owned, maintained, or controlled or for which Carollo's representative was a signatory or in which Carollo had any interest, whether individually or jointly with one or more other parties, at any time during the last five years at any bank, credit union, savings and loan association, mutual fund, money market fund, brokerage firm, or any other institution and all check stubs, check ledgers, check registers and all other records memorializing the issue of any such checks.

5. All wire transfer requests or receipts for wire transfers made or received by Carollo in the past five years.

6. All documents that relate to any safe deposit box or other deposit box or other depository for securities, cash, or valuables that Carollo owned, maintained, or controlled or for which Carollo's representative was a signatory or in which Carollo had any interest or to which Carollo had access, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties, at any time during the last five years, and all documents relating to the contents of such depository and the disposition thereof.

7. All invoices, ledgers, books, records or other documents that evidence any accounts receivable to Carollo or any business owned by Carollo at any time during the last five years.

8. All deeds, leases, mortgages, and any other written instruments that evidence any legal or equitable interest or ownership that Carollo held in any real property at any time during the last five years, whether directly and/or indirectly, whether individually or jointly with one or more other parties, whether or not currently held by Carollo; and for each interest in real property, produce all contracts for sale, closing statements, sales statements, and all other documents pertaining to the purchase price, down payment, source of monies for the purchase price, appraised value of the property.

9. All documents evidencing or relating to the acquisition, sale, or in any way concerning all transfers, of any real property by you during the past five years.

10. All real estate tax bills received by you during the past five years.

11. All documents that relate to the acquisition or sale of personal property by Carollo or any business owned by Carollo at any time during the last five years.

12. All applications, certificates of title and registrations for all intellectual property or other intangible property that Carollo owned, maintained, or controlled or in which Carollo had any interest, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties, at any time during the last five years.

13. All certificates of title and registrations for all cars, trucks, airplanes, boats, water sports vehicles, mopeds, motorcycles, and motorized devices that Carollo owned, maintained, or controlled or in which Carollo had any interest, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties, at any time during the last five years.

14. All financial statements prepared during the last five years that show: (i) the assets that Carollo owned or controlled or in which Carollo had any interest, in whole and/or

in part, directly and/or indirectly, individually or jointly with one or more other parties; (ii) the money owed by Carollo, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties; and (iii) Carollo's income and expenses, whether owned, owed, earned or spent by Carollo, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties.

15. All loan or credit applications prepared by Carollo or on Carollo's behalf, whether individually or jointly with one or more other parties, at any time during the last five years.

16. Schedules of all business furniture, fixtures, furnishings and equipment owned by Carollo, whether individually or jointly with one or more other parties, in the last five years. This request includes, but is not limited to, all documents evidences or reflecting your ownership or possess of machinery, equipment, fixtures, furniture, household or office goods, or other personalty including lease or rental agreements, options to purchase and bills of sale.

17. All credit and debit cards currently held by Carollo, and all credit card and debit card statements for all credit card, debit card, or other charges for all credit card, debit card, or other charge accounts established in Carollo's names for the last five years.

18. All insurance policies held or owned by Carollo, insuring real property, automobile, business, boat, or other property, and all umbrella policies, endowment, annuity, and all endorsements thereto, held or acquired during the last five years, and all documents pertaining to the cash values of all life insurance policies and the loan status upon each such policy, if any, during the said time period.

19. All leases or assignments of leases, whether for real or personal property, to which Carollo or a business owned by Carollo was a party during the past five years.

20. All contracts on which Carollo is now performing services or rendering goods and/or materials, or upon which someone is indebted to Carollo for services or materials and/or goods already furnished.

21. All contracts or agreement to which You are a party.

22. All documents reflecting all sources of income received by Carollo in the last five years.

23. All other books, records, documents, and instruments in any way relating to or in connection with Your assets or liabilities.

24. Any and all documents pertaining to the acquisition or sale of any stocks, bond, notes, options, certificates of deposit, annuities, market certificates, securities, held, acquired or sold by Carollo during the last five years.

25. All shareholder agreements, membership, or operating agreements to which Carollo's has been a party that were either executed or in effect at any time during the past five years.

26. All trust agreements which refer or relate to any trusts established by or for Carollo, either individually or jointly with others, regardless of whether the beneficiary is Carollo or another person, that were executed or in existence at any time during the last five years.

27. All documents pertaining to any judgment to which Carollo has been a party, either as a party plaintiff or claimant, party defendant or respondent, or otherwise, during the last five years.

28. Any and all documents referring or relating to any payments, promises for payments, or transfers of funds by Carollo to or from any other party in the past five years for

9

any amounts in excess of $50,000.00.

29. All employment contracts, commission agreements, royalty agreements, and patents under which any sum of money is or may be payable to You.

30. All appraisals of any property held by Carollo during the past five year period, whether real or personal, whether tangible or intangible, whether Carollo's interest was legal or equitable.

31. All promissory notes held by or executed by Carollo during the past five years and any other evidence of indebtedness upon which you are obligated, including without limitation all mortgages, security agreements, financing statements, and Uniform Commercial Code filings in connection therewith.

32. The corporate books, including bylaws, minutes of meetings of the shareholders, officers and directors, resolutions pertaining to any corporate loans involving Carollo in the past five years, and the stock ledger transfer sheet of all corporations in which Carollo holds a 10% or more of the outstanding capital stock. This request includes, but is not limited to, all of your stock certificates and other evidence of your ownership of any interest in any corporation, limited partnership, general partnership, trust, or any other entity.

33. All certificates of deposit, notes, bonds, debentures, accounts receivable, checks or other documents, whether negotiable or non-negotiable, in which you have or had an interest in the past five years.

34. All partnership agreements in which You are a partner.

35. All powers of attorney, stock powers, or other instruments whereby You, either alone or jointly with others, authorized any person, firm or corporation to handle any business or financial affairs for You.

10

36. A list of all items having value in excess of $500.00 purchased by Carollo in the last twenty-four months.

37. A list of all items which Carollo consider to be exempt from execution.

38. All documents reflecting the transfer of any item of value to or from Carollo.

39. All banking, accounting and financial records of Carollo.

40. All documents listed and/or described or attached to Your answers to the Defendant's Information Fact Sheet.

41. All documents listed and/or described in your answers to Plaintiffs' First Set of Interrogatories In Aid of Execution.

42. All copies of all of the above documents when the original is not in your possession, custody or control.

43. All of the foregoing covering the past five years shall be produced.

44. All documentation related to each loan that Carollo provided to any person or entity.

45. All documents relating to any agreement under which You could or did claim to be indemnified for this Action in any way.

46. All documents relating to any insurance that could or did pay for any fees or any judgment in this Action in any way.

47. All documents relating to any legal invoices for this action, or payment of those legal invoices.

48. All documents relating to any pension to which You are or may be entitled.

49. All documents relating to or communications with any political action committee in which You are associated in any way.

11

Dated: June 6, 2023

        Respectfully submitted,

        **AXS LAW GROUP, PLLC**
        2121 NW 2nd Ave, Suite 201
        Wynwood, Florida 33127
        Telephone: (305) 297-1878

        By: */s/ Jeff Gutchess*
        Jeffrey W. Gutchess Esq.
        (FBN702641)
        jeff@axslawgroup.com
        eservice@axslawgroup.com
        *Counsel for Plaintiffs William Fuller and Martin Pinilla*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via email on counsel of record in this action on this 6th day of June 2023.

        */s/ Jeff Gutchess*
        Jeffrey W. Gutchess Esq.

## SERVICE LIST

**KRINZMAN HUSS LUBETSKY FELDMAN & HOTTE**
Co-Counsel for Defendant, Joe Carollo Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700 Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com Secondary:  eservicemia@khllaw.com

**SHUTTS & BOWEN**
Co-Counsel for Defendant, Joe Carollo 200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072 Email: msarnoff@shutts.com

**KUEHNE DAVIS LAW, P.A.**
Co-Counsel for Commissioner Joe Carollo 100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com; mdavis@kuehnelaw.com efiling@kuehnelaw.com

And

**COLE, SCOTT & KISSANE**
Co-counsel for Commissioner Joe Carollo 9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156
Email: Thomas.Scott@csklegal.com Amber.Dawson@csklegal.com