UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

        Plaintiffs,

v.

JOE CAROLLO,

        Defendant.
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiffs, pursuant to SDFL L.R. 5.4, hereby respectfully move for an order allowing them to file under seal a Motion for Mediation Sanctions. In support, Plaintiffs state as follows:

1. Plaintiffs intend to file a Motion for Sanctions for Defendant Carollo's breach of confidentiality in mediation. Doing so in a public unsealed filing will further gorge the confidentiality afforded to mediation by showcasing the statements already disclosed. Further, in explaining how the disclosure can only have originated from the confidential mediation, Plaintiffs risk further disclosure of highly confidential information.

2. This information should be sealed to comply with established public policy set forth in Federal and Florida law. Indeed, both Florida and Federal law task courts with safeguarding confidentiality in mediation. Florida Statute § 44.405(1) states "all mediation communication shall be confidential." Similarly, the United States Congress mandates all courts to ""provide for the confidentiality . . . and [ ] prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d). And SDFL L.R. 16.2(G)(2) provides that "[a]ll Proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405 . . . ." Along these lines, this Court has acknowledged the importance of

confidentiality in mediation. *See Mocombe v. Russell Life Skills*, 2014 WL 11531569, at *19 (S.D. Fla. Oct. 7, 2014). In addition, confidential designation is required to avoid substantial injury to the non-breaching parties by the disclosure of matters protected by the privacy rights in mediation. While Plaintiffs have a right to petition this Court for sanctions based on Carollo's disclosures, Plaintiffs intend to continue mediating in good faith and respectfully request this Court protect the confidentiality of the mediation.

3. Given the importance of confidentiality in mediation, Plaintiffs respectfully request that the Motion for Sanctions remain sealed indefinitely.

4. Counsel for Plaintiffs have consulted with counsel for Defendant pertaining to the relief sought by this motion but the parties have been unable to resolve the issues.

5. A proposed order granting this motion is attached hereto as Exhibit A.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter an order allowing Plaintiffs to file under seal their Motion for Mediation Sanctions.

Dated: January 17, 2024

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Plaintiffs*

**CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

By: /s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.