UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

       Plaintiffs,

v.

JOE CAROLLO,

       Defendant.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISSOLVE
CONTINUING WRIT OF GARNISHMENT [DE 598]**

Members of the public have alleged that Defendant, Judgement Debtor, and Miami City Commissioner Joe Carollo is using his office, the City's official sponsorship of Little Havana Fridays and his work with América CV Network LLC (America Teve) on the City's Little Havana Fridays to generate revenue from America Teve that is paid to Carollo's wife, most likely through her company MTC Group Inc. It has also been alleged that Carollo has used his chairmanship of the Bayfront Park Management Trust to award a million dollar no-bid contract to friendly third party to install a "Dogs & Cats Walkway" in Bayfront Park, which third party then paid Carollo's wife, probably through her company MTC Group Corp., a portion of that million dollars. Carollo also is alleged to be generating money for his wife's company through his takeover of the Tower Theater on Calle Ocho. Last but not least, Carollo is alleged to be receiving funds again through his wife's company, or her relatives, from a series of companies operating under the brand name Roadway Towing and Transportation, which is known to be close to Carollo and which took over the towing operations from the City of Miami once Carollo came into office in 2018.

Despite these public allegations, Carollo claims that his wife will become a "public charge" because he will not be able to support her if approximately $1000 per month is garnished from his wages, and therefor asks this Court to quash its Writ of Garnishment. Carollo makes this bold request without presenting any evidence to this Court regarding either his financial ability to support his wife or his wife's finances through her company MTC Group. What is more, Carollo has refused to produce as part of discovery any of the finances for his wife's company, and has objected to all other third party discovery that could show her income. As set forth below, this Court should either a) deny Carollo's motion outright for failure to meet his evidentiary burden to claim head of household, or b) order an evidentiary hearing but only after ordering Carollo to produce all relevant evidence relating to his and his wife's finances and assets.

## LEGAL AUTHORITY

Carollo claims he is exempt from garnishment as a "head of household." To qualify for the "head of household" exemption under Fla. Stat. 222.11, Carollo must prove he "provide[s] more than one-half of the support for a child or other dependent," which means "the dependent actually depend on the head of family for more than half of his or her own support[,]" without which that person would be "a public charge or object of charity." *In re Holland*, 3:15-BK-3084-JAF, 2017 WL 6550493, at *3-5 (Bankr. M.D. Fla. Apr. 11, 2017).

Courts are extremely dubious when a judgment debtor claims a wife as a "dependent" who would become a "public charge" if just $1000 per month is taken from his salary. For example, in *In re Beckmann*, the court scrutinized a claimed-dependent spouse's assets including medical and dental insurance, 401k plan, and historic income to determine spouse would not be a public charge without judgment debtor's support. 98-10325-6B7, 2000 WL 33722204, at *2 (Bankr. M.D. Fla. June 30, 2000). And Carollo does not cite any cases that provided a head of household exemption

2

based upon a wife living with her husband with no children. In *Ulisano v. Ulisano*, a judgment debtor had two children (one minor) who were dependent in addition to an unemployed wife. 154 So. 3d 507, 508 (Fla. 4th DCA 2015). Similarly, *Mazzella v. Boinis*, cited by Defendant, does not involve any spouse for that matter—but rather a divorced mother providing support to her son who was in college. 617 So. 2d 1156 (Fla. 4th DCA 1993). None of the other cases Carollo cites even addressed whether a spouse could be a dependent. In sum, Defendant provided no caselaw applying applicable legal standards which would be relevant to determine his spouse's dependency.[1]

Apart from his conclusory, self-serving statements that his wife is a dependent, Carollo has provided no evidence of her dependency. Rather, Carollo has never claimed his wife as a dependent on any of his tax returns.[2] "Statements made on a tax return signed by the taxpayer have long been considered admissions, and such admissions are binding on the taxpayer, absent cogent evidence indicating they are wrong." *Palisi v. Comm'r of Internal Revenue*, 3384-15S, 2017 WL 2294635, at *4 (T.C. May 24, 2017) (internal quotations and citation omitted) (citing cases). This admission alone should stop Defendant's motion.

---

[1] In relying on *Killian v. Lawson*, which held that a divorced man with a legal duty to pay alimony to his ex-wife, qualified as a head of household based upon an outdated standard of qualifying for the Head of Household exemption under Fla. Stat. 222.11, which "ignores the Legislature's post-Killian amendment" and "rel[ies] on case law applying an outdated version of the statute" which "ignore[s] the core principle that remains in the statute today[.]" *In re Holland*, 3:15-BK-3084-JAF, 2017 WL 6550493, at *5 (Bankr. M.D. Fla. Apr. 11, 2017). "By doing so, [Defendant] implicitly seek[s] to rewrite the statute which neither the [Defendant] nor [respectfully] this Court has authority to do." *Id*.

[2] Plaintiffs are not filing the referenced documents in conjunction with this filing to minimize the risk of disclosure of Defendant's sensitive and confidential financial documents. However, Plaintiffs can provide the documents at the evidentiary hearing or under seal if requested by the Court.

Even if Carollo had presented any evidence to support his claim, the proper procedure to evaluate a claim of exemption requires "discovery [ ] be had and [then], depending on the evidence obtained, an evidentiary hearing be held[.]". *Matter of Bavelis*, 17-MC-61269, 2019 WL 13216434, at *2 (S.D. Fla. Nov. 22, 2019). And the garnished party is not entitled to temporary relief until a hearing is held. *See Bank v. Squitieri*, 307 So. 3d 972 (Fla. 3d DCA 2020) (finding a reversible error for a trial court to grant temporary relief from garnishment without conducting a hearing). Specifically on point is *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, where the Court "**defer[ed] ruling on the claim of exemption** . . . **to permit additional discovery**" but left garnishment intact. 8:09-CV-1850-T-30TBM, 2017 WL 4277164, at *2 (M.D. Fla. Aug. 16, 2017) (emphasis added).

Defendant's wife is clearly not a "dependent." She generates income through her wholly owned corporation, MTC Group Inc. This income, which Carollo refuses to disclose, must exist because the only income Carollo disclosed is not only not enough to cover living expenses, but moreover has never been used to cover living expenses. Over the past three years, this income was almost exclusively used to pay for Carollo's leased property, two FPL accounts, insurance, and mortgage. Only until after entry of final judgment did Carollo, in an attempt to defraud Plaintiffs, deplete the account on basic living necessities, including food, cable, and phone services. Moreover, Carollo is not entitled to his requested relief as his Motion applies outdated legal standards, contravenes Carollo's admissions made in his tax filings, and because it fails to provide any evidence beyond conclusory, self-serving statements, fails to meet its burden.

While an evidentiary hearing is required, it cannot be conducted without discovery into Carollo's wife's finances and assets. Defendant repeatedly placed his wife's financial information directly at issue by raising this claim, but refuses Plaintiffs any discovery into her finances.

Defendant has objected with **borderline frivolity** to Plaintiffs' discovery into nonparties MTC Group Inc. and Javier Banos Machado. *See* Defendant's Objections, DE 590, and Plaintiffs' Response, DE 593 (where Defendant violated SDFL Local Rules and procedures in objecting to Plaintiffs' subpoena; and asserted baseless objections such as an Accountant-Client privilege—where none exists in federal court sitting in federal question jurisdiction; irrelevance despite caselaw clearly holding otherwise; a marital privilege for documents held by a nonmarried party; and an attorney-client and work product privilege without any privilege log); *see also* Defendant's Objection, DE 574 and Plaintiffs' Response, DE 583 (where Defendant claims discovery into MTC Group Inc. is irrelevant despite caselaw holding otherwise and directly placing it at issue by claim of exemption).

Both MTC Group Inc. and Javier Banos Machado, Carollo's personal accountant, hold necessary information to evaluate the accuracy of Carollo's claim of exemption and if Carollo's wife is truly a dependent. MTC Group is a corporation wholly owned by Defendant's wife. Because of its corporate form, the income it generates does not need to be reported on the joint tax returns filed by Carollo. Income generated by MTC Group could make Carollo's wife self-sufficient such that she would not require any of Carollo's support. This is especially likely considering, in the three years of bank statements Carollo has produced in response to discovery in aid of execution, there are **no deductions for everyday living expenses**. That is until June 2023, after the verdict in this case when Carollo began defrauding the judgment creditors by, *inter alia*, incurring expenses atypical for that account--including Instacart, Metro by T-Mobile, Burger King, DoorDash, DirectTV, PapaJohn's Pizza, BigLots furniture store, and many others. Carollo's fraudulent intent and activities are further noted in DE 579.

Javier Banos Machado, as Carollo's accountant and registered agent for MTC Group, would possess information critical to assess whether Carollo's wife is in fact a dependent. This is especially likely given Defendant's improper attempt to assert the marital privilege between Carollo and his wife to oppose Plaintiffs' subpoena of Banos Machado. As noted in DE 593, there is no marital privilege to be asserted here.

Carollo's failure to provide any evidence beyond conclusory statements and lackluster participation in discovery in aid of execution [*see* DE 603] cannot be met with a dissolution of garnishment. Carollo cannot possibly claim he provides more than 50% support for his wife if he objects to her producing information showing the income earned by her company and whatever relevant documents Banos Machado has.

**WHEREFORE**, Defendant's Motion to Dissolve Garnishment respectfully should be denied and no evidentiary hearing should be held until Defendant provides discovery.

Dated: January 18, 2024

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com

Samuel Jacob Etkin Kramer, Esq.
Florida Bar No. 1049581
sam@axslawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

By: /s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.