UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

       Plaintiffs,

v.

JOE CAROLLO,

       Defendant.
_____/

**RESPONSE TO TWO MOTIONS FOR PROTECTIVE ORDER [DE 601, 602] AND MOTION TO QUASH OR STAY OF WRIT OF EXECUTION [DE 600]**

Over the course of two days on January 10 and 11, 2024, Judgment Debtor Carollo filed not one, not two, but three separate motions [DE 600, 601 & 602] all objecting to this Court's writ of execution [DE 599]. All three motions completely ignore the statutory provisions that dictate the procedures (including affidavits and bonds) and the timing (after levy) to lodge objections to the writ of execution, and which wholly foreclose Carollo's various requests for relief. And Carollo is not entitled to an Order imposing any other form of "compromise" relief he requests from this Court especially because he failed to meet and confer Plaintiffs as the Local Rules require prior to filing of any of his three motions.

Plaintiffs' collection efforts are being carried out pursuant to a valid writ of execution issued and enforced in accordance with the Federal and Local Rules that incorporate standard forms, procedures, and schedules that are generally applicable to every other litigant in every other case. Under the Federal Rules, the "procedure on execution . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). And the Florida Code sets forth in detail the procedures and timing comprising the "method by which a debtor can exempt personal

property which has been levied by a sheriff." *In re Zajni*, 403 B.R. 891, 894 (Bankr. M.D. Fla. 2008) (citing Fla. Stat. § 222.061). Those settled authorities establish a standard order of operations for executing on a judgment which apply to every judgment debtor in Florida.

The writ of execution issued by this Court comprises a one-page standard form made available to all litigants on this Court's website. The writ authorizes the Sherriff or US Marshall to levy the assets necessary to satisfy the judgment. It is only upon levy by the Sherriff that Carollo is **subsequently** permitted to "claim such personal property to be exempt from sale by making . . . an inventory" of the purportedly exempt property "within 15 days **after** the date of the levy." Fla. Stat. § 222.061(1) (emphasis added). Plaintiffs may **then** "file an objection with the court . . . within 5 days after service of the inventory," and it is only at that time—but not before that time—that the Court "shall automatically schedule a prompt evidentiary hearing to determine the validity of the [Plaintiffs'] objection and shall enter its order therein describing the exempt and nonexempt property." Fla. Stat. § 222.061(2)-(3). Carollo asks the Court to overlook these statutory time periods in favor of imposing an indeterminate delay of the execution of judgment process that does not appear to have ever been applied in any other case.

Moreover, in his various motions, Carollo demands a blanket exemption not only from the time periods, but also from the procedures, governing the enforcement of all other writs of executions in Florida. For instance, under Florida law, "if a judgment debtor wants to retake possession of any property," then he must issue a bond for double the value of said property. Fla. Stat. § 56.12. Likewise, under Florida law, if a third party—such as Carollo's wife—claims an interest in any of the property, then she must also file an affidavit swearing to her interest and post a similar bond. Fla. Stat. §§ 56.16 & 56.17. Yet, despite insisting upon retaining possession of all personal property that may be used to satisfy the Final Judgment pending a further determination

by the Court, Carollo has not offered any of the affidavits or bonds that the Florida Rules would ordinarily require of any other litigant. *Compare Stansell v. Revolutionary Armed Forces of Colombia*, 2020 WL 5552778, at *3 (S.D. Fla. July 6, 2020) (quoting *Mann v. GCC Beverages, Inc.*, 490 So. 2d 184, 185-86 (Fla. 1st DCA 1986)) ("[A] legislative scheme . . . provide[s], **upon compliance with certain conditions**, for return of the property to the third party," and "to halt an execution sale" if the third party "files an affidavit that the [p]roperty belongs to it and posts a bond . . . double what the [p]roperty was last appraised at")) (emphasis added).

Carollo offers no valid reason why the Court should eschew the deadlines and procedures applicable in every other case and substitute an unprecedented set of deadlines and procedures more favorable to him that would be applicable only in this case and none other. Of course, Carollo—like all other judgment debtors—may find it more convenient or advantageous to himself to evade the statutory process that governs writs of execution. And Carollo—like all other judgment debtors—may instead prefer to cause delays in the collection process that Florida law does not countenance by raising premature disputes without any of the security or factual support that Florida law requires. But Carollo failed to cite any case in which any other judgment debtor has ever been permitted to evade the deadlines and procedures dictated by the statutory text in the manner he proposes here. And Plaintiffs have not found any case in which a judgment debtor has ever been permitted to engage in such dilatory tactics which conflict with "the method by which a debtor can exempt personal property which has been levied by a sheriff" under controlling Florida law. *In re Zajni*, 403 B.R. 891, 894 (Bankr. M.D. Fla. 2008) (citing Fla. Stat. § 222.061). In short, Carollo does not cite any case remotely similar to this one authoring a raw exercise of a court's "inherent power"—or any other power— to displace or delay the standard protocol for enforcing a writ of execution mandated by the Federal Rules and Florida law. [DE 600 at 2].

Tellingly, none of Carollo's motions are accompanied by the pre-filing certificate of good-faith conferral required by this Court's Local Rules. *See* S.D. Fla. L.R. 7.1(a)(3) ("Prior to filing any motion in a civil case, . . . counsel for the movant shall confer" with opposing counsel "in a good faith effort to resolve by agreement the issues raised in that motion"). This Court has already admonished Carollo for filing motions "without conferral" as mandated by the Local Rules, [DE 361 at 16] (Mar. 10, 2023 Hr'g Tr.), which itself constitutes good cause to deny this latest batch of Carollo's motions "as procedurally deficient." *Fed. Dep. Ins. Corp. v. Floridian Title Group, Inc.*, 2020 WL 13310024, at *2 (S.D. Fla. Nov. 2, 2020) (Louis, M.J.). And Carollo's failure to adequately meet-and-confer before filing his motions is particularly vexatious in the context of this case, where Plaintiffs would be amenable to considering at least some forms of the alternative relief that Carollo seeks in his motions, if only Carollo would comply with his basic obligations to provide discovery in aid of execution, as explained in Plaintiffs' pending motion to compel. [DE 603].

For instance, Carollo's motions contain the recurring fact-free refrain that this Court should disregard the ordinary statutory procedures for enforcing a writ of execution under Florida law because they are supposedly insufficient for purposes of this case "to prevent seizure of potentially marital property," [DE 600 at 4], and "to ensure due process to . . . Mrs. Carollo." [DE 601 at 4]; *accord* [DE 602 at 6] (musing, without evidence, that "Mrs. Carollo[ ] may have property held individually, rather than as a marital asset, which must be properly accounted for"). Of course, that contention is meritless, as "the District Courts and the Eleventh Circuit have consistently found that the Florida execution process used here is proper," "reject[ing]" and "disagreeing" with arguments that Florida's writ of execution statutes failed to adequately protect the "due process

4

rights" of judgment debtors like Carollo and third-party claimants like Mrs. Carollo. *Stansell, supra*, at *4 (S.D. Fla. July 6, 2020) (quoting cases).

Meanwhile, however, Carollo has stubbornly resisted Plaintiffs' requests for discovery in aid of execution that pertains to Mrs. Carollo and refused to provide any insight into Mrs. Carollo's assets, finances, and any so-called "potentially marital property," despite being required to do so. *See* [DE 603] (Plaintiffs' motion to compel, citing, *inter alia*, *Cole v. Am. Cap. Partners Ltd., Inc.*, 2010 WL 11597854, at *3 (S.D. Fla. Jan. 28, 2010) ("The Florida Rules and statutes also permit discovery in aid of execution" relating to "the assets of the spouse of the judgment [debtor]") (citations omitted)). Moreover, the urgency and need for Carollo to respond to these basic discovery requests is heightened here, given Carollo's efforts to fraudulently transfer and conceal assets subject to execution during the trial of this case. *See Santana v. RCSH Operations, LLC*, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013) ("[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor," and "[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets.").

Plaintiffs remain open to meeting and conferring as to the levy of Carollo's assets **provided that** he complies with his corresponding obligations to produce all requested financial documents as to his accounts and properties—as well as to his wife's accounts, companies, and properties to support any claim of potential marital property—as he is required to do despite his persistent foot-dragging. In the meantime, there is no legal or factual basis for this Court to excuse Carollo from the statutory procedures and deadlines applicable to other judgment debtors, to allow Carollo to shirk his obligation to provide adequate discovery in aid of execution, or to permit Carollo to impose a series of unprecedented delays in the execution process that will likely allow him to

further dissipate and conceal the assets that would otherwise be subject to collection in order to satisfy the $63.5-million Final Judgment entered against him.

**WHEREFORE**, Plaintiffs respectfully request that this Court deny Defendant's Motions for Protective Order (DE 601, 602) and his Motion to Quash (DE 600).

Dated: January 24, 2024

                                                Respectfully submitted,

                                                **AXS LAW GROUP, PLLC**
                                                2121 NW 2nd Ave, Suite 201
                                                Miami, Florida 33127
                                                Telephone: (305) 297-1878

                                                By: */s/ Jeffrey W. Gutchess*
                                                Jeffrey W. Gutchess, Esq.
                                                Florida Bar No. 702641
                                                jeff@axslawgroup.com
                                                eservice@axslawgroup.com

                                                *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

                                                By: */s/ Jeffrey W. Gutchess*
                                                Jeffrey W. Gutchess, Esq.