UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**DEFENDANT, JOE CAROLLO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS IN AID OF EXECUTION**

Defendant, Joe Carollo ("Commissioner Carollo"), by and through undersigned counsel, and pursuant to applicable law, hereby files his Response in Opposition to Plaintiffs' Motion to Compel Defendant's Production of Documents in Aid of Execution (DE 603) (the "Motion").

**I.      Introduction**

Plaintiffs' Motion is yet another improper effort by Plaintiffs to use post-trial collection in this case as a tool to publicly harass, intimidate, and embarrass Commissioner Carollo and his family, and to drive hyperbolic headlines, as previously detailed in earlier filings. *See, e.g.*, DE 574, 601, 602, 610. Plaintiffs are once again trying to create headlines with defamatory claims for their own political gain. In fact, the United States has specifically enacted statutory protections to prevent debt collection of this nature. *See, e.g., Kelly v. J.D. Stuart Law Group,* 2014 U.S. Dist. LEXIS 205308 (N.D. Ga. 2014) ("the FDCPA was intended to protect both debtors and non-debtors alike, as evidenced by the language prohibiting debt collectors from harassing, oppressing, or abusing 'any person in connection with the collection of a debt.'").

Plaintiffs' assertion that Defendant "has not complied with Plaintiffs' Discovery Requests in Aid of Execution" is completely false, as set forth herein. *See* Motion at 1. Plaintiffs simply do

1

not like the evidence that has been produced by Defendant because it shows that Defendant is a public servant paid pursuant to the City Charter, and he is the head of his family providing the sole support for his wife.

As the Plaintiffs well know, during the entire pendency of this case, Defendant has been an elected official required to provide Florida Statements of Financial Interests forms and City Public Disclosures of Financial Interests forms. These publicly filed financial disclosures have been a matter of record for years. The accuracy of these filings has never been questioned. Even now, after Plaintiffs have had an opportunity to review these disclosures as part of the productions in this case, Plaintiffs have offered not a single factual basis to question their accuracy. And the disclosures have been thorough and fully compliant with the Plaintiffs' requests. *See* JC-DIAOE-000001-000015, JC-DIAOE-000092-00094. These public forms have not been called into question or investigated.

Plaintiffs' Motion is another example of wild conspiracy theories and outright speculation with no basis or evidence to support their outlandish claims. Plaintiffs' Motion reflects their further attempts to distract from the evidence that establishes that Defendant's salary as a Commissioner is set by law, and that he is using that income to fully support he and his wife. Yet, the Plaintiffs continually pass their false and scurrilous accusations to the media, knowing full well they will see their own names in the headlines while Commissioner Carollo is unfairly shown in a false light.

The Plaintiffs should be stopped from further harassing and impugning Commissioner Carollo so long as the post-verdict motions remain pending. Due process principles promote the fair and efficient resolution of those legal matters before the Plaintiffs continue their never-ending assault on Commissioner Carollo and his family. Expedient resolution of the pending motions is

crucial to ensure due process for all. Plaintiffs' hyperbolic statements and ongoing improper efforts are the result of a campaign of harassment and embarrassment by litigating this matter in the public eye through hyperbole and falsehood.

Plaintiffs are not entitled to the requested relief as they failed to exhaust all efforts to achieve resolution prior to filing their Motion. Plaintiffs concede that the day before they prematurely filed their Motion to Compel, Defendant Carollo produced his remaining tax return that was only recently filed. Plaintiffs minimize this production as "**just one document**" despite having had full access to the Carollo family joint tax returns for the requested tax years. *See* Motion at 1 (original emphasis). Plaintiffs' claim is materially misleading because that recently produced 2022 Joint Tax Return was only recently prepared and filed with the Internal Revenue Service and was not previously available. Contrary to discovery and motion practice requirements, prior to filing the Motion, Plaintiffs' counsel did not discuss with defense counsel the Motion to Compel or attempt to resolve the issues to be raised by Plaintiffs in the Motion. Undersigned counsel did not even know that Plaintiffs intended to file their baseless Motion to Compel. Neither have Plaintiffs reached out to discuss the Motion post-filing.

II. **Factual Background as to Discovery in Aid of Execution**

After the trial, Plaintiffs served their First Request for Production in Aid of Execution, their First Set of Interrogatories in Aid of Execution, and their Request for Defendant to provide his Confidential Fact Information Sheet and the documents referenced therein, in accordance with Florida Rule of Civil Procedure Form 1.977.

Defendant timely served his Responses and Objections to Plaintiffs' First Request for Production in Aid of Execution, and he **produced over seven hundred and fifty (750) pages of responsive documents**. To date, Defendant has produced responsive documents identified as JC-

3

DIAOE-000001-000751 including confidential and highly confidential financial documents.

Additionally, Defendant timely served his sworn answers and objections to Plaintiffs' First Set of Interrogatories in Aid of Execution, and Defendant timely served his sworn Confidential Fact Information Sheet and the documents referenced therein, in accordance with Florida Rule of Civil Procedure Form 1.977.

Defendant interposed numerous, well-founded objections to Plaintiffs' discovery in aid of execution, including that the discovery requests are overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of assets available to Plaintiffs for execution or levy; portions of the discovery requests are protected by the attorney-client privilege, and accountant-client privilege; the discovery requests are beyond the scope of applicable law and rules for collection because they seek discovery for the past five (5) years; and the discovery requests are subject to production only upon the Plaintiffs' agreement to a standard Confidentiality Agreement and Protective Order; and Defendant reserved and did not waive the right to amend, modify, and supplement the information set forth.

Plaintiffs' overstated complaint that the Defendant's failed to produce financial documents overlooks the undisputed facts that Defendant has produced critical financial documents proper for discovery in aid of execution purposes. Among the responsive documents produced by Defendant, for example, include the last three (3) years of Joint Tax Returns for the Carollo family (2020, 2021, and 2022 Joint Tax Returns).

Furthermore, the Defendant's responsive documents also include bank account records, brokerage account statements, retirement account records, payroll records, mortgage interest records, mortgage payment records, mortgage, and records regarding real property including

4

property and ownership records. In short, the Defendant has complied with reasonable discovery requests in aid of execution.

### III. Argument

#### A. In response to Plaintiffs' first set of discovery, Defendant produced responsive documents, and he interposed valid objections. He requests a hearing on the status of the required productions.

The Motion broadly and inaccurately asserts that Defendant's document production was insufficient. This is a difficult argument to justify because Defendant produced more than seven hundred and fifty (750) pages of responsive financial documents, including but not limited to the confidential and highly confidential **2020, 2021, and 2022 Joint Tax Returns**.

Defendant also provided his sworn answers to Interrogatories and sworn Response to Fact Information Sheet, all in compliance with Plaintiffs' discovery requests and applicable law. Tellingly, Plaintiffs have **not** moved to compel better answers to Plaintiffs' First Set of Interrogatories in Aid of Execution, or to Plaintiffs' Request for Defendant's Confidential Fact Information Sheet in accordance with Florida Rule of Civil Procedure Form 1.977.

Defendant timely made objections to Plaintiffs' improper discovery requests, and those objections are still pending a court ruling. Defendant continues to assert his objections and he requests a hearing on his objections.

#### B. The Motion ignores Defendant's extensive discovery responses, Defendant's document production, Defendant's sworn interrogatory answers, and Defendant's sworn Fact Information Sheet.

Plaintiffs argue that Defendant was required to and failed to produce documents and provide information. But the responsive documents that are the apparent subject of the Motion are broad categories of documents and information that Defendant already provided to Plaintiffs or that are objectionable and those objections are pending. Plaintiffs simply do not like the evidence

5

they received showing that Defendant is a public servant paid pursuant to the City Charter, and he is the head of his family.

For example, Plaintiffs broadly and erroneously complain that Defendant "fail[ed] to produce any information" relating to numerous, broad categories of documents and information, however, Defendant already provided the responsive documents and information to Plaintiffs, as noted in this chart.

| **Plaintiffs' argument in their Motion** | **Documents produced by Defendant, information provided by Defendant, Defendant's objections are pending, and a hearing is requested** |
|---|---|
| Defendant's "wife's companies and financials" (Motion, p. 1) | As to Defendant's "wife's … financials", *see, e.g.*, documents produced, quit claim deed (19-20), account statements (211-224), mortgage records (225-239), joint tax returns (434-438, 439-442, 744-751); list of marital property (443); Defendant's Interrogatory Answers; and Defendant's Response to Fact Information Sheet. Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested.<br>As to Defendant's "wife's companies", Plaintiffs served Notices of Intent to Issue Subpoenas to non-parties relating to this category; Defendant served Objections; these have not yet been determined; and a hearing is requested. |
| Defendant's "own companies and financials" (Motion, p. 1) | *See, e.g.*, documents produced, statements of financial interests and disclosures of financial interests (1-15, 90-94), deeds (16-21), account statements/reports (209-224, 248-283), mortgage records (225-239), expenses records (284-287), joint tax returns (434-438, 439-442, 744-751); list of marital property (443); and Interrogatory Answers; and Response to Fact Information Sheet. Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested. |

| **Plaintiffs' argument in their Motion** | **Documents produced by Defendant, information provided by Defendant, Defendant's objections are pending, and a hearing is requested** |
|---|---|
| Defendant's "own various interests in properties, leases, credit cards, and accounts" (Motion, p. 1) | *See, e.g.*, documents produced, statements of financial interests and disclosures of financial interests (1-15, 90-94), deeds (16-21), account statements/reports (209-224), mortgage records (225-239), joint tax returns (434-438, 439-442, 744-751); list of marital property (443); Defendant's Interrogatory Answers; and Defendant's Response to Fact Information Sheet. Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested. |
| "responsive documents for his wife" (Motion, p. 2) | *See, e.g.*, documents produced, quit claim deed (19-20), account statements (211-224), mortgage records (225-239), joint tax returns (434-438, 439-442, 744-751); list of marital property (443); Defendant's Interrogatory Answers; and Defendant's Response to Fact Information Sheet. Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested. |
| "responsive documents for his wife's corporation" (Motion, p. 2) | As to Defendant's "wife's corporation", Plaintiffs served Notices of Intent to Issue Subpoenas to non-parties relating to this category; Defendant served Objections; these have not yet been determined; and a hearing is requested. |
| "documents showing his wife's or her company's financial posture" (Motion, p. 3) | As to Defendant's wife's "financial posture", *see, e.g.*, documents produced, quit claim deed (19-20), account statements (211-224), mortgage records (225-239), joint tax returns (434-438, 439-442, 744-751); list of marital property (443); Defendant's Interrogatory Answers; and Defendant's Response to Fact Information Sheet.<br>As to Defendant's wife's "company's financial posture", Plaintiffs served Notices of Intent to Issue Subpoenas to non-parties relating to this category as to his wife's company; Defendant served Objections; these have not yet been determined; and a hearing is requested. |

| **Plaintiffs' argument in their Motion** | **Documents produced by Defendant, information provided by Defendant, Defendant's objections are pending, and a hearing is requested** |
|---|---|
| "documents for any of his own businesses", "any financial records for these companies" (Motion, p. 4) | *See, e.g.*, documents produced, statements of financial interests and disclosures of financial interests (1-15, 90-94), joint tax returns (434-438, 439-442, 744-751); Defendant's Interrogatory Answers; and Defendant's Response to Fact Information Sheet. Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested. |
| "documents related to, any interest or inheritance he has in his late mother's property" (Motion, p. 4) | Defendant has provided responsive documents and information, he has asserted objections that have not yet been determined, and a hearing is requested. |

The discovery requests are objectionable on numerous grounds, and Defendant properly and timely asserted appropriate objections. Defendant was not required to produce documents in response to Plaintiffs' *objectionable* discovery requests until those objections have been ruled on.

Defendant properly objected to Plaintiffs' discovery requests on the grounds that the discovery requests are, *inter alia*, overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of assets available to Plaintiffs for execution or levy; the discovery requests are protected pursuant to the attorney-client privilege, and protected pursuant to the accountant-client privilege; the discovery requests are objectionable as beyond the scope of applicable law and rules for collection because they seek discovery as to the past five (5) years; the discovery requests are subject to entry into Confidentiality Agreement and Protective Order; and Defendant reserved and did not waive the right to assert further objections.

Defendant requests a hearing on his objections in order to fully present his objections and ensure that he receives due process of law as to Plaintiffs' objectionable discovery requests.

Plaintiffs' argument that Defendant was required to and failed to produce documents relating to his wife's company is also incorrect because it entirely ignores the fact that Defendant **did** produce material **financial records of both Defendant and his wife, including their 2020, 2021, and 2022 Joint Tax Returns filed with the Internal Revenue Service**. Importantly, the 2022 Joint Tax Return, for example, plainly proves that Defendant is the head of his family and that **Defendant is providing the sole support for his wife**.

While Plaintiffs argue that Defendant failed to object to the definition of "Carollo" set forth in their First Request for Production in Aid of Execution, they do not claim or take the position that such objection has been waived, nor could they.[1] Defendant has interposed valid and proper objections to the *entirety* of Plaintiffs' objectionable First Request for Production in Aid of Execution, including the "Instructions" section, the "Definitions and Instructions" section, and the "Documents to be Produced" section. Moreover, Plaintiffs are not entitled to expand the scope of discovery based on a misleading "definition" beyond the permissible bounds of discovery in aid of execution pursuant to applicable law and rules.

Plaintiffs argue that Defendant was required to produce *additional* documents relating to a non-party, Marjorie Carollo, Defendant's wife, who is not a judgment-debtor. *See* Motion at 1-3. That is incorrect. Defendant produced certain documents relating to Defendant and his wife,

---

[1] Plaintiffs' Definitions section states that, "'Carollo' and 'You' and 'Your' means Joe Carollo, as well as his agents, representatives, employees, investigators, attorneys, and all persons acting pursuant to his direction or control, or acting or purporting to act on his behalf, including family members and/or spouses." *See* DE 603-1 at 3. Burdensome and all-inclusive definitions cannot be used to formulate a document request purporting to create obligations on the part of the responding party that do not otherwise exist in the applicable rules and law. Words used in discovery normally should carry their plain and ordinary meaning unless the particular case requires a special or technical definition, which should be specified plainly and concisely. The party propounding discovery cannot unreasonably expand the ordinary sense of words to encompass other possible meanings.

including their Joint Tax Returns. But a party is not required to produce the financial documents of a non-party, as here, Marjorie Carollo. The allowable purpose of discovery in aid of execution is to discover *the judgment debtor's assets*, not the assets of non-parties. *See, e.g.*, *SMS Fin. J, LLC v. Custom Plumbing of Lee Cty., Inc. (In re Kimball Hill, Inc.)*, No. 2:18-mc-19-FtM-29NPM, 2020 U.S. Dist. LEXIS 227941, *2 (M.D. Fla. Dec. 4, 2020) ("The purpose of this discovery is to learn of the existence of a judgment debtor's assets"); *PNC Bank N.A. v. Olasunkanmi*, No: 8:18-cv-744-T-30AAS, 2020 U.S. Dist. LEXIS 267317, *3, 2020 WL 13572659 (M.D. Fla. Oct. 7, 2020) (quoting *National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982)) ("A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located.").

As to discovery directed to *non-parties*, "[t]here must be a threshold showing of the necessity and relevance of the discovery sought from the [non-parties]." *Hatala v. Sustainable Concepts Dev., LLC*, No.: 9:15-CV-81475-BLOOM/Reinhart, 2022 U.S. Dist. LEXIS 74833, *9, 2022 WL 2341234 (S.D. Fla. April 25, 2022) (citation omitted) (Reinhart, Mag. J.). Just as in the *Hatala* case, 2022 U.S. Dist. LEXIS 74833, at *13, Plaintiffs here have not "laid the proper predicate necessary". Plaintiffs appear to recognize as much since they have also served Notices of Intent to Subpoena records from third parties they claim are related to Mrs. Carollo. *See, e.g.*, DE 574-1 at 8-13 (Plaintiffs' proposed subpoena to MTC Group, Inc., of which Mrs. Carollo is identified as the president in public filings). Defendant has asserted proper objections to such expansive, unfounded, and premature subpoenas, Defendant's objections are pending, and Defendant requests a hearing on the objections.

Florida law mandates that only property of the Defendant Judgment-Debtor is subject to execution. *See, e.g., Williams v. M&R Constr. of N. Fla., Inc.*, 305 So. 3d 353 (Fla. 1st DCA 2020)

10

("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse") (quoting *Beal Bank, SSB v. Almand & Assocs.* 780 So. 2d 45, 53 (Fla. 2001)); *Bridgeview Bank Group v. Callaghan*, 84 So. 3d 1154 (Fla 4th DCA 2012) ("A judgment creditor has no right to property held by the debtor in an estate by the entireties"); *Dillworth v. Hinton*, 378 B.R. 371 (Bankr. M.D. Fla. 2007) (personal property is presumed to be owned as tenancy by the entirety absent explicit evidence of a different form of ownership).

Accordingly, Plaintiffs' insistence on additional, overbroad categories of discovery seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence under the circumstances of this case and in light of the evidence that Plaintiffs already have.

### C. **Plaintiffs' unsubstantiated conspiracy theories based on rank speculation do not support their Motion**

Plaintiffs speculate without any factual basis that the Commissioner's income "is not sufficient to pay his daily living expenses". *See* Motion at 4. But the documents produced belie Plaintiffs' claim. The Commissioner produced personal bank statements including those showing payment of day-to-day expenses. The Commissioner is not required to have personal credit cards. His extensive bank statement productions reflect no payments of personal credit cards.

Plaintiffs complain that the Commissioner failed to produce documents relating to defunct entities. *See* Motion at 4. The Commissioner produced documents responsive to the discovery as set forth in the discovery responses, and therefore this argument is unavailing.

Plaintiffs argue that "based on information provided by Carollo's [unnamed] associates, Carollo has a significant interest in that property and adjoining properties and is working on

11

assembling the properties for development." *See* Motion at 4-5. Plaintiffs' rank assertion of information received from unnamed, unidentified "associates" is nothing more than, at best, defamatory accusations intended to harm the Commissioner. Presenting these outrageous fabrications so as to be repeated by the media only serves to feed their political vendetta against Defendant and the City and to be used for their own personal and political gain.

IV. **Request for Hearing on Defendant's Objections to Plaintiffs' Discovery**

Defendant requests a hearing on Defendant's objections to Plaintiffs' discovery in aid of execution, Defendant's objections to Plaintiffs' notices of intent to issue subpoenas in aid of execution, and Plaintiffs' motion to compel.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case.

        Respectfully submitted,

        KRINZMAN HUSS LUBETSKY
          FELDMAN & HOTTE
        Alfred I. duPont Building
        169 E. Flagler Street, Suite 500
        Miami, Florida 33131
        Telephone: (305) 854-9700
        Primary email:  map@khllaw.com
        Primary email:  mschneider@khllaw.com
        Secondary:  eservicemia@khllaw.com

        By: */s/ Mason A. Pertnoy*
            Mason A. Pertnoy, Esq.
            Florida Bar No. 18334
        And

        SHUTTS & BOWEN
        200 S. Biscayne Boulevard, Suite 4100

Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: */s/ Marc D. Sarnoff*
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: */s/ Benedict P. Kuehne*
Benedict P. Kuehne, Esq.
Florida Bar No. 233293