UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24190-CIV-SMITH

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**DEFENDANT'S, JOE CAROLLO, NON-PARTY, JOE AND MARJORIE CAROLLO, A MARRIED COUPLE AS TENANTS BY THE ENTIRETY, AND NON-PARTY, MARJORIE CAROLLO, INDIVIDUALLY, REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER [DE 601, 602] AND MOTION TO QUASH OR STAY WRIT OF EXECUTION [DE 600]**

Defendant, Joe Carollo ("Commissioner Carollo"), Non-Party, Joe and Marjorie Carollo a married couple as tenants by the entirety (the "Carollos"), and Non-Party, Marjorie Carollo, individually ("Mrs. Carollo"), by and through their undersigned counsel, file this Reply to Plaintiffs' Response to Defendant's Motions for Protective Order [DE 601, 602] and Motion to Quash or Stay Writ of Execution [DE 600] (the "Response") [DE 609], and in support thereof, states as follows:

I. **Background**

The Carollos are under threat of imminent, irreparable harm as a result of Plaintiffs' harassment tactics. Plaintiffs' Response once again chooses to ignore the evidence provided by Commissioner Carollo in favor of wild speculation and erosion of due process rights for no reason other than to intimidate, harass, and embarrass Commissioner Carollo.

On January 9, 2024, the Clerk of Court executed a Writ of Execution to be delivered to the U.S. Marshals Service. [Dkt. 599]. The Writ of Execution fails to account for marital assets

1

existing in the Carollos' marital home, and is overly broad. An accounting of marital assets is the standard Florida practice and procedure utilized by courts when enforcing execution of judgments.

Should this Court permit the U.S. Marshals Service to invade the sanctity of the Carollos' marital home prior to an inventory and determination of the nature of the personal property within the home, the Carollos will suffer irreparable harm. Notably, should this seizure occur prior to a determination of marital assets, the Carollos and Mrs. Carollo will be deprived of their due process rights solely to advance the Plaintiffs' public spectacle with no discernible benefit to the execution of judgment process. There is no harm to Plaintiffs in conducting the inventory prior to seizure because such an inventory must occur in any event.

Accordingly, this Court should enter an Order prohibiting the premature seizure of the Carollos' property prior to an appropriate determination as to the nature of such property.

II.     **Memorandum of Law**

Generally, courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Further, Florida law mandates that only property of the Defendant Judgment Debtor is subject to execution. *See e.g. Williams v. M&R Constr. Of N. Fla., Inc.*, 305 So. 3d 353 (Fla. 1st DCA 2020).

Here, there is actual, imminent harm threatening the Carollos that necessitates issuance of a protective order. Plaintiffs, despite actual knowledge to the contrary, continue to push their agenda of wild speculation in support of hyperbolic headlines at the expense of actual, documented evidence. Such efforts are done at the expense of the Carollos' due process and constitutional protections. For example, Plaintiffs are well aware that Mrs. Carollo's name is included on the mortgage of the Carollos' marital home because it is their homestead property. Despite this, Plaintiffs continue to make outlandish public comments that the U.S. Marshals will "knock down"

the door to the Carollos' marital home and evict the Carollos. Such comments threaten bedrock principles of Florida law and its Constitution.

As part of post-judgment proceedings, Commissioner Carollo completed a Fact Information Sheet required by all judgment debtors, containing a detailed, itemized list of all assets, and the nature of their ownership, including assets held as tenants by the entirety with Mrs. Carollo. Despite this, Plaintiffs continue to engage in tactics aimed at nothing other than harassment, intimidation, and embarrassment. A protective order is necessary to prevent deprivation of the Carollos' marital assets and due process rights, and to protect the married couple from embarrassment and oppression, namely, the seizure of their personal property without proper notice or opportunity to be heard, especially in the case of Mrs. Carollo.

Plaintiffs' true intent goes far beyond collection on their judgment and is being used as a tool to publicly harass, intimidate, and embarrass Commissioner Carollo. This is the precise reason Plaintiffs' counsel recorded his intentions and published them for the world to see on social media. Meanwhile, the relief Commissioner Carollo and the Carollos seek remains pending. Due process mandates that Commissioner Carollo's pending post-trial motions be ruled upon prior to advancing the judgment execution process. Even Plaintiffs' counsel stated, in a press statement to WSVN, "Justice delayed is justice denied."[1] Commissioner Carollo agree that justice requires the fair resolution of the pending post-verdict motions before the execution process proceeds. Expedient resolution of the pending motions is crucial to ensure due process for all.

Further, the Writ of Execution provides for seizure of all of "the goods and chattels, lands and tenements" of Commissioner Carollo without any specificity or limitation. In fact, the Writ of Execution entirely fails to account for the existence of marital assets (*i.e.* – tenants-by-the-

---

[1] US Marshals directed to seize Joe Carollo's home, possessions after federal court order - WSVN 7News | Miami News, Weather, Sports | Fort Lauderdale January 10, 2024

entireties)[2] or Mrs. Carollo's assets in the Carollos' marital home, nor does it identify any specific tangible property for seizure. Mrs. Carollo has property held individually, rather than as a marital asset, which also must be properly accounted for and inventoried so as to avoid a violation of her due process rights and prevent a taking of her personal property not subject to execution.

To that end, Plaintiffs falsely argue that Commissioner Carollo has stubbornly refused Plaintiffs' discovery efforts in aid of execution with respect to Mrs. Carollo's assets, finance, and marital property. Plaintiffs know this to be outrageously false. As an initial matter, Mrs. Carollo's finances (or lack thereof) and Plaintiffs' discovery requests are unrelated to the writ of execution. Regardless, Commissioner Carollo prepared and produced, and Plaintiffs have in their possession, an itemized list of marital property in the Carollos' marital home (JC-DIAOE-000443).

This itemization and Fact Information Sheet were prepared and signed under oath. Plaintiffs have done nothing to rebut this information prepared under oath other than throw out wild conspiracy theories that do nothing to overcome the sworn evidence and presumptively marital property. Plaintiffs simply do not like the evidence that has been produced because it shows that Commissioner Carollo is a public servant paid pursuant to the City Charter, and he is the head of his family providing the sole support for his wife. This itemization of marital property is the very reason Commissioner Carollo has repeatedly urged this Court to order appointment of an independent neutral to inspect and account for the Carollos' marital property.

Should the U.S. Marshals be granted access to the Carollos' marital home, personal property (that otherwise has limited monetary value to third-party bidders and/or does not belong

---

[2] Under Florida law, execution cannot be made upon property held as tenants-by-the-entireties absent a joint judgment against both spouses by the same creditor. *See, e.g., Williams vs M & R Constr. of N. Fla., Inc.*, 305 So.3d 353, 354 (Fla. 1st DCA 2020) (reversing lower court for failure to issue stay of writ of execution on tenants-by-entireties assets where no single creditor held judgment against both spouses), *citing Beal Bank, SSB vs Almand & Assocs.*, 780 So.2d 45, 53 (Fla. 2001), and *Quick vs. Leatherman*, 96 So.2d 136, 138 (Fla. 1957).

to Commissioner Carollo individually) will be disposed of with no realistic method of return. There is no question that an inventory of personal property needs to be taken to ascertain what is, and is not, solely Commissioner Carollo's personal property as opposed to a marital asset owned as tenants by the entirety with Mrs. Carollo or otherwise does not belong to Commissioner Carollo individually. However, once the Marshals seize the personal property and auction it, the seizure cannot be undone and will result in irreparable harm. As such, the Court should order an independent neutral inspector to inventory the personal property in the Carollos' marital home, *but not seize it*, so that a determination with respect to marital assets can be made *prior to their disposal* (or even to allow for the posting of a bond for the value thereof) to prevent harm and due process deprivations that cannot be remedied. Such an inspection causes no harm or prejudice to Plaintiffs because an inventory and accounting process needs to occur either way.

Finally, Plaintiffs' counsel's public comments that they intended to knock down the door to Commissioner Carollo's home, change the locks and evict him were plain and necessitated an expediency in Commissioner Carollo's filings. The Parties have, however, met and conferred on related issues previously, such as Defendant's Motion to Stay, which seeks similar relief. Accordingly, the Parties' previously conducted conferral, and re-conferring is an exercise in futility.

Commissioner Carollo, Mrs. Carollo, and the Carollos respectfully request the Court, in an exercise of its discretion, to enter a protective order to prevent seizure of marital personal property (and property of Mrs. Carollo) so as to ensure the due process rights, not only of Commissioner Carollo but of the non-parties affected by Plaintiffs' actions, are appropriately preserved and protected. The Court should appoint an independent, neutral inspector to conduct an inspection and accounting of the personal property prior to any seizure. The Carollos' and Mrs. Carollo's due

process rights should not be lost amidst Plaintiffs' zealous collection efforts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case.

        Respectfully submitted,
        KRINZMAN HUSS LUBETSKY
          FELDMAN & HOTTE
        Alfred I. duPont Building
        169 E. Flagler Street, Suite 500
        Miami, Florida 33131
        Telephone: (305) 854-9700
        Primary email:  map@khllaw.com
        Primary email:  mschneider@khllaw.com
        Secondary:  eservicemia@khllaw.com

        By: */s/ Mason A. Pertnoy*
            Mason A. Pertnoy, Esq.
            Florida Bar No. 18334
        And
        SHUTTS & BOWEN
        200 S. Biscayne Boulevard, Suite 4100
        Miami, FL 33131
        Telephone: (305) 415-9072
        Email: msarnoff@shutts.com

        By: */s/ Marc D. Sarnoff*
        Marc D. Sarnoff, Esq.
        Florida Bar No. 607924

        And
        KUEHNE DAVIS LAW, P.A.
        100 S.E. 2nd Street, Suite 3105
        Miami, FL 33131-2154
        Telephone: (305)789-5989
        Email: ben.kuehne@kuehnelaw.com;
        mdavis@kuehnelaw.com
        efiling@kuehnelaw.com

        By:  */s/ Benedict P. Kuehne*
        Benedict P. Kuehne, Esq.
        Florida Bar No. 233293