UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24190-CIV-SMITH

WILLIAM O. FULLER, *et al.*,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.

_____/

## ORDER DENYING MOTION FOR STAY

This matter is before the Court on Defendant Joe Carollo's Motion for Stay or, in the Alternative Partial Stay, Pending Resolution of the Post-Trial Motions and Pending Appeal [DE 503], Plaintiffs' Opposition [DE 534], and Defendant's Reply [DE 576].  On June 1, 2023, after a multi-week trial, the jury entered a verdict finding that Defendant had retaliated against Plaintiffs for exercising their First Amendment rights and awarding Plaintiffs a combined $63.5 million dollars in compensatory and punitive damages.  In accordance with the verdict, the Court entered a Final Judgment [DE 479] on the same day.  Defendant has appealed and now seeks to stay any attempts by Plaintiffs to collect on the Final Judgment without posting a bond, as required by Federal Rule of Civil Procedure 62.[1]  In the alternative, Defendant seeks a partial stay that would prevent Plaintiffs from entering Defendant's home.  For the reasons set forth below, the Motion is denied.

---

[1] Defendant's Motion quotes an outdated version of the Rule that is no longer in effect.

Federal Rule of Civil Procedure 62(b) states: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Local Rule 62.1 requires the supersedeas bond posted to be in the amount of 110% of the judgment but, "upon application of a party the Court may direct otherwise."

"If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).[2]  Generally, courts have recognized two instances where they may depart from the requirement of a supersedeas bond:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Id.* (citation omitted); *see also Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (stating that no bond is necessary "(1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and, (2) where the requirement would put the defendant's other creditors in undue jeopardy." (citing *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)), *aff'd*, 932 F.2d 1572 (11th Cir. 1991).  The "exception

---

[2] **Error! Main Document Only.**In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

permitting a lesser bond requires the judgment debtor 'objectively [to] demonstrate[ ] his ability to satisfy the judgment and maintain the same degree of solvency throughout the appellate process.'" *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (quoting *Avirgan*, 125 F.R.D. at 187; alterations in original).  A judgment debtor's "prospective inability to pay a judgment must defeat the request for a stay without a bond." *Avirgan*, 125 F.R.D. at 187.

Here, Defendant has failed to meet his burden of demonstrating his ability, or inability, to satisfy the judgment.  Other than unsupported statements in the Motion, Defendant has provided the Court with no evidence to support his claim that posting a bond would impose an undue financial burden.  Defendant argues that the Court should stay the judgment without requiring a bond because (1) the judgment presents an undue hardship, and it will never be fully collectable; (2) Defendant is a city employee; (3) Defendant's finances are publicly disclosed so the threat or asset dissipation is minimal; and (4) Defendant will agree to a manageable financial plan as a good-faith security effort in lieu of bond.  However, unlike in *Hatfield v. A+ Nursetemps, Inc.*, No. 5:11-CV-416-OC-10PRL, 2015 WL 12850593, at *1 (M.D. Fla. June 10, 2015), and *Praxis Energy Agents Pte. Ltd. v. M/V Pebble Beach*, No. CV 17-559-LPS, 2021 WL 7209493, at *1 (D. Del. Dec. 6, 2021)—both cases relied upon by Defendant—Defendant has not submitted any documents or an affidavit to establish his financial position and any potential hardship a bond may cause.  Nor has Defendant offered any specifics of a manageable financial plan as a good faith security effort in lieu of a bond.  Moreover, Defendant's Motion is primarily based on his alleged inability to pay the judgment.  Defendant's inability to pay the judgment weighs heavily against waiving the bond requirement.  *See Avirgan*, 125 F.R.D. at 187 (holding that "movants' admitted precarious financial condition . . . defeats their contention that this case is a rare instance where a bond is unnecessary or alternative collateral properly could be posted.").

While recognizing that it is not binding on this Court, Defendant also points to Florida Rule of Appellate Procedure 9.310(b)(2) to support his position that the Court should exercise its discretion and dispense with the need for a bond. Rule 9.310(b)(2) states that a timely filing of a notice of appeal operates as a stay pending appeal when a public official seeks review. Fla. R. App. P. 9.310(b)(2). However, Rule 9.310(b)(2) applies only to a public officer in an official capacity. Here, Defendant was sued in his individual capacity only and thus his notice of appeal was not filed in his official capacity. Therefore, Rule 9.310(b)(2) is not only not binding but also not applicable.

Finally, Defendant argues that the June 1, 2023 Final Judgment is not final because Plaintiffs still have claims remaining for declaratory and injunctive relief. However, since Defendant filed his Motion, the Court has denied Plaintiffs' request for injunctive relief and Plaintiffs have not sought declaratory relief. Thus, even if the June 1, 2023 Final Judgment was not final at the time Defendant filed the instant Motion, the judgment is now final.

Accordingly, it is

**ORDERED** that Defendant Joe Carollo's Motion for Stay or, in the Alternative Partial Stay, Pending Resolution of the Post-Trial Motions and Pending Appeal [DE 503] is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 9th day of February, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record