UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-24190-RS

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon the Motion for Stay and Alternatively for Temporary Injunctive Relief from Advertised Pending Sale of Homestead Property on March 19, 2024 (ECF No. 628). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge, for all non-dispositive matters and for a Report and Recommendation on any dispositive matters regarding the Writ of Execution issued on January 9, 2024. (ECF No. 614). A hearing was held on the Motion on March 1, 2024. Upon consideration of the Motion, Response, Reply, the argument advanced at the hearing, and being otherwise fully advised in the premises, the Motion is **DENIED, as moot**.

**I.  BACKGROUND**

On June 1, 2023, Plaintiffs obtained a Final Judgment against Joe Carollo ("Defendant") in the amount of $63,500,000.00. (ECF No. 479). On January 9, 2024, a Writ of Execution was

1

issued in favor of Plaintiffs. (ECF No. 599). The Writ provides for the seizure of "goods and chattels, lands and tenements" in this District belonging to Joe Carollo. (*Id.*).

On February 2, 2024, the U.S. Marshals Service (the "Marshals") conducted a levy at 3230 Morris Lane, Miami, Florida 33133 (the "Property"), to partially satisfy the judgment. (ECF No. 617). On February 9, 2024, the Marshals set the sale of the Property for March 19, 2024 at 12:00 P.M. (ECF No. 628-1).

Defendant, as well as Defendant's wife, non-party Marjorie Carollo, now move to stay, or alternatively, for a temporary injunction of the sale of the Property pending resolution of their claimed exemption to the writ.

## II. DISCUSSION

Defendant argues that the sale of the Property set for March 19, 2024 should not go forward, as Defendant has properly noticed his claim of homestead exception for the Property.

Article 10, Section 4 of the Florida Constitution provides:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family . . . .

It is well-settled that a court must liberally construe the homestead exemption in favor of the claimant. *Tramel v. Stewart*, 697 So. 2d 82, 823–24 (Fla. 1997). There "is an overarching public policy that strongly favors preservation of the family dwelling place. In keeping with the strong preference of providing a safety net to a debtor's family unit, the party objecting to the claim of homestead status has the burden of showing that the claimant is not entitled to it." *In re*

*Martinez*, 595 B.R. 912, 920 (Bankr. S.D. Fla. 2019).

Chapter 222, Florida Statutes, entitled "Method of Setting Apart Homestead and Exemptions," includes provisions pertinent to the constitutional homestead exemption. *Osborne v. Dumoulin*, 55 So. 3d 577, 583 (Fla. 2011). Florida Statutes §§ 222.01 and 222.02 provide a means whereby a person may claim property as homestead and notify judgment creditors of the property's exempt status under section 4, article X of the Florida Constitution, either pre- or post-levy. *See id.* Before levy, § 222.01 provides that a property owner may make a signed, written declaration that certain property qualifies as homestead and record this declaration in the circuit court. *Grant v. Credithrift of Am., Inc.*, 402 So. 2d 486, 488 (Fla. 1st DCA 1981). Relevant to the instant Motion, § 222.02 provides that, after a levy is made, a property owner may in writing notify the officer making the levy, by notice under oath, of what he regards as his homestead, at any time before the day appointed for the sale. Fla. Stat. § 222.02; *Grant*, 402 So. 2d at 488. "[F]ailure to file a 'preventive' prelevy designation of homestead under § 222.01 does not preclude" a property owner from asserting homestead rights once that property is set to be auctioned. *Grant*, 402 So. 2d at 488. After an affidavit claiming a homestead exception is filed, a creditor may object to the claim of homestead. *See id.* at 489; *In re Mangieri*, No. 2:20-BK-07403-FMD, 2021 WL 1747422, at *3 (Bankr. M.D. Fla. May 3, 2021).

Generally, a levying officer has a "a ministerial duty to levy on property described in writs of execution." *Grant*, 402 So. 2d at 488. However, § 222.02 "tempers that duty, and states without qualification that once [an officer] receives the affidavit claiming the exemption in proper form, the unclaimed 'remainder only shall be subject to sale.'" *Id.*

Here, Defendant and non-party Marjorie Carollo filed affidavits, under oath made before an officer of this state, claiming a homestead interest in the Property and its exemption from forced

sale. *See* (ECF Nos. 643-1, 643-2). These Notices were then provided to the Marshals. *See* (ECF Nos. 643-3, 643-4, 643-5). And the Notices were filed on the public docket in this case. (ECF No. 625).

Once the Marshals receive a claim of homestead, only the land that is not designated by properly drawn affidavit as homestead may be sold. *See Grant*, 402 So. 2d at 489. Under the circumstances here, the statutes give the Marshals "no authority to presume that the homestead claim is unfounded or to force" the sale to go forward. *Id.* Indeed, Plaintiffs acknowledged as much at the hearing. Plaintiffs represented that they do not intend to go forward with the sale on March 19th, and will ensure the Marshals' sale of the Property will be canceled pending resolution of the claim of homestead exemption and Plaintiffs' anticipated objection thereto.[1] Accordingly, Defendant's Motion to stay the sale is moot.

### III. CONCLUSION

Based on the foregoing, the Motion for Stay and Alternatively for Temporary Injunctive Relief from Advertised Pending Sale of Homestead Property on March 19, 2024 (ECF No. 628) is **DENIED, as moot**. As ordered in open court, the following schedule is set for the determination of Plaintiffs' objection to Defendant's claim of homestead exemption:

(1) Plaintiffs' objection to Defendant's homestead claim is due by March 15, 2024.

(2) By no later than March 29, 2024, Defendant shall file his response to Plaintiffs' objection.

---

[1] In his Motion, Defendant objects to the jurisdiction of this Court to hear Plaintiffs' objection to his homestead claim. Defendant argues that the Florida circuit courts have sole jurisdiction to hear Plaintiffs' objection. Defendant's argument, however, is unavailing. Federal courts in Florida regularly decide claims of homestead exception. *See In re Martinez*, 595 B.R. 912, 923 (Bankr. S.D. Fla. 2019); *In re Mangieri*, No. 2:20-BK-07403-FMD, 2021 WL 1747422, at *7 (Bankr. M.D. Fla. May 3, 2021); *In re Sam Parker Coats*, 643 B.R. 634, 652 (Bankr. M.D. Fla. 2022), *aff'd sub nom. In re Coats*, No. 3:21-AP-0105-JAB, 2023 WL 8981738 (M.D. Fla. Dec. 28, 2023); *Wechsler v. Carrington*, 214 F. Supp. 2d 1348, 1354 (S.D. Fla. 2002).

(3) A status conference is set for April 5, 2024, at 9:00 A.M. in Miami Division before the undersigned at the C. Clyde Atkins United States Courthouse, 11th Floor, 301 North Miami Avenue, Miami, Florida 33128.  Any discovery disputes in relation to the homestead claim shall be heard at this status conference.  The Parties shall confer beforehand and be prepared to provide dates of availability for an evidentiary hearing on Defendant's homestead claim.

(4) A hearing is set before the undersigned on Plaintiffs' Motion to Compel Defendant's Production of Documents in Aid of Execution (ECF No. 603) for March 8, 2024 at 3:00 P.M.  The Parties shall appear by videoconference.  In accordance with Southern District of Florida Local Rule 77.1 and Chapter 4 of Volume 10 of the Guide to Judiciary Policy, the broadcasting or recording of court proceedings, including virtual proceedings, in any manner or form is expressly prohibited.  Live audio of this hearing will be available to the public in-person in the 11th floor courtroom of the C. Clyde Atkins United States Courthouse in the Southern District of Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of March, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Rodney Smith
Counsel of Record
United States Marshal Gadyaces S. Serralta