UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-24190-Smith-Louis

WILLIAM O. FULLER and
MARTIN PINILLA, II,

    *Plaintiffs*,

v.

JOE CAROLLO,

    *Defendant*.

_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S
OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL [DE 680]**

Plaintiffs, William O. Fuller and Martin Pinilla, II, respectfully move this Court to strike Defendant's Response to Plaintiffs' Second Motion to Compel [DE 680] and in support state the following:

1. On April 5, 2019, this Court issued a general Order on Discovery Objections and Procedures, which *inter alia* requires that responses to discovery motions are "no longer than five (5) pages, [and filed] within five (5) business days of service of the discovery motion." DE 86 (Court Order) at 5.

2. And Defendant has already been admonished to ensure his compliance with "the undersigned's Discovery Practices and Procedures." DE 274 (Court Order) (denying Defendant's Motion for failing to certify a good faith conference).

3. On April 19, 2024, Plaintiffs filed their Second Motion to Compel. DE 675.

4. On May 3, 2024, Defendant filed his response, a week after it was due on April 26, 2024. Further, Defendant's response spanning over eight (8) substantive pages far exceeded the five (5) page limit. *See* DE 680 (Defendant's Response).

1

5.      Defendant did not request either an extension of time or leave to file excess pages.

6.      This Court and others continually hold that "deadlines are not meant to be aspirational[.]" *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, 2019 WL 3752575 (S.D. Fla. Aug. 8, 2019) (internal quotations and citations omitted) (denying consideration of a response filed <u>seven days late</u>); *see also McDuffie v. Broward Cnty., Florida*, 654 Fed. Appx. 408 (11th Cir. 2016) (affirming the denial to consider an opposition filed eleven days late); *accord United Nat. Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, 2006 WL 1653380 (N.D. Fla. June 8, 2006) (filed <u>three days late</u>); *Martinez v. Palm Bay Police Dept*, 2006 WL 1933812 (M.D. Fla. July 11, 2006) (filed <u>three days late</u>).

7.      Similarly, this Court has held "the Local rules place the burden for seeking prior permission to exceed the . . . page limit on the filing party and that failure to do so permits [the] court to strike the" response. *Tucker v. Bradshaw*, 2013 WL 12249773 (S.D. Fla. July 23, 2013) (citing *Harbaugh v. Greslin*, 436 F. Supp. 2d 1315 (S.D. Fla. 2006), <u>aff'd,</u> 218 Fed. Appx. 950 (11th Cir. 2007)).

**WHEREFORE**, Plaintiffs respectfully request this Court strike Defendant's response [DE 680] for failure to comply with this Court's Discovery Practices and Procedures.

Dated: May 6, 2024

Respectfully Submitted,

**AXS Law Group, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
Tel: (305) 371-6421
Fax: (305) 371-6322

By: */s/ Samuel J. Etkin Kramer*
Jeffery W. Gutchess
FBN 702641

jeff@axslawgroup.com  
Samuel J. Etkin Kramer  
FBN 1049581  
sam@axslawgroup.com  

*Counsel for Plaintiffs*

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: */s/ Samuel J. Etkin Kramer*  
Samuel J. Etkin Kramer

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2024, a true and correct copy of the foregoing was filed via CM/ECF.

By: */s/ Samuel J. Etkin Kramer*  
Samuel J. Etkin Kramer