**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-24190-RS

WILLIAM O. FULLER and
MARTIN PINILLA, II,

      Plaintiffs,

v.

JOE CAROLLO,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiffs' Second Motion to Compel (ECF No.
675). Defendant filed a Response.[1] (ECF No. 680). Plaintiffs did not file a Reply, and the time
to do so has passed. This matter has been referred to the undersigned United States Magistrate
Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the
Southern District of Florida, by the Honorable Rodney Smith, United States District Judge, for all
non-dispositive matters and for a Report and Recommendation on any dispositive matters
regarding the Writ of Execution issued on January 9, 2024. (ECF No. 614). Upon consideration

---

[1] Plaintiffs move to strike Defendant's Response for failure to adhere to the undersigned's General Order on Discovery
Objections and Procedures, (ECF No. 86), which limits discovery motions and responses to five pages, to be filed
within five days of service of Plaintiffs' discovery motion. Notably, the General Order expressly arose from the
undersigned's referral for all *pretrial* matters; in this post-trial proceeding, the Parties should look more generally to
the Local Rules and Federal Rules of Civil Procedure for all motion and pleading practice. Accepting that the
distinction was not previously clear, and assuming the Response was untimely and over the page limit set for discovery
motion responses, the Motion to Strike would still be denied. Striking the Response for neglecting to follow the
undersigned's procedures, and requiring Defendant to re-file his Response to the discovery Motion would "just delay
matters unnecessarily." *S.E.C. v. Huff*, No. 08-60315-CIV, 2010 WL 780184, at *2 (S.D. Fla. Mar. 3, 2010).
Plaintiffs' Motion to Strike Defendant's Opposition to Plaintiffs' Second Motion to Compel (ECF No. 681) is
**DENIED**.

of the Motion, Response, and being otherwise fully advised in the premises, the Motion is **DENIED**.

## I.     BACKGROUND

On June 1, 2023, Plaintiffs obtained a Final Judgment against Joe Carollo ("Defendant") in the amount of $63,500,000.00.  (ECF No. 479).  On January 9, 2024, a Writ of Execution was issued in favor of Plaintiffs.  (ECF No. 599).  The Writ provides for the seizure of "goods and chattels, lands and tenements" in this District belonging to Joe Carollo.  (*Id.*).

Plaintiffs' first Motion to Compel sought additional document production from Defendant regarding bank accounts that are being used by Defendant and his wife, Marjorie Carollo ("Mrs. Carollo"), or anyone on their behalf to pay for Defendant's living expenses or finances. Specifically, at the hearing, Plaintiffs requested that Defendant be compelled to produce bank accounts, credit card accounts, and tax returns for Mrs. Carollo, and Mrs. Carollo's company, MTC Group Inc. ("MTC Group").  Regarding Mrs. Carollo, Defendant acknowledged at the hearing that Plaintiffs are entitled to discovery pertaining to Mrs. Carollo's finances, including bank accounts and credit cards that she may have, particularly as relevant to the disputed head of household exemption claimed.  For MTC Group, the Court found that there is a close link between Defendant and MTC Group, and the information sought from MTC Group is necessary and relevant for Plaintiffs to determine whether Defendant is transferring monies in order to evade collection of the judgment.  Accordingly, Defendant's objection to producing documents pertaining to Mrs. Carollo or her company was overruled, and Defendant was ordered to produce relevant documents from January 9, 2023 onward to Plaintiffs, by no later than March 22, 2024.  (ECF No. 670).

Plaintiffs now move to compel better responses from Defendant asserting that Defendant's production was incomplete.  Defendant responds and defends the production as more complete

than described in the Motion, and represents that he has no other documents in his custody or control.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 34(a), a party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a).  Whether documents are in a party's control under Rule 34 is broadly construed, and "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Jans ex rel. Jans v. The GAP Stores, Inc.*, No. 05-1534-Orl-31JGG, 2006 WL 2691800, at *2 (M.D. Fla. Sept. 20, 2006) (emphasizing that the "term 'control' is broadly construed").  "Control," therefore, does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the "right, authority, or practical ability to obtain the materials sought on demand." *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins.*, No. 2:09-599-FtM-99SPC, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010).

Defendant avers that he does not have any additional responsive documents in his possession, custody, or control, and does not have the right, authority, or practical ability to obtain the documents from Mrs. Carollo or MTC Group, and proffers that he offered to work with Plaintiffs' counsel to issue subpoenas as needed to facilitate production of documents from third parties.  "Although a good faith averment that documents are not within a party's possession is usually sufficient to resolve the issue of a party's failure to produce, a discovering party may overcome such an averment by making an adequate showing that the other party has possession, custody, or control of the requested documents." *Supreme Fuels Trading FZE v. Sargeant*, No.

08-81215-Civ, 2011 WL 13172599, at *3 (S.D. Fla. Sept. 15, 2011) (citations omitted); *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LRH, 2021 WL 8199902, at *3 (M.D. Fla. Dec. 29, 2021), *aff'd*, No. 6:20-CV-1824-PGB-LHP, 2022 WL 1222577 (M.D. Fla. Feb. 17, 2022). Plaintiffs, "as the part[ies] seeking production of the documents, bear[] the burden of proving that [Defendant has] such control." *Siegmund v. Xuelian*, No. 12-62539-CIV, 2016 WL 1359595, at *2 (S.D. Fla. Apr. 6, 2016), *aff'd sub nom. Siegmund v. Xuelian Bian*, 746 F. App'x 889 (11th Cir. 2018), *and aff'd sub nom. Siegmund v. Xuelian Bian*, 746 F. App'x 889 (11th Cir. 2018).

Plaintiffs did not respond to Defendant's averments that no additional responsive discovery is in his possession, custody, or control.  Thus, Defendant's averments are uncontroverted.  Solely because Mrs. Carollo is Defendant's wife, and MTC Group is her company, does not sufficiently "establish – even under this Circuit's broad definition of 'control' – that [Defendant has] the 'right, authority, or practical ability' to demand any documents from" Mrs. Carollo or MTC Group. *Grayson*, 2021 WL 8199902, at *5. "'[E]ven under the most expansive interpretation of control, the practical ability to demand production must be accompanied by a similar ability to enforce compliance with that demand.'  A possibility that a request *might* be complied with is not the same as 'control' under Rule 34." *Siegmund*, 2016 WL 1359595, at *3 (citations omitted).  Plaintiffs have not established, or even attempted to establish, that Defendant could demand production and enforce compliance with that demand for Mrs. Carollo or MTC Group.  Without an adequate showing that Defendant has possession, custody, or control of the requested discovery, Plaintiffs have not met their burden of proving Defendant has such control.

Nothing in this finding precludes Plaintiffs from seeking documents directly from Mrs. Carollo and MTC Group, especially considering they have been impleaded into the instant action. *See Adobe Sys. Inc. v. Selacorp, Ltd.*, No. 14-81102-CIV, 2020 WL 13612152, at *1 (S.D. Fla.

Mar. 4, 2020) (noting that, after a third party responds, a judgment creditor will have the opportunity to conduct discovery of the third party "as provided under the rules of civil procedure.").

## III.    CONCLUSION

Based on the foregoing, Plaintiffs' Second Motion to Compel (ECF No. 675) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of May, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Rodney Smith
Counsel of Record