UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-24190-RS

WILLIAM O. FULLER and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment as to Plaintiffs' Objection to Defendant's Claim of Homestead Exemption (ECF No. 660). Plaintiffs filed a Response, (ECF No. 671), to which Defendant filed a Reply, (ECF No. 674). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge, for all non-dispositive matters and for a Report and Recommendation on any dispositive matters regarding the Writ of Execution issued on January 9, 2024. (ECF No. 614).

Nominally based on Federal Rules of Civil Procedure 12(b)(6) and 56, Defendant's Motion seeks an order on the merits of Plaintiffs' Objection to his claim of homestead exemption as a matter of law. Neither rule of procedure applies at this posture or to Plaintiffs' Objection. Defendant's Motion, best understood as seeking a ruling without need for an evidentiary hearing, is **DENIED**, for the following reasons.

1

I.  **BACKGROUND**

On June 1, 2023, Plaintiffs obtained a Final Judgment against Joe Carollo ("Defendant") in the amount of $63,500,000.00. (ECF No. 479). On January 9, 2024, a Writ of Execution was issued in favor of Plaintiffs. (ECF No. 599). The Writ provides for the seizure of "goods and chattels, lands and tenements" in this District belonging to Joe Carollo. (*Id.*).

On February 2, 2024, the U.S. Marshals Service (the "Marshals") conducted a levy at 3230 Morris Lane, Miami, Florida 33133 (the "Property"), to partially satisfy the judgment. (ECF No. 617). On February 9, 2024, the Marshals set the sale of the Property for March 19, 2024. (ECF No. 628-1).

Defendant and his wife, Marjorie Carollo ("Mrs. Carollo"), filed affidavits, under oath made before an officer of this state, claiming a homestead interest in the Property and its exemption from forced sale. *See* (ECF Nos. 643-1, 643-2). These Notices were then provided to the Marshals. *See* (ECF Nos. 643-3, 643-4, 643-5). The Notices were filed on the public docket in this case. (ECF No. 625).

Defendant and Mrs. Carollo, moved to stay, or alternatively, for a temporary injunction of the sale of the Property pending resolution of their claimed homestead exemption to the writ of execution. A hearing was conducted on the Motion on March 1, 2024. At that hearing, Plaintiffs acknowledged that, because of the claim of homestead exemption, the Marshals did not have the authority to presume that the homestead claim is unfounded or to force the sale to go forward. As a result, Plaintiffs represented that they did not intend to go forward with the sale, and would ensure the Marshals' sale of the Property would be canceled pending resolution of the claim of homestead exemption and Plaintiffs' anticipated objection thereto. Ultimately, the scheduled sale of the property was canceled. (ECF No. 649).

Plaintiffs filed their Objection to Defendant's Claim of Homestead Exemption. (ECF No. 658). In response, Defendant filed this Motion to Dismiss and Alternative Motion for Summary Judgment as to Plaintiffs' Objection to Defendant's Claim of Homestead Exemption. (ECF No. 660). In conjunction with that Motion, Defendant filed a Statement of Undisputed Facts. *See* (ECF No. 660-2). Plaintiffs responded to Defendant's Motion, but did not separately respond to Defendant's Statement of Undisputed Facts.

A status conference was set in this matter on April 5, 2024. The status conference was set in part to determine on what date the evidentiary hearing on Defendant's homestead claim would occur. At that status conference, Defendant asserted that Plaintiffs' Objection failed to assert a cause of action for declaratory relief and consequently their Objection failed as a matter of law. Thus, Defendant argued that an evidentiary hearing is not warranted on Defendant's homestead claim. The present Motion codifies the argument he advanced at the status conference.

## II.   DISCUSSION

Defendant argues that Plaintiffs' Objection fails to state a cause of action and accordingly, he seeks an order determining his homestead exemption as a matter of law, pursuant to either Federal Rule of Civil Procedure 12(b)(6)[1] or Rule 56.[2] Plaintiffs observe that no complaint is pending for the Court to dismiss or enter summary judgment on. Plaintiffs contend that Defendant's authority advanced in his Motion is all distinguishable on this basis, and aver that neither Rules 12 nor 56 are applicable to their Objection to Defendant's claim of homestead.

In reply, Defendant argues that Plaintiffs' failure to respond to Defendant's Statement of

---

[1] A party may assert as a defense, via motion, that a claim fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).
[2] "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Undisputed Facts leaves no material facts in dispute, demonstrating his entitlement to relief as a matter of law and without need for an evidentiary hearing on his claim of homestead.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located.

Article 10, Section 4 of the Florida Constitution provides:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family . . . .

Chapter 222, Florida Statutes, entitled "Method of Setting Apart Homestead and Exemptions," includes provisions pertinent to the constitutional homestead exemption. *Osborne v. Dumoulin*, 55 So. 3d 577, 583 (Fla. 2011). Sections 222.01 and 222.02, Florida Statutes, provide a means whereby a person may claim property as homestead and notify judgment creditors of the property's exempt status under section 4, article X of the Florida Constitution, either pre- or post-levy. *See id.* Before levy, § 222.01 provides that a property owner may make a signed, written declaration that certain property qualifies as homestead and record this declaration in the circuit court. *Grant v. Credithrift of Am., Inc.*, 402 So. 2d 486, 488 (Fla. 1st DCA 1981). Relevant to the instant Motion, § 222.02 provides that, after a levy is made, a property owner may in writing notify the officer making the levy, by notice under oath, of what he regards as his homestead, at any time before the day appointed for the sale. Fla. Stat. § 222.02; *Grant*, 402 So. 2d at 488. "[F]ailure to file a 'preventive' prelevy designation of homestead under § 222.01 does not preclude" a property owner from asserting homestead rights once that property is set to be auctioned. *Grant*, 402 So.

4

2d at 488.  After an affidavit claiming a homestead exception is filed, a creditor may object to the claim of homestead.  *See id.* at 489; *In re Mangieri*, No. 2:20-BK-07403-FMD, 2021 WL 1747422, at *3 (Bankr. M.D. Fla. May 3, 2021).

Defendant relies on § 222.01 for the assertion that Plaintiffs fail to strictly comply with the statutory requirements to sustain an objection to Defendant's homestead claim.  Specifically, Defendant cites to Fla. Stat. § 222.01(4), which provides, in relevant part:

> A lien pursuant to chapter 55 of any lienor upon whom such notice is served, who fails to institute an action for a declaratory judgment to determine the constitutional homestead status of the property described in the notice of homestead or to file an action to foreclose the judgment lien, together with the filing of a lis pendens in the public records of the county in which the homestead is located, within 45 days after service of such notice shall be deemed as not attaching to the property by virtue of its status as homestead property as to the interest of any buyer or lender. . . .

Fla. Stat. § 222.01(4).  Defendant further asserts it is common practice for courts in this circuit to subject objections to homestead claims to analysis under Federal Rules of Civil Procedure 12 or 56.

Defendant's reliance on § 222.01 to support his argument that Plaintiffs were required to initiate a declaratory judgment action is misplaced.  Here, Defendant's designation of homestead was made on February 5, 2024 after a levy was made by the Marshals on February 2, 2024.  The post-levy proceeding is governed by § 222.02.[3]

As Plaintiffs note, Plaintiffs have not filed a complaint for declaratory relief.  Rules 12 and 56 are not the proper procedural vehicle for dismissal of Plaintiffs' Objections to Defendant's

---

[3] Section 222.02 reads:

> Whenever a levy is made upon the lands, tenements, mobile home, or modular home of such person whose homestead has not been set apart and selected, such person, or the person's agent or attorney, may in writing notify the officer making such levy, by notice under oath made before any officer of this state duly authorized to administer oaths, at any time before the day appointed for the sale thereof, of what such person regards as his or her homestead, with a description thereof; and the remainder only shall be subject to sale under such levy.

Fla. Stat. § 222.02.

5

claim of homestead. Defendant does not cite to a case where a court applied Rules 12 or 56 under analogous circumstances. Rather, the cases Defendant cites to generally involve a complaint seeking declaratory relief. *See, e.g.*, *In re Garcia*, No. 01-945-CIV, 2002 WL 31409580, at *1 (S.D. Fla. Sept. 6, 2002) (noting that the plaintiff had filed an interpleader complaint for declaratory relief); *In re Champalanne*, 425 B.R. 707, 710 (Bankr. S.D. Fla. 2010) (noting that the plaintiff filed a complaint against the Defendants to avoid and recover fraudulent transfers); *Clements v. Farhood*, No. 5:17CV213-RH/GRJ, 2018 WL 850086, at *1 (N.D. Fla. Feb. 12, 2018) (noting that the plaintiff filed an action under Florida Statutes § 222.10 to determine the validity of a debtor's claim that property is exempt from execution).

Indeed, the procedure to challenge a claim of exemption is by filing an objection and, subsequently, for the Court to conduct an evidentiary hearing on any relevant factual disputes. *See In re Martinez*, 595 B.R. 912, 914, 923 (Bankr. S.D. Fla. 2019) (sustaining the objection to the claim of homestead exemption after conducting an evidentiary hearing); *In re Gamboa*, 778 F. App'x 829, 832, 835 (11th Cir. 2019) (affirming the bankruptcy court's overruling of the creditors' objection to the homestead exemption and noting the bankruptcy court held a two-day evidentiary hearing on the matter); *In re Lloyd*, 394 B.R. 605, 614 (Bankr. S.D. Fla. 2008) (overruling creditor and trustee's objection to debtor's claim of homestead exemption after conducting an evidentiary hearing). Notably, in *Wechsler v. Carrington*, following the issuance of a writ of execution, the court ordered the sale of defendant's condominium despite his assertions of homestead exemption. 214 F. Supp. 2d 1348, 1349 (S.D. Fla. 2002). The defendant had moved to cancel or stay the sale of the subject property due to its asserted protection as the defendant's homestead. After holding an evidentiary hearing, the court denied defendant's motion because the evidence demonstrated that the defendant did not intend to live permanently at the condominium, and thus defendant could

6

not claim that property as his homestead under Florida law. *Id.* at 1354; *see also Fed. Trade Comm'n v. Am. Precious Metals*, LLC, 726 F. App'x 729, 731 (11th Cir. 2018) (affirming the imposition of an equitable lien on defendant's homestead property in a post-judgment posture and finding the district court did not err in not conducting an evidentiary hearing because no factual disputes were at issue).

### III.   CONCLUSION

Based on the foregoing, to the extent Defendant requests a ruling as a matter of law without an evidentiary hearing, Defendant's request is **DENIED**. Plaintiffs' Objection to Defendant's claim of homestead exemption to the Writ of Execution will be determined with the benefit of the scheduled evidentiary hearing.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of May, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Rodney Smith
      Counsel of Record