UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190-RS

WILLIAM O. FULLER,
MARTIN PINILLA, II,

    *Plaintiffs*,

v.

JOE CAROLLO,

    *Defendant*.

_____/

**PLAINTIFFS' CORRECTED EXPEDITED MOTION TO COMPEL AND TO CONTINUE THE EVIDENTIARY HEARING SET FOR AUGUST 1, 2024**

Plaintiffs hereby request that the Court order Judgement Debtor Joe Carollo to produce complete financial records demonstrating his wife's income and expenses. There should be no objection to such production as Carollo already produced partial bank and credit card statements for himself, for his wife Marjorie Carollo, and for her company MTC Group Inc. This motion merely demands that Carollo produce the remaining records for 2023 as well as the two prior years and the last two tax returns filed by MTC Group Inc. This production should be done by the end of this week and the evidentiary hearing rescheduled for the end of the following week.

    i.    **Carollo is Improperly Withholding Certain Aspects of Mrs. Carollo's Accounts and MTC Group Inc. Accounts**

Carollo's claim that his wife earns no income and that he pays more than 50% of his wife's expenses is contradicted by her sole ownership of a corporation, MTC Group Inc., which began 2023 with over $34,000 in its bank account. That money was earned by Marjorie Carollo, not Joe Carollo, and it was used by Marjorie Carollo to pay expenses on Marjorie Carollo's credit cards in 2023, including groceries, food deliveries, animal care, shopping, eateries, and leisure activities like Carnival Cruises. In all, MTC paid about 23,000 for Marjorie Carollo's a) two personal Wells

Fargo Credit Cards, b) a personal Bank of America Credit Card, c) a Shop Your Way Master Card, d) a Macy's account, e) a Merrick Bank CC, f) a Target Card, g) a Credit One account, h) a Capital One Credit Card, and i) her AMEX card.

Carollo has possession custody and control of MTC Group Records as demonstrated by his production of a) an MTC Amex Credit Card from September 2023 until February 2024, and b) an MTC City National Bank Account for January 2023 until January 2024.

Carollo claims that there are no MTC Amex #1004 statements prior to September 2023, but that is contradicted by the September 2023 statement itself, which reflects a prior credit balance of $2,800, and a prior balance of 726 Amazon rewards points in August. Moreover, the MTC City National Bank Account made payments to an AMEX account each month from January 2023 through August 2023. So, either MTC was paying the MTC AMEX account or was paying some other AMEX account.  In either case it is probative information that must be produced.

Moreover, other accounts and statements of **Mrs. Carollo** are missing, including January 2023 through November 2023 of Mrs. Carollo's Bank of America Credit Card ending in #9870, which received payments from MTC Group from January until May of 2023; and  statement(s) from her Wells Fargo Credit Card ending in #8662.[1] Similarly, there are various Wells Fargo IFI accounts missing for both Carollos.

Moreover, Carollo has refused to produce any income tax returns for MTC Group.  If MTC Group is generating revenue and/or income, that is one of the key issues to determining if Marjorie Carollo can be classified as a dependent.  Indeed, it would seem Carollo would want to produce

---

[1] Similarly, Defendant averred that he produced all statements for three consolidated Wells Fargo accounts. DE 680 at 7 (asserting WF Accounts # 8226, # 8662, and # 0953 were consolidated). But while Defendant produced WF # 8662 only until April of 2023, that account received a payment of nearly $300 in May of 2023.

these tax returns to prove that she does not generate revenue through MTC Group. The fact that Carollo has withheld this evidence strongly suggests it contradicts his claims.

In addition, while this Court previously ordered production of only one year of information, clearly at least two years of additional information is necessary to disprove Carollo's claim that Marjorie was a housewife with no income dependent upon him as it is necessary to know where the $34,000 in the MTC account originated.

> ii. **Carollo Must Produce Statements from the IFI (International Financial Institutions) Reflected on The Accounts Already Produced**

As this Court noted, Defendant linked his First Horizon account to a Bank of America account and Wells Fargo IFI (International Financial Institutions) on November 6 and 7, 2023, respectively. While Defendant testified this transaction simply linked his account with his wife's accounts – **not a single Wells Fargo or Bank of America account that Defendant has produced shows these transactions**.

Similarly, on October 13, 2023, MTC Group made transfers to an undisclosed Wells Fargo IFI account for 25.00. And, just as the transfers from Joe Carollo's First Horizon Accounts do not match any of the produced accounts, neither does MTC Group's transfer. Mrs. Carollo or MTC Group's (Mrs. Carollo's alter-ego) hidden accounts are probative of whether Mrs. Carollo can qualify as a dependent.

Additionally, Defendant Carollo's First Horizon accounts are replete with Pay Pal transaction. Pay Pal has the ability to store and hold monies itself. However, no previous Pay Pal accounts have been produced.

Accordingly, the August 1, 2024 evidentiary hearing should be continued until Plaintiffs receive such discovery. *See e.g. United States v. Marshall*, 2008 WL 478622, at *1 (S.D. Fla. Feb. 19, 2008) (granting an *Ore Tenus* Motion for Continuation of Evidentiary Hearing because, inter

alia, movant "sought time to obtain and admit certain emails . . . not yet provided in discovery."); *accord e.g.*, *United States v. Dominguez-Diaz*, 2013 WL 5596796, at *2 (M.D. Fla. Oct. 11, 2013) ("The Court granted the United States' motion on June 13, 2013, and ordered the evidentiary hearing be rescheduled after discovery was completed[.]"); *In re Brewer*, 500 B.R. 130, 133 (Bankr. M.D. Fla. 2013) (an objection filed on May 9, 2008 was heard "[o]n May 15, 2009, after several continuances due in part to Plaintiffs efforts to obtain discovery[.]")

**WHEREFORE**, Plaintiffs respectfully request that this Court continue the Evidentiary Hearing Set for August 1, 2024 until such time that sufficient discovery is provided.

Dated: July 29, 2024

    Respectfully Submitted,

    **AXS Law Group, PLLC**
    2121 NW 2nd Avenue, Suite 201
    Miami, Florida 33127
    Tel: (305) 371-6421
    Fax: (305) 371-6322

    By: */s/ Samuel Jacob Etkin Kramer*
    Jeffrey W. Gutchess
    FBN 702641
    jeff@axslawgroup.com
    eservice@axslawgroup.com
    Samuel J. Etkin Kramer
    FBN 1049581
    sam@axslawgroup.com

    *Counsel for Plaintiffs*

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Samuel Jacob Etkin Kramer*
Samuel Jacob Etkin Kramer

### CERTIFICATE REGARDING TIME-SENSITIVITY

As discussed, this Court set the evidentiary hearing to continue August 1, 2024. For the reasons set forth above and to preserve the resources of the parties and the Court, Plaintiffs submit that this is a time-sensitive matter under the meaning of S.D. Fla. L.R. 7.1(d)(2), which requires an expedited ruling before the evidentiary hearing.

*/s/ Samuel Jacob Etkin Kramer*
Samuel Jacob Etkin Kramer

### CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, a true and correct copy of the foregoing was filed via CM/ECF.

*/s/ Samuel Jacob Etkin Kramer*
Samuel Jacob Etkin Kramer