UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-24190-RS

WILLIAM O. FULLER and
MARTIN PINILLA, II,

    Plaintiffs,

v.

JOE CAROLLO,

    Defendant.
_____/

## AFFIDAVIT OF MARJORIE CAROLLO
## IN RESPONSE AND OPPOSITION TO NOTICE TO APPEAR

BEFORE ME, the undersigned authority, appeared **MARJORIE CAROLLO**, who, after being first duly sworn, deposes and states, under penalty of perjury:

1. I am the spouse of Defendant, Joe Carollo ("Defendant") with whom I have been continuously married since March 2013.

2. My attorney, James B. Miller, Esq., has accepted service of that certain Notice to Appear [ECF No. 677] (the "Notice") on my behalf on Friday, July 26th, 2024.

3. The Notice identifies the following property as property which Plaintiffs seek to apply "towards the satisfaction of the Final Judgment":[1]

Real Property at 3230 Morris Lane, Miami, FL, 33133; Folio Number 01-4115-011-0100.

(the "Property").

4. The Property is both my and my Husband's, Defendant's, Florida Constitutional Homestead property.

5. Furthermore, I do not possess, have custody of, or otherwise control any interests, assets, incomes, revenues, accounts, real properties, equipment thereof, or the like that may be applied towards the satisfaction of the Final Judgment.

---

[1] That certain Final Judgment identified as ECF No. 479.

1

6.    Any claims not specifically addressed above are DENIED.

7. (Select a or b)

_____ a. Marjorie Carollo request(s) a trial by jury on all issues so triable.

___X___ b. Marjorie Carollo request(s) a non-jury trial on all issues.

## DEFENSES:

A. **Failure to State a Claim/Exempt Property**: The Notice fails to state a claim upon which relief may be granted as it fails to identify the "Property" which Marjorie Carollo is purportedly in possession of or had possession of that belonged to Defendant Joe Carollo which is not exempt from execution under the law. The subject "Property" as identified in the Notice has already been determined to be Defendant's exempt Florida Homestead; which inures to the benefit of the Defendant and his family, including Marjorie Carollo. *See, e.g.* FLORIDA CONSTITUTION ART. X SECT. 4(B) ("[t]hese exemptions shall inure to the surviving spouse or heirs of the owner").

Any purported transfer of this exempt "Property" from Defendant to Defendant and Marjorie Carollo as husband and wife by deed or otherwise would continue to be exempt per both the Florida Constitution as Homestead and as tenants-by-the-entireties[2] ("TBE"); and, would continue to be exempt from any claims of the particular Plaintiffs because the Plaintiffs do not hold a joint judgment against both Defendant and Marjorie Carollo. *See, e.g., In re Simms*, 243 BR 156, 159 (Bankr. S.D. Fla. 2000) (liquidation of one exempt asset and subsequent reinvestment into another exempt asset is permissible); *Bakst vs Levenson (In re Goldberg)*, 229 B.R. 877, 884 (Bankr. S.D. Fla. 1998) ("as a matter of law, the

---

[2] Real property, in Florida, titled in the names of husband and wife is presumed to be held as TBE. *See, In re Anderson*, 561 BR 230, 244 (Bankr. M.D. Fla. 2016) *In re Hinton*, 378 BR 371, 376 (Bankr. M.D. Fla. 2007) (real and personal property acquired during marriage is afforded the presumption of TBE ownership). *See, also, In re Romagnoli*, 631 BR 807, 812 (Bankr. S.D. Fla. 2021) (real property titled in the name of both spouses is presumptively held as TBE and such presumption is irrebuttable).

Debtor could not have fraudulently transferred his exempt assets because under Florida law, a homestead cannot be fraudulently transferred"); *Bessemer Properties, Inc. vs Gamble*, 158 Fla. 38, 40 (Fla. 1946) (the transfer of homestead property is not a fraud on creditors); *Beal Bank, SSB vs. Almand & Assocs.*, 780 So.2d 45 at 53 (Fla. 2001) ("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse."). *See also*, FLORIDA CONSTITUTION ART. X SECT. 4(C) ("[…]the owner of homestead real estate […] may by deed transfer the title to an estate by the entirety with the spouse.");[3] Fla. Stat. Sect. 689.11(1).[4]

Because the "Property" is exempt as homestead and is also TBE property, the proceedings supplementary sought per the *Notice* fails as a matter of law and must be denied. S*ee, e.g., Calarese vs Weissfisch*, 87 So.3d 1225, (Fla. 3rd DCA 2012) (proceedings supplementary inapplicable to both homestead property and property held as TBE when no joint debtor).

B. **Statute of Limitations/Repose**: Florida Statutes of Limitations and/or Repose may bar some or all of the requested relief in the *Notice*.

---

[3] Section 4(c) of the Florida Constitution does not require joinder in an interspousal conveyance of solely owned homestead property to the husband and wife as tenants by the entireties. *See, Jameson vs Jameson*, 387 So.2d 351 (Fla. 1980).

[4] Fla. Statutes Sect. 689.11(1) provides that --

(1) A conveyance of real estate, including homestead, made by one spouse to the other shall convey the legal title to the grantee spouse in all cases in which it would be effectual if the parties were not married, and the grantee need not execute the conveyance. An estate by the entirety may be created by the action of the spouse holding title:
    (a) Conveying to the other by a deed in which the purpose to create the estate is stated; or
    (b) Conveying to both spouses.

C. **Not Defendant Joe Carollo Property**: As the Property is TBE owned it is not *per se* solely that of the Defendant, but is rather that of the marital estate of Defendant and Marjorie Carollo.

D. **No Intent**: Any and all Property received by Marjorie Carollo as alleged in the *Notice* was received without Defendant Joe Carollo's intent to delay, hinder and/or defraud the creditors of Defendant Joe Carollo.

E. **Setoff/Recoupment**: If and to the extent any of the Property is deemed recoverable or otherwise recovered by Plaintiffs, Marjorie Carollo reserves the right, and otherwise asserts the right to setoff and/or recoup against said Property any claims and causes Marjorie Carollo may have against Defendant Joe Carollo.

F. **Direct or Indirect Benefit**: If and to the extent that any of the Property was or is recovered by Plaintiffs, or the value thereof, said Property or value was used for the direct or indirect benefit of Defendant Joe Carollo and is otherwise not recoverable from Marjorie Carollo.

G. **Improvement**: To the extent that any of the Property was improved or maintained at the expense of Marjorie Carollo, then Marjorie Carollo reserves and requests that the costs (plus interest) associated with such preservation and/or improvement, and any improved value therein be deducted from the Property and remitted to Marjorie Carollo.

H. **Limited Scope of Proceedings Supplementary**. The only Property at issue in the proceedings supplementary relating to Marjorie Carollo is "Defendant's transfer of interest in his property at 3230 Morris Lane, Miami, Florida 33133 (the 'Property') to Mrs. Carollo". *See* ECF No. 677.

I. **No Valid Perfected Judgment Lien.** Plaintiffs fail to establish a valid judgment lien because their address affidavits were not "simultaneously recorded with the judgment" as required by Florida Statutes Section 55.10.

J. **Improper Party.** The "transfer" at issue was from Defendant individually to Defendant and Marjorie Carollo, husband and wife, TBE, not to Marjorie Carollo individually.

K. **Lack of Jurisdiction.** This Court does not have jurisdiction to determine Marjorie Carollo's claim of homestead as to the Property. On or about February 6, 2024, Marjorie Carollo recorded, and served Plaintiffs with, a Notice of Homestead Affidavit pursuant to Section 222.01, *et seq.*, Florida Statutes, which was recorded in Book 34081, Page 4944 of the Official Records of Miami-Dade County, Florida. Pursuant to 222.01, et seq., Florida Statutes, proper jurisdiction of a determination of Marjorie Carollo's claim of homestead as to the Property is in the Miami-Dade County Circuit Court. *See Marjorie Carollo v. William Fuller and Martin Pinilla II*, Miami-Dade County Circuit Court Case No. 2024-005368-CA-01 (27). The Court has limited its jurisdiction to determine whether the transfer of the legal interest in the Property was a fraudulent transfer. This Court has not undertaken the jurisdiction to determine Marjorie Carollo's claim that the Property is her Constitutional homestead. The Florida Constitution and Florida law recognizes that a spouse who does not have a legal ownership interest may nevertheless have a Constitutional homestead interest in the property. The Property has been Marjorie Carollo's protected homestead since she married Defendant when she obtained a beneficial interest in it. *See, e.g., Law v. Law*, 163 So. 3d 553, 556-557 (Fla. 3d DCA 2015) ("even if Mrs. Maness owns only a beneficial interest in the Marathon Property, she is entitled to claim a homestead exemption to the forced sale of the property."); Florida Statutes Section 61.075. *See also*, Fla. Const. art. X, § 4(a)(1) ("the exemption shall be limited to the residence of the owner or the owner's family").

L. **Reservation**: Marjorie Carollo reserves the right to add or otherwise amend these Defenses as discovery and the case progress.

## Demand for Attorney Fees and Costs

Marjorie Carollo demands attorney fees and costs from Plaintiffs to the extent afforded by law.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: August 15, 2024.

Signature of Affiant _____

Printed (NAME): Marjorie Carollo

STATE OF FLORIDA
COUNTY OF Miami-Dade

Sworn to or affirmed and signed before me on this 16 day of August, 2024, by Marjorie Carollo, who is personally known to me or who has produced _____, as identification, and who did take an oath swearing to the truth of the matters asserted herein.

_____
NOTARY PUBLIC, STATE OF FLORIDA
Commissioned
Name of Notary Public.

WHEREFORE, Marjorie Carollo demands judgment in her favor, an award of fees and costs, and for such other and further relief this Court deems equitable and just.

Dated, August 15, 2024.

JAMES B. MILLER, P.A.
Counsel to Marjorie Carollo.
19 W. Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Primary email: bkcmiami@gmail.com
Secondary email: jbm@title11law.com

By: /s/ James B. Miller
    James B. Miller, Esq.
    Florida Bar No. 0009164

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15 day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this Case via CM/ECF service, including, not

6

limited to those named below.

By: /s/ James B. Miller
James B. Miller, Esq.

CM/ECF Service List:

-Alejandro Brito abrito@britopllc.com, apiriou@britopllc.com, lcoello@britopllc.com
-Alice Ferot alice@axslawgroup.com, eservice@axslawgroup.com
-Amanda Suarez as@kulaw.com, amanda.suarez@me.com
-Benedict P. Kuehne ben.kuehne@kuehnelaw.com, efiling@kuehnelaw.com
-Benjamin Joseph Tyler benjamin.tyler@hklaw.com
-Brandon Perry Rose brandon@axslawgroup.com
-Brian Lee Tannebaum btannebaum@tannebaum.com, cperez@tannebaum.com
-Christopher Allan Green CAGreen@miamigov.com, kjones@miamigov.com
-Christopher N. Johnson Christopher.Johnson@gray-robinson.com, angela.reisino@gray-robinson.com
-Courtney Anne Caprio cac@kulaw.com, johnet@kulaw.com
-David B. Rothman DBR@rothmanlawyers.com, ag@rothmanlawyers.com, atd@rothmanlawyers.com
-Elliot Burt Kula elliot@kulalegal.com, eservice@kulalegal.com
-George Ty Levesque george.levesque@gray-robinson.com, becky.emerson@gray-robinson.com
-James Brian Miller bkcmiami@gmail.com
-Jeanne T. Melendez jtm@rothmanlawyers.com
-Jeffrey W. Gutchess jeff@axslawgroup.com, alice@axslawgroup.com, bernardo@axslawgroup.com, eservice@axslawgroup.com, lina@axslawgroup.com, sam@axslawgroup.com
-Jesse Stolow jesse.stolow@bipc.com, eservice@bipc.com, patricia.delgado@bipc.com
-Joanna Niworowski jniworowski@gmail.com
-Joshua Shore josh@axslawgroup.com, eservice@axslawgroup.com
-Kendall Brindley Coffey kcoffey@coffeyburlington.com, lmaltz@coffeyburlington.com, service@coffeyburlington.com
-Kevin Renard Jones krjones@miamigov.com, JMDeloro@miamigov.com
-Lourdes Espino Wydler lew@wydlerlaw.com, dinah@wydlerlaw.com, guertty@wydlerlaw.com
-Marc David Sarnoff msarnoff@shutts.com, mgutierrez@shutts.com
-Mason Andrew Pertnoy map@khllaw.com, eservicemia@khllaw.com, lg@khllaw.com, mschneider@khllaw.com
-Michael Bruce Chavies michael.chavies@akerman.com, dorothy.matheis@akerman.com, sandra.devarona@akerman.com
-Miranda Lundeen Soto miranda.soto@bipc.com, dan.lazaro@bipc.com, eservice@bipc.com, patricia.delgado@bipc.com, soraya.hamilton@bipc.com
-Oscar Edmund Marrero oem@marrerolegal.com, dinah@marrerolegal.com, lew@marrerolegal.com
-Raquel A. Rodriguez raquel.rodriguez@bipc.com, eservice@bipc.com, patricia.delgado@bipc.com, soraya.hamilton@bipc.com
-Robert C. Josefsberg rjosefsberg@podhurst.com, mvalledor@podhurst.com
-Rossana Arteaga-Gomez rossana@axslawgroup.com, cheryl@axslawgroup.com
-Samuel Jacob Etkin Kramer sam@axslawgroup.com
-Stephen Patrick Warren stephen.warren@hklaw.com, brenda.scott@hklaw.com
-William Aaron Daniel aaron@kulalegal.com