**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  18-24190-CIV-SMITH/LOUIS**

WILLIAM O. FULLER, *et al.*,

       Plaintiffs,

vs.

JOE CAROLLO,

       Defendant.

                                     /

**ORDER AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

       This matter is before the Court upon the Report and Recommendation [DE 710], in which Magistrate Judge Louis recommends granting Defendant's Motion to Dissolve Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo to the City of Miami [DE 598] ("Motion to Dissolve Writ").  After a three-day evidentiary hearing, the Magistrate Judge found that Defendant Carollo's salary from the City of Miami (the "City") is exempt from garnishment as head-of-family wages, pursuant to section 222.11(2)(b), Florida Statutes.  Plaintiffs have filed an Objection to the Report and Recommendation [DE 713].  For the following reasons, Plaintiffs' Objection is overruled, the Report and Recommendation is affirmed and adopted, and the Motion to Dissolve Writ is granted.

**I.      Background**

       On June 1, 2023, Plaintiffs obtained a final judgment against Carollo in the amount of $63,500,000.  Plaintiffs moved for and obtained a Continuing Writ of Garnishment Against Salary or Wages directed to the City.  Thereafter, Carollo filed a Claim of Exemption, claiming an exemption for head-of-family wages because Defendant claims he provides more than one-half of the support for a child or other dependent, specifically his wife.  Based on that exemption,

Defendant seeks to dissolve the Continuing Writ of Garnishment.  After a multi-day evidentiary hearing, the Magistrate Judge issued her Report and Recommendation.

The Report and Recommendation finds that Carollo's wife is a dependent under section 222.11(1)(c) and that Carollo is providing more than one-half of the support of Mrs. Carollo. Based on these findings, the Magistrate Judge finds that Carollo is entitled to exemption from garnishment as head-of-family.

## II.      Objections

Plaintiffs object to the Report and Recommendation because Carollo did not provide more than one-half of the support for his wife until one month before the verdict was rendered in this case.  Plaintiffs maintain that Mrs. Carollo stopped working shortly before the verdict as a "financial maneuver" to protect Carollo's assets, as the verdict in this case loomed.  Plaintiffs argue that the Magistrate Judge erred by limiting the temporal inquiry into whether Mrs. Carollo qualifies as a "dependent" to the time the verdict was rendered and thereafter.  In the alternative, Plaintiffs ask the Court to refer this matter to the Magistrate Judge for additional fact finding regarding Carollo's finances prior to January 2023 and to determine whether Carollo failed to disclose bank accounts to Plaintiffs.

In the Report and Recommendation, the Magistrate Judge found that the relevant time for determining whether Mrs. Carollo was dependent on Carollo was either at the time the writ was served or when the wages were earned.  *See* R&R at 10.  Plaintiffs argue that, considering the totality of the circumstances, it is likely that Mrs. Carollo paid more than 50% of the family's expenses for many years prior to the spring of 2023.  Thus, Plaintiffs essentially are arguing that Carollo does not qualify as head-of-family under the statute because he was not head-of-family until just before the verdict was rendered in this case.  In other words, Plaintiffs assert that Carollo should not be permitted to avail himself of the exemption because he purposely made himself

2

head-of-family to take advantage of the exemption. Plaintiffs, however, have failed to support their Objection with authority that would require the Court to consider the Carollos' circumstances before the issuance of the writ. As the Magistrate Judge indicated, the plain language of the statute does not call for considering the Carollos' past financial circumstances that existed prior to entry of the final judgment and Plaintiffs have provided no authority to the contrary. Nor does the statute require an inquiry into whether Mrs. Carollo could provide support to herself or Defendant Carollo if she so chose. Thus, while the Carollos may have manipulated the system to their advantage, Defendant Carollo has met his burden of establishing his entitlement to the exemption.

Having reviewed the Report and Recommendation *de novo* and Plaintiffs' Objection, it is

**ORDERED** that:

1)        The Report and Recommendation [DE 710] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2)        Defendant's Motion to Dissolve Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo to the City of Miami [DE 598] is **GRANTED.** The Clerk is directed to **DISSOLVE** the Continuing Writ of Garnishment Against Salary or Wages of Joseph X. Carollo issued as to Garnishee the City of Miami in the amount of $63,500,000.00 [DE 587].

3)        Plaintiffs' Objection to the Report and Recommendation [DE 713] is **OVERRULED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 6th day of September, 2024.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:      All Counsel of Record