UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24190-CIV-SMITH/LOUIS

WILLIAM O. FULLER, *et al.*,

    Plaintiffs,
vs.

JOE CAROLLO*,*

    Defendant.
                                                  /

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 699] ("R&R"), in which Magistrate Judge Louis recommends overruling Plaintiffs' Objection to Defendant's Claim of Homestead Exemption [DE 658]. Plaintiffs have filed their Objection to the Report and Recommendation [DE 712] ("Objection") and Defendant has filed a Response to Plaintiffs' Objections [DE 714]. For the following reasons, Plaintiffs' Objections to the Report and Recommendation are overruled and the Report and Recommendation is affirmed and adopted.

**I.**    **Background**

On June 1, 2023, Plaintiffs obtained a final judgment against Defendant in the amount of $63,500,000. On January 9, 2024, a Writ of Execution was issued in favor of Plaintiffs. Pursuant to the Writ of Execution, on February 2, 2024, the U.S. Marshals Service conducted a levy at 3230 Morris Lane, Miami, Florida 33133 (the "Property"), to partially satisfy the judgment and a sale date for the Property was set. Meanwhile, Defendant and his wife asserted a homestead interest in the Property and moved to stay the sale. The sale was stayed. Plaintiffs objected to Defendant and his wife's claim of homestead exemption in the Property. The Magistrate Judge conducted an

evidentiary hearing. Plaintiffs called three witnesses. Subsequently, the Magistrate Judge issued the R&R.

## II.   Discussion

"[T]he homestead exemption is to be liberally construed in the interest of protecting the family home." *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1020 (Fla. 2001). Thus, "the use of the homestead exemption to shield assets from the claims of creditors is not conduct sufficient in and of itself to forfeit the exemption under the express terms of article X, section 4" of the Florida Constitution. *Id.* at 1028. The Florida Supreme Court has noted that an equitable lien on a Florida homestead can be established "only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead." *Id.* The burden is on the party challenging the claimed homestead exemption. *JBK Assocs., Inc. v. Sill Bros.*, 191 So. 3d 879, 881 (Fla. 2016). Based on this law, the Magistrate Judge found that Plaintiffs failed to meet their burden to overcome Defendant's claimed homestead exemption of the Property.

The R&R found that Plaintiffs had not established that Defendant had abandoned the Property and that the evidence established an intent by Defendant to permanently reside at the Property by no later than April 2023. The R&R further found that Defendant's alleged egregious, bad-faith, and fraudulent misconduct did not forfeit his claim of homestead in the Property. Plaintiffs' Objection challenges both these findings.

Plaintiffs raise two objections to the R&R. Plaintiffs first argue that the Magistrate Judge erred when she found that Plaintiffs had failed to establish an equitable lien based on Defendant's alleged fraudulent, egregious, and reprehensible misconduct. Second, Plaintiffs maintain that the Magistrate Judge erred by crediting Defendant's testimony that he intended to permanently reside at the Property. The Court will address each in turn.

As to the first objection, Plaintiffs make two arguments: (1) the Magistrate Judge erred by limiting her analysis to considering whether Defendant obtained funds fraudulently, ignoring Defendant's egregious and reprehensible conduct, and (2) the Magistrate Judge erred with respect to the tracing requirement. In other words, Plaintiffs' objection maintains that the Magistrate Judge erred by finding that neither of the requirements for the imposition of an equitable lien had been met. As to whether Defendant obtained the funds fraudulently, Plaintiffs focus on the facts related to the rezoning of the Property that led to it being included as part of Defendant's district. However, as the Magistrate Judge found, the funds Defendant used to purchase, improve, or maintain the Property came from his salary as a City Commissioner. In their objections, Plaintiffs seem to be arguing that Defendant was only able to maintain his position as a commissioner because of his egregious acts related to the rezoning and, therefore, the funds were obtained fraudulently or through egregious conduct. However, Plaintiffs failed to establish that the rezoning of Defendant's house was the result of Defendant's misconduct. While the testimony demonstrates that Defendant wanted his house rezoned, the consultant who drew the zoning maps testified that, while he spoke with Defendant about Defendant's desire to include the Property in Defendant's district, the consultant also drew maps that he thought were constitutional and could get a consensus. Thus, Plaintiffs have failed to establish that the rezoning of the Property into Defendant's district was the result of Defendant's misconduct. Because Plaintiffs have not shown that Defendant obtained his salary through fraud or misconduct, Plaintiffs cannot establish an equitable lien on the Property. Thus, the Court need not address Plaintiff's second argument—whether the Magistrate erred in tracing Defendant's salary to the investment in, purchase of, or improvement of the homestead. Consequently, this objection is overruled.

As to the second objection—that the Magistrate Judge erred by crediting Defendant's testimony that he intended to permanently reside at the Property—Plaintiffs argue that Defendant's

3

testimony was non-credible and inconsistent with prior sworn testimony, given in another case. However, the R&R found that, even if Defendant had abandoned the Property as his homestead, the evidence showed that he reestablished his homestead in April 2023. The prior sworn testimony to which Plaintiffs refer appears to have been given sometime prior to these current proceedings. Thus, while Defendant's prior testimony may have been contradictory to his testimony before the Magistrate Judge, there is no evidence indicating that in April 2023 Defendant did not intend to make the Property his homestead. In fact, his driver's license and voter registration list the Property as his residence, as do his 2022 and 2023 tax returns and bank statements. Thus, the Magistrate Judge's conclusion that as of April 2023, Defendant had actual occupancy of the Property with the intent to live there permanently is not unsupported by the evidence. Accordingly, this objection is overruled.

Having reviewed the Report and Recommendation *de novo*, Plaintiffs' Objection, and the record, it is

**ORDERED** that:

1) The Report and Recommendation [DE 699] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Plaintiffs' Objection to Defendant's Claim of Homestead Exemption [DE 658] is **OVERRULED.**

3) Plaintiffs' Objection to the Report and Recommendation [DE 712] are **OVERRULED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 22nd day of October, 2024.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record