UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-24190

WILLIAM O. FULLER, and
MARTIN PINILLA, II,

        Plaintiffs,

  v.

JOE CAROLLO,

        Defendant.

_____/

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs William Fuller and Martin Pinilla respectfully respond to this Court's Order to Show Cause as follows:

**I. The Motion for Writ of Garnishment Is Exempt from the Conferral Requirement of Local Rule 7.1(a)(3)**

The Court's Order states that Plaintiffs "filed the Motion without conferring, or even attempting to confer, with opposing counsel or the other non-party that would be affected by the emergency relief sought." Plaintiffs respectfully submit that no conferral was required.

Local Rule 7.1(a)(3) expressly exempts from the pre-filing conferral obligation motions "for garnishment or other relief under Federal Rule of Civil Procedure 64." S.D. Fla. L.R. 7.1(a)(3). The plain text of the Rule exempts the very motion at issue here. Plaintiffs' Motion for Post-Judgment Writ of Garnishment falls squarely within this exemption. No conferral was required, and no conferral certification was owed. Indeed, when Plaintiffs previously moved for a writ of execution they did so without a certificate of conferral without objection from opposing party or the Court. *See* DE 516.

This Court has recognized this exemption. In *Hartford Fire Insurance Co. v. New York Mart Group, Inc.*, No. 4:18-cv-10276 (S.D. Fla. Jan. 21, 2021), Magistrate Judge Becerra acknowledged that a motion for garnishment or other relief under Federal Rule of Civil Procedure 64, for example, is exempt from the meet and confer requirement of S. D. Fla. L.R. 7.1(a)(3). The court further noted the policy rationale underlying the exemption exists to allow the movant to seek such relief without alerting the other side, thereby providing it with the opportunity to hide or dispose of its assets.

In *Hartford*, the motion was filed under Federal Rule of Civil Procedure 69 (Execution) rather than Rule 64, so the court found the exemption technically inapplicable. Even so, the court excused the conferral failure, reasoning that the movant "presented a good faith argument as to why they believed, although incorrectly, that their Motion fell under the exception" and that "[d]enying the Motion on the merits, for the failure to comply with the Local Rule 7.1(a)(3), is not warranted as it would deny Hartford the right to satisfy the judgment."

Plaintiffs' position is stronger than the movant's in *Hartford*. There, the motion sought reissuance and levy of stock certificates, a form of relief that the court found was properly characterized under Rule 69. Here, Plaintiffs' Motion seeks a writ of garnishment, which is the precise remedy identified by name in the Local Rule's exemption. No analogy is necessary; the plain text controls.

The exemption also extends to the City of Miami as garnishee. The conferral obligation, where it applies, requires conferral with "all parties or non-parties who may be affected by the relief sought." S.D. Fla. L.R. 7.1(a)(3). But when the underlying motion is exempt from the conferral requirement, the exemption applies categorically. There is no basis in the Rule's text to require conferral with a garnishee when no conferral is required with the judgment debtor.

This result is consistent with the well-established principle that post-judgment garnishment writs are properly issued *ex parte* under Florida law. Courts throughout this state have uniformly held that "[p]ost-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor." *Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021) (citing *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018)); *accord Bell v. Wickline*, No. 6:21-mc-00050 (M.D. Fla. Apr. 5, 2024); *Banco Popular N. Am. v. Lausell*, No. 6:17-mc-00016 (M.D. Fla. Mar. 30, 2018) (tracing the principle to *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978)).

The conferral requirement cannot reasonably be read to impose a greater procedural burden on a garnishment movant than the substantive law itself. If a post-judgment writ of garnishment may properly be issued without any notice to the judgment debtor, it would be incongruous to require the movant to confer with the debtor before filing. The Local Rule's express exemption for garnishment motions reflects this principle.

Accordingly, Plaintiffs did not violate Local Rule 7.1(a)(3), and no sanction is warranted on that basis.

**II. Conferral With Carollo Was Impracticable Because He Has No Counsel**

Even if the conferral exemption did not apply, it was not clear to Plaintiffs with whom they could confer. The City has ceased funding Carollo's defense and in the active case against the City's insurer, QBE, Carollo's counsel has withdrawn, he has not found a replacement, on May 19, 2026, Carollo confirmed to the Miami Herald that was not retaining replacement counsel and instead:  "I'll represent myself the best way I can in that."[1] While counsel for Carollo in this case

---

[1] https://www.miamiherald.com/news/local/community/miami-dade/article315813587.html

have not withdrawn, this case has not been active for many months, and Plaintiffs have heard from his counsel informally that they are no longer representing Carollo. Under Local Rule 1.1, the conferral obligation applies to "counsel" which "shall be construed to apply to a party if that party is proceeding pro se" but Plaintiffs do not have Carollo's contact information.

### III. Conferral Would Have Been Futile

This Court has recognized that conferral should not be required where it would be futile. In *Conley v. Vacanti*, No. 23-cv-60384 (S.D. Fla. Jan. 23, 2025), Magistrate Judge Reinhart held that "[t]he purpose of the conferral requirement is to spare the Court and the non-movant from the cost and inconvenience of motion practice if the issue can be resolved without Court intervention" and that where "it is clear that any pre-filing conferral would have been futile... there is no reason to deny the motion for lack of conferral." Here, conferral with Carollo was both procedurally impossible (he has no attorney of record and has not appeared pro se) and substantively futile (there is no realistic prospect that Carollo would have voluntarily agreed to the garnishment of settlement funds he is about to receive).

### IV. The Emergency Designation Was Warranted

Plaintiffs acknowledge and respect the Court's time and resources, and they did not lightly designate the Motion as an emergency. The designation was made because the circumstances, as understood by Plaintiffs, presented a genuine risk of irreparable loss of the ability to satisfy a final judgment that has been affirmed on appeal and for which the U.S. Supreme Court denied certiorari in March 2026.

#### A. The threat to Plaintiffs' recovery is real and imminent.

The Miami City Commission was scheduled to vote on May 28, 2026 to approve a $770,000 settlement payment to Carollo. Once those funds are disbursed to Carollo, they are

subject to conversion into exempt assets, including homestead property or other assets shielded from execution under Florida law. Carollo has a documented history of asserting every available exemption to avoid satisfying the judgment, including the head-of-household exemption that this Court addressed in extensive evidentiary hearings.

The risk is not speculative. This is a judgment debtor who has resisted collection at every turn for nearly three years since the verdict. The *Hartford* court recognized that the very purpose of exempting garnishment motions from conferral is to prevent the opposing party from having "the opportunity to hide or dispose of its assets." That concern is present here in its most acute form: a judgment debtor with a sustained pattern of evasion, about to receive a lump sum that can be converted into exempt assets within days of receipt.

**B. The timing was not manufactured.**

The Court's Order suggests that Plaintiffs "appear to have improperly manufactured an emergency" because the City Commission vote date was publicly known since at least May 20. Plaintiffs respectfully submit that the relevant question is not merely when the vote was scheduled but when the legal basis for garnishment was sufficiently developed to present to this Court. Plaintiffs needed to (1) verify the nature of the settlement funds, (2) confirm the settlement was not subject to conditions that would affect garnishability, (3) research whether the funds, though arising from a pension-related dispute, would be treated as exempt pension benefits or as non-exempt settlement proceeds, and (4) prepare the motion and supporting declaration. That work was completed as promptly as circumstances permitted.

**C. Evidence of collusion supports the urgency.**

Plaintiffs further submit that the circumstances surrounding the City's handling of these settlement funds warrant heightened urgency. In the action Carollo is settling, Carollo made a

motion on the pleadings in March 2026 seeking to designate the settlement moneys as pension money exempt from garnishment, and the City opposed that motion noting that it was not proper for that court to issue an advisory opinion on a matter not before it, and that such characterization was a matter for a different court (i.e., this Court). But the state court granted Carollo's motion, and the characterization of these settlement funds as as pension funds exempt from garnishment is incorrect.[2] A settlement payment resolving a pension dispute is not itself a pension benefit entitled to statutory protection. The effort to re-characterize these funds is an attempt to place the funds beyond Plaintiffs' reach as garnishment-proof pension benefits, and that should not be done without this Court hearing and deciding that issue.

### V. Plaintiffs Should Not Be Sanctioned

For all the reasons stated above, sanctions are not warranted:

1. The garnishment motion is **expressly exempt** from the conferral requirement under Local Rule 7.1(a)(3);

2. Conferral was **impracticable** because Carollo has no counsel and has not appeared *pro se*;

3. Conferral was **futile** because there is no realistic prospect that conferral would have resolved the dispute;

4. The emergency designation, while the Court may view the matter differently, was made in **good faith** based on the imminent risk of losing the ability to garnish non-exempt settlement funds from a judgment debtor with a sustained pattern of collection avoidance. The policy rationale identified by this District for exempting garnishment motions from

---

[2] These pleadings can be viewed on the state court docket under Case No. 2006-014464 CA 01, filings on 3/31/26, 4/19/26, and 4/22/26

conferral, i.e., preventing debtors from hiding or disposing of assets, applies directly to these facts.

Plaintiffs' counsel certified the emergency designation in good faith and did not seek to burden the Court unnecessarily. Plaintiffs respectfully request that the Court deny sanctions and consider the Motion on an expedited basis, given that the settlement funds may be disbursed at any time following the Commission vote.

## V. Request for Expedited Consideration

Even if the Court determines the Motion does not qualify as an emergency under Local Rule 7.1(d)(1), Plaintiffs respectfully request that it be treated as an expedited motion under Local Rule 7.1(d)(2). The settlement funds may be disbursed to Carollo at any time following the Commission's approval, and absent a garnishment order, Plaintiffs have no mechanism to prevent the dissipation of those funds. Expedited consideration is necessary to preserve the status quo and Plaintiffs' ability to recover on a judgment that has withstood every level of appellate review.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a) Find that no violation of Local Rule 7.1 occurred, as the Motion is exempt from the conferral requirement;

(b) Decline to impose sanctions;

(c) Consider the Motion on an expedited basis; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: May 28, 2026.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel:  305.297.1878

By: /s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess
Florida Bar No. 702641
jeff@axslawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF

on counsel of record in this action on this 28th day of May, 2026.

*/s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess